UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company,

                              Plaintiffs,

v.

Metro Pain Specialists P.C., Leonid Shapiro, M.D., Mohamed Sayed Ahmed Hassan, P.T., Nile Rehab Physical Therapy, P.C., Mohamed Elsayed Khallaf, P.T., Handy Physical Therapy P.C., Irina Kataeva, P.T., Cityworks Physical Therapy P.C., Mahmoud Ezz Eldeen Shalaby, P.T., Physical Therapy of New York P.C., Amro Mahmoud Barakat, P.T., Barakat PT, P.C., Mohamed Mahmoud Elmandouh, P.T., Protection Physical Therapy P.C., Raouf Akl, P.T., Primavera Physical Therapy, P.C., Ahmed Mahmoud Abdelshafy Elmansy, P.T., Sky Limit Physical Therapy, P.C., Geoffrey Allerton Cushman, P.T., PI Physical Therapy, P.C., Sherwin Catugda Paller, P.T., Floral Park Physical Therapy, P.C., Alpeshkumar Manughai Patel, P.T., A. M. Patel Physical Therapy P.C., Leonard Luna, D.C., Kings Chiropractic Wellness, P.C., Jongdug Park, D.C., All About Chiropractic P.C., J Park Chiropractic P.C., Giulio Caruso, D.C., Brook Chiropractic of NY P.C., Integrated Chiropractic of NY P.C., Peter Albis, D.C., PDA NY Chiropractic P.C., Paul Victor Scarborough, D.C., A.O.T. Chiropractic P.C., Evolution Chiropractic P.C., Stacy Juyoung Moon, L.Ac., SJM Acupuncture P.C., Lyudmila Krupnova, L.Ac., LK Acupuncturist P.C., Hyeongsock Choi, L.Ac., Choice Acupuncture PLLC, Choi-Go Acupuncture PLLC, Peter Kopach, L.Ac., First Alternative PLM Acupuncture P.C., Edwin Castillo, L.Ac., Edcas Acupuncture P.C., Longyu Ma, L.Ac., Hidden Dragon Acupuncture P.C., Xia Guan, L.Ac., Rebound Acupuncture P.C., Reuven Alon (a/k/a Rob Alon), Columbus Imaging Center LLC, Medaid Radiology LLC, Regina Moshe, M.D., Yan Moshe (a/k/a Yan Leviev), CitiMedical I, PLLC, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), Vladimir Nazarov, and Right Aid Medical Supply Corp.,

                              Defendants.

Case: 1:21-cv-05523-MKB-PK

{N2056872.1}

## DECLARATION OF REGINA MOSHE IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND STAY

I, REGINA MOSHE, hereby declares:

1. I have been sued herein as Regina Moshe, M.D. I am a licensed physician and the owner of CitiMedical, I, PLLC.

2. This Declaration is submitted on behalf of myself and CitiMedical I, PPLC in opposition to Plaintiff's Motion which seeks to stay current and future arbitrations and state court litigations and any payment as to any and all unpaid bills incurred as the result of the treatment and care of the Plaintiff's Insureds.

3. CitiMedical I, PLLC treats patients, among others, covered under automobile liability policies providing PIP coverage under New York State's no-fault regulations.

4. Plaintiff's Amended Complaint asserts many general and wholly conclusory allegations without any support for those few allegations directed against me individually or CitiMedical I, PLLC. Rather, the Amended Complaint is drafted in a manner as to combine allegations against a collective group as "Defendants" leaving it difficult to distinguish the claims and allegations as to any one defendant

5. My counsel and I have reviewed the memorandum of law filed by the co-defendants' Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, Yan Moshe, Hackensack Specialty ASC LLC, and Integrated Specialty ASC LLC in opposition to Plaintiff's motion for preliminary injunction and stay. CitiMedical I, PLLC and I expressly adopt and incorporate those legal arguments as if set forth in full again.

