# Katten

### Katten Muchin Rosenman LLP

August 10, 2022

**525 W. Monroe Street**
**Chicago, IL  60661-3693**
**312.902.5200 tel**
**www.katten.com**

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**JONATHAN L. MARKS**
jonathan.marks@katten.com
312.902.5337 direct
312.902.1061 fax

**Re:**      *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 – Motion for Order to Show Cause**

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully move this Court for an order requiring non-party New Pacific, Inc. ("New Pacific") to appear before the Court and show cause why it should not be held in contempt for failing to comply with a subpoena *duces tecum* served upon it.  New Pacific is expected to have relevant documents, has not objected or otherwise responded to the subpoena, and should be ordered to appear before the Court and explain its reasons for failing to comply.

The First Amended Complaint alleges defendants submitted fraudulent claims for healthcare services provided to automobile accident victims.  One part of the alleged scheme is that defendants Leonid Shapiro and his entities Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C. (collectively, the "Shapiro Defendants") control clinics at which patients receive medically unnecessary services.  Among the providers of these services are physical therapists, chiropractors, and acupuncturists who pay for access to patients through kickbacks, sometimes disguised as "rent" pursuant to sublease agreements.  Another part of the alleged scheme is that the Shapiro Defendants refer patients for MRI services and pain management and orthopedic procedures at facilities owned or controlled by defendants Yan Moshe and Reuvon Alon based on financial relationships between Shapiro, Yan Moshe, Reuvon Alon and their various entities.

This motion arises out of Plaintiffs' subpoena *duces tecum* seeking documents served on New Pacific on April 11, 2022, with a return date of April 25, 2022.  *See* Ex. 1.  New Pacific has not responded in any way to this subpoena despite Plaintiffs' follow up letter sent on June 10, 2022.  Accordingly, Plaintiffs have no choice but to move this Court for assistance.

Based on records obtained to date, New Pacific appears to be a funding company that loaned at least $1.35 million to Metro Pain pursuant to a Financing and Security Agreement dated July 5, 2018.  New Pacific's owner, Yakov Khodzhayev, also owns a durable medical equipment company Caresoft Leasing Corp. ("Caresoft").  Beginning in mid-May 2018 — shortly before entering into the Financing and Security Agreement — Metro Pain began to prescribe durable medical equipment ("DME") dispensed by Caresoft Leasing to Metro Pain patients.  At least two physicians formerly employed by Metro Pain have stated under oath that Shapiro and Metro Pain

AUSTIN      CENTURY CITY      CHARLOTTE      CHICAGO      HOUSTON      IRVING      LOS ANGELES
NEW YORK      ORANGE COUNTY      SAN FRANCISCO BAY AREA      SHANGHAI      WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations

instituted written and unwritten treatment protocols requiring its physicians to prescribe DME and other items to patients.  Accordingly, Shapiro and Metro Pain's arrangements and dealings with New Pacific are likely to demonstrate that Metro Pain prescribed DME and directed prescriptions to Khodzhayev's Caresoft Leasing as a result of Shapiro and Metro Pain's relationship with New Pacific and Khodzhayev.  Indeed, the First Amended Complaint specifically describes an almost identical scenario.  It alleges that Metro Pain's financing arrangement with Yan Moshe's entity Med Capital LLC — from which Metro Pain was permitted to borrow up to $2.5 million — was among the reasons Metro Pain referred patients to Moshe and Alon businesses.  Such a relationship with New Pacific and Caresoft Leasing would be entirely consistent with how Metro Pain is alleged to have done business, and documents from New Pacific would be evidence of such a modus operandi, pattern, and practice.

Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control.  *See* Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of non-party subpoenas under Rule 45 is as broad as that permitted under the discovery rules and reaches all documents in the possession, custody, or control of the subpoena recipient.  *See* Fed. R. Civ. P. 45 (advisory committee's notes to 1970 amendment).  To preserve the right to object to a subpoena, a non-party must serve written objections within 14 days after service of the subpoena.  *Cruz v. Green Tree Mortg. Serv., LLC*, 2017 WL 658054, at *1 (D. Conn. Feb. 17, 2017) ("The failure to serve written objections to a subpoena within the time frame specified by Rule 45[] typically constitutes a waiver of such objections.").

Here, New Pacific has not responded to the subpoena with objections or produced any documents, and their responses are now overdue.  By failing to respond within 14 days of service, as set forth in Rule 45, New Pacific has failed to comply with the subpoena.  Given that the subpoena was properly served, is reasonable, and New Pacific has not asserted any objections, New Pacific should be ordered to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena.  *See State Farm Mut. Auto. Ins. Co. v. Tabakman*, 2008 WL 4527731, at *3 (E.D.N.Y. Oct. 8, 2008).

Accordingly, Plaintiffs respectfully request that this Court issue an order directing New Pacific to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena served upon it.

Respectfully submitted,

*/s/ Jonathan L. Marks*


Encl. (Exhibit 1)

*cc*:  New Pacific Inc. (by U.S. Mail)