

**Katten**

KattenMuchinRosenman LLP

February 1, 2023

**525 W. Monroe Street**
**Chicago, IL  60661-3693**
**312.902.5200 tel**
**www.katten.com**

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**JONATHAN L. MARKS**
jonathan.marks@katten.com
312.902.5337 direct
312.902.1061 fax

**Re:**     *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 – Motion for Order to Show Cause**

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully move this Court for an order requiring non-party William Elton, M.D. ("Dr. Elton") to appear before the Court and show cause why he should not be held in contempt for failing to comply with a subpoena seeking the production of documents and testimony served upon him.  Dr. Elton is expected to have relevant documents and provide relevant testimony, has not objected or otherwise responded to the subpoena, and should be ordered to appear before the Court and explain his failure to comply.

This motion arises out of Plaintiffs' subpoena seeking the production of documents and deposition testimony from Dr. Elton.  Plaintiffs were initially unable to personally serve Dr. Elton, and this Court granted Plaintiffs permission to serve him by mail (Dkt. No. 290), which they did on November 29, 2022. *See* Ex. 1 (Subpoena and Proof of Delivery).  The subpoena identified a return date of December 14, 2022, and requested that Dr. Elton contact Plaintiffs to schedule his deposition for a mutually agreeable date.  After Dr. Elton failed to respond to Plaintiffs' subpoena, on December 15, 2022, Plaintiffs sent a follow up letter setting a new return date of December 22, 2022 and advising judicial intervention would be sought should he fail to respond.  Dr. Elton has not responded.  Accordingly, Plaintiffs move this Court for relief.

This action alleges defendants submitted fraudulent claims for healthcare services provided to automobile accident victims.  One part of the alleged scheme is that defendants Leonid Shapiro, M.D. and his entities Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C. operate clinics at which patients receive medically unnecessary services pursuant to a predetermined treatment protocol.  Dr. Elton worked as a doctor for Metro Pain from 2018 to 2020 and treated Metro Pain patients at issue in this action.  In a June 2022 deposition in a separate case before this Court,[1] Dr. Elton testified that as a Metro Pain physician he was required to treat patients pursuant to a predetermined protocol maintained and enforced by Shapiro and Metro Pain.  The protocol required treating physicians to refer patients to conservative care providers subleasing space from Metro Pain at the clinic locations and to steer patients to particular outside providers such as MRI providers, pharmacies, and durable medical

---

[1] *Gov't Emps. Ins. Co. v. Khodshayev*, No. 21-cv-06569(KAM)(PK) (E.D.N.Y. 2022) (See Dkt. No. 21-2).

equipment ("DME") companies regardless of medical necessity.  Dr. Elton testified Shapiro personally spoke with him about the appropriateness of prescribing additional DME to Metro Pain patients.  Dr. Elton ultimately resigned from Metro Pain in 2020 upon learning prescriptions were being sent to pharmacies under his name without his knowledge or authorization.

An order requiring Dr. Elton to show cause is appropriate because he failed to comply with Rule 45.  Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control and to attend a deposition. *See* Fed. R. Civ. P. 45(a)(1)(A)-(B).  Rule 45 grants the Court power to hold a party in contempt "simply on the basis of failure to comply with a subpoena."  *PainWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2022).  Here, Dr. Elton has not responded to the subpoena with objections, produced any documents, or contacted Plaintiffs regarding his deposition, and his responses are now overdue.  By failing to respond within 14 days of service, as set forth in Rule 45, Dr. Elton has failed to comply with the subpoena.  Further, Plaintiffs seek the production of responsive documents from Dr. Elton prior to proceeding with his deposition and therefore have adjourned his deposition pending his response to the document requests.  Given the subpoena was properly served, is reasonable, and no objections have been asserted, Dr. Elton should be ordered to appear before the Court and show cause why he should not be held in contempt for failing to comply with the subpoena.  *See* Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Leser v. U.S. Bank Nat. Ass'n*, 2011 WL 1004708, at *1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Accordingly, Plaintiffs respectfully request this Court issue an order directing Dr. Elton to appear before the Court and show cause why he should not be held in contempt for failing to comply with the subpoena served upon him.

Respectfully submitted,

*/s/ Jonathan L. Marks*


Encl. (Exhibit 1)

*cc*:  William Elton, M.D. (by U.S. Mail)