Case 1:21-cv-05523-MKB-PK   Document 331   Filed 02/07/23   Page 1 of 10 PageID #: 5370

Clerk's Office
Filed Date: 2/7/23

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

                       Plaintiffs,

                v.

METRO PAIN SPECIALISTS P.C., TRI-
BOROUGH NY MEDICAL PRACTICE P.C.,
LEONID SHAPIRO, M.D., MOHAMED SAYED
AHMED HASSAN, P.T., NILE REHAB
PHYSICAL THERAPY, P.C., IRINA KATAEVA,
P.T., CITYWORKS PHYSICAL THERAPY P.C.,
AMRO MAHMOUD BARAKAT, P.T.,
BARAKAT PT, P.C., MOHAMED MAHMOUD
ELMANDOUH, P.T., PROTECTION PHYSICAL
THERAPY P.C., RAOUF AKL, P.T.,
PRIMAVERA PHYSICAL THERAPY, P.C.,
AHMED MAHMOUD ABDELSH ELMANSY,
P.T., SKY LIMIT PHYSICAL THERAPY, P.C.,
GEOFFREY ALLERTON CUSHMAN, P.T., PI
PHYSICAL THERAPY, P.C., SHERWIN
CATUGDA PALLER, P.T., FLORAL PARK
PHYSICAL THERAPY, P.C., ALPESHKUMAR
MANUGHAI PATEL, P.T., A. M. PATEL
PHYSICAL THERAPY P.C., LEONARD LUNA,
D.C., KINGS CHIROPRACTIC WELLNESS, P.C.,
JONGDUG PARK, D.C., ALL ABOUT
CHIROPRACTIC P.C., J PARK CHIROPRACTIC
P.C., GIULIO CARUSO, D.C., BROOK
CHIROPRACTIC OF NY P.C., INTEGRATED
CHIROPRACTIC OF NY P.C., PETER ALBIS,
D.C., PDA NY CHIROPRACTIC P.C., PAUL
VICTOR SCARBOROUGH, D.C., A.O.T.
CHIROPRACTIC P.C., EVOLUTION
CHIROPRACTIC P.C., STACY JUYOUNG
MOON, L.AC., SJM ACUPUNCTURE P.C.,
HYEONGSOCK CHOI, L.AC., CHOICE
ACUPUNCTURE PLLC, CHOI-GO
ACUPUNCTURE PLLC, PETER KOPACH,
L.AC., FIRST ALTERNATIVE PLM

**MEMORANDUM & ORDER**
21-CV-5523 (MKB)

ACUPUNCTURE P.C., LONGYU MA, L.AC., HIDDEN DRAGON ACUPUNCTURE P.C., XIA GUAN, L.AC., REBOUND ACUPUNCTURE P.C., REUVEN ALON *a/k/a* ROB ALON, COLUMBUS IMAGING CENTER LLC, MEDAID RADIOLOGY LLC, REGINA MOSHE, M.D., YAN MOSHE *a/k/a* YAN LEVIEV, CITIMEDICAL I, PLLC, HACKENSACK SPECIALTY ASC LLC *f/k/a* DYNAMIC SURGERY CENTER LLC, INTEGRATED SPECIALTY ASC LLC *f/k/a* HEALTHPLUS SURGERY CENTER LLC, VLADIMIR NAZAROV, and RIGHT AID MEDICAL SUPPLY CORP.,

                              Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") commenced the above-captioned action on October 5, 2021, (Compl., Docket Entry No. 1), and filed an Amended Complaint against the above-named sixty-three Defendants[1] on December 14, 2021, (Am. Compl., Docket Entry No. 63). Plaintiffs allege, *inter alia*, that Defendants wrongfully obtained no-fault insurance reimbursements for medically unnecessary healthcare services in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c)–(d) ("RICO") and are liable for common law fraud, aiding and abetting fraud, and unjust enrichment, (*id.* ¶¶ 1, 338–480), and seek damages and a declaratory judgment, (*id.* ¶¶ 338–484).

---

[1] Defendants Lyudmila Krupnova and LK Acupuncturist P.C. stipulated to dismissal and were terminated from the case on June 14, 2022. (Stip. of Dismissal, Docket Entry No. 243.) Defendants Mahmoud Ezz Eldeen Shalaby and Physical Therapy of New York P.C. stipulated to dismissal and were terminated from the case on December 12, 2022. (Stip. of Dismissal, Docket Entry No. 306.) Defendants Edwin Castillo, Edcas Acupuncture P.C., Mohamed Elsayed Khallaf, and Handy Physical Therapy P.C. stipulated to dismissal and were terminated from the case on January 18, 2023. (Stips. & Orders of Dismissal, Docket Entry Nos. 319, 320.)

