UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTO INSURANCE COMPANY et al<br><br>        Plaintiffs,<br><br>  -against-<br><br>METRO PAIN SPECIALISTS, P.C., TRI-BOROUGH NY MEDICAL PRACTICE, P.C. and LEONID SHAPIRO, M.D.<br><br>        Defendants | Civil Action No.: 1:21-CV-05523 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF PAUL M. KAPLAN, ESQ. AND ANDERSON KILL, P.C.
FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

  Paul M. Kaplan, Esq., and Anderson Kill, P.C. ("AK") move pursuant to Local Civil Rule 1.4, and New York Rule of Professional Conduct 1.16(c)(1) for leave to withdraw as Counsel of Record for Defendants, Metro Pain Specialists, P.C., Tri-Borough NY Medical Practice, P.C. and Leonid Shapiro, M.D. (together collectively referred to as "Defendants" and Individually as "Metro Pain", "Tri-Borough NY" and "Shapiro") in the above captioned action, *State Farm et al. v. Metro Pain Specialists et al* (the "Litigation").

## FACTS

  Shapiro individually and on behalf of Metro Pain and Tri-Borough NY executed an Engagement Agreement (the "Agreement") with Anderson Kill, P.C. ("AK") on November 18, 2022. A true and correct copy of the Agreement is attached hereto as Exhibit A.

  With certain amendments, the Agreement remains in effect. Paul M. Kaplan, Esq., ("Kaplan"), a shareholder in AK, signed on AK's behalf.

From the outset, pursuant to the Agreement, Defendants agreed to pay for the services provided by Kaplan and AK at their customary hourly rates, and to pay for all fees, expenses and charges incurred in connection with the representation. *See* Declaration of Paul M. Kaplan ("Kaplan Dec.")  at ¶5 Ex. B of Kaplan Dec., at 3, Fees, Disbursements and Billing. The Defendants paid a $10,000 advance retainer as required in the Agreement and an additional $45,120.00 toward the first Invoice for November legal services rendered. The Agreement remains in effect. Moreover, this same paragraph provides that, "Client acknowledges that the firm may terminate its representation of Client in the Matter if Client fails to make timely payment of any invoice…", which are due on receipt. *Id*.

Throughout the representation of the Defendants, Shapiro assured Kaplan that he would make payment of the December Invoice, where no objection, written or oral, was raised, as well as the outstanding Invoices, once his concerns were addressed, but Shapiro never made "any particularized written objection to the bills", as is required in the Agreement at 2, "Fees, Disbursements and Billing". Shapiro received monthly written statements of invoices as well as repeated follow up Emails and telephone calls requesting payment by Kaplan and AK representatives.  *See,* Kaplan Dec. at ¶ 10.

Kaplan appeared in this Litigation on behalf of Defendants. He was first contacted by Shapiro on or about November 2022. Shapiro requested that Kaplan review his case for purposes of assisting his current Insurance Panel Counsel, Kaufman Dolowich Voluck LLP ("KDV"). After reviewing the Court Docket and filings, Kaplan immediately gave Shapiro a list of actions that he would recommend in preparing a defense of his case, which Shapiro had requested in order to provide to Chubb INA ("Chubb"). Shapiro agreed with the proposed strategy, as did Chubb and even KDV subsequently. Shapiro retained AK to represent him: first, to review and

conduct any necessary discovery in order to determine the evidentiary basis for any actions and second, to file any actions that were warranted. Subsequently, Shapiro agreed to have AK assume the representation of the entire Litigation provided that his insurer, Chubb, and KDV concurred in the filing of such actions. After many conference calls and written explanations, both Chubb and KDV concurred with Kaplan's proposed strategy. As a result, Chubb agreed to increase their payment of AK's legal fees from $275/hour rate that was paid to KDV to $500/hour for Partners and $350/hour for Associates. Kaplan's 2023 Partner rate was $885/hour which was increased 7% from the 2022 rate of $830.

Even though AK had agreed to the grounds set down by Shapiro for his approving AK assuming the role of Lead Counsel for the entire Litigation, Shapiro continued to argue over the proposed Chubb fee structure and ceased payment of all legal fees claiming the fees were "not appropriate", despite his statement on February 22 that he would pay the "December Invoice". Shapiro now raised an objection to his paying any of the Associate's Fees above the Chubb agreed to rate of $350/hour. In response, AK agreed to discount Senior Associate's Fees by 10% from $650/hour to $585/hour and Junior Associates Fees from $425/hour to $382.50/hour. But this discounted rate for Associates was met with silence from Shapiro.

Subsequently, when Kaplan tried to speak with Shapiro to discuss his concerns, as Kaplan had reiterated in his Emails to Shapiro, Shapiro informed Kaplan in an Email not to call him and only to communicate by Email, which Kaplan did. Nevertheless, Shapiro continued his breach of the Agreement.

Defendants acknowledged from the outset that if they failed to pay AK, they would not object to AK's withdrawal. The Agreement stated:

> "Subject to the applicable rules of professional conduct, we also reserve the right to withdraw among other things, if Client fails to make timely payment of any invoice." See Exhibit A at 7.

Defendants have not paid AK for legal services rendered since January 2023. Their advance retainer deposit to AK for $10,000 remains on Deposit. Apart from the advance retainer deposit and a payment of $45,120.00 for the November billings which were paid in December 2022 and despite repeated requests, Defendants have not paid any subsequent Invoices, despite promises by Shapiro to do so. Defendants currently owe AK $174,673.76 as of March 31, 2023 on outstanding Invoices.

