**THE RUSSELL FRIEDMAN LAW GROUP, LLP**

August 22, 2023

<u>**VIA ECF**</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

      Re:    *State Farm Mut. Auto. Ins. Co., et al. v. Metro Pain Specialists, P.C.., et al.*,
              Case No. 1:21-cv-05523 – Joint Letter re Confidentiality Order

Dear Judge Kuo:

      We represent Defendant Yan Moshe and the following non-parties he owns which Plaintiffs have served with *subpoenas duces tecum*: 1963 Concourse Holdings LLC; 910 East Gun Hill Holdings LLC; 65-55 Woodhaven Realty LLC and 63-36 Holdings LLC, and 9220 165 Holdings LLC ("Respondents"). Please accept this response to Plaintiffs' August 3, 2023 application [DE 382] seeking to hold Respondents in contempt for their ostensible failure to comply with the aforesaid subpoenas.

      In fact, Plaintiffs have confirmed in their application that Respondents have substantially complied with the subpoenas. Specifically, they've admitted receipt of over five hundred documents on May 31st and more than two thousand on June 1st. [DE 382 @ ¶3]. These documents were exchanged in a timely manner pursuant to the Court's June 1st order which extended the deadline for their production to June 7, 2023.

      Admittedly, this is a mere pittance in comparison to the millions of unidentified, intermingled images Plaintiffs have produced without even a cover page, much less a description, source or any other identifying factors.[1] However, it is almost everything Respondents' possess that is responsive to the subpoenas, with one caveat. That caveat and resulting inadvertent omission of documents from Respondents' production could much more easily have been resolved, for instance on June 13, 2023 at the deposition of Beshert, Corp.

      At the conclusion of that deposition, Plaintiffs' counsel Jonathan Marks and Christopher Cook and I discussed whether there were any outstanding issues that needed to be addressed. After a brief discussion between them, Mr. Cook stated that there were no such issues. Prior to that, the last time Plaintiffs raised any discovery issues was their June 8th letter regarding Respondents' document productions. Since then, the instant motion seeking the extreme and inappropriate relief of a contempt holding is the only effort by Plaintiffs to resolve these issues

---

[1] Plaintiffs have also unilaterally determined that discoverable materials should be limited to the period since November 1, 2016.

and it was ameliorated by Mr. Cook's representation that there was no need for us to confer at the June 13th deposition. In fact, we were already in the process of reviewing Respondents' productions and drafting supplemental responses to Plaintiffs' demands as of the date of that deposition. However, since Rina Esterov, the custodian of Respondents' records is not an employee of any of them it was somewhat difficult and time consuming for us to obtain the appropriate documents for production.

Unfortunately, Plaintiffs' counsel did not contact us regarding the alleged deficiencies upon which their application is premised between their June 13th denial of the need to meet and confer and their submission of this application. They did not raise any objection to the volume or nature of the documents Respondents exchanged, nor did they issue a further request for the allegedly missing documents when we had the opportunity to meet and confer in person.

Therefore, it is respectfully submitted that an issue that wasn't important enough for Plaintiffs to even mention in person, simply cannot be significant enough to warrant holding anyone in contempt of court. Moreover, the alleged deficiencies Plaintiffs contend warrant holding Respondents in contempt are, with the exception of the ledgers, based on nothing but guess work and supposition. Further, the relevance and significance of the ledgers themselves is far from clear and, in any event, are not worth holding anyone in contempt especially since their omission was unintentional. Specifically, the custodian of Respondents' records believed they were going to be exchanged electronically when it was our intention to produce them as .pdfs. That is why most of the ledgers were mistakenly left out of Respondents' response when they were prepared.

As Plaintiffs admit, Respondents exchanged approximately six hundred pages of responsive materials on May 31, 2023 and supplemented that with two thousand pages the very next day. However, during our discussions with Ms. Esterov after receiving Plaintiffs' June 8th letter, it became apparent that parts of Respondents' general ledgers had unintentionally been omitted from Respondents prior responses to the subpoenas. When she reviewed the materials in her possession and converted and compiled them for production, some portions of the resulting document compilation were inadvertently incomplete, an omission which has now been remedied by the production of ledger entries from November 2016 forward.

