# MILMAN LABUDA LAW GROUP PLLC

**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

January 22, 2024

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Peggy Kuo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, NY 11201-1804

           *Re:*    <u>**State Farm Mut. Auto. Ins. Co.,** *et al.* **v. Metro Pain Specialists P.C.,** *et al.*</u>
                 <u>**Case No.: 1:21-cv-5523 (MKB) (PK)**</u>

Dear Judge Kuo:

      This office represents Rego Park Seniors Club LLC (hereinafter "Rego Park Seniors"), a non-party in the above-referenced case. Rego Park Seniors writes, pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") to seek an Order quashing the subpoena served by Plaintiffs upon Popular Bank (hereinafter the "Bank") related to its bank account.

**<u>Factual Background</u>**

      This case was commenced by automobile insurance companies against a slew of medical practices and individuals related to those medical practices on October 5, 2021 alleging an amalgam of claims sounding in fraud in relation to no-fault benefits claims. <u>See</u> ECF Docket Entry 1. On January 12, 2024, Rego Park Seniors was notified by the Bank, that it was served a subpoena by Plaintiffs, seeking Rego Park Seniors' account number "and other relevant Accounts found[.]" A copy of the Subpoena is annexed hereto as **Exhibit "A."**

      The subpoena seeks all documents concerning Rego Park Seniors' bank account with the Bank including all of its financial information. <u>Id.</u> It is apparent to Rego Park Seniors that the Plaintiffs are on a fishing expedition to uncover the transfer of assets by various Defendants in this case between and among other entities. Rego Park Seniors does not operate in the medical field and has no relationship with any of the parties in this case. It is owned in equal shares by Emanuil Kalandarev ("Kalandarev") and Giga Life LLC. The signature card[1] for Rego Park Seniors' bank account with the Bank is signed exclusively by Kalandarev. There has been no exchange of assets whatsoever between any of the Defendants in this case and Rego Park Seniors with its bank account at the Bank, nor have there been any exchange of assets between Rego Park Seniors and Giga Life LLC concerning its bank account.

---

[1] Rego Park Seniors Club has no objection to the production of the signature card, but objects to all other information sought.

Hon. Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
January 22, 2024
P a g e | 2

Rego Park Seniors respectfully submits that the subpoena should be quashed on the grounds that the information it seeks is neither relevant to the parties' claims or defenses in this case, is not proportional to the needs of this case, is unduly burdensome on Rego Park Seniors, as it has no interest or stake in the case, and because Rego Park Seniors' financial information is private and confidential. The information that Plaintiffs seek is outside the scope of this case and is not relevant to the case to warrant production.

**Standing**

Rego Park Seniors has standing to move to quash the Subpoenas. See, Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010), holding that "[g]enerally, standing to quash a non-party subpoena exists where the [party seeking to quash] asserts a legitimate privacy interest in the information sought." Here, the subpoena seeks private information about Rego Park Seniors' bank account, when Rego Park Seniors is not a party to this case. As such, Rego Park Seniors certainly has a legitimate privacy interest in information contained in its bank account and therefore has standing to bring the instant motion.

**Legal Standard**

As a preliminary matter, a non-party individual or entity has standing to quash a subpoena if the individual or entity "is seeking to protect a personal privilege or right." See Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgt. Co., Ltd., 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023); see also Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Accordingly, "[c]ourts in this Circuit 'have found that individuals[ ] whose banking records are subpoenaed[ ] have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (quoting Arias-Zeballos v. Tan, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)). The same privacy interest is afforded to corporations. Id. Under Rule 45, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." See Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). "In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" See Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (quoting Kingsway Fin. Servs., Inc. v. Pricewaterhouse—Coopers LLP, No. 03-CIV.-5560, 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008)); see also, e.g., AP Links, LLC v. Russ, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (quoting Night Hawk Ltd. v. Briarpatch Ltd., No. 03-CIV.-1382, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)); Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." See AP Links, 299 F.R.D. at 11 (quoting Kingsway Fin. Servs., 2008 U.S. Dist. LEXIS 77018, 2008 WL 4452134, at *4) (internal quotation marks omitted).

