February 14, 2024

**V**IA **ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

    Re:    *State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, 1:21-cv-05523
            Joint Ltr. re Status of Compliance with Orders to Show Cause

Dear Judge Kuo:

       Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center, f/k/a Excel Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), Reuven Alon, Columbus Imaging Center LLC, and Medaid Radiology LLC (collectively, "Defendants," and together with Plaintiffs, the "Parties") write jointly regarding the status of Defendants' compliance with this Court's orders compelling production of revised written discovery responses and all outstanding discovery material. *See* 8/25/2023 Text Order (requiring compliance by September 8, 2023); 9/20/2023 Text Order (requiring Defendants to show cause); 11/15/2024 Text Order (requiring Defendants to comply by new dates).

       For the reasons set forth below, Plaintiffs respectfully request the Court issue a new order directing Defendants to serve revised written discovery responses and setting a new date by which Defendants will produce all outstanding documents responsive to Plaintiffs' discovery requests served on April 1, 2022. The Parties have met and conferred on these issues, and Plaintiffs have been unable to achieve timely compliance.[1]

### RELEVANT BACKGROUND

       Following two orders compelling their production of all discovery material and a show cause hearing,[2] on November 15, 2023, the Court entered a schedule by which Defendants would respond to Plaintiffs' discovery requests served on April 1, 2022. The schedule required Defendants to (1) serve their supplemental written responses to Plaintiffs' document demands and interrogatories addressing the deficiencies raised in their motion to compel (Dkts. [396] and [397]) by November 22, 2023; (2) serve all outstanding non-ESI discovery material responsive to Plaintiffs' document demands by December 7, 2023; and (3) file a status report with the Court by November 22, 2023 advising as to the date by which they would produce all ESI responsive to Plaintiffs' document demands.

       On November 22, 2023, Defendants submitted a letter requesting an extension until December 1 to serve written responses and produce non-ESI discovery material and advising the

---

[1] The Parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the significant number and complexity of the issues raised herein.
[2] A detailed account of the Parties' discovery disputes and attempts to resolve them are set forth in prior submissions to the Court. *See* Dkt. 396 at 7042; Dkt. 397 at 7061; Dkt. 476 at 8451–52.

Court that all ESI responsive to Plaintiffs' document demands would be served by January 31, 2024. Dkt. 483. The Court granted these requests and subsequently extended the deadline for production of all outstanding non-ESI material until December 15. 11/22/2023 Text Order; 12/8/2023 Text Order.

The Parties have made some progress toward complying with the Court's orders. On December 4, Plaintiffs served a letter on Defendants proposing search terms for the collection of ESI and requesting a meet and confer consistent with the ESI Discovery Protocol entered by the Court. Dkt. 375. By December 7, each Defendant served supplemental written responses to Plaintiffs' discovery requests, and on December 18, Defendants produced outstanding non-ESI records. By letter dated December 18, Plaintiffs identified deficiencies in Defendants' supplemental interrogatory responses, including a failure to identify responsive email addresses, and requested service of revised written responses by December 22.

On January 3, 2024, the Parties met and conferred regarding Defendants' compliance with the Court's orders. During the meet and confer, Defendants confirmed the following:

- ***Responsive Non-ESI***:  all outstanding non-ESI records were produced on December 18, and the only remaining documents responsive to Plaintiffs' discovery demands are ESI stored on network drives and in email accounts, among other custodial sources.

- ***Responsive ESI***:  ESI would not be produced by January 31, 2024, because counsel for Defendants was hiring a new attorney who would be responsible for managing Defendants' ESI process and was scheduled to begin work on January 8. The Parties agreed to meet and confer as soon as practicable regarding the ESI process.

- ***Written Discovery Responses***:  Counsel had made attempts to contact Defendants to discuss deficiencies identified in Plaintiffs' December 18 letter but had been unable to address the deficiencies.

On January 12, Plaintiffs requested Defendants serve revised written discovery responses by January 19, and provide dates by which they were available to meet and confer regarding outstanding ESI issues. On February 1, the Parties met and conferred on the issues raised in this letter. On February 5, certain Defendants further supplemented written interrogatory responses, and on February __, the Parties met and conferred regarding the ESI process. The Parties submit this letter to establish firm dates by which Defendants will address all outstanding deficiencies in their written discovery responses and produce outstanding ESI.

