# Katten
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
www.katten.com

March 5, 2024

JONATHAN L. MARKS
jonathan.marks@katten.com
312.902.5337 direct
312.577.1061 fax

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

Re:   *SFMA, et al. v. Metro Pain Specialists P.C., et al.*, Case No. 21 Civ. 5523 (E.D.N.Y.) Motion for Leave to Serve Subpoena by Alternative Means on Non-Party Michael Alleyne, M.D.

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully move this Court pursuant to Fed. R. Civ. P. 45(b) for an Order allowing for alternative service – by Certified U.S. Mail – of a subpoena for documents to non-party Michael Alleyne, M.D. ("Dr. Alleyne"). Alternative service is necessary because traditional methods of service are impracticable. The facts and circumstances supporting this motion are set forth below and in the affidavits filed with this motion.

This action alleges defendants submitted fraudulent claims for healthcare services provided to automobile accident victims. Among the allegations are that defendants Leonid Shapiro and his entities Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C. render medically unnecessary services. Dr. Alleyne worked as a doctor for Metro Pain and Tri-Borough and treated patients at issue in this action. In November 2022, Dr. Alleyne executed an affidavit in a separate civil action[1] describing his work as a physician for Metro Pain and Tri-Borough and, among other things, requirements that he perform and prescribe particular services for no-fault patients pursuant to a predetermined protocol applicable to virtually every patient regardless of their individualized needs. *See* Ex. 1 (Alleyne Affidavit). Based on his prior employment and the affidavit, Dr. Alleyne is expected to have relevant documents regarding services provided to patients at issue at defendants' clinics and whether those services were necessary to benefit patients or the result of a predetermined protocol enacted to profit defendants.

Plaintiffs have been unable to serve Dr. Alleyne despite multiple attempts at multiple addresses. First, Plaintiffs and their process server identified the address at which Dr. Alleyne resides based on a search of public records. The address is a multi-unit apartment building, and Dr. Alleyne's residence there was corroborated by the fact that his name is listed on the building's intercom directory along with his apartment number. *See* Ex. 2 (Affidavit of Non-Service 6591 162nd St.). A process server attempted to serve the document subpoena on Dr. Alleyne at this address on nine

---

[1] *Gov't Emps. Ins. Co. v. Avonora Inc.*, 23-cv-03409-ARR-MMH (E.D.N.Y. 2023) (Dkt. 22-5).

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY   CHARLOTTE   CHICAGO   DALLAS   LOS ANGELES
NEW YORK   ORANGE COUNTY   SHANGHAI   WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

occasions. On eight occasions, the process server could not gain access to the building as access to the lobby is controlled through an intercom and no one would respond to the process server's requests on the intercom to enter the building. On one occasion, the process server did enter the building, reached Dr. Alleyne's apartment and knocked on the door. However, no one answered, despite the fact that someone appeared to be home as the process server could hear someone inside the apartment.

Second, Plaintiffs identified a second possible address and made seven attempts there before Dr. Alleyne's ex-wife answered the door and stated that he longer lived at that location. *See* Ex. 3 (Affidavit of Non-Service 15 Suburban Ct.).

Finally, Plaintiffs identified a possible work address for Dr. Alleyne and made an attempt at that location to serve the subpoena, but was informed by a receptionist that Dr. Alleyne no longer worked there. *See* Ex. 4 (Affidavit of Non-Service 160-59 Rockaway Blvd.).

Across all locations, the process servers made seventeen attempts to serve Dr. Alleyne. *See* Exs. 2-4. The dates and times of the attempts were varied and calculated for when Dr. Alleyne was reasonably expected to be at home or work and able to receive the subpoena. To date, Plaintiffs have been unable to serve Dr. Alleyne.

Courts in the Second Circuit have found alternative service of a Rule 45 subpoena appropriate following diligent efforts to achieve personal service. Rule 45 permits service of a subpoena by reasonable methods of delivery. The express language of Rule 45 requires "delivering a copy [of the subpoena] to the named person." Rule 45 does not **require** personal service. *See Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) ("[T]he language of Rule 45 does not explicitly demand personal service of a subpoena; indeed such language neither requires in-hand service nor prohibits alternative means of service.") (punctuation omitted). Indeed, courts have recognized that construing the service requirements of Rule 45 broadly is consistent with principles of judicial economy and the administration of justice. *See SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) ("[I]nterpreting Rule 45 [to permit alternative service] comports with the interpretive principle in Fed. R. Civ. P. 1 to construe[], administer[], and employ[] the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action and proceeding.") (quotations and citation omitted).

Courts have held service by alternative means is appropriate where, as here, repeated attempts at personal service have been made. *See, e.g.*, *Cordius Tr. v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (given "the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve [the witness] by certified mail"). Here, Plaintiffs have made repeated attempts to serve Dr. Alleyne through a process server directly serving Dr. Alleyne but have been unable to obtain service. Additional attempts employing the same means appear unlikely to succeed and no additional information is available offering an alternate address.

Certified mail is an appropriate method of alternative service because it will reasonably ensure Dr. Alleyne receives the subpoena. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) ("[B]ecause alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met[.]"); *see also id.* (service of subpoena by certified mail "comports with due

process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an opportunity to present objections"). As discussed above, Plaintiffs have identified a residential address for Dr. Alleyne and available information corroborates that address. Service by certified mail at this address can thus be expected to reach Dr. Alleyne and is thus reasonable and appropriate under the circumstances.

Finally, alternative service is appropriate because it will serve the ends of justice. Dr. Alleyne possesses and is likely to possess knowledge and information highly relevant to the alleged scheme, including Metro Pain's and Shapiro's (a) practice of treating patients pursuant to a predetermined treatment protocol, (b) requirement that treating physicians refer patients to conservative care providers subleasing space from Metro Pain at the clinic location, (c) practice of steering patients to particular providers outside the clinic, such as MRI providers, pharmacies, and durable medical equipment providers, (d) enforcement of the protocol through office personnel staffed at clinic locations and retaliatory treatment, and (e) fraudulent ordering and prescription of goods and services without the knowledge and consent of the treating physician. Fact discovery is set to close in this matter on August 2, 2024, and that date is fast approaching. Further delay in serving the subpoena on Dr. Alleyne would impede the efficient advancement of discovery and hinder the effective administration of justice.

In light of Plaintiffs' unsuccessful attempts to serve Dr. Alleyne personally, the highly relevant nature of information Dr. Alleyne possesses, and the need to avoid further delays in the discovery process, Plaintiffs respectfully request permission to serve the subpoena by Certified U.S. Mail sent to Dr. Alleyne's home address.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks