RECD IN PRO SE OFFICE
APR 9 '24 PM 12:34

U.S. [ ... ]
☆ APR 09 2024 ☆
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

State Farm Mutual Automobile
Insurance Company, et al.,
Plaintiff,

v.                                                    Case No. 21-CV-05523 (MKB) (PK)

Metro Pain Specialist P.C., et al.,
Defendants,

NOTICE OF INTENT TO INVOKE THE FIFTH AMENDMENT PRIVILEGE
AND
MOTION TO QUASH SUBPOENA

Non-party to suit Jelani Wray -- Pro Se, provides notice to all parties in this matter that if called to testify he will invoke his Fifth Amendment privilege against self-incrimination pursuant to United States Constitution Amendment V. Mr. Wray also seeks to quash this subpoena for the reasons stated herein.

Mr. Wray is presently incarcerated in the Middle District of Pennsylvania and was requested for a digital deposition for a court action in the Eastern District of New York. As this proposed deposition would occur at his place of confinement he must seek relief from the District where the deposition is to occur. The MDPA is the correct district for this Motion.

1. INFORMATION REQUESTED IS PROTECTED AND NO WAIVER APPLIES:

Mr. Wray is presently incarcerated. He has been informed he may be facing additional criminal litigation as a target of ongoing federal investigations. Compliance with the subpoena will require the disclosure of self incriminating information.

Federal Rules of Civil Procedure Rule 45(c)(3)(A)(iii) provides: On timely motion, the Court for the district where compliance is required must quash or modify a subpoena that; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies.

There are no exceptions or waivers that apply here and an order of immunity is not applicable in a civil case. Additionally, the plaintiff has not made the required showing that there is an inability to obtain this information from another source.

2. The subpoena subjects Mr. Wray to undue burden:

Mr. Wray is presently incarcerated beyond the 100 miles radius set forth under Rule 45(c)(1)(A). The plaintiff has demanded Mr. Wray appear via "zoom" at his present place of incarceration.

Though the new location of this deposition would be the prison for the purposes of Rule 30(b)(4), Mr. Wray still has to endure undue burden to attend the deposition.

Incarcerated individuals frequently retaliate against those who are known to cooperate or testify. Despite this being a civil case and his testimony not considered "cooperation," Mr. Wray is unfortunately NOT in an environment where constructive discussion can clarify such differences. Stated frankly, if forced to testify Mr. Wray will have his personal safety jeopardized.

Mr. Wray is currently serving an 84 month sentence. He has only served 14 months. This forced testimony will result in years (emphasis added) of physical violence against Mr. Wray. After being assaulted, Mr. Wray will be transferred and this negative reputation will follow Mr. Wray from facility to facility. He will be forced to endure physical violence at any subsequent facilities as a result. In example, Mr. Wray just returned from solitary confinement. While there a local law enforcement official delivered documents to him. His absence was noted and his contact with law enforcement was questioned. He was warned specifically about his safety being at risk for future contact. The United States Penitentiary in which Mr. Wray is presently incarcerated is a very open environment and word would spread quickly, causing Mr. Wray to endure physical violence in retaliation for his civil testimony.

The risk to Mr. Wray's personal safety creates an undue and unnecessary burden on him that does not justify the civil testimony that is being requested. Additionally, the plaintiff never made the contention that they could not ascertain the information they seek from another source.

3. The subpoena is defective:

The original subpoena in this matter was left with an individual in the lobby of a building. This individual claimed that they spoke to Mr. Wray on the telephone and informed the process server they were instructed to take the process. Mr. Wray was never aware of the subpoenas existence and never received the subpoena. The plaintiff somehow claims this was good service. In accordance with Federal Rules of Civil Procedure Rule 4(e)(2) and Rule 45(b)(4) this alleged service is not valid.

The subpoena was requested and issued in the Eastern District of New York; however, Mr. Wray is located in the Middle District of Pennsylvania. He has not been properly served in accordance with the Federal Rules of Civil Procedure Rule 4(e)(2) and has not had the opportunity to rebuttal the "zoom" request made by the plaintiff. The "zoom" request is highly convenient to the plaintiff but is unduly burdensome to Mr. Wray, and he was never even afforded an opportunity to be made aware of the subpoena or rebuttal the request.

Mr. Wray was not served in accordance with the FRCvP. He asserts the subpoena in this matter is defective and therefore he should not be ordered to comply. Additionally, the plaintiff never asserted they could not ascertain this information from another source.

WHEREFORE, the non-party witness, Jelani Wray --Pro Se, respectfully request this Honorable Court Quash this subpoena.

Sincerely,

Jelani Wray
Reg No. 87430-054
United States Penitentiary--Lewisburg
PO Box 1000, Lewisburg, PA 17837

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Ins. Co., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-cv-05523 (MKB)(PK) |
| | ) | |
| Metro Pain Specialists P.C. et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                          Jelani Wray

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Lewisburg Penitentiary | Date and Time: |
|---|---|
| 2400 Robert F Miller Dr. | |
| Lewisburg, PA 17837 | 3/21/2024 9:30 am |

The deposition will be recorded by this method:     Stenographic and Videotape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    2/16/2024

*CLERK OF COURT*

OR

_____                     _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Insurance Company, et al. _____, who issues or requests this subpoena, are:

Christopher T. Cook, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, NY 10020-1605 (212) 940-6488
christopher.cook@katten.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



**Katten**
KattenMuchinRosenman LLP

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
www.katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct

<u>VIA USPS Priority Mail</u>

February 16, 2024

**Jelani Wray - No. 87430-054**
Lewisburg Penitentiary
2400 Robert F Miller Dr.
Lewisburg, PA 17837

Re:     *State Farm Mutual Automobile Insurance Company and State Farm Fire and
        Casualty Company v. Metro Pain Specialists P.C. et al., Case No. 21-cv-
        05523-MKB-PK*

Dear Mr. Wray:

Enclosed is a subpoena commanding your appearance to give deposition testimony related to
the above-referenced lawsuit, which is currently pending in the United States District Court for
the Eastern District of New York before the Honorable Margo K. Brodie. The subpoena is
being served on behalf of plaintiffs State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company.

The subpoena currently requires you to appear for a deposition on March 21, 2024 at 9:30
a.m. using remote means via Zoom video conference. Please contact us upon receipt to
negotiate a mutually agreeable date and time for your deposition. Please contact my
colleague Michael Cardoza at 312-902-5520 or via email at michael.cardoza@katten.com to
discuss scheduling your deposition.

If you have any questions regarding the subpoena, please contact me directly. Thank you for your
cooperation.

Sincerely,

*/s/ Christopher T. Cook*

Christopher T. Cook
Enclosure

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY     CHARLOTTE     CHICAGO     DALLAS     LOS ANGELES
NEW YORK     ORANGE COUNTY     SHANGHAI     WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

Inmate Name: Jelani Wray
Register Number: 87430-054
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

HARRISBURG PA   171

2 APR 2024   PM 4   L

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 09 2024 ★

BROOKLYN OFFICE

U.S. District Court
Magistrate Judge Peggy Kuo
225 Cadman Plaza East
Brooklyn, N.Y. 11201

11201-189899