

**Katten**
Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.katten.com

**JONATHAN L. MARKS**
jonathan.marks@katten.com
312.902.5337 direct
312.902.1061 fax

April 10, 2024

<u>VIA ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Response to Jelani Wray Motion to Quash

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully respond to the Notice of Intent to Invoke the Fifth Amendment Privilege and Motion to Quash Subpoena (the "Motion") filed by Jelani Wray ("Wray") on April 9, 2024.  Dkt. 534.  This Court has already ordered Wray to appear for deposition (Dkt. 452), and the Motion is nothing more than an end-run around that order and an attempt to obstruct Plaintiffs' ability to obtain testimony they have been seeking for more than 16 months.  Even if the Motion were proper, it fails on the merits.  As such, Plaintiffs respectfully request the Court order Wray to appear for his virtual deposition scheduled for April 11, 2024, or be subject to a civil contempt order that could include the imposition of financial penalties.

Prior to his current incarceration at a U.S. Penitentiary in Lewisburg, Pennsylvania, Plaintiffs served a deposition subpoena on Wray at his residence in New York on December 29, 2022.  He did not appear for deposition and was thereafter incarcerated.  Plaintiffs moved to compel and seek his testimony.  On October 11, 2023, this Court found Mr. Wray's testimony was relevant to the case and entered an order granting Plaintiffs' Motion to Compel his attendance at deposition.  Dkt. 452 at 7929 ("Upon service of the subpoena, Mr. Wray is ordered to appear for deposition testimony at the time and location indicated on the subpoena.").  Because the date for the originally subpoenaed deposition had passed and Wray had been relocated to Pennsylvania due to his incarceration, Plaintiffs issued a new deposition subpoena at the Court's direction.  Plaintiffs subsequently served Wray with the new subpoena at the Lewisburg Penitentiary directing him to appear for a virtual deposition on March 21, 2024.  Ex. 1 (Subpoena and Affidavit of Service).  On March 19, Plaintiffs were contacted by an attorney who advised she represented Wray in a separate civil matter, had been contacted by Wray's wife to represent him in the deposition at issue here, and required additional time to discuss her representation with Wray.  Plaintiffs agreed to adjourn the deposition until April 11, while Wray arranged for the retention of counsel.  On April 4, Plaintiffs served an amended notice on all counsel of the revised deposition date and served a new subpoena on Wray requiring his appearance on April 11.  Ex. 2 (Subpoena and Confirmation of Service/Proof of Delivery).  On April 9, Plaintiffs were advised by the attorney that she would not be representing Wray and the attorney would not attend the deposition on April 11.  Mr. Wray's *pro se* motion now seeks to block his deposition.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

This Court has already found Wray's testimony to be relevant to the case and ordered his appearance pursuant to a duly served subpoena. *See* Oct. 11, 2023 Text Order, Dkt. 452. Wray's incorrect assertion that Plaintiffs have "not made the required showing that there is an inability to obtain this information from another source" is no reason to reverse this conclusion.

Even considering the Motion on its merits, Wray fails to articulate any basis for quashing the subpoena. A party moving to quash a subpoena bears the burden of persuasion, and formal and conclusory objections as to relevance or burden are insufficient to preclude discovery. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *6 (S.D.N.Y. Oct. 24, 2014). Here, the Motion seeks to quash on three grounds: the subpoena was improperly served, it imposes an undue burden, and it seeks information protected under the Fifth Amendment. All grounds fail.

With respect to service, Wray objects to a subpoena having been improperly left with an individual in the lobby of a building. But this objection is directed to the original subpoena not the operative new subpoena. As stated, a subpoena was served at Wray's residence on December 29, 2022, before his incarceration, but a new subpoena was issued and served on Wray at the Lewisburg Penitentiary on April 10, 2024. Plaintiffs properly served Wray with this new subpoena[1] requiring his appearance at a deposition. Wray received the new subpoena both by U.S. Mail and through personal service through the Union County Sheriff's Office. *See* Ex. 2.

Wray further objects the subpoena is defective because it is issued out of the Eastern District of New York and not the Middle District of Pennsylvania where he is now located. But a subpoena for deposition in this matter should be issued out of this Court regardless of where the witness is located. Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending."). To the extent Wray objects to attending a virtual deposition more than 100 miles from the issuing Court, numerous courts have held remote depositions comport with the geographic limitations of Rule 45(c) if the witness is testifying within 100 miles of their residence. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 504451, at *2 (N.D. Fla. Feb. 18, 2022), *objections overruled*, 2022 WL 2436843 (N.D. Fla. Mar. 11, 2022) ("a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)"); *Int'l Seaway Trading Corp. v. Target Corp.*, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021) (holding virtual testimony taken more than 100 miles from the trial court's location "is consistent with the plain language of Rule 45(c)(1)(A) because [the deponent] has been commanded to attend the deposition within 100 miles of where he resides"); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-17039, 2021 WL

---

[1] The original subpoena was also properly served. Rule 45 does not expressly require personal service, and Courts have found substitute service on third parties is appropriate. *See, e.g.*, *Sheet Metal Workers' Nat'l Pension Fund v. Rhb Installations, Inc.*, 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (holding Rule 45 does not require personal service, but "requires only delivery which reasonably ensures actual receipt by a witness"); *Ahmad v. E. Ramapo Cent. Sch. Dist.*, 2011 WL 13383215, at *2 (S.D.N.Y. June 16, 2011) (noting that "where alternative service is calculated to provide timely actual notice to the subpoenaed non-party, courts in [the Second Circuit] have found such service to meet the requirements of Rule 45."). Wray was properly served through his concierge after the process server was denied access, as Wray refused to accept service and instead instructed the concierge to accept service on his behalf. Dkt. 384-1. Wray's instruction to the concierge to accept service demonstrates he received actual notice.

