# CAPETOLA & DIVINS, P.C.
Two Hillside Avenue, Building C, Williston Park, NY 11596
(516) 746-2300 FAX: (516) 746-2318
www.capetoladivinslaw.com

Byron A. Divins, Jr. Esq.
bdivins@capetoladivinslaw.com

April 12, 2024

Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: State Farm v. Metro Pain Specialists P.C. et al.*
*Case No. 1:21 Civ 05523*

Honorable Kuo,

  As you are aware, this office represents defendants Vadim Dolsky and his corporation, Optimum Health Acupuncture, P.C. in the referenced matter. I write seeking Court permission to alter the discovery order entered by this court dated September 1, 2023 (Kuo, J).

  On or about October 6, 2021, Plaintiff filed suit against multiple defendants alleging, in sum and substance, that defendants engaged in a conspiracy to deprive Plaintiff of money through fraudulent no-fault claims. Nearly two years later, after discovery had commenced, Plaintiff filed its second amended complaint on or about August 17, 2023, to add my clients. My clients retained this office on September 23, 2023, three weeks after this court issued its discovery order. Thus, we were unable to participate in any conversations which led to the creation of the order.

  Since then, we have been served with voluminous discovery that was amassed during the two years of litigation prior to my clients being added to the complaint. We are subject to this court's discovery order, which abbreviates our actual time engage in discovery. In fact, we have been forced to accelerate responses to the detriment of our clients. In order for discovery to be properly conducted, we require time to review the discovery produced by Plaintiff so that we may intelligently respond and propose our own discovery requests. We also need a reasonable time to conduct our own investigation into these allegations.

  Fed. R. Civ. P. (16) (b)(4) allows the Court to modify a discovery order on a showing of good cause. *Esposito v. Francis,* 2011 WL 4593738 (E.D.N.Y. 2011). See also, *Harris v. Computer Associates, Intern, Inc.* 204 F.R.D. 44 (E.D.N.Y. 2001) (holding that an extension of the discovery deadlines, if they cannot reasonably met despite the diligence of the party seeking the extension, may be granted by the court). The Court's order allows a modification upon the showing of good cause based on the circumstances not foreseeable as of the date of the order. A showing of good cause depends on the diligence of the moving party. *Grochowski v. Phoenix Constr.,* 318 F.3d 80,86 (2nd Cir. 2003); *Residential Fences Corp. v. Rhino Blades, Inc.,* 2016 WL 11797529 (E.D.N.Y. 2016). One of the considerations the court may take into account in determining whether good cause has been shown is the phase of the litigation and the prior notice to the parties. *Id.*

  In considering the instant request, we invite the court's attention to the fact that Defendants have not been engaged in this litigation for very long. Indeed, upon retaining

counsel the Rule 26(f) conference and disclosures had already taken place. Two months later, initial document requests and interrogatories were due. We were served with multiple subpoenas which instituted motion practice all while Defendants were attempting to catch up to the Plaintiffs who had a two-year head start.

    After Plaintiff produced TIF images of their production, multiple meetings were needed to resolve access to these images, which—since Plaintiff had these issues with prior defendants over the years since the litigation had commenced—were able to help Defendants access the information.

    We met and conferred with Plaintiff's counsel to discuss ESI protocols, which had been apparently discussed with the other defendants, and stated that we needed more time to establish search terms. That request was denied as they are following the Court's discovery order which was issued before we were part of the case. We were advised to contact the Court regarding the discovery order, hence, the instant application is made.

    With the volume of discovery before for us, Defendants need time—the same time other defendants enjoyed—to sift through the information, obtain our own experts, propound discovery demands, and respond to Plaintiff's demand in an effort to defend the action at bar. Accordingly, we request that all deadlines be extended by eight months.

Very truly yours,
Capetola & Divins, P.C.

By: Byron A. Divins, Jr., Esq