**Katten**

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct
212.940.8776 fax

April 15, 2024

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Mot. to Extend Discovery Deadline

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully write in response to the letter motion of defendants Vadim Dolsky and Optimum Health Acupuncture, P.C. (the "Dolsky Defendants") which seeks (1) additional time to propose search terms and identify custodial sources for use by Plaintiffs to collect electronic discovery in response to defendants' discovery requests, and (2) an eight-month extension to the case schedule entered in this action (Dkt. 539) (the "Motion"). Initially, Plaintiffs do not oppose providing the Dolsky Defendants with additional time to generate search terms and identify custodial sources so long as the Court establishes firm deadlines by which the Dolsky Defendants will do so and Plaintiffs are not required to undertake two separate e-discovery processes: one for the Dolsky Defendants, and one for all other defendants. Secondly, Plaintiffs respectfully submit that any modification to the case schedule is premature at this time and should be revisited closer to the current deadline for completing fact discovery of August 2, 2024. To the extent the Court is inclined to modify the case schedule at this time, Plaintiffs would request that any modification apply to all parties to the case and all parties be ordered to meet and confer and jointly propose a newly revised case schedule for the Court's consideration.

***Background***: On August 17, 2023, Plaintiffs filed the Second Amended Complaint naming for the first time the Dolsky Defendants. The complaint alleges, among other things, defendants Yan Moshe, Reuven Alon, Dr. Regina Moshe, Dr. Leonid Shapiro, and their long-time friend and business associate Dolsky operate the Metro Pain and Citimedical Clinics and steer patients to ambulatory surgery centers ("ASCs") owned by Moshe. Patients receive unnecessary services at the clinics and ASCs for which insurers paid millions, and Moshe secretly owns the Citimedical Clinics. Dolsky is an acupuncturist who treats patients of the Citimedical Clinics, and, after he invested in defendant TopLab, it started providing unnecessary drug tests to patients of Moshe's ASCs. Beyond providing unnecessary acupuncture and drug tests, Dolsky's significant role in the alleged scheme includes siphoning the scheme's proceeds, including more than $25

April 15, 2024
Page 2

million in direct and indirect payments from defendants to Dolsky's entities All Star Services Inc. and Five Star Services Inc. In turn, Dolsky transferred the vast majority of these funds to at least 10 different bank accounts held with 10 different banks from which he purchased at least $10.6 million in gold, diamonds, watches, and cryptocurrency that Plaintiffs have identified to date.

Plaintiffs are pursuing discovery from Dolsky and other defendants and nonparties under the Revised Discovery Plan and Scheduling Order (Dkt. 405) (the "Scheduling Order"), which sets a deadline for completing fact discovery of August 2, 2024. Consistent with the Scheduling Order, Plaintiffs served the Dolsky Defendants with initial document demands and interrogatories on November 3, 2023. On November 14, 2023, Plaintiffs advised the Dolsky Defendants of their interest in meeting and conferring regarding custodial sources and search terms under the ESI Protocol and provided them with a copy of the ESI Discovery Protocol entered in this action on July 17, 2023 (Dkt. 375) (the "ESI Protocol"). Over the next several weeks, Plaintiffs served the Dolsky Defendants and other defendants with letters proposing search terms for the collection of ESI which would be applied to Plaintiffs' collection of electronic discovery in response to defendants' discovery demands. Plaintiffs invited defendants to meet and confer regarding the e-discovery process. Plaintiffs made this request because collecting ESI can be extremely expensive and time consuming, and Plaintiffs had every interest in getting these materials to defendants as quickly as was possible. It was thus critical, as Plaintiffs informed all defendants, for the process to be coordinated and Plaintiffs to collect and provide such ESI only once rather than on multiple occasions for each of the many defendants in this case. Some defendants responded and served Plaintiffs with proposed search terms and custodial sources, but most did not. On January 19, 2024, Plaintiffs sent correspondence to counsel for all parties attaching the search terms and custodial sources then proposed and advised as follows:

> To ensure an efficient and timely process, Plaintiffs request that any additional defendants who wish to propose search terms and custodial sources for Plaintiffs to use in collecting their ESI do so no later than January 26, 2024. Plaintiffs will be meeting and conferring with participating defendants during the week of January 29 to establish a single set of search terms and custodial sources. For any defendant who does not respond by January 26, 2024, we will construe this as confirmation that you will not be proposing search terms or custodial sources for consideration.

No additional search terms or custodial sources were proposed by the January 26 deadline, but counsel for the Moshe and Alon Defendants[1] requested additional time to comply. After receiving

---

[1] The "Moshe and Alon Defendants" include defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, SCOB LLC, NJMHMC LLC, Star Solution Services Inc., Citimed Surgery Center, Reuven Alon, Beshert Corp., Medaid Radiology LLC, Columbus Imaging Center LLC, Nizar Kifaeih, M.D., and Premier Anesthesia Associates P.A.

April 15, 2024
Page 3

the Moshe and Alon Defendants' proposed search terms and custodial sources on February 22, Plaintiffs held a meet and confer with all participating defendants to discuss Plaintiffs' process. During the meet and confer on March 12, the Dolsky Defendants voiced objections to their inability to meaningfully participate in Plaintiffs' ESI process due to being first named as defendants in the Second Amended Complaint. Plaintiffs advised them during the meet and confer to expeditiously raise their concerns with the Court.

