

May 31, 2024

**VIA ECF**

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.katten.com

JONATHAN L. MARKS
jonathan.marks@katten.com
312.902.5337 direct
312.902.1061 fax

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Motion for Order to Show Cause

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully move this Court for an order requiring non-party Michael Alleyne, M.D. ("Dr. Alleyne") to appear before the Court and show cause why he should not be held in contempt for failing to comply with a subpoena seeking the production of documents. Dr. Alleyne is expected to have relevant documents, has not objected or otherwise responded to the subpoena, and should be ordered to appear before the Court and explain his failure to comply.

This motion arises out of Plaintiffs' subpoena seeking the production of documents from Dr. Alleyne. Plaintiffs were initially unable to personally serve Dr. Alleyne, and this Court granted Plaintiffs permission to serve him by U.S. Certified Mail sent to his home address (Dkt. 521). Plaintiffs sent the subpoena via Certified Mail, but USPS tracking information indicates both that the package was delivered on March 21 and that the addressee was unknown. *See* Ex. 1 (U.S. Certified Mail Tracking Information).[1] To ensure delivery, on March 21, Plaintiffs sent a second subpoena to Dr. Alleyne via FedEx Overnight. FedEx tracking information confirms the package was successfully delivered on March 22, 2024, when the package was left at Dr. Alleyne's unit door (as shown in proof of delivery). *See* Ex. 2 (Subpoena and Proof of Delivery). The response was due 14 days following service, or April 8, 2024. After Dr. Alleyne failed to respond to Plaintiffs' subpoena, on April 10, 2024, Plaintiffs sent a follow up letter advising that if Dr. Alleyne failed to respond to the subpoena by April 20, 2024, Plaintiffs would seek Court intervention. Dr. Alleyne has not responded. Accordingly, Plaintiffs move this Court for relief.

This action alleges defendants submitted fraudulent claims for healthcare services provided to automobile accident victims. Among the allegations are that defendants Leonid Shapiro and his entities Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C. render medically unnecessary services. Dr. Alleyne worked as a doctor for Metro Pain and Tri-Borough and treated patients at issue in this action. In November 2022, Dr. Alleyne executed an affidavit in a separate civil action describing his work as a physician for Metro Pain and Tri-Borough and, among other things, requirements that he perform and prescribe particular services for no-fault patients pursuant to a predetermined protocol applicable to virtually every patient regardless of their individualized

---

[1] As of the date of this filing, USPS has not returned the package to sender.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

needs. *See* Dkt. 521-1 (Alleyne Affidavit). Based on his prior employment and the affidavit, Dr. Alleyne is expected to have relevant documents regarding services provided to patients at issue at defendants' clinics and whether those services were necessary to benefit patients or the result of a predetermined protocol enacted to profit defendants.

An order requiring Dr. Alleyne to show cause is appropriate because he failed to comply with a subpoena duly served under Rule 45. First, Dr. Alleyne was properly served with the subpoena. As set forth in Plaintiffs' motion for alternate service (Dkt. 521 at 1), Dr. Alleyne resides in a multi-unit apartment building, and his residence there was corroborated by the fact that his name is listed on the building's intercom directory along with his apartment number. Dkt. 521-2 (Affidavit of Non-Service 6591 162nd St.). Although the subpoena mailed to this address by U.S. Certified Mail may not have been delivered, Plaintiffs successfully mailed the subpoena via FedEx and received confirmation of delivery. *See* Ex. 2. Service is valid because delivery of the subpoena by FedEx provides reasonable assurance that Dr. Alleyne has received actual notice of the subpoena. *See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. RHB Installations, Inc.*, 2016 WL 128153, at *2 (E.D.N.Y. Jan. 12, 2016) (holding Rule 45 does not require personal service, but "requires only delivery which reasonably ensures actual receipt by a witness").

Second, Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)-(B). Rule 45 grants the Court power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PainWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2022). Here, Dr. Alleyne was required to respond to the subpoena on or before April 8, 2024. To date, he has not produced any documents or otherwise responded to the subpoena, and his responses are now overdue. By failing to respond within 14 days of service, as set forth in Rule 45, Dr. Alleyne has failed to comply with the subpoena. Given the subpoena was properly served, is reasonable, and no objections have been asserted, Dr. Alleyne should be ordered to appear before the Court and show cause why he should not be held in contempt for failing to comply with the subpoena. *See* Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Leser v. U.S. Bank Nat. Ass'n*, 2011 WL 1004708, at *1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Accordingly, Plaintiffs respectfully request this Court issue an order directing Dr. Alleyne to appear before the Court and show cause why he should not be held in contempt for failing to comply with the subpoena served upon him.

Respectfully submitted,

*/s/ Jonathan L. Marks*


Encl.   (Exhibit 1)
        (Exhibit 2)

*cc*:  Michael Alleyne, M.D. (by U.S. Mail)