UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------
STATE FARM MUTUAL AUTOMOBILE COMPANY,
Et al.,

                        Plaintiffs,

                 -against-

METRO PAIN SPECIALISTS P.C. et al.,

                        Defendants.
---------------------------------------------------------------------

Case No.: 21-cv-05523

**AFFIRMATION OF MATTHEW J. CONROY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR NILE REHAB PHYSICAL THERAPY PC AND MOHAMED SAYED AHMED HASSAN, P.T**

    **MATTHEW J. Conroy, Esq.** being duly sworn, deposes and says:

    1.     I am a member of the firm Schwartz, Conroy & Hack, P.C., the attorneys for NILE REHAB PHYSICAL THERAPY PC ("NILE") and MOHAMED SAYED AHMED HASSAN, P.T. ("HASSAN") (collectively, "HASSAN DEFENDANTS"). I respectfully submit this Affidavit pursuant to Local Civil Rule 1.4 in support of my firm's application to withdraw as the attorney of record for Mr. HASSAN and his professional corporation NILE.

    2.     Our firm was retained by HASSAN and his entities on or about October 26, 2021, to defend the within lawsuit.

    3.     Since that time, this law office has represented NILE and HASSAN through filing answers, settlement discussions, and a lengthy discovery process including many court appearances.

    4.     We have not been able to respond to discovery demands, which for a long time, Plaintiff has been holding in abeyance while settlement was negotiated. Despite negotiating a settlement in good faith, settlement has not been reached. This is in part because, several times, Mr. Hassan has dropped out of communication with our firm for many months at a time.

5.	For example, although we had indicated we would serve discovery responses by September 6, 2022, difficulties in contacting our client made obtaining the information and documents impossible by the deadline. We then requested an extension to October 7, 2022, but again could not contact our client to obtain the information and documents needed.  Thereafter, counsel for Hassan heard nothing from Plaintiffs' counsel regarding the outstanding discovery until May 7, 2024.

6.	 Plaintiffs now seek discovery responses and the deposition of Mr. Hassan. Plaintiffs initially served a Notice of Deposition upon counsel for Hassan on December 9, 2022, which identified a deposition date of January 18, 2023. This deposition was subsequently adjourned. Counsel for Hassan heard nothing about the deposition of our client again until March 2024.

7.	On March 27, 2024, a second Notice of Deposition was served upon us, identifying a deposition date of April 25, 2024. On April 10, 2024, counsel for Hassan requested an adjournment as we could not locate our client.  On May 7, 2024, Plaintiff's counsel informed us that they could not proceed with the deposition until the HASSAN DEFENDANTS served responses to the demands served April 1, 2022.

8.	Mr. Hassan finally contacted our office and while he remains willing to appear for a deposition, he advised us that he is financially unable to pay our outstanding legal fees; nor would he be able to pay future legal costs which we estimate to be substantial and would include our time to respond to discovery and to prep and defend Mr. Hassan's deposition.

9.	Mr. Hassan has an outstanding legal fee balance for which he has not paid, despite many requests for payment. Our office sent one final communication to Mr. Hassan on May 13, 2024, informing him that if he did not pay his outstanding balance immediately and did not pay an additional retainer so that our firm could respond to discovery requests and represent him at a deposition, we would have no choice but to withdraw as counsel for Hassan and Nile.

10. Mr. Hassan did not respond to our letter in any way, nor did he make any payments toward his balance. Plaintiffs have informed us they will be moving to compel his discovery responses and depositions, but we have no ability to respond to same.

11. Due to the lack of cooperation from Mr. Hassan, and his tendency to disappear for months at a time, we are seeking an order from this Court permitting our firm to withdraw as counsel for NILE and HASSAN. We notified Plaintiff's counsel of our intentions to withdraw approximately two (2) weeks ago if we did not hear from our client; they did not object.

12. Schwartz, Conroy & Hack, PC respectfully requests that the Court stay any deadlines and events relative to these parties until such time NILE and HASSAN retain new counsel.

13. Schwartz, Conroy & Hack, PC is not seeking a charging lien.

14. Pursuant to Local Rule 1.4, an attorney who has appeared as attorney of record for a party may be relieved or displaced only by Order of the Court and may not withdraw from a case without leave of the Court granted by Order. Such an Order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

15. As was noted by Magistrate Judge Smith in *Zhongle Chen v. Kicho Corp.*, 2020 WL 3472255, at *1 (S.D.N.Y. June 25, 2020), "[w]hen determining whether to grant an attorney's request to withdraw as counsel, the Court examines two factors: (1) the reason for the withdrawal and (2) the "impact of the withdrawal on the timing of the proceedings." Although "there does not appear to be a 'clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal,' it is firmly established that non-payment of legal fees is such a reason under Local Civil Rule 1.4." *Taub v. Arrayit Corp.*, 2016 WL 4146675, at *1 (S.D.N.Y., 2016). See also *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a

client's continued refusal to pay legal constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4") *and BWP Media USA Inc. v. Rant Inc.*, 2018 WL 4300530, at *2 (S.D.N.Y. 2018)("Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal").

16. In the instant matter, Mr. Hassan's affirmative statement that he is unable to pay for his defense and his failure to respond to further requests for payment, as well as the failure to communicate and cooperate in his defense since the final letter, satisfies the first prong of this analysis.

17. As Mr. Hassan is one small piece in this large litigation, the second factor should also be satisfied. Mr. Hassan can be given time to retain new counsel for himself and his company with minimal disruptions to the remainer of the case, which can still proceed against the myriad of other parties. *See Estate of Larry Shaw & Susan Shaw v. Marcus*, 2016 WL 4679734, at *2 (S.D.N.Y. 2016). Any delay in allowing him to retain new counsel for the HASSAN DEFENDANTS is minimal in comparison to the age of the case.

Dated: June 3, 2024
Garden City, New York

/s/ *Matthew J. Conroy*
Matthew J. Conroy, Esq.
SCHWARTZ, CONROY & HACK, PC
666 Old Country Road, 9th Floor
Garden City, New York 11530
(516) 745-1122
(516) 745-0844 fax
mjc@schlawpc.com