June 11, 2024

**VIA ECF**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Joint Ltr. re Discovery Issues**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Mohamed Sayed Ahmed Hassan, P.T. ("Hassan") and Nile Rehab Physical Therapy, P.C. ("Nile Rehab PT") (collectively "Defendants"), respectfully write to request the Court's assistance in addressing outstanding discovery issues. Specifically, Plaintiffs seek an order compelling 1) Defendants to provide written discovery responses and responsive documents by a date certain, and 2) Hassan to appear for a deposition by a date certain.

***Relevant Background.*** This motion arises out of Plaintiffs' requests for discovery and deposition testimony from Defendants. On April 1, 2022, Plaintiffs served Defendants with First Sets of Interrogatories and Requests for Production. Defendants' failure to respond led to two submissions to the Court – one on August 12, 2022 [Dkt. 263] and one on September 19, 2022 [Dkt. 284]. Despite these submissions and promises by Defendants to comply, nothing has ever been provided. Plaintiffs also served a notice for Hassan's deposition on December 9, 2022. After the initial deposition date was adjourned, Plaintiffs served a second notice setting the deposition for April 25, 2024. On April 10, 2024, Hassan's attorney asked to reschedule and Plaintiffs agreed to adjourn the deposition. Since that time, Plaintiffs have repeatedly sought a date for Hassan's deposition. On May 16, 2024, Plaintiffs met and conferred with Hassen's counsel and requested both the overdue written discovery and confirmation of a date by which Hassen could be deposed. Counsel for Defendants responded he had been unable to contact Hassan for some time and would be moving to withdraw. Defendants' attorney then moved to be discharged as counsel for both Defendants, which motion remains pending. Dkt. 549. This letter follows.

***Plaintiffs' Position.*** Defendants possess relevant information and documents, have not objected to providing such information, and should be compelled to produce it. Hassan should separately be ordered to appear for deposition. *See* Fed. R. Civ. P. 26(b)(1). Neither the request by Hassan's attorney to withdraw nor Hassan's failure to communicate with his lawyer should be grounds for Hassan to obstruct discovery in this matter.

Hassan's testimony and Defendants' documents are relevant to this action. Plaintiffs allege defendants submitted fraudulent claims for healthcare services provided to automobile accident victims. One part of the scheme involves defendant Leonid Shapiro, M.D. ("Shapiro") operating multidisciplinary medical clinics at more than 30 locations in New York. Shapiro and his entity Metro Pain Specialists P.C. ("Metro Pain") controlled office space where patients were treated and

engaged lay office staff to run the locations and direct patient treatment. At each location, individuals working for Metro Pain and others purport to perform initial examinations to diagnose and treat patients and virtually always refer patients for the same care. Services are then performed by providers pursuant to "pay to play" financial arrangements with Metro Pain and Shapiro.

Hassan was one such "pay to play" provider. On December 4, 2017, Hassan entered into a license agreement with Metro Pain through Nile Rehab PT for the purported use of space at Metro Pain's 105-10 Flatlands clinic in Brooklyn. Nile Rehab PT and Hassan then began receiving referrals from Metro Pain, providing Metro Pain patients with the same regimen of physical therapy, and billing Plaintiffs and other insurance carriers for those services. Importantly, handwritten modifications to the lease between Nile Rehab PT and Metro Pain spell out its true purpose: payment for access to patients and the right to bill for specific services. Handwritten into the agreement's provision titled "License Fee" are specific dollar amounts for the specific services Nile Rehab PT was contracting to be able to perform on and bill for Metro Pain patients: "$1500 for ROM Testing, $1500 for Functional Capacity [Testing], $1500 for PT" (*i.e.*, $4,500 total rent each month). Nile Rehab PT then billed these specific services for Metro Pain patients at 105-10 Flatlands. *See, e.g.*, Dkt. 388-21. 105-10 Flatlands was managed by Metro Pain employee Viktoria Shakarova who asserted the Fifth Amendment to questions about the Metro Pain/Nile Rehab PT license agreement. Financial records of professional service corporations operating at 105-10 Flatlands show substantial payments to entities owned by Shakarova and her husband Roman Matatov (a/k/a Roman Israilov), likely distributions of proceeds from fraudulent medical billing. Hassan's testimony and Defendants' information are thus relevant to, among other things, whether Shapiro and Metro Pain received kickbacks for patient referrals, Metro Pain's operations at 105-10 Flatlands, who directed patient care at 105-10 Flatlands, and whether Metro Pain, Hassan, Nile Rehab PT, and others diagnosed and treated patients pursuant to a predetermined protocol.

As the information and testimony are relevant and proportional to the needs of the case, and Defendants have not objected or moved for a protective order, they should be ordered to produce written responses and documents, and Hassan ordered to appear for deposition by a date certain. Federal Rules of Civil Procedure 33 and 34 require written answers and discovery responses within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 requires attendance at properly noticed depositions. *See* Fed. R. Civ. P. 30(a)(1). Rule 37 grants the Court power to enter an order compelling discovery and to sanction a party for failing to comply with a properly noticed deposition. *See* Fed. R. Civ. P. 37(a)(3), 37(d)(1)(A)(i), 37(d)(3). Here, Defendants have failed to provide requested written discovery and Hassan's attorney has been unable to provide a date for his deposition. While Defendants' attorney suggests Plaintiffs have waived any right to receive the requested written discovery, no legal basis is provided for this suggestion nor are Plaintiffs aware of any legal basis for the idea defendants can avoid discovery obligations simply by ignoring them. Even if the law supported such a notion, Plaintiffs have sought to enforce Defendants' discovery obligations in at least two Court filings. *See* Dkt. 263, 284.

