UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY
COMPANY,

                                                 Plaintiffs,

       -against-

METRO PAIN SPECIALISTS P.C., et al

                                              Defendants.
--------------------------------------------------------------------------------

Docket No.: 21-CV-5523

**AFFIRMATION OF MATTHEW J. CONROY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR RAOUF AKL, PT**

**MATTHEW J. CONROY, Esq.** being duly sworn, deposes and says:

1. I am a member of the firm Schwartz, Conroy & Hack, P.C., the attorneys for RAOUF AKL, PT ("AKL") and PRIMAVERA PHYSICAL THERAPY PC ("PRIMAVERA") (collectively, "AKL DEFENDANTS"). I respectfully submit this Affidavit pursuant to Local Civil Rule 1.4 in support of my firm's application to withdraw as the attorney of record for Mr. AKL and his professional corporation PRIMAVERA.

2. Our firm was retained by AKL and his entity on or about December 15, 2021 to defend the within lawsuit.

3. Since that time this law office has represented PRIMAVERA and AKL through filing answers, settlement discussions, and a lengthy discovery process including many court appearances. We have also served answers to discovery demands.

4. Plaintiffs' counsel is now seeking supplemental responses to discovery demands we served in 2022. They have also served additional demands and seek the deposition of AKL. We have not been able to respond to the supplemental demands as Mr. AKL has not been responsive. Moreover, the AKL DEFENDANTS owe a considerable sum of money in past due legal fees, having not paid since the initial retainer.

5. We served discovery responses and interrogatory responses for the AKL DEFENDANTS in September 2022. However, for the entirety of 2023 and up until May 2024 nothing was heard about deficiencies. Sarah Scruton, Esq., an attorney with Plaintiffs' counsel's law firm, wrote to us on May 7, 2024, indicating that there were deficiencies they were seeking additional responses for. Arguably, they have waived any further objections or claims of deficiency by waiting so long. However, in any event, we have been unable to contact our client to get information and documents that may be responsive to their deficiency notice. Moreover, on May 31, 2024, Plaintiff's counsel served a Second Set of Interrogatories and Document Demands on the AKL DEFENDANTS, which are due on June 30, 2024. We have not been able to contact our client to respond to these demands.

6. Plaintiff's also scheduled a deposition for AKL for January 11, 2023; however, Plaintiff's counsel adjourned it without date. We did not hear back from them on his deposition for over a year until Plaintiffs' noticed the deposition for May 17, 2024, which we agreed to adjourn until we could get in touch with our client.

7. Mr. AKL has a significant outstanding legal fee balance for which he has not paid, despite many requests for payment. We sent final communications to Mr. AKL on May 21, 2024 and June 3, 2024, informing him of the request for additional documents pursuant to the original demand, State Farm's desire to depose him, the Second Supplemental Demands. We also informed him if he did not pay half of his outstanding balance immediately, we would have no choice but to withdraw as counsel for AKL and PRIMAVERA. We have not heard back.

8. Mr. AKL did not respond to our letter in any way, nor did he make any payments toward his balance. We anticipate Plaintiffs will be moving to compel his discovery responses and depositions, but we have no ability to respond to same. Furthermore, responding to additional

demands and interrogatories and defending him at a deposition will be a significant cost added to what he already owes.

9. Due to the lack of cooperation from Mr. AKL, and the large amount he owes in legal fees, we are seeking an order from this Court permitting our firm to withdraw as counsel for PRIMAVERA and AKL. We do not believe there will be any objection from Plaintiffs' counsel.

10. We would respectfully request that the Court stay any deadlines and events relative to these parties until such time as they retain new counsel.

11. We are not seeking a charging lien.

12. Pursuant to Local Rule 1.4, an attorney who has appeared as attorney of record for a party may be relieved or displaced only by Order of the Court and may not withdraw from a case without leave of the Court granted by Order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

13. As was noted by Magistrate Judge Smith in *Zhongle Chen v. Kicho Corp.*, 2020 WL 3472255, at *1 (S.D.N.Y. June 25, 2020), "[w]hen determining whether to grant an attorney's request to withdraw as counsel, the Court examines two factors: (1) the reason for the withdrawal and (2) the "impact of the withdrawal on the timing of the proceedings." Although "there does not appear to be a 'clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal,' it is firmly established that non-payment of legal fees is such a reason under Local Civil Rule 1.4." *Taub v. Arrayit Corp.*, 2016 WL 4146675, at *1 (S.D.N.Y., 2016). See also *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal constitutes a "satisfactory reason" for

withdrawal under Local Rule 1.4") *and BWP Media USA Inc. v. Rant Inc.*, 2018 WL 4300530, at *2 (S.D.N.Y. 2018)("Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal").

14. In the instant matter, Mr. AKL's failure to pay for his defense and the failure of his to respond to further requests for payment, as well as the failure to communicate and cooperate in his defense with us since the final communications, satisfies the first prong of this analysis.

15. As Mr. AKL is one small piece in this large litigation, the second factor should also be also satisfied. Mr. AKL can be given time to get new counsel for him and his company with minimal disruptions to the rest of the case, which can still proceed against the myriad of other parties. *See Estate of Larry Shaw & Susan Shaw v. Marcus*, 2016 WL 4679734, at *2 (S.D.N.Y. 2016). Any delay in allowing him to get new counsel for the AKL DEFENDANTS is minimal in comparison to the age of the case.

Dated: June 13, 2024
Garden City, New York

*Matthew J. Conroy*
Matthew J. Conroy, Esq.
SCHWARTZ, CONROY & HACK, PC
666 Old Country Road, 9th Floor
Garden City, New York 11530
(516) 745-1122
(516) 745-0844 fax
mjc@schlawpc.com