*Exhibit 1*



**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**212.940.8800 tel**
**www.katten.com**

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct
212.940.8776 fax

June 5, 2024

<u>VIA EMAIL</u>

| | |
|---|---|
| John M. Vieira, Esq. | Nima Ameri, Esq. |
| Vice President & Legal Counsel | Ameri Law Firm |
| Popular Bank | 58-60 Main St, 3rd Fl |
| 85 Broad Street, 11th Floor | Hackensack, NJ 07601 |
| New York, NY 10004 | Nima.Ameri@amerilawfirm.com |
| jvieira@popular.com | |

**Re:** *State Farm Mut. Auto. Ins. Co., et al. v. Metro Pain Specialists, P.C., et al.*, **Case No. 1:21-cv-05523-MKB-PK (E.D.N.Y.)**

Dear Counsel:

We represent Plaintiffs State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co. (collectively, "Plaintiffs") in the above referenced action and write with concerns regarding the deposition of non-party Damon Minus. Mr. Minus is presently scheduled to appear and testify on June 21, 2024.

You have each advised you represent and intend to appear as counsel for Damon Minus at his deposition. Based on our prior communications, I understand each of you intend to serve as counsel to Mr. Minus in different capacities. Mr. Vieira will represent Mr. Minus solely in his capacity as a former employee of Popular Bank. Mr. Ameri will represent Mr. Minus in his individual capacity outside his role as a former employee of Popular Bank.

The appearance of two attorneys for one non-party deponent is not only unusual but raises questions and concerns. First, Plaintiffs intend only to question Mr. Minus in connection with his role as a former employee of Popular Bank. In other words, the scope of the deposition will focus on Mr. Minus's work for Popular Bank. As such, Mr. Vieira's representation should be sufficient, and Mr. Ameri's representation should not be necessary.

Second, even if a second attorney were required to represent Mr. Minus, Plaintiffs have several issues with the engagement of Mr. Ameri. The deposition is expected to include inquiry into transactions between Yan Moshe, Regina Moshe M.D., and entities owned by each on the one hand and Popular Bank and Mr. Minus on the other. Mr. Ameri has long served as counsel to

defendants Yan Moshe, Regina Moshe M.D., and entities owned by each. Indeed, Mr. Ameri presently serves as Vice Chairman of the Board of Directors for defendant NJMHMC LLC (d/b/a Hudson Regional Hospital). Mr. Ameri also played a substantial role in the facts and issues that will be explored during the deposition of Mr. Minus. Mr. Ameri served as counsel to Mr. Moshe and his corporate entities in the financial transactions for which Mr. Minus was the client relationship manager employed by Popular Bank and that will be explored during the deposition. Thus, Mr. Ameri has represented clients adverse to both Popular Bank and Mr. Minus (and is on the board of one of them) in connection with the very transactions that will be the subject of the deposition. Exhibits introduced as evidence during the deposition will reflect communications between Mr. Minus, Mr. Moshe and Mr. Ameri. There is more than a remote possibility that Mr. Minus will provide testimony adverse to the interests of Mr. Moshe, Dr. Moshe, and entities they own. Further, given Mr. Ameri's involvement in the transactions between Mr. Moshe and Popular Bank, he may separately be a fact witness with information relevant to the claims asserted in the federal civil action in which Mr. Minus is testifying. Finally, Plaintiffs have additional concerns that Mr. Ameri's involvement in the deposition may hamper their ability to obtain complete and candid testimony from Mr. Minus regarding the transactions at issue, including information that may be adverse to and compromise defenses asserted by Mr. Moshe, Dr. Moshe, and their entities in this federal civil action.

In considering whether to seek judicial intervention regarding the above issues, Plaintiffs request your position on Mr. Ameri's role as counsel to Mr. Minus during the deposition. Given (a) the above concerns and (b) Plaintiffs' intention to limit the scope of questioning to Mr. Minus's role as a former employee of Popular Bank, please advise whether Mr. Ameri intends to continue to represent Mr. Minus during the deposition and, if so, the basis for concluding such participation by a second lawyer for Mr. Minus is appropriate.

Sincerely,

*/s/ Christopher Cook*

Christopher T. Cook

cc:    Jonathan L. Marks
       Michael Cardoza
       Sarah M. Scruton