# AMERI LAW FIRM
## Attorneys At Law

June 21, 2024

**Via Electronic Filing:**
Magistrate Judge Peggy Huo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    State Farm Mut. V. Metro Pain
              Case No.: 1:21-cv-05523

Dear Honorable Huo:

      As your Honor is aware this firm represents non-party Damon Minus. We are in receipt this morning of the Courts Text Order as well as Mr. Katen's letter filed 6/20/2024 which is a motion for disqualification. This office seeks clarification on the Text Order as it relates to scheduling as well as requests thirty (30) days to file an opposition to the motion and leave to file a motion to quash the subpoena.

      As a threshold matter, the correspondence misleads the Court in two capacities. The first implies that Mr. Minus has/had another attorney, John Viera, which is incorrect. Mr. Viera, Esq. is the attorney for Popular Bank, Mr. Minus' lawyer, and at no time was Mr. Minus' counsel.

      Next, is the contention that I represent Mr. Moshe in this litigation or any litigation that involves State Farm, which is also untrue.

      Plaintiffs' application is a very serious one, and appears to be made upon allegations, assumptions, and without any real substantive legal authority cited. While Plaintiffs' counsel cites the standard of review, they conveniently leave out the portions that discuss how the Eastern District feels about the motions.

      [T]he disqualification of an attorney upon the motion of an adversary is a serious sanction that ought not to be imposed lightly." *Sea Tow Int'l, Inc. v. Pontin*, No. CV-06-3461, 2007 U.S. Dist. LEXIS 85527, 2007 WL 4180679, at *1 (E.D.N.Y. Nov. 19, 2007) (*quoting Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 304 (E.D.N.Y. 2005)). Indeed, it is well-established that "[m]otions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are 'often interposed for tactical reasons' and result in unnecessary delay." *Bennett Silvershein Assoc. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (*quoting U.S. Football League v. Nat'l Football League*, 605 F. Supp. 1448, 1452 [*301]  (S.D.N.Y. 1985)).

      The Second Circuit has "been loathe to separate a client from his chosen attorney," *Bohack Corp. v. Gulf & Western Indus., Inc.*, 607 F.2d 258, 263 (2d Cir. 1979), noting that "[t]he delay and additional expense created by substitution of counsel is a factor to which [it has] attached considerable significance . . . . " *Id.* (*citing Lefrak v. Arabian Am. Oil Co.*, 527 F.2d 1136, 1138-40 (2d Cir. 1975)). Although any doubts are to be resolved in favor of disqualification, *see Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir. 1980), *vacated on other grounds and remanded*, 450

# AMERI LAW FIRM
###### Attorneys At Law

U.S. 903, 101 S. Ct. 1338, 67 L. Ed. 2d 327 (1981), the party seeking disqualification bears a "heavy burden" of demonstrating that disqualification is warranted. *See Evans v. Artek*, 715 F.2d 788, 794 (2d Cir. 1983) (*citing Government of India v. Cook Indus. Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)).

The objective of the disqualification rule is to 'preserve the integrity of the adversary process." *Evans*, 715 F.2d at 791 (*quoting Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). In deciding a motion to disqualify counsel, the court must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (*quoting Government of India*, 569 F.2d at 739). *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 300-301.

The Text Order reads:

**ORDER: Nonparty Damon Minus is directed to respond to Plaintiffs' [559] Motion to Disqualify prior to the deposition of Mr. Minus on June 21, 2024. Plaintiffs are respectfully requested to serve a copy of this order on Mr. Minus by email. Ordered by Magistrate Judge Peggy Kuo on 6/20/2024. (ML)**

It is unclear whether the Court means that I am to respond to the motion to disqualify prior to Mr. Minus deposition on the 21st of June, which is the date I received the Order, or whether I am to respond prior to his deposition which was to proceed on the 21st.

We would ask the Court to grant us until July 24th to oppose the motion as we need to put together certifications and seek to cross move to quash the subpoena.

We also ask the Court to please clarify when our return date is if the request is not granted since we would be unable to prepare a response to such an important motion by today. Which, even if we did respond to it by today, per the Order which we received this morning, it would already be late.

Respectfully Submitted,
**AMERI LAW FIRM, LLC**

/s/ *Nima Ameri*
Nima Ameri, Esq.

CC: All Counsel of Record