

**Katten**
Katten Muchin Rosenman LLP

June 24, 2024

**VIA ECF**

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
www.katten.com

**JONATHAN L. MARKS**
jonathan.marks@katten.com
312.902.5337 direct
312.902.1061 fax

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Response to Dkt. 560

Dear Judge Kuo:

Attorney Nima Ameri's response [Dkt. 560] to Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (together, "Plaintiffs") motion to disqualify him from representing non-party witness and former Popular Bank officer Damon Minus [Dkt. 559] serves as compelling support for why the motion to disqualify should be granted. It is a thinly veiled attempt by a lawyer, who not only represents the lead defendants in this case and served on the Board of a defendant but was involved in the very transactions that will be the subject of the deposition, to block Plaintiffs' access to evidence which could be damaging to Mr. Ameri and his clients.  These are precisely the rare and unique circumstances in which disqualification of an attorney is appropriate.

The response is styled a motion for extension of time to respond to the motion to disqualify. But it seeks two forms of relief:  a 33 day[1] extension of time to respond to the motion to disqualify and leave to file a motion to quash the subpoena to non-party witness Minus within 33 days.  It is thus an attempt to delay until shortly before the current discovery cut-off, and then block access to Minus' testimony.  These requests should be denied.

First, there is no need for a briefing schedule on the motion to disqualify, let alone a schedule that pushes the issue out more than a month.  Mr. Ameri's letter is a substantive response. It states a factual basis for the opposition, identifies more than a dozen cases, and disputes the substantive arguments in Plaintiffs' motion.  Dkt. 560 at 1.  Among its factual assertions is Mr. Ameri's insistence that he never represented "Mr. Moshe in this litigation or any litigation that involves State Farm," which skirts the fact that no one ever said he did and misses the point.  Mr. Ameri's response does not dispute that Mr. Ameri represents defendants Yan Moshe, Regina Moshe M.D., and their corporate entities, served as Vice Chairman of the Board at defendant Hudson Regional Hospital and was involved in the transactions with Popular Bank as counsel to defendants which will be the subject of the Minus deposition.  The record as it stands before this Court is more than sufficient to decide the issue.

Further delay should not be allowed.  This Court's order of June 20 set a tight schedule by

---

[1] At one point Mr. Ameri's response states it is seeking a "thirty (30)" day extension, but it ultimately asks for a deadline of July 24, 2024, which is 33 days from this Court's deadline.

which Mr. Ameri was to respond to the motion for disqualification. That schedule was appropriate because the deposition was scheduled for June 21, 2024, discovery needs to move forward, and Mr. Ameri had already taken steps to delay the deposition. The deposition subpoena was served on Minus on March 27, 2024. Mr. Ameri has been on notice of Plaintiffs' concerns regarding his representation since at least June 5, 2024, when Plaintiffs served on Mr. Ameri a letter identifying those concerns. *See* Dkt. 559-1. Despite Mr. Ameri's assurance that a response would be provided, Plaintiffs never received one until this Court ordered him to respond and he filed his letter response on June 21, 2024. While Plaintiffs did adjourn the deposition scheduled for June 21 until the representation issue can be resolved, it is important for Minus's deposition to take place as soon as possible. Minus's testimony is highly relevant to the facts and theories of Plaintiffs' case, including Moshe's ownership and control of professional service corporations owned on paper by Dr. Moshe. *See* Dkt. 388 ¶¶ 146–59; Dkt. 559 at 1–3. As the Court is aware, there are questions as to whether Moshe has or will ever produce the more than 10,000 emails regarding his dealings with Popular Bank. Moving discovery forward in this case necessitates deposing Minus so, among other things, information needed for later depositions can be obtained. Mr. Ameri appears eager to delay the deposition and these proceedings through a request for more than a month to file yet another submission before the Court can even consider the appropriateness of Mr. Ameri's representation of the non-party deponent.

Mr. Ameri is not only interested in delay, however. He has transparently conveyed he intends to try to block the testimony through an anticipated motion to quash. Such a motion would not only be inappropriate coming from a lawyer whose other clients and personal interests stand in opposition to the search for important evidence, but untimely. Motions to quash subpoenas must be made on timely motion. Fed. R. Civ. P. 45(d)(3); *see also Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) ("Although Rule 45(c)(3)(A)(iv) requires that the motion to quash be timely without defining what 'timely' is, it is reasonable to assume that the motion to quash should be brought before the date of the scheduled deposition."). As the subpoena for Minus' deposition was served on March 27, 2024, Minus never objected to the subpoena, and the request for leave to quash the subpoena was not filed until the date the deposition was scheduled to take place (nearly three months after service), the motion is untimely. Even if permitted to be filed, the motion should fail on the merits. Minus's testimony is highly relevant to the facts and theories of Plaintiffs' case and cannot come close to imposing an undue burden on Minus who as a resident of Staten Island can easily travel to Manhattan on a weekday for a deposition. Minus is a critical witness precisely because he and his former employer Popular Bank are disinterested non-parties who are in a position to provide accurate and truthful information about activity which has so far been shielded behind defendants' interests in hiding the truth.

Lastly, Mr. Ameri's claim the non-party witness does not have other counsel is contradicted by the record. Attorney John Vieira wrote Plaintiffs that he would represent Minus at his deposition. *See* Ex. 1. Until Mr. Ameri provided notice of his representation about three weeks before the deposition, Mr. Vieira was coordinating Minus' appearance and was expected to attend. While Mr. Vieira is an attorney for Popular Bank, Plaintiffs have conveyed their intention to limit the deposition to conduct arising out of Minus' work at Popular Bank. Indeed, Mr. Vieira, who conveyed he would attend the deposition, would have been unable to do so unless he served as counsel for the witness — Popular Bank itself is not a party to the case and is not otherwise entitled to be present during the deposition.

2

3

      In sum, Mr. Ameri's attempt to delay and then block access to critical evidence through a request for more than a month to respond to the motion to disqualify him and then seek to quash the Minus subpoena should be denied. Mr. Ameri has filed a substantive response and the record is sufficient to disqualify Mr. Ameri from representing Minus and allow the Minus deposition to go forward as soon as possible.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

**CERTIFICATE OF SERVICE**

    I, Christopher T. Cook, an attorney, hereby certify that on June 24, 2024, I served the foregoing letter responding to the request for an extension of time to oppose Plaintiffs' Motion for Disqualification on the following counsel of record by email:

    Nima Ameri, Esq. (by electronic mail to Nima.Ameri@amerilawfirm.com)
    John Vieira, Esq. (by electronic mail to jvieira@popular.com)

    */s/ Christopher T. Cook*
    *Attorney for Plaintiffs State Farm*
    *Mutual and State Farm Fire*

4