# AMERI LAW FIRM
##### — Attorneys At Law —

June 24, 2024

**Via Electronic Filing:**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE: State Farm Mut. V. Metro Pain
       Case No.: 1:21-cv-05523

Dear Judge Kuo:

  As your Honor is aware, this firm represents the non-party in the above captioned matter. We are in receipt of opposing counsels' correspondence, and do not wish to engage in a letter writing campaign, however new issues have been brought forward that need to be addressed.

  Counsel for Plaintiff continues to state that we are Mr. Minus second counsel and paints this false narrative that this is a delay tactic. We turn the Courts attention to **Exhibit 1**, which is an email chain between Mr. Cook., Esq. counsel for Plaintiff and Mr. Vieira, Esq. in house counsel for Popular. The email states "As you know, I do not represent Mr. Minus in his individual capacity and am only appearing with him at deposition in connection with his role as a former Popular Bank employee. Mr. Minus indicated that he is seeking personal counsel and will have that attorney reach out to you directly to discuss this issue." Mr. Viera was advising Mr. Minus as well that he does not represent Mr. Minus personally. Mr. Minus is no longer employed at Popular nor has he been for years.

  The argument further seemed to be along the lines of whether Mr. Minus can appear virtually or not. So clearly the delays and difficulties rest on Plaintiffs who are not being reasonable here and asking a non-party to take day's off for a deposition. In fact Mr. Cook can't even tell Mr. Vieira how long he sees the deposition being, implying it could be days which for a person with little to no knowledge and not an employee of the bank that was already subpoenaed seems very unreasonable.

  We are unaware of discovery deadlines or otherwise, however this case per the Docket has been going on since 2021, it is now 2024. The Plaintiffs have the entire file from our understanding from the underlying transactions from the bank. the testimony sought is from a person who is no

# AMERI LAW FIRM
## Attorneys At Law

longer even employed by the Bank. Based on reviewing this jacket there has been no shortage of litigation.

Mr. Cook keeps talking about hypothetical testimony unsupported by any attachments from existing discovery to lead them to conclude that there could be anything in this deposition. However, Mr. Minus could also testify in contravention to Mr. Cook's beliefs which rests solely on his own opinions. Opinions which appear for three (3) years to not be advancing towards any evidence based upon my review of the jacket.

If this witness is so pivotal as Plaintiffs' counsel alleges but fails to support with why except for blanket assumptions unsupported by any tangible evidence, then the delay of three years from issuing a subpoena should not rush such an important issue such as a litigant's right to counsel.

The filing of this application was a strategic decision by Plaintiffs counsel, and it clearly impacts their deadlines. The non-party should not be prejudiced because of Plaintiffs own conduct.

The reality here is that there is a fishing expedition going on, and Plaintiffs counsel will not be able to show to the Court why Mr. Minus deposition is even necessary. As indicated above, all documents from the bank have been turned over including all communications. Mr. Minus is not an underwriter for the transaction, he can not contribute anything beyond what is already in Plaintiffs possession.

The fact that with all the documents in their possession, Plaintiffs cannot attach anything in writing that would otherwise justify their assumptions or lead to the conclusion that a deposition is necessary, speaks volumes. To then try to rush the issue of Mr. Minus choice in representation by our firm, a firm that as represented Mr. Minus in the past on multiple occasions over the last ten years on a personal level outside of any dealings with the Defendants is both inappropriate and prejudicial to this nonparty.

We ask the Court to provide us with a briefing schedule to file a cross motion to seek a protective order for Mr. Minus. Moreover, we stress the gravity of the application filed by opposing counsel and seek time to adequately address it.

# AMERI LAW FIRM
### Attorneys At Law

Our firm is not representing anyone else in this litigation for the purpose of this litigation as a named party. Mr. Minus has been a client and associate of the firm for years, his choice of counsel is his right.

Respectfully Submitted,
**AMERI LAW FIRM, LLC**

/s/ *Nima Ameri*
Nima Ameri, Esq.

CC: All Counsel of Record