June 25, 2024

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

  **Re:** *State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, 1:21-cv-05523
     Joint Ltr. re Compliance with Orders to Show Cause

Dear Judge Kuo:

  Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC, f/k/a Excel Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), Reuven Alon, Columbus Imaging Center LLC, and Medaid Radiology LLC (collectively, "Defendants," and together with Plaintiffs, the "Parties") write jointly regarding the status of Defendants' compliance with this Court's orders compelling production of all outstanding electronically stored information ("ESI") responsive to Plaintiffs' discovery demands. *See* 8/25/2023 Text Order (requiring compliance by September 8, 2023); 9/20/2023 Text Order (requiring Defendants to show cause); 11/15/2023 Text Order (requiring Defendants to comply by new dates); 2/22/2024 Text Order (requiring Defendants to produce all ESI by April 8, 2024); 4/5/2024 Text Order (requiring Defendants to produce all ESI by May 23, 2024); 5/29/2024 Text Order (requiring Defendants to produce all ESI by June 14, 2024).

  For the reasons set forth below, Plaintiffs respectfully request the Court issue a new order directing Defendants to retain a third-party vendor approved by Plaintiffs at Defendants' expense and turn over access to their email accounts to such vendor for collection and production. Plaintiffs believe this step is necessary to ensure all records are collected, preserved, and promptly produced. The Parties have met and conferred on these issues and were unable to resolve them.[1]

## RELEVANT BACKGROUND

  Following three orders compelling Defendants' production of all discovery material, a motion for sanctions based on Defendants' failure to preserve responsive discovery material, and a show cause hearing,[2] the Court convened a hearing on February 22, 2024, to discuss Defendants' failure to comply with its orders. During the hearing, Defendants represented they were in the process of retaining a vendor and would complete production of ESI by April 8, 2024. The Court then entered an order requiring Defendants to produce "**all outstanding ESI responsive to Plaintiffs' discovery demands by April 8, 2024**." 2/22/2024 Text Order. Since that date, Defendants have requested and been granted multiple extensions, first until May 23, 2024 (Dkt.

---

[1] The Parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the significant number and complexity of the issues raised herein.

[2] A detailed account of the Parties' discovery disputes and attempts to resolve them are set forth in prior submissions to the Court. *See* Dkt. 396 at 7042; Dkt. 397 at 7061; Dkt. 476 at 8451–52; Dkt. 513 at 8891-92.

533; 4/5/2024 Order), and then until June 14, 2024 (Dkt. 546; 5/29/2024 Order). Defendants' most recent submission advised that "Defendants have begun a rolling production of the documents" and "anticipate completion of the production on or before June 14, 2024." Dkt. 546. On May 24, 2024, Plaintiffs received two ESI productions: one from Citimed Surgery Center LLC containing 399 emails and related attachments, and one from Dynamic Surgery containing five emails and related attachments. Citimed Surgery is not a Party to this letter and is not subject to this Court's prior orders compelling the production of all outstanding ESI.

On June 7, 2024, Plaintiffs emailed Defendants to confirm relevant ESI had been produced on behalf of only one Defendant (Dynamic Surgery) subject to the Court's prior orders and to request Defendants prioritize ESI productions from specific custodial sources if additional time would be required to complete production beyond the June 14 deadline. In that email, Plaintiffs identified specific email addresses known to contain significant volumes of relevant discovery material (*see* Ex. 1), including two of the email addresses at issue at the show cause hearing held on October 31, 2023 (the "Show Cause Hearing"): yanmoshe@yahoo.com and rob7188090097@yahoo.com. The reason Plaintiffs know these email accounts contain responsive discovery material is because records obtained from Yahoo, Inc. confirm the existence of tens of thousands of communications between and among Defendants and co-conspirators named and unnamed in the Second Amended Complaint. Notably, Defendants represented in Court papers submitted on October 6, 2023, that much of the ESI requested had been destroyed and only a small volume of records remained to be produced. Dkt. 451 at 7926–27.

On June 13, 2024, the Parties met and conferred to discuss the status of Defendants' ESI productions in light of the June 14 compliance deadline. During the meeting, Defendants were unable to confirm whether records from the email addresses identified in Plaintiffs' June 7 correspondence had even been collected. Defendants stated they would provide a status update as to the collection and review of those emails by the following Monday, but then twice requested extensions. On June 19, Defendants advised that records for yanmoshe@yahoo.com would soon be collected and no progress had been made to collect records for rob7188090097@yahoo.com or several other email addresses under Defendants' control.

The Parties submit this letter seeking Court intervention to establish a process by which Defendants will collect and produce all responsive ESI in a timely manner.

## PLAINTIFFS' POSITION

More than nine months since the Court first ordered the production of all responsive ESI, and now a week after the most recent compliance deadline, Defendants are nowhere near producing records believed to be highly relevant. Indeed, Defendants have not even collected records from Moshe's and Alon's email accounts, and no date has been provided by which records will be collected for Alon's email. Plaintiffs seek immediate redress of Defendants' inability or unwillingness to turn over all outstanding ESI and request the Court enter a new order requiring Defendants to engage a third-party vendor, approved by Plaintiffs and at Defendants' expense, to collect and produce all responsive ESI. This drastic step is necessary to ensure both the timely completion of discovery and the preservation of all responsive records.

