June 25, 2024

**VIA ECF**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Joint Ltr. re Discovery Issues

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Raouf Akl, P.T. ("Akl") and Primavera Physical Therapy, P.C. ("Primavera PT") (collectively "Defendants"), respectfully write to request the Court's assistance in addressing outstanding discovery issues. Specifically, Plaintiffs seek an order compelling 1) Defendants to provide responsive documents by a date certain, and 2) Akl to appear for a deposition by a date certain. The parties have met and conferred and were unable to resolve the disputes raised herein.

***Relevant Background.*** This motion arises out of Plaintiffs' requests for discovery and deposition testimony from Defendants. On April 1, 2022, Plaintiffs served Defendants with First Sets of Interrogatories and Requests for Production. Defendants served written responses and some documents responsive to those requests only after a joint letter was filed with the Court on August 12, 2022. Dkt. 263. Plaintiffs also served a notice for Akl's deposition on December 9, 2022, which the parties agreed to adjourn, and on March 27, 2024, Plaintiffs served a second notice setting Akl's deposition for May 17, 2024. The parties again agreed to adjourn this deposition. On May 16, 2024, Plaintiffs met and conferred with Akl's counsel and requested that deficiencies in Defendants' productions be addressed and Akl's availability for a deposition be provided. Counsel for Defendants responded he had been unable to contact Akl for some time and would provide an update on his communications with Akl by June 7. In the interim, Plaintiffs issued a second set of document requests and interrogatories to Defendants on May 31. On June 12, Plaintiffs requested an update on the status of Akl's attorney's communications with Akl. Akl's attorney subsequently moved to be discharged as counsel for both Defendants, which is set to be heard before this Court on July 2, 2024. Dkt. 553; June 14, 2024 Text Order. This letter follows.

***Plaintiffs' Position.*** Defendants possess relevant documents and should be compelled to produce them. Akl should separately be ordered to appear for deposition. Neither the request by Defendants' attorney to withdraw nor their failure to communicate with their lawyer excuses Defendants' noncompliance with discovery.

Akl's testimony and Defendants' documents are relevant to this action. Plaintiffs allege defendants submitted fraudulent claims for healthcare services provided to automobile accident victims. One part of the scheme involves defendant Leonid Shapiro, M.D. ("Shapiro") operating multidisciplinary medical clinics at more than 30 locations in New York. Shapiro and his entity Metro Pain Specialists P.C. ("Metro Pain") controlled office space where patients were treated and engaged lay office staff to run the locations and direct patient treatment. At each location, individuals working for Metro Pain and others purport to perform initial examinations to diagnose

and treat patients and virtually always refer patients for the same care. Services are then performed by providers pursuant to "pay to play" financial arrangements with Metro Pain and Shapiro.

Akl was one such "pay to play" provider. As alleged in the Second Amended Complaint, Akl and Primavera PT submitted bills for physical therapy services purportedly performed at Metro Pain's 717 Southern clinic in the Bronx. *See, e.g.*, Dkt. 388-23. These physical therapy services, to the extent they were provided, were performed on patients whom Primavera PT obtained through referrals from Metro Pain. Further, deposition testimony from defendant Amro Mahmoud Barakat, P.T., as well as Primavera PT's own financial records, show that Defendants utilized and provided physical therapy staffing services to other defendants in this case. Bills submitted for physical therapy services rendered by independent contractors are not reimbursable under New York law. *See* 11 N.Y.C.R.R. § 65-3.11. Among the documents Defendants have withheld from production are their billing data for Metro Pain clinic locations and documents, payments, and communications concerning billing and staffing services. Akl's testimony and Defendants' documents are thus relevant to, among other things: whether Shapiro and Metro Pain received kickbacks for patient referrals; Metro Pain's operations at 717 Southern; who directed patient care at 717 Southern; whether Metro Pain, Akl, Primavera PT, and others diagnosed and treated patients pursuant to a predetermined protocol; and whether and to what extent Defendants used and provided independent contractors to other defendants to perform services billed to Plaintiffs.

As Defendants are parties to the case, and the documents and testimony are relevant and proportional, they should be ordered to cure the deficiencies in their prior document productions, and Akl ordered to appear for deposition by a date certain.[1] Federal Rules of Civil Procedure 33 and 34 require written answers and discovery responses within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 requires attendance at properly noticed depositions. *See* Fed. R. Civ. P. 30(a)(1). Rule 37 grants the Court power to enter an order compelling discovery and to sanction a party for failing to comply with a properly noticed deposition. *See* Fed. R. Civ. P. 37(a)(3), 37(d)(1)(A)(i), 37(d)(3). Here, Defendants have failed to provide complete document productions and Akl's attorney has been unable to provide a date for his deposition. While Defendants' attorney suggests Plaintiffs have waived any right to receive complete productions in response to their requests for production, no legal basis is provided for this suggestion nor are Plaintiffs aware of any legal basis for the idea named defendants can avoid discovery obligations simply by ignoring them.

