UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,<br><br>  Plaintiffs,<br><br>v.<br><br>Metro Pain Specialists, P.C. et al.,<br><br>  Defendants. | Case No. 1:21-cv-05523-MKB-PK<br><br>Hon. Margo K. Brodie<br><br>Magistrate Peggy Kuo |

**AFFIDAVIT FOR CERTIFICATE OF DEFAULT AGAINST
DEFENDANT LEONARD LUNA, D.C.**

STATE OF NEW YORK

COUNTY OF NEW YORK

   CHRISTOPHER T. COOK, being duly sworn, deposes and states:

   1. I am duly licensed to practice law in the State of New York. I am employed by the law firm Katten Muchin Rosenman LLP, attorneys for Plaintiffs in this matter, and I am familiar with the facts and circumstances in this action.

   2. I make this affidavit pursuant to Rule 55.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, in support of Plaintiffs' application for a Certificate of Default against Defendant Leonard Luna, D.C. ("Luna").

   3. Luna is not an infant, in the military, or an incompetent person. *See* Exhibit 1.

   4. This is an action seeking damages against, among others, Luna, arising from a systemic defrauding of Plaintiffs by the Defendants, including Luna.

5. Jurisdiction of the subject matter of this action is based on claims that arise under the laws of the United States (violations of 18 U.S.C. § 1961 *et seq.*). Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over state-law and declaratory judgment claims. Pursuant to 28 U.S.C. § 1332(a)(1), jurisdiction over the state-law and declaratory judgment claims also is based on diversity of the parties and because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. On August 17, 2023, Plaintiffs filed a Second Amended Complaint against Luna among other defendants, asserting claims for violations of RICO, common law fraud, unjust enrichment, aiding and abetting fraud, and declaratory relief pursuant to 28 U.S.C. § 2201. *See* ECF No. 388.

7. On August 30, 2023, the summons and Second Amended Complaint were served on Luna. When the process server arrived at Luna's address, the process server saw that Luna was inside the home, knowing it was Luna because of a photograph he had seen. The process server stated that he had legal documents for Luna, but Luna refused to answer or open the door. As such, the process server left the documents at the front entrance of Luna's home. *See* ECF 440, attached hereto as Exhibit 2. Thus, successful service was effected on Luna pursuant to CPLR 308(1).

8. Luna had until September 20, 2023 to file an answer or other response to the Second Amended Complaint. *See* ECF No. 440 Text Entry.

9. As the record demonstrates, Luna has failed to answer or otherwise respond to the Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request the Clerk of the Court enter a Certificate of Default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1 as to Defendant Luna. A proposed Certificate of Default is attached hereto as Exhibit 3.

_____
Christopher T. Cook

SUBSCRIBED AND SWORN
to me on this 26th day of ~~March,~~ June, 2024

_____
Notary Public

WILLETTE C. HAMILTON
Notary Public, State of New York
No. 01HA6035511
Qualified in Queens County
Certificate filed in New York County
Commission Expires January 3, 2026