UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Metro Pain Specialists, P.C. et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-05523-MKB-PK<br><br>Hon. Margo K. Brodie<br><br>Magistrate Peggy Kuo |

**AFFIDAVIT FOR CERTIFICATE OF DEFAULT AGAINST
DEFENDANT SJM ACUPUNCTURE P.C.**

STATE OF NEW YORK

COUNTY OF NEW YORK

　　　　CHRISTOPHER T. COOK, being duly sworn, deposes and states:

　　　　1.　　I am duly licensed to practice law in the State of New York. I am employed by the law firm Katten Muchin Rosenman LLP, attorneys for Plaintiffs in this matter, and I am familiar with the facts and circumstances in this action.

　　　　2.　　I make this affidavit pursuant to Rule 55.1 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, in support of Plaintiffs' application for a Certificate of Default against Defendant SJM Acupuncture P.C. ("SJM Acupuncture").

　　　　3.　　SJM Acupuncture is not an infant, in the military, or an incompetent person.

　　　　4.　　This is an action seeking damages against, among others, SJM Acupuncture, arising from a systemic defrauding of Plaintiffs by the Defendants, including SJM Acupuncture.

5. Jurisdiction of the subject matter of this action is based on claims that arise under the laws of the United States (violations of 18 U.S.C. § 1961 *et seq.*). Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over state-law and declaratory judgment claims. Pursuant to 28 U.S.C. § 1332(a)(1), jurisdiction over the state-law and declaratory judgment claims also is based on diversity of the parties and because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. On August 17, 2023, Plaintiffs filed a Second Amended Complaint against SJM Acupuncture, among other defendants, asserting claims for violations of RICO, common law fraud, unjust enrichment, aiding and abetting fraud, and declaratory relief pursuant to 28 U.S.C. § 2201. *See* ECF No. 388.

7. On August 31, 2023, SJM Acupuncture was served pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) by personal delivery of the summons and Second Amended Complaint to Sue Zouky, an agent in the Office of Secretary of State of the State of New York. *See* ECF No. 423, attached hereto as Exhibit 1.

8. SJM Acupuncture had until September 21, 2023 to file an answer or other response to the Second Amended Complaint. *See* ECF No. 423 Text Entry.

9. As the record demonstrates, SJM Acupuncture has failed to answer or otherwise respond to the Second Amended Complaint.

WHEREFORE, Plaintiffs respectfully request the Clerk of the Court enter a Certificate of Default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1 as to Defendant SJM Acupuncture. A proposed Certificate of Default is attached hereto as Exhibit 2.

Christopher T. Cook

SUBSCRIBED AND SWORN
to me on this 21 day of ~~March~~, 2024
                        JUNE

_____
Notary Public

WILLETTE C. HAMILTON
Notary Public, State of New York
No. 01HA6035511
Qualified in Queens County
Certificate filed in New York County
Commission Expires January 3, 2026