# AMERI LAW FIRM
## — Attorneys At Law —

July 17, 2024

**Via Electronic Filing:**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                RE:    State Farm Mut. V. Metro Pain
                         Case No.: 1:21-cv-05523-MKB-PK

Dear Judge Kuo:

Please accept this letter brief in support of non-party Damon Minus opposition to the Motion to Disqualification and Cross Motion to Quash.

    I.        THE COURT SHOULD QUASH THE SUBPOENA

Under *Rule* 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted). Pursuant to Rule 45, a party may serve a subpoena on a non-party, although a non-party to whom a subpoena is addressed may object to the subpoena. *See* Fed. R. Civ. P. 45(c)(2). Under Rule 45(c)(3), the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." *Fed. R. Civ. P*. 45(c)(3). *Cerco Bridge Loans 6 LLC v. Schenker*, 2024 U.S. Dist. LEXIS 125227, *3-4

# AMERI LAW FIRM
### Attorneys At Law

"The party seeking discovery [from a non-party under Rule 45] bears the initial burden of proving that the information and testimony sought in the subpoena are relevant and proportional to the needs of the case." *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 1555685, at *2-*3 (S.D.N.Y. Apr. 10, 2024) (internal citation omitted).

"A subpoena that pursues material with little apparent or likely relevance to the subject matter . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). "Determining undue burden requires a court to balance relevance, a party's need for the documents, whether the documents are available from other sources, the particularity with which the documents are described, and costs." *Sec. & Exch. Comm'n v. Archer*, No. 16 Civ. 3505, 2018 WL 3424449, at *1 (S.D.N.Y. July 2, 2018). "[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome." *In re 650 Fifth Ave. & Related Props.*, No. 08 Civ. 10934, 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). Another factor "that goes to 'undue burden' is whether the requested information can be obtained from the parties themselves." *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34, which governs discovery between parties, rather than subpoenaing them from a non-party witness pursuant to Rule 45." *Id. Cerco Bridge Loans 6 LLC v. Schenker*, 2024 U.S. Dist. LEXIS 125227, *4-5.

Here, the case is about insurance fraud and medical billing practices. The fact that real estate transactions were done is irrelevant. Most importantly, the Plaintiffs are in possession of all the documents relating to the transaction which include the emails, financials used, credit review documents and whatever else the Bank relied upon. The deposition of an employee who was taken

off Mr. Moshe's accounts in 2021 and stopped working for the bank in 2023 has little apparent or likely relevance to the subject matter of the lawsuit which is insurance fraud.

The pleadings fail to address how this would be relevant to the causes of action beyond a fishing expedition. This testimony cannot be shown to be relevant or proportional to the needs of the case. Plaintiffs can depose someone from Banco from credit or otherwise to discuss the loan, they don't need an ex-employee who would be forced to take a day off from work at great expense.

II. NIMA AMERI, ESQ SHOULD NOT BE DISQUALIFIED BASED UPON OPPOSING COUNSELS SELF-SERVING ASSUMPTIONS AND GUESSES.

The choice of an attorney is a paramount right to a litigant. The disqualification of one based on the self-serving objections of the opposing party, based upon conjecture and assumptions, is an inappropriate application and must be denied to preserve the integrity of a litigants right to choose their own representation.

"Courts require parties seeking disqualification of counsel to meet a high standard of proof before disqualification may be granted."); *In re Del-Val Financial Corp. Sec. Litig.,* 158 F.R.D. 270, 273 [*98] (S.D.N.Y. 1994) (Conner, J.) ("Disqualification is a case-by-case determination, and the moving party bears a heavy burden of proving facts showing that disqualification is warranted."). Thus, disqualification motions are generally viewed with disfavor. *See Locascio,* 6 F.3d at 935 ("Disqualification is a drastic measure, [and] the district court is in the best position to evaluate what is needed to ensure a fair trial."); *In re Maritima Aragua, S.A.,* 847 F. Supp. at 1179 ("The principle reason for [the disfavor] is that disqualification of counsel impinges on parties' rights to employ the counsel of their choice."); *Ullrich v. Hearst Corp.,* 809 F. Supp. 229, 236

AMERI LAW FIRM
—— Attorneys At Law ——

(S.D.N.Y. 1992) (Leval, J.) ("The Court of Appeals [for the Second Circuit] has cautioned that motions to disqualify counsel . . . can inflict serious harm on the party whose lawyer is disqualified . . . 'for in disqualification [**18] matters we must be solicitous of a client's right freely to choose his counsel'") (quoting *Evans v. Artek Sys. Corp.,* 715 F.2d 788, 791 (2d Cir. 1983). *United States v. Escobar-Orejuela*, 910 F. Supp. 92, 97-98 (1995).

The objective of the disqualification rule is to "preserve the integrity of the adversary process," *Board of Education of the City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). [**9]  However, while we have not hesitated to disqualify counsel when the circumstances warranted it, we have also noted that "there is a particularly trenchant reason for requiring a high standard of proof on the part of one who seeks to disqualify his former counsel, for in disqualification matters we must be solicitous of a client's right freely to choose his counsel -- a right which of course must be balanced against the need to maintain the highest standards of the profession." *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). We have also noted that disqualification motions "are often interposed for tactical reasons," and that "even when made in the best of faith, such motions inevitably cause delay." *Board of Education v. Nyquist, supra*, 590 F.2d at 1246 (2d Cir. 1979); see *Allegaert v. Perot*, 565 F.2d 246, 251 (2d Cir. 1977). *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791-792 (1983).

In the case at hand, the Plaintiffs have all the emails they are referencing have Nima Ameri, Esq.'s communications in. There is no conflict, nothing confidential, or otherwise.  Mr. Ameri, being on the board of Hudson Regional Hospital, which is not named in the suit is another read hearing.

# AMERI LAW FIRM
## Attorneys At Law

Mr. Ameri has never represented any of the named parties in healthcare fraud litigation. Mr. Ameri is not representing any of the named parties in the current litigation. His coverage of this case is not a conflict in any capacity.

Plaintiffs' entire application is based on hypotheticals, which even if true would still not amount to a conflict. Mr. Ameri did not solicit Mr. Minus. Mr. Minus came to Mr. Ameri who first sent him away to seek counsel through Banco Popular. When they rejected him, Mr. Minus on his own returned to Mr. Ameri. Mr. Minus has used Mr. Ameri in the past for personal legal advice, and this relationship is not a new one between the individuals.

Mr. Ameri cannot help that people respect and admire his legal capabilities which they may come to know of through other cases. That is a compliment, not a conflict. Plaintiffs counsel is upset because rather than placating this fishing expedition, Mr. Ameri is standing for Mr. Minus' rights and demanding accountability for why counsel believes the deposition is even necessary. Tacitly, Plaintiffs now seek to deprive the non-party of the assertive litigation that Mr. Ameri is known for, a trait that Mr. Minus himself sought out. Instead, Plaintiffs argue that Mr. Ameri doing his job and looking out for his client, Mr. Minus best interests, is impeding their ability to steam role Mr. Minus and they don't like it. The solution therefore is that Mr. Ameri must be taken out as an obstacle so they can resume going after Mr. Minus pro-se, pretending the bank attorney is looking out for him when everyone knows Banco Popular is looking only out for Banco Popular, not an ex-employee.

Respectfully Submitted,
AMERI LAW FIRM, LLC

/s/ *Nima Ameri*
Nima Ameri, Esq.

Cc: Client

# AMERI LAW FIRM
## Attorneys At Law

All Counsel of Record