UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE and CASUALTY COMPANY,

          Plaintiffs,

   -against-

METRO PAIN SPECIALISTS, P.C. et al.,

          Defendants.

Case No.: 1:21-cv-05523-MKB-PK

Hon. Margo K. Brodie

Magistrate Peggy Kuo

-----------------------------------------------------------X

## CERTIFICATION OF DAMON MINUS

I, DAMON MINUS, being duly sworn, deposes and states:

1. I, Damon Minus, was formerly employed at banco popular as a relationship manager and sales.

2. This included deposits, cash management tools like wires, remote deposit capture, to sell bank products. Inclusive of my job would be to try to get my clients to go to Banco Popular for loans.

3. I would introduce the clients to our lending team and that would be the end of my involvement beyond regular client relationships.

4. As it related to the loans that are the subject of investigation, I had nothing to do with approval, credit, review, or otherwise. I simply submit to credit for the loans. I have nothing to do with underwriting. I take the application and submit it to the credit department, I myself have no approval authority.

5. I don't really remember the details of the closings that dealt with the parties in this transaction.

6. I have not been with Banco Popular since May of 2023. I am not an authorized representative of Banco Popular to testify for their procedures.

7. There is nothing that I can add to this case, because I have nothing to add, I was not involved in the technical aspects or credit. Whatever the documents reflect are what involved in the transaction.

8. Plaintiffs are asking me to take off work, refusing to allow a zoom deposition, and seek to question me on this case which I have reviewed the complaint briefly and am confused what if anything I have to do with this case.

9. Ken Mitchell and Andrew Bolan took me off of loans dealing with Yan Moshe since 2021 anyway.

10. My deposition is not only harassive, but a waste of my time. I can't take time off from work without compensation. To require me also to go in person as opposed to a zoom is also unnecessarily harassive.

11. I believe this all to be a fishing expedition. Plaintiffs counsel concedes that they have emails and other documents they received from Banco Popular. If they have the emails, they know the content of the same. My testimony can't be any more valuable, nor have they demonstrated why they need it.

12. As it relates to Nima Ameri, Esq., I should be entitled to choose my own attorney. How the Plaintiffs feal about it is irrelevant.

13. He does not nor has represented any of the named parties in this case.

14. Nima has been an attorney for me for many years on personal matters. I have always liked his work and have sought legal advice from him on personal business and church matters over the years.

15. I reached out to Nima Ameri, Esq. to assist me on this, he did not reach out to me, nor was he aware of the issue until I asked to retain him. I should be allowed to use who I trust and please.

16. The fact that my lawyer knows other people in this case is irrelevant, I trust Nima Ameri, Esq. to have my best interest in mind and to fight for what I ask for. He works for me and responds to my concerns. I have no question about his loyalty to me as his client and his professional responsibilities.

17. The Plaintiffs allude to possible issues without explanation as to what they are and wish to dictate who is my counsel.

18. Also, the reference to their being two attorneys for me is wrong. I was advised by Mr. Ameri before I retained him that I should first seek out representation from Banco Popular because they were my employer. I did that, and I thought they had given me an attorney.

19. I was advised by John M. Viera, Esq. that he was in fact not my attorney and only represented the banks interests. He was without my permission or authorization negotiating my deposition, however not as my attorney but as the banks. His email is Jviera@popular.com.

20. Mr. Viera told me numerous times when I asked him questions that there are certain things that he can not speak with me about because he represents the bank and I should get my own counsel, which I did.

21. I did not have two attorneys, Mr. Ameri sought me to get covered by my former employer, when they didn't, I went back to him. The fact that Mr. Ameri sent me to another lawyer also demonstrates that there is no conspiracy theory as Plaintiffs' counsel alleges.

22. I wanted an attorney to look out for my interest, not the banks. That is why I went and asked Nima Ameri, Esq., to represent me.

23. I ask that Mr. Ameri not to be disqualified as my chosen attorney and that the subpoena against me be quashed as a fishing expedition. In the alternative, I ask the Court to limit the time of the deposition, have Plaintiffs pay me for my lost work time, and allow it to be done over Zoom.

I certify the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Damon Minus