UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

                Plaintiffs,

v.

METRO PAIN SPECIALISTS P.C., TRI-BOROUGH NY MEDICAL PRACTICE P.C., LEONID SHAPIRO, M.D., MOHAMED SAYED AHMED HASSAN, P.T., NILE REHAB PHYSICAL THERAPY, P.C., IRINA KATAEVA, P.T., CITYWORKS PHYSICAL THERAPY P.C., AMRO MAHMOUD BARAKAT, P.T., BARAKAT PT, P.C., RAOUF AKL, P.T., PRIMAVERA PHYSICAL THERAPY, P.C., AHMED MAHMOUD ABDELSH ELMANSY, P.T., SKY LIMIT PHYSICAL THERAPY, P.C., SHERWIN CATUGDA PALLER, P.T., FLORAL PARK PHYSICAL THERAPY, P.C., LEONARD LUNA, D.C., KINGS CHIROPRACTIC WELLNESS, P.C., JONGDUG PARK, D.C., ALL ABOUT CHIROPRACTIC P.C., J PARK CHIROPRACTIC P.C., PAUL VICTOR SCARBOROUGH, D.C., A.O.T. CHIROPRACTIC P.C., EVOLUTION CHIROPRACTIC P.C., STACY JUYOUNG MOON, L.AC., SJM ACUPUNCTURE P.C., HYEONGSOCK CHOI, L.AC., CHOICE ACUPUNCTURE PLLC, CHOI-GO ACUPUNCTURE PLLC, PETER KOPACH, L.AC., FIRST ALTERNATIVE PLM ACUPUNCTURE P.C., REUVEN ALON *a/k/a* ROB ALON, COLUMBUS IMAGING CENTER LLC, MEDAID RADIOLOGY LLC, REGINA MOSHE, M.D., YAN MOSHE *a/k/a* YAN LEVIEV, CITIMEDICAL I, PLLC, HACKENSACK SPECIALTY ASC LLC *f/k/a* DYNAMIC SURGERY CENTER LLC, INTEGRATED SPECIALTY ASC LLC *f/k/a* HEALTHPLUS SURGERY CENTER LLC, RIGHT AID MEDICAL SUPPLY CORP.,

**ORDER**
21-CV-5523 (MKB) (PK)

CITIMED SERVICES, P.A., CITIMEDICAL SERVICES P.C., CITIMED COMPLETE MEDICAL CARE P.C., CITIMED MANAGEMENT SERVICES INC., CITIMED SURGERY CENTER LLC, VADIM DOLSKY, OPTIMUM HEALTH ACUPUNCTURE P.C., MARK GLADSTEIN, M.D., ADVANCED COMPREHENSIVE LABORATORY LLC, VICTORIA FRENKL, BESHERT CORP., NIZAR KIFAIEH, M.D., PREMIER ANESTHESIA ASSOCIATES P.A., NJMHMC LLC, STAR SOLUTION SERVICES INC., SCOB LLC, and JELANI WRAY,

                      Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company commenced the above-captioned action on October 5, 2021, (Compl., Docket Entry No. 1), and filed an Amended Complaint on December 14, 2021, (Am. Compl., Docket Entry No. 63), and a Second Amended Complaint on August 17, 2023, alleging, *inter alia*, that Defendants wrongfully obtained no-fault insurance reimbursements for medically unnecessary healthcare services in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d), and are liable for common law fraud, aiding and abetting fraud, and unjust enrichment, (Second Am. Compl. ¶¶ 1, 516–543, Docket Entry No. 388).

On July 2, 2024, Magistrate Judge Peggy Kuo issued a report and recommendation recommending that the Court "issue an order to show cause as to why [non-party] Dr. [Michael] Alleyne should not be found in contempt" for failing to comply with a subpoena to produce documents (the "R&R"). (Min. Entry, Report & Recommendation & Certification of Facts Constituting Contempt dated July 2, 2024.) For the reasons set forth below, the Court adopts the

2

R&R and orders Dr. Alleyne to show cause in writing on or before August 2, 2024, why the Court should not hold him in contempt for failing to comply with Plaintiffs' subpoena.

## I. Procedural background

On May 31, 2024, Plaintiffs moved for an order to show cause why non-party Dr. Alleyne should not be held in contempt for failing to comply with a subpoena to produce documents after he was served twice with the subpoena. (Pls.' Mot. for Order to Show Cause 1, Docket Entry No. 548.) On June 3, 2024, Judge Kuo ordered Dr. Alleyne to respond to Plaintiffs' motion by June 10, 2024. (Order dated June 3, 2024.) On June 13, 2024, after Dr. Alleyne failed to respond to the Court's Order, the Court scheduled a hearing on the motion for an order to show cause, but Dr. Alleyne failed to attend. (Order to Show Cause dated June 13, 2024; Order Granting Pls.' Mot. to Adjourn Hr'g dated June 17, 2024; R&R.) At the hearing, Plaintiffs requested that "Dr. Alleyne be found in contempt and that a daily sanction be imposed until he complies with the subpoena." (R&R.) After the hearing, Judge Kuo issued the R&R recommending that the Court "issue an order to show cause as to why Dr. Alleyne should not be found in contempt at a date and time to be set by" the Court. (*Id.*) Judge Kuo also directed Plaintiffs to serve a copy of the R&R on Dr. Alleyne and file proof of service on the docket by July 3, 2024, which Plaintiffs did. (*Id.*; Proof of Service, Docket Entry No. 578.)

No objections to the R&R have been filed and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further

3

judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

The Court orders Dr. Alleyne to show cause in writing on or before August 2, 2024, why the Court should not hold him in contempt for failing to comply with Plaintiffs' subpoena. Plaintiffs are directed to serve a copy of this Order on Dr. Alleyne and to file proof of service with the Court.

Dated: July 23, 2024
       Brooklyn, New York

                                            SO ORDERED:

                                                s/ MKB
                                       MARGO K. BRODIE
                                       United States District Judge