# Katten

50 Rockefeller Plaza
New York, NY 10020-1605
+1.212.940.8800 tel
katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
+1.212.940.6488 direct
+1.212.940.8776 fax

August 21, 2024

**VIA ECF**
Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 –Ltr. re Discovery Issues

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully write to request the Court's assistance in addressing outstanding discovery issues. Specifically, Plaintiffs seek an order compelling defendant Paul Victor Scarborough, D.C. ("Scarborough") to appear for a deposition by a date certain. While Plaintiffs made multiple attempts to meet and confer with Scarborough pursuant to this Court's Individual Practice Rule VI.A.1, including reaching out to counsel for Scarborough twice in the last two weeks, Scarborough failed to respond. Thus the parties were unable to resolve the dispute raised herein.

***Relevant Background.*** This dispute arises out of Plaintiffs' request for deposition testimony from Scarborough. Plaintiffs have three times noticed dates for Scarborough's deposition. At Scarborough's request, Plaintiffs adjourned each deposition. Prior to noticing the second and third dates for his deposition, the parties negotiated and agreed to firm dates with Scarborough's counsel. Since the most recent adjournment on July 26, Plaintiffs have five times requested firm dates on which Scarborough will appear and testify. Scarborough has yet to provide any date for his deposition. This letter follows.

***Plaintiffs' Position.*** Scarborough will provide relevant testimony and should be ordered to appear for deposition. In part, Plaintiffs allege defendant Leonid Shapiro, M.D. ("Shapiro") operated multidisciplinary medical clinics at more than 30 locations in New York. Shapiro and his entity Metro Pain Specialists P.C. ("Metro Pain") controlled office space where patients were treated and engaged lay office staff to run the locations and direct patient treatment. At each location, individuals working for Metro Pain and others purport to perform initial examinations to diagnose and treat patients and virtually always refer patients for the same care. Services are then performed by providers pursuant to "pay to play" financial arrangements with Metro Pain and Shapiro.

Scarborough was one such "pay to play" provider. As alleged in the Second Amended Complaint, Scarborough and his entities, A.O.T. Chiropractic P.C. ("AOT Chiropractic") and Evolution

# Katten

August 21, 2024
Page 2

Chiropractic P.C. ("Evolution Chiropractic"), "rented" space from Metro Pain and submitted bills for chiropractic and electrodiagnostic services purportedly performed at Metro Pain's 717 Southern and 2451 E. Tremont clinics.  *See, e.g.*, Dkt. 388-23, 388-24.  These chiropractic services, to the extent they were provided, were performed on patients whom AOT Chiropractic and Evolution Chiropractic obtained through referrals from Metro Pain.  Scarborough's testimony is thus relevant to, among other things: whether Shapiro and Metro Pain received kickbacks for patient referrals; Metro Pain's operations at 717 Southern and 2451 E. Tremont; who directed patient care at 717 Southern and 2451 E. Tremont; and whether Metro Pain, Scarborough, AOT Chiropractic, Evolution Chiropractic, and others diagnosed and treated patients pursuant to a predetermined protocol.

As Scarborough is a party to the case and his testimony is relevant and proportional, Scarborough should be ordered to appear for deposition by a date certain.  Rule 30 requires attendance at properly noticed depositions.  *See* Fed. R. Civ. P. 30(a)(1).  Rule 37 grants the Court power to enter an order compelling discovery and to sanction a party for failing to comply with a properly noticed deposition.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i), 37(d)(3).  Here, Scarborough has failed to provide a date for his deposition after three adjournments and has since repeatedly failed to provide a date on which he will appear and testify.

Accordingly, Plaintiffs respectfully request this Court issue an order directing Scarborough to appear for a deposition by a date certain.

**_Defendant's Position._**  As described above, Plaintiffs made multiple attempts to meet and confer with counsel for Scarborough regarding this dispute and repeatedly sought Scarborough's position for this letter, including most recently on August 20, 2024.  As counsel for Scarborough failed to respond, Plaintiffs were unable to include Scarborough's position in this letter.

Respectfully submitted,

/s/ *Christopher T. Cook*

Christopher T. Cook