# EXHIBIT 1

**RE: REQUEST FOR INFORMED CONSENT UNDER RPC 1.7(B) AND 1.8(F)**

Gentlemen:

As you know, Ameri Law Firm (the "Firm") has represented Yan Moshe, Regina Moshe and Damon Minus in matters unrelated to the pending arrangement between the Ameri Law Firm, LLC (Nima Ameri) and his representation of Damon Minus. While in the related matter, this firm only represents the interests of Damon Minus, because of the previous representations of all the parties and the continued representation of Mr. Yan Moshe in personal matters unrelated to the litigation this Conflict Waiver's execution is requested. Because of the continued representation of both individuals in unrelated matters.

Simultaneous representation of parties with adverse interests by attorneys in the same law firm involves a number of departures from professional norms and should not be undertaken by any such party without careful consideration. In particular, you should be aware of the following.

1. Under applicable rules of professional conduct, a law firm owes each of its clients a duty of loyalty, which would normally preclude any attorney within the firm from undertaking a representation adverse to any client of the firm without the affected client's informed consent. Other rules generally prohibit a firm from undertaking any representation involving an actual or potential conflict of interest without the informed consent of all affected parties. Such a situation exists whenever a firm represents two clients simultaneously in a matter in which their interests are actually or potentially adverse.

2. The conflict of interest, and the need for informed consent, exist no matter how cordial the business relationship between the two parties currently is or is anticipated to be, and no matter how non-controversial the Arrangement is anticipated to be.

3. The conflict of interest, and the need for informed consent, exist even where different "client teams" within the firm act on behalf of each client and an "ethical screen" is erected between the client teams that prohibits the sharing of either client's confidences with the members of the other client's team.

4. We do not recommend simultaneous representation of adverse parties and have not recommended this simultaneous representation to you. We have recommended, instead, that each party seek separate representation which you sought but nonetheless returned to the Ameri Law Firm.

5. It may not be possible for a single law firm to represent both parties to the Arrangement in the same aggressive manner as would two separate and independent law firms. By giving the consent requested in this letter, you are, in effect, waiving that kind of zealous representation of your individual and conflicting interests with respect to the Arrangement. It is possible that each or both of you might be advised by independent counsel to demand or offer different or more favorable terms and conditions with respect to the Arrangement than we can or will demand or offer.

6. Regardless of the terms upon which the matters between the two clients are concluded, the fact that one law firm has been involved in the representation of both parties may give

rise to a perception on the part of shareholders, investors or other third parties that different terms might have been arrived at had each of you had separate representation by an independent law firm.

       7.    If a dispute should arise in the future between the two of you concerning the Arrangement or any other aspect of your dealings with each other, we will withdraw, or would be disqualified, from representing either or both of you with regard to that dispute or any other relationship you might then have with each other. You would then each have to retain separate counsel, resulting in additional expense and inconvenience that you might not have incurred had you been separately represented from the outset.

       8.    You should also consider that we are prohibited from disclosing to either of you confidential information we may have obtained/may obtain during our separate representation of each you and we will not be able to advocate for you in a manner that considers such confidential information, even if such confidential information is material to your rights and obligations in connection with the Arrangement.

      9. **You Damon Minus, hereby affirm that you understand that Attorney Ameri previously represented, and currently represents, Defendant Yan Moshe, and (2) Mr. Minus waives any conflict of interest.**

As evidenced by your respective signature below, you acknowledge, understands, represents, warrant, and agrees that it (1) has carefully read this letter in its entirety; (2) has been afforded the opportunity to consider fully the terms and conditions of this letter; (3) fully understands the significance of all of the terms and conditions of this letter; (4) is signing this letter voluntarily and of its own free will and understands and accepts all the terms and conditions contained herein, (5) will not seek confidential information regarding any other client or otherwise interfere with the Firm's professional judgment or lawyer-client relationship vis-à-vis the other client, and (6) will not object to the Firm's representation of the other client in any current or subsequent matters.

**You also acknowledge that you were in fact a participant in the oral argument for the motion before the Court and heard the Courts concerns, instructions, Mr. Ameri's representations and the proposed issues and conflicts presented by counsel for the Plaintiff and still wish to continue with the Ameri Law Firm's representation of you and waive any conflict that may exist.**

We would be pleased to answer any questions you may have concerning this representation or this requested consent. If you have any questions, please contact me. Thank you.

_____
Damon Minus