6. Despite the unsupported allegations of the Plaintiff, it is I alone who owns CitiMedical I, PLLC, not my brother, co-defendant Yan Moshe. Similarly, the Plaintiff offers no support for its claims as to how CitiMedical I, PLLC is run and operated. CitiMedical I,PLLC is

run and staffed in the appropriate manner prescribed by the various regulatory or licensing authorities. The Amended Complaint further falsely alleges that various healthcare providers at CitiMedical I, PLLC are independent contractors when in fact they all have been, and remained ,W-4 employees during the tenure of their employment and their provision of medical services as required by the applicable laws and regulations. Both I and CitiMedical I, PLLC remain licensed and in good standing to continue to provide the medical services to our patients.

7. The granting of Plaintiff's motion would cause lasting and irreparable harm to me and to CitiMedical I, PLLC yet Plaintiff has not set forth an Amended Complaint that can be factually supported , let alone one that can be said that there is a likelihood that Plaintiff will succeed upon.

8. The motion before the Court seeks in addition to an injunction of any pending arbitrations and state court litigations seeking to recover unpaid sums from the Plaintiff, it seeks to stay any attempt to collect sums owed by Plaintiff under its policies but for which an arbitration or state court proceeding has yet to be commenced. Plaintiff ignores the fact that it entered into a reimbursement agreement with me and CitiMedical I, PLLC as of June 3, 2015 with a three year term (attached here as exhibit A) that not only provided an agreement as to the schedule of payment for various medical services but also a method for dispute resolution. That agreement was not terminated early by either party so the agreement applies by its terms to any treatment provided to Plaintiff's insureds through and including June 3, 2018. Plaintiff does not have a likelihood of success on the present action to the extent that the action is intended to cover those services provided under the agreement and for which to this day remain unpaid.

9. Pursuant to Section 4.B. of that agreement, the Plaintiff acknowledged the entitlement of CitiMedical I, PLLC to "challenge any claim denied by State Farm pursuant to a

Utilization/Casualty Review through litigation and/or arbitration . . . ." Beyond this entitlement, the Agreement directly addresses the situation upon which Plaintiff now claims as the basis for the action and the relief being sought with the motion now before the Court. Section 6(A.) goes on to provide that "[i]n the event that State Farm identifies what it believes to be systemic issues associated with the billing and/or treatment practices being employed by CitiMedical (i.e. issues that go beyond an individual claim), it will provide written notification to CitiMedical in accordance with Section 7...." That section further provides the resolution process that was to be employed but notes within subsection 6(B.) that in the event State Farm suspends payment and CitiMedical disputes State Farm's decision, CitiMedical "may submit the issue of whether State Farm violated Section 6(A.) to expedited arbitration . . . . " That has not happened and there is no doubt that the relief now being sought by the Plaintiff extends to as yet unpaid bills covered by this agreement. Accordingly, there is very little likelihood of success for the Plaintiff on the claims covered by the foregoing agreement.

10.   If the motion was to be granted and a stay was placed upon collection attempts to seek recovery from the Plaintiff for the medical services provided to patients covered under Plaintiff's policies, this would result in an extreme financial issue for me and CitiMedical I, PLLC. An injunction or stay would provide Plaintiff the incentive to cease paying all bills until this case was concluded. In the absence of timely payment by Plaintiff, it would cause a severe cash flow issue for CitiMedical I, PLLC in that those employed by CitiMedical I, PLLC and who provided the treatment must still be paid as well as the many other recurring costs of operating the facility.

11.   A further significant financial burden that the Plaintiff ignores and fails to address is that the policies of Plaintiff under which we are treating their insureds have limited finite limits to the coverage. Should an injunction be issued, and treatments already provided are not reimbursed,

CitiMedical I, PLLC and I face the real prospect by the time this case is resolved, those limits will have been exhausted by payments to subsequent medical providers and we will be left with no payment and no recourse to seek payment from Plaintiff.

12. I therefore request that the Motion be denied in all respects.


Dated: New York, New York
       January 14, 2022

_____
Regina Moshe