On May 19, 2022, the Court issued a Memorandum and Order that (1) stayed all pending arbitrations between the parties and (2) enjoined all future arbitrations and state court proceedings until the litigation had been resolved ("May 2022 Decision").[2] (May 2022 Decision, Docket Entry No. 237.)  On January 9, 2023, Plaintiffs moved (1) to file a Second Amended Complaint ("SAC"),[3] (2) for the Court to modify the scope of the injunction the Court issued in its' May 2022 Decision (the "Injunction") to cover Defendants named for the first time in Plaintiffs' proposed SAC, and (3) for the Court to issue a temporary restraining order ("TRO") extending the terms of the Injunction to the newly-added defendants until resolution of the first two issues.[4]

For the reasons set forth below, the Court grants Plaintiffs' motion for a TRO extending the terms of the Injunction to the newly-added Defendants.

## I. Background

The Court assumes familiarity with the underlying facts and procedural history of this case as set forth in its earlier decision concerning this matter.  (May 2022 Decision.)

---

[2]  Both sides appealed the May 2022 Decision and the appeals are currently pending. (Defs.' Notices of Appeal dated June 15, 2022, Docket Entry Nos. 244, 247; Pls.' Notice of Appeal dated June 15, 2022, Docket Entry No. 245.)

[3]  (Pls.' Mot. for Leave to File Doc., Docket Entry No. 309; Pls.' Mem. in Supp. of Pls.' Mot., Docket Entry No. 314.)

[4]  (Pls.' Notice of Mot. for a TRO & to Modify Scope of Temporary Inj., Docket Entry No. 310; Decl. of John Costanzo in Supp. of Pls.' Mot., Docket Entry No. 311; Decl. of Michael Knox in Supp. of Pls.' Mot., Docket Entry No. 312; Decl. of Doug Babin in Supp. of Pls.' Mot., Docket No. 313; Pls.' Mem. in Supp. of Pls.' Mot., Docket Entry No. 315.)

### a. Procedural background

On December 23, 2021, Plaintiffs moved (1) to stay, until resolution of litigation, all arbitrations pending before the American Arbitration Association and all lawsuits pending in New York state courts between Defendants and Plaintiffs seeking "no-fault insurance benefits for services or supplies provided by Defendants to Metro Pain or Tri-Borough patients" and (2) to enjoin Defendants, until resolution of litigation, from commencing any new arbitrations or New York state court proceedings against Plaintiffs seeking the same.[5]  In the May 2022 Decision, the Court (1) stayed all pending arbitrations between the parties, (2) enjoined all future arbitrations, and (3) enjoined all future state court proceedings.  (May 2022 Decision.)  The Court denied Plaintiffs' motion to stay all pending state court proceedings.  (*Id.*)

On January 9, 2023, Plaintiffs moved to file a SAC, which, *inter alia*, added sixteen new defendants, sought almost $7 million in additional payments, and added new allegations regarding the scope and details of the fraudulent scheme.  (Pls.' Mot. for Leave to File SAC ("Pls.' SAC Mot."), Docket Entry No. 309.)  Plaintiffs also filed a motion to modify the scope of the Injunction to apply it to the new Defendants included in the SAC.  (Pls.' Mot. to Modify the Inj. and Stay ("Pls.' Mot."), Docket Entry No. 310; Pls.' Mem. in Supp. ("Pls.' Mem."), Docket Entry No. 315.)  Plaintiffs also requested that the Court issue a TRO extending the terms of the Injunction to cover the newly-added Defendants until the motion to modify the scope of the Injunction was decided — i.e. Plaintiffs requested that, pending the Court's decision on whether to modify the Injunction, the Court (1) stay all arbitrations between Plaintiffs and the newly-

---

[5] (Pls.' Mot. to Stay, Docket Entry No. 77; Pls.' Mem. in Supp. of Pls.' Mot., Docket Entry No. 80; Pls.' Reply in Supp. of Pls.' Mot., Docket Entry No. 106; Pls.' Second Reply in Supp. of Pls.' Mot., Docket Entry No. 165.)