Since January 2023, AK has sought to collect the amounts outstanding from Defendants. Defendants have repeatedly been informed in writing since January 2023 up until April 6, 2023 that AK would not do additional work and would withdraw from representation until the Defendants paid past invoices in full. Contrary to his written instructions, Shapiro has alleged that he had instructed Kaplan to cease work at various stages, while at the same time requiring Kaplan's attention to the ongoing Litigation.

On February 22, 2023 in an Email to Kaplan Shapiro agreed to pay the December Invoice. However, Shapiro has failed to do so, repeatedly-notwithstanding this reassertion of his obligation in the Agreement (Fees, Disbursements and Billings; and, Duration of the Engagement). While Shapiro has expressed some general disagreement about all outstanding Invoices for the months of January and February, he has failed to make "any particularized written objection to our bills …within 20 days of receipt of a bill", as is required in the Agreement at 2, "Fees, Disbursements and Billing. When Shapiro raised an objection to December billings regarding time spent reviewing, analyzing and negotiating Chubb's 53 page, single-spaced Defense Counsel's Legal Services Agreement, claiming that it benefitted AK and not him. As a result of Kaplan's negotiations with Chubb, Chubb agreed to pay over 60% of

4

docs-100592431.2

AK's legal fees for Partners and more than 50% of legal fees for Associates with Shapiro being responsible for the balance. Notwithstanding what was an obvious financial benefit to Shapiro, Kaplan immediately replied in writing on February 16, 2023 that despite his disagreement about who benefitted from his effort, Kaplan stated that he would credit his time of approximately $5,900. Nevertheless, Shapiro still failed to pay the January Invoice.

As part of Kaplan's negotiations with Chubb, Chubb agreed to have AK assume complete responsibility for the Litigation from KDV. See, Shapiro Email dated January 30, 2023.

In addition to Shapiro's disregard of his financial obligations, Shapiro has disregarded Counsel's advice and failed to cooperate in his defense.

On March 28, 2023, Shapiro was informed that AK would file a Motion for Leave to Withdraw if payment was not received by the close of business on March 31, 2023 . But, no payment was received.  Finally, AK having shown extensive forbearance, Kaplan sent Shapiro an Email on April 6, 2023 informing him that the Firm had instructed him to file a Motion with the Court for Leave to Withdraw.

## ARGUMENT

Local Civil Rule 1.4 states:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. …

Local Civ. R. 1.4.  When deciding a motion to withdraw under this Rule, "district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist.

LEXIS 16674, at *2 (S.D.N.Y. Feb. 17, 2011).   Here, both factors support granting leave to withdraw.[1]

### 1. There Are Satisfactory Reasons for Withdrawal

At the outset of the Agreement, the Defendants not only agreed to pay attorney fees, but also agreed not to contest the withdrawal of its counsel if it failed to do so.  *See* Kaplan Dec. ¶ 3, Ex. A at 2.  Defendants have not fulfilled the Agreement and have materially breached its terms.  The Defendants have not paid anything since their initial payment on December 30, 2023 and it owes AK $174, 673.76 on invoices that remain outstanding as of March 31, 2023.  Defendants have also refused to cooperate with Kaplan and AK in aid of this Litigation and communication among Kaplan, AK and Defendants has broken down.

There is no "definitive standard" for what constitutes a satisfactory reason for withdrawal, but "district courts in the Second Circuit have repeatedly affirmed that the non-payment of legal fees is sufficient." *Ashmore v. CGI Grp., Inc.*, 2013 U.S. Dist. LEXIS 156953, at *2-3 (S.D.N.Y. Oct. 30, 2013) (*citing, inter alia, Melnick v. Press*, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609, 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled … that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4.")); *see also Blue Angel, supra,* 2011 U.S. Dist. LEXIS 16674, at *2 ("it seems evident that the non-payment of legal fees constitutes" a "satisfactory reason" for allowing withdrawal) (collecting cases).

---

[1] Similarly, granting leave to withdraw is consistent with, and warranted by, New York Rule of Professional Conduct 1.16(c)(1) (allowing withdrawal that can be accomplished without material adverse effect on the interests of the client) and 1.16(c)(5) (allowing withdrawal for client's disregard of an agreement or obligation to the lawyer as to expenses and fees).

6

## 2. Withdrawal Would Not Materially Affect the Timing of the Proceeding Nor Would the Defendants' Rights be Prejudiced

Granting this motion to withdraw would not materially affect the timing of these proceedings. The Defendants are currently represented by KDV, their Insurance Panel Counsel, whose legal fees are fully paid by Chubb. The Defendants will not be in any way prejudiced should the Court grant this Motion to Withdraw as KDV is the same Counsel who has represented them from the inception and is fully familiar with the proceedings in the Litigation.

## CONCLUSION

For all the reasons stated herein, Kaplan and AK respectfully request that the Court grant them leave to withdraw as counsel for Metro Pain, Tri-Borough NY and Shapiro.

Dated: April 25, 2023                        Respectfully submitted,

**ANDERSON KILL, P.C.**

By:  /s *Paul M Kaplan*
Paul M. Kaplan
Shareholder
1251 Avenue of the Americas
New York, NY 10020
Telephone:  212-278-1000
Fax:  212-278-1733
Pkaplan@andersonkill.com

*Counsel for the Defendants
Metro Pain Specialists, P.C., Tri-Borough NY
Medical Practice, P.C. and Leonid Shapiro, M.D.*