Therefore, after speaking with Ms. Esterov at length and following a further review we determined it necessary to supplement the prior responses. We have now produced additional document responses including the available general ledgers for each of the Respondents from November 1, 2016. All of which could have been done, without imposing upon the Court, had Plaintiffs simply chosen to discuss the issue at the June 13th deposition or in a subsequent communication.

Moreover, the previously omitted materials have no significant bearing on the matters at issue in this case. Further, upon information and belief, Plaintiffs have already obtained much of the information in response to the subpoenas they served on Defendant Moshe's banks including Chase and Popular and other unnamed sources they refer to in their August 3rd application. The remainder of Plaintiffs' assertions in that application are literally based on guesswork and

suppositions, all of which have been specifically refuted by Ms. Esterov and the additional financial documents that have now been produced to Plaintiffs.[2]

For instance, under their heading "*Real Estate Documents*" Plaintiffs state that certain documents "**are likely** to be solely within [Respondents'] control." (emphasis added). They further claim that the "Citimedical entities", not Respondents, spent "substantial sums" on construction and leased medical equipment from Respondents. However, instead of identifying any specific documents or revealing the basis of these allegations, which might help Respondents (and Defendant Moshe) locate any responsive documents, Plaintiffs ask the Court to impose the extreme (and inappropriate) sanction of contempt. [DE 382, ¶6].

In addition, the leases referred to by Plaintiffs specifically permit the tenants to make alterations up to fifty thousand dollars without the landlord's permission. [See e.g. Esterov Bates Number 12]. So, there's no reason Respondents would have any records relating to such renovations. Those same leases, which have already been produced, are responsive to Plaintiffs' demands for documents proving "fair market value" of the leased properties which Plaintiffs' claim have also been omitted from Respondents' responses. Respondents have also produced numerous mortgage documents reflecting the purchase price of the properties. For instance, at Esterov Bates number 000204 the rent is calculated on a per square foot basis, and a July 2021 mortgage for the same property at Esterov Bates number 000233 both of which reflect the fair market value of the property.

Under their "*Communications*" heading Plaintiffs aver that "the absence of any email or [ESI] **raises significant questions** as to [Respondents'] compliance with the Order." [DE 382 ¶7] (emphasis added). It would be utterly improper to base a contempt finding on Plaintiffs' claims as to the existence of unanswered "questions", no matter how "significant" Plaintiffs believe them to be. On the contrary, it is respectfully submitted that any such questions must be answered with a far greater degree of certainty than that shown by their mere, unsubstantiated existence before reaching the level necessary to hold anyone in contempt of court.

As to their heading "*Payments*", all responsive materials that were inadvertently omitted are being exchanged contemporaneously with this response. This includes the Respondents' ledgers as well as bank statements and checks which, upon information and belief, have already been obtained by Plaintiffs in response to the subpoenas served on the non-party banks. So, it is extremely likely that all the alleged omissions or shortcomings responsive to this topic have been remedied.

In conclusion, Plaintiffs' motion should be denied because they have failed to make a sufficient showing to warrant holding Defendant Moshe or any of the Respondents in contempt of court. On the contrary, with the sole exception of some largely irrelevant ledgers, Respondents

---

[2] Any responsive materials at issue under the heading "Financial Documents" are being produced contemporaneously with the submission of this response. However, the highly indefinite claim by Plaintiffs that such materials "are commonly maintained" and "**would likely** have been used to prepare tax returns" is a perfect example of the type of qualified assertions Plaintiffs rely upon that are insufficient to form the basis of a contempt finding.

previously produced everything Plaintiffs have demanded to which they are entitled. As to the omitted documents, that shortcoming has been remedied contemporaneously with the submission of this response.

      Plaintiffs had ample opportunity to meet and confer regarding what they now allege to be documents of such importance as to warrant a contempt finding. Their counsel and I specifically addressed any outstanding issues at the Alon deposition and they specifically stated there were no such issues. Then, without any further effort to resolve their perceived shortcomings, they have come to the Court seeking the extreme sanction of contempt. At most, Respondents and Plaintiffs' counsel should be directed to meet and confer regarding the documents at issue to ensure that the Court's time is not wasted addressing issues that have already been resolved.

      Respectfully submitted,

      */s/Neil Flynn*