Hon. Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
January 22, 2024
P a g e | 3

**The Subpoena to the Bank Must be Quashed on Relevance and Privacy Grounds**

Relevance under Rule 26 "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Further, even if the discovery sought was found to be relevant, courts routinely weigh the right to obtain such evidence against the burden imposed. See Warnke v. CVS Corp., 265 F.R.D. 64, 69 (E.D.N.Y. 2010); see also Mirkin v. Winston Res., LLC, No. 07-CIV.-02734, 2008 WL 4861840, at *1 (S.D.N.Y. Nov. 10, 2008). As set forth above, Rego Park Seniors is a non-party entity which has no affiliation with the Defendants' alleged conduct in this case as it does not operate in the no-fault insurance realm, and has a significant privacy interest in its own banking records. See Refco, 2014 WL 5420225, at *4 (parties "whose banking records are subpoenaed [] have a privacy interest in their personal financial affairs") (citing Arias-Zeballos, 2007 WL 210112, at *1 (collecting cases)). Rego Park Seniors does not need to delve into the strength of that interest. See Silverstone Holding Group, LLC, 650 F. Supp. 3d 199 at 204 (although a party does not argue as to the strength of its interest, its interest necessarily outweighs the probative value of the records sought, given that the records have zero probative value). The mere fact that Rego Park Seniors has no stake in this litigation, and its corporate bank accounts are of a private matter, is sufficient to establish that the disclosure of such statements bear less probative value than the prejudice suffered by disclosure of private and sensitive information. See Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., No. 12 Civ. 6383 (JFB) (AKT), 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017) ("In this Circuit, courts are generally in agreement that financial records (including banking records) fall within the scope of information to which a party enjoys a personal right or privilege") Therefore, it must be emphasized that it is the Plaintiffs' burden to demonstrate that the information sought is relevant and material to its claim, and Plaintiffs cannot do so here. Libaire, 760 F. Supp. 2d 288 at 291.

**Rego Park Seniors was Unable to Meet-and-Confer without Suffering Prejudice**

This Court's Individual Practice Rules and Local Civil Rule 37.3(a) requires that the parties meet-and-confer prior to seeking judicial intervention and that the parties submit a joint letter concerning the discovery issue. However, your undersigned was unable to do so without severely prejudicing Rego Park Seniors' rights. Specifically, your undersigned was only notified about the existence of the subpoena yesterday while he was out of the country, and the correspondence received from Popular Bank stated that absent the filing of a motion to quash by today, the bank would release the records subpoenaed. Given your undersigned's return to the country today and the vagaries attendant to international travel, Rego Park Seniors was unable to meet-and-confer prior to filing the instant motion. Notwithstanding, Rego Park Seniors is willing to meet-and-confer with Plaintiffs as required prior to any deadline this Court sets for Plaintiffs to respond to the instant motion to quash. Accordingly, due to the severe prejudice to Rego Park Seniors that would occur, and its willingness to nonetheless meet-and-confer thereafter, this Court should excuse its failure to meet-and-confer prior to seeking judicial intervention as required. For the foregoing reasons, Rego Park Seniors respectfully submits that this Court grant its letter motion to quash Plaintiffs' subpoena of its financial banking information, and thanks this Court for its time and attention to this matter.

Hon. Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
January 22, 2024
P a g e | 4

Dated: Lake Success, New York
      January 22, 2024                      Respectfully submitted,

                                       **MILMAN LABUDA LAW GROUP PLLC**

                                       _____/s_____
                                       Emanuel Kataev, Esq.
                                       David Aminov, Esq.
                                       3000 Marcus Avenue, Suite 3W8
                                       Lake Success, NY 11042-1073
                                       (516) 328-8899 (office)
                                       (516) 303-1395 (direct dial)
                                       (516) 328-0082 (facsimile)
                                       emanuel@mllaborlaw.com
                                       daminov@mllaborlaw.com

                                       *Attorneys for Non-Party*
                                       *Rego Park Seniors Club LLC*

**VIA ECF**
All counsel of record