### PLAINTIFFS' POSITION

Plaintiffs seek immediate redress of long-standing deficiencies in Defendants' written discovery responses. Despite Court orders, a show cause hearing, and their counsel's attempts to provide complete responses, Defendants appear unable or unwilling to provide complete and accurate responses. Plaintiffs' respectfully request the Court enter a new order setting deadlines by which Defendants must remedy the issues set forth below and penalties that would be imposed should they fail to do so.

***Responses to Document Demands***:  Defendants' supplemental responses fail to address three primary deficiencies raised in Plaintiffs' motions to compel filed on August 25, 2023. First, the "supplemental responses" do nothing to address the recitation and incorporation of general objections into specific responses. *See* Dkt. 396 at 7062; 397 at 7042. The original responses

served on July 12, 2022, expressly state: "Each of the foregoing General Objections is incorporated by reference into each of the following Answers and Responses and Specific Objections." Rather than serve revised responses to Plaintiffs' document demands, Defendants chose to "supplement" their responses to particular demands, thus preserving the deficient framework and instructions from the original responses. Indeed, almost every supplemental response contains the phrase, "Subject to and nothwithstanding the aforementioned objections."

Second, the supplemental responses still do not clearly identify which documents Defendants are agreeing to produce and, to the extent Defendants are withholding documents, the objections on which they are relying in doing so. *See* Dkt. 396 at 7062; 397 at 7042. As an initial matter, the supplemental responses only "supplement" Defendants' responses to certain document demands. For example, Dynamic Surgery, HealthPlus Surgery, Columbus Imaging, and Medaid supplemented responses to 15 of 43 document demands; Alon supplemented 12 of 32 responses; and Moshe supplemented 11 of 31 responses. None of the original responses Defendants chose not to supplement address whether responsive documents are being withheld, and even the supplemental responses fail to remedy this deficiency. As such, Plaintiffs remain unable to discern the documents Defendants are agreeing to produce, which is particularly important given this Court's orders requiring Defendants to produce ***all*** documents responsive to Plaintiffs' demands. *See* 8/25/2023 Text Order; 9/20/2023 Text Order; 11/15/2024 Text Order.

Third, many of Defendants' responses do not confirm whether documents responsive to the requests exist. *See* 8/25/2023 Text Order ("Defendants have the obligation, when responding to requests for production, to ascertain first whether the requested documents exist and, if they do exist, to produce them to Plaintiffs or state a valid basis for withholding them. If such documents do not exist, Defendants must confirm their non-existence."). As set forth in the deficiency letters attached to their motions, Plaintiffs identified lists of responses failing to confirm whether responsive documents exist. Dkt. 396-1 at 7049; Dkt. 397-1 at 7067. Defendants' newly served responses do not supplement responses to many of these requests. Notably, Defendants have collectively produced only approximately 3,300 pages of records, and it remains unclear whether Defendants intend to produce numerous categories of records or whether any records responsive to the requests even exist.

***Interrogatory Responses***: Defendants' interrogatory responses, like their responses to document demands, continue to incorporate general objections and fail to clearly identify what information they are agreeing to provide and what, if any, information they are withholding pursuant to specific objections. *See* Dkt. 396 at 7062; 397 at 7042. Part of this is due to the form of the supplemental responses, which preserve the general objections from the original sets of responses and merely set forth additional information responsive to certain requests. For example, HealthPlus Surgery and Dynamic Surgery each supplemented responses to two of Plaintiffs' 14 interrogatories, Columbus Imaging and Medaid each supplemented two of 12 responses, and Alon supplemented three of 14 responses. Broader deficiencies identified in Plaintiffs' motions to compel from August 2023 remain unaddressed.