2

6202422, at *3 (E.D. La. July 26, 2021) (same).  Wray concedes that the location of this deposition is the prison where he is presently incarcerated.

Wray's argument with respect to burden also fails and has also already been resolved by the Court's prior order.  The subpoena requires nothing more of Wray than to appear and testify at a virtual deposition.  Plaintiffs have confirmed with the Lewisburg Penitentiary that it has the necessary equipment to proceed with a virtual deposition and the Federal Bureau of Prisons has confirmed the deposition is scheduled to begin at 9:30 a.m. on April 11, 2024.  Wray need only travel from his cell to a room in which a computer and video camera will be set up for him to appear by video and verbally respond to questions.

Wray argues that being subjected to a civil deposition while incarcerated will subject him to physical violence and harassment from other inmates because he will be viewed as a cooperator.  But the claim is speculative, unsupported, and wholly insufficient to support quashing the subpoena.  His appearance would not be voluntary cooperation but compelled compliance with a legally issued subpoena.  His testimony would be offered in a civil proceeding conducted by civil litigants, not law enforcement.  If Wray's view were accepted, every incarcerated deponent could be excused from testifying, hampering civil litigation and the search for relevant evidence.  Indeed, at the time this Court found Wray's testimony relevant and ordered him to appear on October 11, 2023, Wray was already incarcerated and thus this Court ruling was not altered by the notion that a deponent may avoid appearance by being incarcerated.

Wray's intent to invoke the Fifth Amendment in response to questions posed during the deposition also fails to preclude the deposition.  A witness's invocation of the Fifth Amendment is not an independent bases for quashing a subpoena seeking testimony.  *See Moll v. U.S. Life Ins. Co. of N.Y.*, 113 F.R.D. 625, 628-29 (S.D.N.Y. 1987) ("When a deposition is sought, the availability of the Fifth Amendment privilege does not mean that the witness need not attend the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can without risking self-incrimination.") (citing *Hudson Tire Mart, Inc. v. Aetna Cas. & Sur. Co.*, 518 F.2d 671, 674 (2d Cir. 1975); *see also Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, 2021 WL 9099984, at *1 (S.D.N.Y May 4, 2021) (collecting cases).  The Fifth Amendment's protection extends only to witnesses who have "reasonable cause to apprehend danger from a direct answer." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (quotation omitted); *see SEC v. Pence*, 323 F.R.D. 179, 188 (S.D.N.Y. 2017) (recognizing courts must "undertake a particularized inquiry to determine whether the [fifth amendment] assertion was founded on a reasonable fear of prosecution") (alteration in original).  Here, Wray has already been prosecuted for crimes relating to facts at issue in this civil action.  During his allocution, Wray admitted to establishing and funding a medical clinic in the Bronx with his co-conspirator Anthony Rose, a physician, and a paralegal.  *See* Ex. 3 at 25.  This medical clinic, which Plaintiffs have reason to believe operated as Metro Pain Specialists P.C., was required by Wray "(a), to use his company to provide durable medical equipment to patients, [and] (b), to send patients to a particular MRI facility located in New Jersey (MRI facility–2), and a particular surgical center located in New Jersey (Surgical center–1)." *Id.* at 25:5–20.  Plaintiffs have reason to believe the referenced MRI facility and surgical center are named defendants in this case.  These facts admitted during Wray's allocution, which are known to the government but unknown to Plaintiffs, are not information that if revealed in deposition would provide a reasonable fear of additional prosecution.  Wray should not have a valid basis under the Fifth Amendment to refuse to testify as to information referenced

during his allocution and other facts for which he has already pled guilty and been sentenced. At a minimum, he must provide a basis to support a "reasonable cause to apprehend danger" from his answers and cannot rest on vague assertions of fear of prosecution.

Finally, while Wray appears to direct the Motion to the U.S. District Court for the Middle District of Pennsylvania, he filed it with this Court. Plaintiffs have confirmed with the clerk's office for the Middle District of Pennsylvania that it has not received any papers from Wray. As the Motion was filed in this Court and it identifies the civil case number assigned by the Eastern District of New York in the caption, Plaintiffs submit this Court may address the relief sought in the Motion.

For the reasons set forth above, Plaintiffs respectfully request this Court deny the Motion and order Wray to appear for the virtual deposition scheduled for April 11, 2024. Should Wray fail to comply with the order, Plaintiffs would respectfully request the imposition of sanctions under the Court's inherent authority and Federal Rule of Civil Procedure 45(g), including but not limited the imposition of civil penalties.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

*cc*:  Jelani Wray (by U.S. Mail)