On March 22, Plaintiffs circulated the complete list of search terms and custodial sources to be used in their ESI process and advised they would begin collecting records for review on March 29 unless defendants wished to discuss further. No defendant responded to this email by March 29, and Plaintiffs began their collection process. On April 5, the Dolsky Defendants stated their intention to raise issues relating to Plaintiffs' ESI process with the Court, and Plaintiffs directed them to file any concerns with the Court immediately. The Motion follows.

***The Dolsky Defendants' Request for Time to Propose Search Terms and Custodial Sources***: Plaintiffs do not object to the Dolsky Defendants' request for additional time to develop and propose search terms and custodial sources for use in Plaintiffs' e-discovery process. But Plaintiffs should not be prejudiced by the Dolsky Defendants' request.

Requiring Plaintiffs to undertake two separate e-discovery collections and reviews would impose an undue burden, and it would delay the conclusion of all discovery which is in the interest of all parties. As discussed above, Plaintiffs have diligently coordinated and met and conferred with ***all defendants***, including the Dolsky Defendants, to complete a single ESI process. A single ESI process will achieve significant efficiencies both in time and cost. First, conducting a single collection of ESI from all identified custodians will allow Plaintiffs to use available technology to remove duplicate communications and generate a single pool of ESI through which search terms can be run. Second, a single process will allow Plaintiffs to efficiently refine agreed-upon search terms in identifying a pool of potentially responsive records, including modifying search terms returning large volumes of nonresponsive ESI. Third, performing a single review for privilege and responsiveness will achieve time and cost savings, allowing discovery to move forward as expeditiously as possible.

For these reasons, Plaintiffs seek permission from the Court to undertake a single ESI process as to ***all defendants***, regardless of how the Court resolves the Motion. While the Dolsky Defendants have had the same opportunity as other defendants to participate in this process and their own delays should not be an excuse to slow down the case for every other party (Plaintiffs and all other defendants included), Plaintiffs do not object if they were to be given more time to come up with their own position on the applicable search terms. However, to the extent the Court is inclined to grant the Dolsky Defendants additional time to propose search terms and custodial sources, Plaintiffs would respectfully request the Court set firm dates by which they must do so,

April 15, 2024
Page 4

and Plaintiffs be allowed to pause their current ESI collection until the Dolsky Defendants have provided such terms and custodial sources.

***Modifying the Discovery Schedule to Extend All Deadlines by Eight Months***: Plaintiffs have aggressively pursued discovery in this action and wish to maintain the current schedule in an effort to advance the case as expeditiously as possible. Written discovery remains outstanding, subpoenas seeking documents and testimony have been issued, and depositions have been noticed throughout the remainder of fact discovery. Given the significant amount of discovery to take place over the next several months, Plaintiffs respectfully submit amending the Discovery Schedule at this time is premature and should be deferred until a later date closer to the current deadline for completing fact discovery on August 2, 2024.

If the Court is inclined to modify the Discovery Schedule at this time, Plaintiffs respectfully request the Court set new deadlines governing discovery as to ***all defendants*** in the matter for several reasons. Most importantly, the Dolsky Defendants' conduct is interrelated with the conduct of other defendants and discovery to be produced by the Dolsky Defendants is critical to identifying new discovery relevant to the conduct of other defendants and to preparing and taking party and nonparty depositions in the case. Establishing a separate discovery schedule as to the Dolsky Defendants would also likely impact Plaintiffs' ability to efficiently pursue expert discovery given Dolsky's role as an acupuncturist and an owner in defendants Optimum Health Acupuncture, P.C. and Advanced Comprehensive Laboratory LLC (d/b/a TopLab). As such, setting different timelines for different parties could lead to inefficiencies and duplicative discovery efforts.

While all parties may ultimately require additional time to complete fact discovery given the size and complexity of the case and its many issues, Plaintiffs respectfully request the Court defer modifying the Discovery Schedule at this time to allow the parties to advance the case under the current schedule. However, if the Court is inclined to modify the Discovery Schedule at this time, Plaintiffs request any such modification apply to all parties in the case and that all parties be required to meet and confer to jointly propose a revised case schedule.

\*    \*    \*

Accordingly, (1) Plaintiffs do not oppose granting the Dolsky Defendants additional time to propose search terms and custodial sources for use in Plaintiffs' e-discovery process, but if granted would respectfully request the Court enter firm dates by which they must do so and permit Plaintiffs to pause their e-discovery process as to ***all defendants*** until the Dolsky Defendants' search terms and custodial sources are received; and (2) Plaintiffs request the Court defer ruling on the Dolsky Defendants' application to extend the Discovery Schedule by eight months until a date closer to the close of fact discovery on August 2, 2024, but if granted respectfully request the

April 15, 2024
Page 5

Court maintain a single discovery schedule as to all parties in the case and order all parties to meet and confer and jointly propose a revised case schedule by a date certain.

Respectfully submitted,

*/s/ Christopher T. Cook*

Christopher T. Cook

CTC:

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*