Hassan's attorney advises Hassan cannot be reached and has now sought leave to withdraw in a motion for discharge currently pending before the Court. While Plaintiffs take no position on whether counsel should be allowed to withdraw, it is critical that Defendants be ordered to produce outstanding written discovery and Hassan be ordered to appear for deposition by a date certain. Defendants have already been the subject of motion practice for their failures to comply with discovery. Hassan should not be allowed to avoid discovery by ignoring these proceedings and

continuing to do so should lead to consequences, including a default against him and his entity. Hassan further should not be allowed to delay this case while Plaintiffs are forced to wait for him to retain new counsel. Hassan's behavior to date suggests that he will take this as another opportunity to ignore the case. Instead, Hassan's counsel either needs to remain in the case until these discovery issues are resolved, or Hassan should be given a firm deadline to comply with his discovery obligations, after which he will expose himself to the consequences of ignoring the case.

Accordingly, Plaintiffs respectfully request this Court issue an order 1) directing Hassan to appear for a deposition by a date certain, and 2) compelling Defendants to provide complete responses to the First Set of Document Requests, produce all documents responsive, and provide complete, verified answers to the First Set of Interrogatories, by a date certain. Plaintiffs further respectfully request that these issues be heard on June 17, 2024, in conjunction with Defendants' counsel's motion to be discharged, given the intertwined nature of these two sets of issues.

***Defendants' Position.*** Schwartz, Conroy & Hack, P.C. ("Nile Defendants' Counsel") has recently filed a motion to be relieved as counsel to the defendants Hassan and Nile Rehab PT. based on a lack of payment for past work, lack of cooperation and a lack of payment for future anticipated discovery such as defending at a deposition.

Although Nile Defendants' Counsel had originally indicated it would serve discovery responses by September 6, 2022, difficulties in contacting our client and obtaining the necessary documents and information made obtaining the information and documents impossible by the deadline. Nile Defendants' counsel then requested an extension to October 7, 2022, but again could not contact Hassan/Nile Rehab PT to obtain the information and documents needed. Early in 2024, Defendants counsel was again in contact with Hassan and attempted to settle this matter. Nile Defendants' Counsel made a demand and received a counter demand from Plaintiffs' counsel which was passed on. At that point, Nile Defendants' Counsel again lost contact with Hassan for over four (4) months.

Plaintiffs' counsel had also served a notice for Hassan's deposition on December 9, 2022. After the initial deposition date was adjourned, Plaintiffs' counsel did not follow up with any deposition date until they served a second notice on March 27 for an April 25, 2024 deposition. They agreed to adjourn that deposition and proposed a May 1, 2024 deposition date. Nile Defendants' Counsel were again able to get in touch with its client who agreed to appear for a deposition but had not agreed to pay their counsel for preparing for and defending the deposition.

In the meantime, Nile Defendants' counsel heard nothing from Plaintiffs' counsel from October 2022 regarding the outstanding discovery until May 7, 2024, when Plaintiffs' counsel, through Sarah Scruton, Esq., a new attorney on the file, again raised the issue of a lack of responses which they noticed had not been responded to while "preparing for [Hassan's] deposition." Arguably, by delaying this long, they have waived right to receive any responses by their failure to seek such responses for a year and a half.

Nonetheless, Nile Defendants' Counsel agreed to meet and confer. Nile Defendant' counsel informed Plaintiffs' counsel that it would likely be making a motion to be relieved, which has been done and served on Hassan/Nile Rehab PT on June 3, 2024 (Docket entry 549). No response from Hassan has been heard to date. A hearing has been scheduled by the Court on the motion to

withdraw for June 17, 2024. We have served the Order scheduling the hearing by e-mail and overnight mail and certified mail and informed Hassan he was ordered to appear but have heard nothing from Hassan to date.

Therefore, Nile Defendants' Counsel are not in position to respond to written discovery are they in a position to defendant Hassan at a deposition at this time. However, as stated, Hassan had stated he was ready to appear for a deposition. Nile Defendants' counsel in their motion to withdraw did request that the Court stay any deadlines and events relative to these parties until such time as Hassan and Nile Rehab PT retain new counsel, and we again request that here. As Mr. Hassan is one small piece in this large litigation, being one individual physical therapist who was at the locations complained of for a relatively short time, Hassan can be given time to retain new counsel for himself and his company with minimal disruptions to the remainder of the case, which can still proceed against the myriad of other parties.

Respectfully submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Robert E. Hewitt*

SCHWARTZ, CONROY & HACK, PC

Robert E. Hewitt
Matthew J. Conroy
666 Old Country Road
Suite 900
Garden City, NY 11530
Telephone: 516-745-1122
Facsimile: 516-745-0844
aja@schlawpc.com
reh@schlawpc.com

*Attorney for Defendant Mohamed Sayed Ahmed Hassan, P.T.*