Defendants cannot be entrusted to preserve and produce the requested ESI. Nearly nine months ago, Plaintiffs raised concerns with Defendants' ability to preserve responsive ESI and requested the Court order them to engage a third-party vendor approved by Plaintiffs to collect and

preserve all remaining ESI in their possession, custody, or control. Dkt. 454 at 8026. Plaintiffs' concerns were well founded, as Moshe and five of his holding companies[3] claimed to have destroyed all communications relating to loans received from Popular Bank totaling tens of millions of dollars, including transactions for which Citimed[4] and other entities owned by Moshe's sister, defendant Dr. Regina Moshe, had pledged all their assets as security. Dkt. 451 at 7925. The only reason Plaintiffs knew about the loan records and related communications was because Popular Bank produced certain of them pursuant to subpoena. While the Court declined to enter such an order, it permitted Plaintiffs to pursue discovery on issues relating to the destruction and potential spoliation of records referenced in Defendants' submission, including Moshe's emails reflecting transactions between Moshe-owned holding companies and Popular Bank and Alon's emails relating to defendant Beshert Corp. *See* 10/31/2023 Text Order. Plaintiffs have since subpoenaed records from Defendants' email service providers, including Yahoo, Inc. and Google LLC. Records produced pursuant to these subpoenas contradict representations made to this Court in Defendants' October 6, 2023 submission, both as to the destruction of records and the volume of responsive discovery material yet to be produced. Metadata received from Yahoo and Google identifies the sender, recipients, and dates and times for emails stored in the email accounts, but not the content or subject lines of the communications. As a limited example of the emails stored in Moshe's Yahoo account yanmoshe@yahoo.com, there are:

- 10,822 emails with Popular Bank and its employees (3,294 emails with Damon Minus)[5]
- 11,543 emails with Citimed and its employees
- 2,753 emails with Alon
- 1,060 emails with defendant Leonid Shapiro, M.D.
- 657 emails with a Beshert email address
- 488 emails with defendant Vadim Dolsky
- 7 emails with nonparty Jelani Wray[6]

Moreover, Alon's Yahoo account rob7188090097@yahoo.com contains substantial responsive records, including 1,074 communications with a Beshert email address, despite Alon testifying as Beshert's designated corporate witness at a Rule 30(b)(6) deposition in this case that it had ***no communications*** to produce. *See* Dkt. 454 at 8029; Dkt. 454-14. As a limited example of other responsive emails stored in Alon's accounts, there are:

- 782 emails with Moshe
- 602 emails with Citimed

---

[3] These five entities are 1963 Concourse Holdings LLC, 910 East Gun Hill Holdings LLC, 65-66 Woodhaven Realty LLC, 63-36 Holdings LLC, and 9220 165 Holdings LLC (collectively, the "Moshe Holding Companies").

[4] "Citimed" refers to the following defendants: Citimedical I, PLLC, Citimed Services P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., Citimed Surgery Center LLC, and Citimed Management Services Inc.

[5] Nonparty Mr. Minus is the former Senior Commercial Relationship Officer for Popular Bank's Middle Market and Specialty Finance Group and the client relationship manager for Moshe. Plaintiffs subpoenaed him to testify at a deposition and moved to disqualify his counsel, Nima Ameri, from representing him based on Mr. Ameri's concurrent representation of Moshe, Dr. Moshe, and corporate entities owned by each, among other conflicts. *See* Dkt. 559.

[6] Jelani Wray is a prisoner serving a seven-year sentence for his role in a scheme to bribe 911 operators and hospital personnel for contact information of individuals involved in auto accidents. Plaintiffs subpoenaed him to testify at a deposition and have long been engaged in motion practice with Mr. Wray. *See* Dkt. 452 (granting motion to compel); 4/11/2024 Order (denying motion to quash). Most recently, Mr. Wray moved to quash the subpoena in the U.S. District Court for the Middle District of Pennsylvania, which Plaintiffs opposed. Chief Judge Matthew W. Brann has directed Mr. Wray to advise by June 28 whether he consents to the transfer of the motion to quash to this Court for adjudication.

- 169 emails with Shapiro
- 76 emails with Dolsky
- 1 email with Jelani Wray

These emails are prima facie responsive to Plaintiffs' initial discovery requests served on April 1, 2022, and supported by the allegations in the complaint. *See, e.g.*, Dkts. 454-1–454-6 (excerpts of initial document demands served on each Defendant); Dkt. 388 ¶¶ 146–59 (alleging Moshe's secret ownership and control of Citimed); ¶¶ 166–71 (alleging kickback and referral relationships between Moshe and Shapiro); ¶¶ 233–44 (alleging Beshert's operation as an illegal referral and patient solicitation network); ¶¶ 252–55 (alleging Moshe's involvement in patient solicitation scheme to bribe 911 operators and hospital personnel); ¶¶ 155–56, 209, 463–72 (alleging Dolsky's role in laundering proceeds from the scheme and fraudulent billing for drug screening).