Akl's attorney advises Akl cannot be reached and has now sought leave to withdraw in a motion for discharge currently pending before the Court. Dkt. 553. While Plaintiffs take no position on whether counsel should be allowed to withdraw, it is critical that Defendants be ordered to produce outstanding document discovery and Akl be ordered to appear for deposition by a date certain. Defendants have already been the subject of motion practice for their failure to comply with discovery. Akl should not be allowed to avoid discovery by ignoring these proceedings and continuing to do so should lead to consequences, including a default against him and his entity. Akl further should not be allowed to delay this case while Plaintiffs are forced to wait for him to retain new counsel. Akl's behavior to date suggests that he will take this as another opportunity to ignore the case. Instead, Akl's counsel either needs to remain in the case until these discovery

---

[1] If Defendants fail to timely respond to Plaintiffs' second sets of requests for production and interrogatories, presently due on June 30, 2024, Plaintiffs would respectfully request leave to compel those responses in addition to the other issues presently before the Court.

issues are resolved, or Akl should be given a firm deadline to comply with his discovery obligations, after which he will expose himself to the consequences of ignoring the case.

Accordingly, Plaintiffs respectfully request this Court issue an order 1) directing Akl to appear for a deposition by a date certain, and 2) compelling Defendants to produce all documents responsive to Plaintiffs' First Set of Document Requests by a date certain. Plaintiffs further respectfully request that these issues be heard on July 2, 2024, in conjunction with Defendants' counsel's motion to be discharged, given the intertwined nature of these two sets of issues.

***Defendants' Position.***

Schwartz, Conroy & Hack, P.C. (Primavera Defendants' Counsel) has recently filed a motion to be relieved as counsel to the defendants AKL and PRIMAVERA based on a substantial balance owed for past work; lack of cooperation; and a lack of payment for future anticipated discovery such as defending at a deposition. A hearing has been scheduled with the Court on July 2, 2024. We have heard nothing back from him since serving the motion. We have served the Order scheduling the hearing by e-mail and overnight mail and certified mail and informed Akl he was ordered to appear but have heard nothing from Akl to date.

Akl and Primavera produced written responses and Interrogatories as far back as August 2022 as well as over 240 pages of documents. Although we met and conferred about certain alleged deficiencies in September of 2022, we heard nothing back from State Farm's counsel as to deficiencies until May 7, 2024. We submit on our clients' behalf that their failure to follow-up about any deficient responses for twenty (20) months has waived any further discovery based on this initial demands and interrogatories and they have to be satisfied with what was produced. Even if they have not, we have been unable to get our client to respond to our requests for further information and documents.

Plaintiffs' counsel had also served a notice for Akl's deposition on December 9, 2022, which was adjourned without date. Plaintiffs' counsel did not follow up with any deposition date until they served a second notice for a May 17, 2024 deposition. We met and conferred and they agreed to adjourn that deposition pending resolution of the discovery dispute.

Plaintiff's counsel has also served a second discovery demands and interrogatories on Akl and Primavera dated May 31, 2024 with responses due thirty (30) days later. The date is approaching but despite due diligence, we have been unable to contact Mr. Akl to get the information and documents necessary to respond to these demands and interrogatories.

Therefore, the Akl Defendants' Counsel are not in position to respond to written discovery or promise a date on when AKL will appear for a deposition. Akl had previously indicated his ability and willingness to be deposed back when first noticed in 2022, but we have not been able to contact him now about the recent notice. Previously, he had been in contact with us. We did request in our motion to withdraw that the Court stay any deadlines and events relative to these parties until such time as Akl and Primavera retain new counsel, and we again request that here. As Mr. Akl is one small piece in this large litigation, being one individual physical therapist, Akl can be given time to retain new counsel for himself and his company with minimal disruptions to the remainder of the case, which can still proceed against the myriad of other parties. Also, Your Honor did grant similar consideration to our other client, Hassan and Nile Rehab, when we moved to withdraw as their representation.

Respectfully submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Robert E. Hewitt*

SCHWARTZ, CONROY & HACK, PC

Robert E. Hewitt
Matthew J. Conroy
666 Old Country Road
Suite 900
Garden City, NY 11530
Telephone: 516-745-1122
Facsimile: 516-745-0844
aja@schlawpc.com
reh@schlawpc.com

*Attorneys for Defendants Raouf Akl, P.T. and Primavera Physical Therapy, P.C.*