added Defendants and (2) enjoin the newly-added Defendants from commencing any new arbitrations or state court proceedings. (*Id.*) Eight Defendants oppose the motion. (Citimedical Defs.' Mem. in Opp'n to Pls.' Mot. for TRO ("Citimedical Defs.' Mem."), Docket Entry No. 318; Responding Defs.' Mem. in Opp'n to Pls.' Mot. for TRO ("Resp. Defs.' Mem."), Docket Entry No. 322-1.)[6]

## II. Discussion

### a. Standard of review

To obtain a TRO, a plaintiff must show "a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the [plaintiff's] favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). A plaintiff may also obtain a TRO by showing, in the alternative, "irreparable harm and either a likelihood of success on the merits or 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward [plaintiffs].'" *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015) (quoting *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012)).

---

[6] Defendants Citimedical I, PLLC and Dr. Regina Moshe filed their opposition on January 18, 2023; Defendants Yan Moshe (a/k/a Yan Leviev), Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a Healthplus Surgery Center LLC), Reuven Alon (a/k/a Rob Alon), Columbus Imaging Center LLC, and Medaid Radiology LLC filed their opposition on January 24, 2023.

5

### b. Plaintiffs have met the requirements for a TRO

Plaintiffs argue that they satisfy all the requirements for a TRO because (1) the Court has already found that the Amended Complaint shows a likelihood of success on the merits and "the SAC builds on the facts alleged in the [Amended Complaint], which this Court already found sufficient," (Pls.' Mem. 18); (2) absent a TRO, they will suffer irreparable harm since "[t]here is a significant risk Defendants will rush to file new lawsuits and arbitrations in an attempt to circumvent any modified preliminary injunction this Court might ultimately enter," (*id.* 5); and (3) the balance of equities weighs in favor of a TRO since if the Court ultimately decides against modifying the scope of the existing injunction "[a]t most, any lawsuit or arbitration involving the new Defendants would be delayed by a few weeks . . . . On the other hand, if the Court ultimately decides to modify the preliminary injunction, claims filed in the interim will be beyond the injunction's scope," (*id.* 6).

Defendants argue that the Court should deny Plaintiffs' application because: (1) Plaintiffs will not succeed on the merits and Defendants have provided discovery which shows a legitimate explanation for the alleged fraud, (Citimedical Defs.' Mem. 5–6; Resp. Defs.' Mem. 6–7); (2) Plaintiffs fail to allege irreparable harm since their belief that Defendants would file new lawsuits absent a TRO is too speculative and their injuries are "compensable by monetary damages," (Citimedical Defs.' Mem. 4; Resp. Defs.' Mem. 3–6); and (3) the balance of equities weighs against a TRO since Plaintiffs may ultimately pursue reimbursement if they succeed on the merits, but Defendants "may potentially run into the real and present threat of the no-fault policy exhaustion," which would "jeopardize . . . [their] ability to obtain any reimbursement for valid and legitimate medical treatment already rendered," (Citimedical Defs.' Mem. 7; *see also* Resp. Defs.' Mem. 7–8).  Defendants also argue that because subjects of the proposed TRO are

6

not yet parties to the lawsuit, it is "premature to restrain the *proposed* defendants." (Resp. Defs.' Mem. 3.)

Having reviewed the SAC and the attachments and declarations in support of Plaintiffs' motion, the Court remains of the opinion that Plaintiffs have raised "sufficiently serious questions going to the merits" to warrant an injunction. (*See* May 2020 Decision 33–40 (quoting *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 529 (2d Cir. 2020))). The proposed SAC appears to provide additional details, (Pls.' Mem. 3), which supplement Plaintiffs' already-sufficient allegations. Defendants argue that they have provided evidence and explanations that rebut Plaintiffs' allegations, (Citimedical Defs.' Mem. 5–6; Resp. Defs.' Mem. 6–7), but the Court nevertheless finds that there are "sufficiently serious questions going to the merits" to support granting a TRO. (*See* May 2022 Decision 33 (quoting *Ventura*, 959 F.3d at 529)).