Defendants' responses also continue to suffer from deficiencies specific to particular interrogatories, which Plaintiffs identified in their motions. *See* 8/25/2023 Text Order (recognizing "Plaintiffs have identified the requested materials with specificity in the [396] and [397] Letters as well as the attached [396-1] and [397-1] deficiency letters, which the Court notes were sent to Defendants on March 20, 2023 and March 17, 2023, respectively."). These deficiencies are as follows:

3

- *Email addresses*: Defendants have failed to provide complete responses to interrogatories seeking their email accounts and related information. *See* Interrog. No. 9 to Alon & Moshe; Interrog. No. 7 to Dynamic Surgery, HealthPlus Surgery, Columbus Imaging, Medaid. Alon did not supplement his original response to this interrogatory, and while the other Defendants have identified additional email addresses and the email service providers for those accounts, they have not provided complete information, including the telephone number associated with each account, the approximate date the account was opened and closed, and all persons with access to the account. A complete response is not only important to the collection and production of responsive ESI, but also to investigating Defendants' potential spoliation of evidence. Pursuant to this Court's text order entered October 31, 2023, Plaintiffs were granted leave to obtain discovery on the issue of Defendants' spoliation of evidence. Among other discovery, Plaintiffs intend to subpoena email service providers for Defendants' accounts to obtain records reflecting the extent to which each deleted relevant communications and such communications can be recovered and produced in this action. Plaintiffs' ability to recover this information, of course, may be compromised as time passes.

- *Ownership and Financial Interest in Corporate Entities*: Moshe and Alon have not identified all the entities in which they hold an ownership or financial interest. *See* Interrog. No. 6 to Moshe & Alon. While Moshe's supplemental responses identify additional entities, the list remains incomplete. At a minimum, Plaintiffs are aware of Moshe's interest in two entities he has not disclosed: 190 Midland Holdings LLC, which he co-owns with defendants Alon and Vadim Dolsky; and Haga Group Corp., which received approximately $980,000 from Moshe's billing company Star Solution Services. Plaintiffs have also learned that Moshe forms holding companies to acquire ownership in other corporate entities. For example, Moshe disclosed for the first time in supplemental responses his ownership in Giga Life LLC, which Plaintiffs learned through third party productions is owned 99% by Moshe and 1% by Moshe's wife, but he failed to disclose Giga Life's 50% ownership in Rego Park Seniors Club LLC. Alon's response is also deficient because it fails to identify at least 190 Midland Holdings LLC or to identify requested information for each, including the titles of any positions held and the time period of the ownership interest. Dkt. 396-1 at 7051.

Defendants failed to supplement responses to other interrogatories identified in Plaintiffs' motion as deficient. *See* Dkt. 396-1 at 7051 (identifying Alon Interrog. Nos. 2, 7, 11, 12); Dkt. 397-1 at 7069–70 (identifying Moshe Interrog. No. 2 and HealthPlus & Dynamic Interrog. No. 2).

\* \* \*

Defendants have been given numerous opportunities to cure their noncompliance with Plaintiffs' discovery requests served 22 months ago, and ongoing delays have impeded Plaintiffs' ability to advance discovery. As such, Plaintiffs respectfully request the Court enter an order setting firm dates by which each Defendant must (1) serve revised responses to requests for production and revised verified interrogatory responses addressing the deficiencies set forth above; and (2) submit a letter to the Court advising on a new date by which they will produce all responsive ESI. Given Defendants' delay in meeting previously set deadlines, their failure to demonstrate commitment to timely comply, and the need to move discovery forward in this matter, Plaintiffs also respectfully request the Court set final and firm dates by which each such task must be completed and a penalty that will be imposed for failure to comply.

## DEFENDANTS' POSITION

Defendants Yan Moshe, Reuven Alon, HealthPlus Surgery, Dynamic Surgery, Columbus Imaging, and Medaid Radiology, as Plaintiffs have referred to as the "Show Cause Defendants" have provided multiple responses to Plaintiffs' discovery requests served on April 1, 2022. Defendants are not avoiding their discovery obligations. In fact, since entering its appearance as counsel for Defendants in or around September of 2023, this firm has substantially supplemented and clarified Defendants' responses. To the extent Plaintiffs believe the responses remain deficient, this firm is willing to engage in additional dialogue in order to reach an amicable resolution to what is deemed outstanding. Defendants do not agree that the parties have adequately met and conferred on what allegedly remains outstanding since the last set of discovery responses was served.

Since this firm entered its appearance as counsel for Defendants in September of 2023, Defendants have provided multiple supplemental discovery responses to Plaintiffs including supplemental interrogatory responses, supplemental document demand responses, and second supplemental interrogatory responses. Plaintiffs still takes the position that certain demands have not adequately been responded to, and continues to point to its March 2023 correspondence regarding same. Because multiple sets of supplemental responses have been recently served, most recently on February 5, 2024, and additional documents have been produced, it makes the most sense that counsel continue to meet and confer to drill down exactly what Plaintiffs still determine to be outstanding.

Defendants do not dispute the history of this discovery dispute. The August 25, 2023 Text Order, which was entered prior to this firm's appearance in the case, ordered Defendants to determine whether any additional documents exist that should be produced. The September 20, 2023 Text Order, which was entered the day after this firm entered its appearance, ordered the Defendants to show cause as to why they have not complied with the August 25, 2023 order.

On October 5, 2023, prior counsel wrote to Your Honor and advised the Defendants did possess a small amount of additional material and information responsive to Plaintiffs' supplemental demands. Those documents have been collected and served by this firm.

On October 31, 2023, Your Honor held a hearing regarding the outstanding discovery. As a result of the transitioning of the matter to this firm and some technical issues of prior counsel, Your Honor directed the Plaintiffs and the Defendants to meet and confer regarding their outstanding discovery disputes, including technical issues, and to file a joint status report no later than November 7, 2023, proposing a timetable for completing production or a date by which they will submit proposed deadlines.

On November 7, the parties submitted a joint letter which advised the Defendants would serve supplemental written responses to Plaintiffs' document demands and interrogatories by November 22, 2023; Defendants would serve all outstanding non-ESI discovery material responsive to Plaintiffs' document demands by December 7, 2023; and Defendants submit a status report to the Court advising as to the date by which they will produce all ESI responsive to

Plaintiffs' document demands by November 22, 2023. On November 15, 2023, Your Honor entered an order setting the deadlines contained in the November 7 joint letter.

Since the November 15, 2023 Text Order, Defendants have confirmed to Plaintiffs that all non-ESI documents have been produced; filed a letter advising the Court that, at that time, the Defendants anticipated the ESI process would be complete by the end of January; provided multiple supplemental discovery responses including supplemental interrogatory responses, supplemental document demand responses, and even second supplemental interrogatory responses.

In addition to addressing Plaintiffs' alleged deficiencies, this firm has also completed and served interrogatory answers and document demands for seven (7) additional defendants it represents in this case, that were recently added as defendants. Again, Defendants are not avoiding their discovery obligations, and would like the opportunity to address any specific demands Plaintiffs deem to still be outstanding.

Regarding the ESI discovery process, this firm has been in contact with Plaintiffs' counsel regarding the ESI collection parameters and process related to Plaintiffs' demands, and are working toward collection and production. At this time it is difficult to determine exactly how long the process will take, as Defendants need to evaluate the collection process and whether an outside vendor will need to be retained to assist in the process. Since representing the ESI process would be complete by January 31, 2024, this firm has dealt with some personnel issues that have created some delay in the process. Despite this, we have been able to move the ESI discovery process forward.

The parties are also in the process of finalizing search parameters for the Plaintiffs to collect and serve ESI materials in response to Defendants' demands. Plaintiffs have advised they would like to get an agreement on collection parameters with all defendants, so they can run the agreed upon searches all at once, and produce the information retrieved. It is the Defendants position that the parties can work out a mutually agreeable date for all ESI to be collected and served.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
ross.silverman@katten.com
jonathan.marks@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M. Juliano
Shannon Carroll
Keith J. Roberts
101 Eisenhower Parkway, Ste. 201
Roseland, New Jersey 07068
973-403-3126
ajuliano@bracheichler.com
scarroll@bracheichler.com
kroberts@bracheichler.com

*Attorneys for Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Reuven Alon, Columbus Imaging Center LLC, and Medaid Radiology LLC*

7