Moreover, the significant volume of emails in Moshe's Yahoo account with Popular Bank contradict representations made by the Moshe Holding Companies in their submission to the Court on October 6, 2023, and during the Show Cause Hearing that all responsive records had been destroyed. These representations were the basis on which Plaintiffs accepted their production of responsive records as complete. *See* 10/31/2023 Minute Entry and Order. As such, Plaintiffs hereby request leave to renew their Motion to Enforce this Court's Order dated April 27, 2023, directing the Moshe Holding Companies to produce all communications responsive to Plaintiffs' subpoenas. *See* Dkt. 353; *see* Dkt. 382 (moving to renew motion to enforce).

Defendants' conduct now necessitates stricter oversight of their collection and review process. Plaintiffs have noticed 23 depositions on the understanding that responsive ESI would have been produced months ago. However, instead of prioritizing the review and production of records from Moshe's and Alon's accounts, Defendants instead began producing records for new defendants, such as Citimed Surgery, who were first served with discovery requests on November 3, 2023.

Defendants have been given numerous opportunities to cure their noncompliance with Plaintiffs' discovery requests served 26 months ago, and ongoing delays have impeded Plaintiffs' ability to prepare for and take depositions. Given the highly relevant nature of the ESI, the well documented pattern of noncompliance, and the prolonged period over which the parties and the Court have attempted to adopt a cooperative approach, Plaintiffs respectfully request the Court enter an order directing Defendants to retain a third-party vendor approved by Plaintiffs at Defendants' expense and turn over access to their email accounts to such vendor for collection and production.

**DEFENDANTS' POSITION**

The Defendants have been and continue to work towards finalizing the ESI discovery responses. When the February conference occurred regarding this issue, this office was just beginning to get involved in the ESI production process. The magnitude of the ESI to be collected, reviewed and produced was not clear at that time. As a result, an unrealistic deadline was unfortunately agreed to. Now that the magnitude of the ESI to be collected, reviewed and

4

produced is known, this office has been in constant communication with Plaintiff's counsel regarding the process, and what remains to be collected and produced.

To date, this firm has collected nearly 300GB of data, consisting of hundreds of thousands of documents, the majority of which are e-mails and attachments. The delays, which have been noted to Your Honor in prior correspondence dated April 4, 2024 (Docket No. 533) and May 28, 2024 (Docket No. 546), have admittedly slowed the process. Retaining the third-party vendor took significantly longer than anticipated. Organizing and scheduling the collection of the information has also taken longer than anticipated, given the large number of defendants and ESI custodians. The review process has been tedious, as each document needs to be reviewed and analyzed for responsiveness and privilege.

The process is, however, continuing. Defendants have produced two sets of responses in its rolling production. Defendants must, however, respectfully request one last thirty (30) day extension to finalize the ESI production. There is no reason for the Plaintiff to approve Defendants' vendor. Defendants have engaged Fluid Designs, a reputable IT company with extensive experience in computer forensics. Defendants have incurred significant expense in order for Fluid Designs to collect the data, and continues to do so.

Plaintiff's characterization that Defendants are "nowhere near" producing records is incorrect. As stated, this office continues to review and produce the data already collected, and is in the process of collecting the remaining data. Defendants are not trying to shirk their discovery obligations. The Defendants are not unwilling or unable to produce relevant discovery in their possession, and understand their obligation to do so.

Plaintiff's counsel should understand the significant cost, expense and length of time to collect and serve responsive ESI. Plaintiff agreed to its own ESI search terms on or about March 29, 2024, and have yet to produce any ESI responsive to Defendant's discovery demands to date.

Respectfully Submitted,

| | |
|---|---|
| By: /s/ *Christopher T. Cook* | By: /s/ *Anthony M. Juliano* |
| KATTEN MUCHIN ROSENMAN LLP | BRACH EICHLER LLC |
| Ross O. Silverman<br>Jonathan L. Marks<br>Michael L. Cardoza<br>Sarah M. Scruton<br>525 West Monroe Street<br>Chicago, Illinois 60661-3693<br>Telephone:  312.902.5200<br>ross.silverman@katten.com<br>jonathan.marks@katten.com<br>michael.cardoza@katten.com<br>sarah.scruton@katten.com<br><br>Christopher T. Cook<br>50 Rockefeller Plaza<br>New York, New York 10020-1605<br>Telephone:  212.940.8800<br>christopher.cook@katten.com<br><br>*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company* | Anthony M. Juliano<br>Shannon Carroll<br>Keith J. Roberts<br>101 Eisenhower Parkway, Ste. 201<br>Roseland, New Jersey 07068<br>973-403-3126<br>ajuliano@bracheichler.com<br>scarroll@bracheichler.com<br>kroberts@bracheichler.com<br><br>*Attorneys for Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Reuven Alon, Columbus Imaging Center LLC, and Medaid Radiology LLC* |