Plaintiffs have also shown that they will be irreparably harmed if the Court declines to issue a TRO. *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (noting that irreparable harm is "an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm"). Plaintiffs state, and Defendants appear not to dispute, that Defendants filed almost fifty new arbitrations and lawsuits against State Farm in the five-month period between Plaintiffs' motion for a preliminary injunction and the Court's ruling. (Pls.' Mem. 5; Citimedical Defs.' Mem. 4; Resp. Defs.' Mem. 4; *see also* Pls.' Notice of Mot. for a Preliminary Inj., Docket Entry No. 77; May 2022 Decision.) The proposed SAC names sixteen new defendants, all of whom are alleged to be closely associated with or controlled by one or more of the existing Defendants. (*See* Pls.' Mem. 9–16.) The Court thus does not find it impermissibly "speculative" to suppose that the newly-added Defendants will file additional lawsuits or arbitrations absent a

7

TRO.  Moreover, the Court has already decided that such litigations create a risk of obscuring the larger fraud and creating inconsistent judgments, which is sufficient to meet the "irreparable harm" requirement.  (May 2022 Decision 41–46.)  The Court likewise previously considered and rejected Defendants' argument that there is no "irreparable harm" because the case only involves money damages.  (*Id.* at 42–43.)  Accordingly, the Court finds that Plaintiffs will suffer "an injury that is neither remote nor speculative, but actual and imminent" if it declines to issue a TRO.  *Faiveley,* 559 F.3d at 118.

The Court previously found that the balance of hardships weighs in favor of enjoining future court proceedings and arbitrations between the parties, since doing so "will save the parties time and resources and promote judicial efficiency."  (May 2022 Decision 46–49.)  In the May 2022 Decision, the Court explicitly considered whether New York and New Jersey's respective statutory $50,000 and $15,000 caps on no-fault insurance policies threatened Defendants with "policy exhaustion."   (*Id.* at 46–48.)  As in their previous opposition, Defendants fail to identify any policies nearing exhaustion and are likewise entitled to interest if they prevail.  (*Id.* at 47–48.)  Accordingly, the Court finds that the threat of irreparable harm to Plaintiffs discussed above and in the May 2022 Decision outweighs the "speculative at best" threat of policy exhaustion.  *Gov't Emps. Ins. Co. v. Moshe*, No. 20-CV-1098, 2020 WL 3503176, at *3 (E.D.N.Y. June 29, 2020).

Finally, the Court is not persuaded by Defendants' argument that it is premature to issue a TRO against the newly-added Defendants.  Pursuant to Federal Rule of Civil Procedure 65(d)(2)(C), a court may issue an injunction or restraining order binding "persons who are in active concert or participation" with the parties, or their "officers, agents, servants, employees, and attorneys."  Fed. R. Civ. P. 65(d)(2)(C), (A).  "Courts in this Circuit have found 'active

8

concert' between non-parties and already-enjoined parties in cases where an enjoined party is substantially intertwined with a non-party, including the shared occupation of office space, payment of employee expenses between the non-party and enjoined party, considerable control by the enjoined party over the non-party's operations, and other substantial interconnections . . . ." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 638 (S.D.N.Y. 2018). As discussed above, each of the newly-added entities is closely associated with or controlled by one or more of the existing Defendants, while each of the newly-added individuals owns an entity alleged to have provided unnecessary treatments under the scheme.[7] This is sufficient to meet Rule 65's "active concert or participation requirement." *See, e.g.*, *Golden Krust Patties, Inc. v. Bullock*, 957 F. Supp. 2d 186, 201–02 (E.D.N.Y. 2013) (finding that a preliminary injunction was enforceable against the non-party manager of one of defendants' businesses).

---

[7] Plaintiffs allege that one of the newly-added individual defendants, Vadim Dolsky, is the "long-time business associate[]" of Moshe, Alon, and Dr. Moshe, (Pls.' Proposed SAC ¶ 3, Docket Entry No. 309-1), whose newly-added entities, Optimum Health Acupuncture, P.C. and Advanced Comprehensive Laboratory LLC (d/b/a TopLab), provided unnecessary treatments in exchange for kickbacks, (Pls.' Mem. 8, 13–15). Nizar Kifaieh is alleged to be the owner of newly-added entity Premier Anesthesia and is alleged to have served as the CEO and president of Hudson Regional, a Moshe-owned entity. (*Id.* at 16.) Mark Gladstein and Victoria Frenkel are alleged to be co-owners of newly-added Defendant TopLab, along with newly-added Defendant Dolsky. (*Id.*) The remaining ten newly-added entities are alleged to have provided medical or related services under the scheme and are owned or controlled by existing Defendants. (Pls.' Mem. 9–16, 24.)

### III. Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion for a temporary restraining order. Plaintiffs are directed to serve a copy of this order on all Defendants.

Dated: February 6, 2023
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge