UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al

                    Index #: 1:21-CV-05523-MKB-PK

           Plaintiffs,

DECLARATION OF PETER M. BIRZON IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR FIRST ALTERNATIVE PLM ACUPUNCTURE, P.C. AND PETER KOPACH, L.Ac.

METRO PAIN SPECIALISTS, P.C., et al
           Defendants
-----------------------------------------------------------------X

Peter M. Birzon, Esq. being duly sworn, deposes and says:

1.      I am a member of the firm Peter Birzon & Associates, P. C. The attorneys for FIRST ALTERNATIVE PLM ACUPUNCTURE, P. C. and its owner PETER KOPACH (collectively, the "KOPACH DEFENDANTS"). I respectfully submit this declaration pursuant to local Civil Rule 1.4 in support of my firm's application to withdraw as the attorney of record for the KOPACH DEFENDANTS.

2.      My firm was retained by the KOPACH DEFENDANTS on or about March 14, 2023 to defend the within lawsuit.

3.      Since that time, your declarant has represented the KOPACH DEFENDANTS by the filing of answers, serving responses to Plaintiffs' demands for interrogatories and document demands, serving interrogatories and document demands upon Plaintiffs, engaging in settlement discussions, and by reviewing the codefendants' discovery materials that may be relevant to my

clients' defense in the very lengthy, voluminous and comprehensive discovery process that is part of this case. Your declarant has also participated in several conferences before the Court.

4.  On April 1, 2022 Plaintiffs had served both of the KOPACH DEFENDANTS with demands for the production of documents and demands for interrogatories. Former counsel for the KOPACH DEFENDANTS had passed and your declarant entered his appearance as counsel on March 14, 2023. By August 3, 2023 the Kopach DEFENDANTS substantially complied with the interrogatory demands but had only partially complied with the demands for document production. During a settlement conference before the Court on November 15, 2023, Plaintiff requested production of a number of outstanding documents in the presence of the KOPACH DEFENDANTS and it was agreed that they would be provided within the month. No documents were received thus Plaintiffs' sent several requests for compliance with these document demands in the spring, summer and fall of 2024. While your declarant had been able to work with the KOPACH DEFENDANTS to procure certain documents during the spring and summer of 2023, it has now been approximately one year since your declarant has been able to gain these clients' cooperation.

5.  Settlement discussions were attempted with the Court's assistance on November 15, 2023, but such discussions were not productive. In part, settlement discussions did not progress toward compromise because of the incomplete production of documents on the part of the KOPACH DEFENDANTS. Indeed, since the Court's settlement conference Mr. Kopach has been unwilling to provide responsive information or documents or present to my office to review the status of his case, despite several promises to do so. It is important to understand the context of the KOPACH DEFENDANTS' status as a small sole proprietorship, which makes the inability to produce documents or information as to their unavailability difficult to accept as counsel.

6. Since the November, 2023 conference your declarant has left at least 6 telephone messages on Mr. Kopach's voicemail and sent no fewer than 10 emails explaining the status of the matter and requesting his cooperation; and, except for a 15-minute phone call that was had with Mr. Kopach on July 25, 2024, there has been no substantive communication from him in approximately 11 ½ months. While he will occasionally respond to an email telling me that he received my email and will cooperate in the near future, there is no follow-through other than a sporadic and a brief acknowledgment that he received another email from me.

7. What is more, last week Plaintiffs served additional demands for additional interrogatories and documents, together with a demand to take the deposition of the KOPACH DEFENDANTS.

8. FIRST ALTERNATIVE PLM ACUPUNCTURE, P.C. has been out of business for several years and I have learned that PETER KOPACH has now moved out of the state of New York, which may explain the diminished interest in the defense of this matter or his non-cooperation with your declarant. Whatever the reasons may be for non-cooperation, I am unable to provide the effective representation to the KOPACH DEFENDANTS, which is so necessary in this case.

9. Moreover, Defendant PETER KOPACH has received 4 invoices from my firm since January of 2024, which remain unpaid, despite several phone calls requesting payment of the unpaid balances. You declarant's firm has continued to extend itself in the monitoring and defense of this matter despite the accruing arrears, but as a sole practitioner I cannot continue to represent Mr. Kopach because of the aforementioned lack of cooperation, lack of communication and failure to pay for legal services that I have extended to him. As such, I have no choice but to

withdraw as counsel for PETER KOPACH and FIRST ALTERNATIVE PLM ACUPUNCTURE, P.C.

10. As this Court may be aware there have been 627 motions, letters and orders docketed in this matter; and your declarant has received over 1 million pages of discovery materials, and it is not feasible to effectively represent a client who is unwilling to cooperate in his defense or address charges for 9 months' of legal services in a case such as the one at bar. The costs of ESI discovery review, transcripts and experts….who will pay them? Due to this lack of cooperation from the KOPACH DEFENDANTS, your declarant is seeking an order from this Court permitting me to withdraw as their counsel.

11. I have notified Plaintiffs' counsel of my intention to withdraw as counsel and they would not object so long as the KOPACH DEFENDANTS do not seek a stay of discovery in order for them to engage new counsel. Contrary to Plaintiffs' counsel's position, I must respectfully request that this Court stay all discovery deadlines that relate to the KOPACH DEFENDANTS in order to allow them the opportunity to engage new counsel and accept transfer of the voluminous scope of documents that are maintained in my office.

12. As such, Peter Birzon & Associates, P.C. respectfully requests that the Court stay any deadlines and events relative to the KOPACH DEFENDANTS for 45 days, which would still be more than one month before these defendants must appear for their deposition. It would appear that 7 other depositions are already scheduled for the months of December through April and that additional depositions will be necessary thereafter. As such, we do not believe that a 45-day extension for the KOPACH DEFENDANTS' compliance with their discovery obligations is unreasonable or prejudicial under the circumstances.

13. Peter Birzon & Associates, PC is not seeking a charging lien and is prepared to turn over its files to new counsel forth with.

14. Pursuant to Local Rule 1.4 an attorney of record for a party may be relieved or replaced only by Order of the Court; nor may counsel withdraw from the case without leave of the Court granted by Order. Such an Order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal, the posture of the case, its position on the Court's calendar, and whether or not the attorney is asserting a retaining or charging lien.

15. As was noted by magistrate Judge Smith in *Zhongle Chen v, Kicho Corp*., 2020 WL 3472244, at*1(S.D.N.Y. June 25, 2020), "[w]hen determining whether to grant an attorney's request to withdraw as counsel, the Court examines 2 factors: (1) the reason for the withdrawal and (2) the "impact of the withdrawal on the timing of the proceedings." Although "there does not appear to be a clear standard for what may be considered a 'satisfactory reason' for allowing withdrawal, it is firmly established that non-payment of legal fees is such a reason Under Local Civil Rule 1.4" Taub v. Arrayit Corp., 2016 WL 4146675, at *1(S.D.N.Y., 2016). See also, *Team Obsolete Limited* v. *A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4") and *BWP Media USA Inc. v. Rant Inc.,* 2018 WL 4300530, at *2 (S.D.N.Y. 2018)("Courts in this District have routinely found a client failed to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal").

16. In the instant matter, the KOPACH DEFENDANTS' refusal to cooperate with counsel, ignore case-substantive discovery commitments made to counsel, respond to counsel's communications in a substantive way and pay for their defense satisfies the first prong of this analysis.

17. Since the KOPACH DEFENDANTS are among the smaller defendant's in this very large litigation, measured by the deminimis size of the business operations and the ad damnum clause in the complaint (relative to many codefendants), the second element should also be satisfied. The KOPACH DEFENDANTS can be given time to retain new counsel with minimal disruption to the remainder of the case, which can still proceed against the myriad of other parties. See, *Estate of Larry Shaw & Susan Shaw v. Marcus, 2016* WL4679734, at*2 (S.D.N.Y. 2016). Any delay that would be caused by allowing the KOPACH DEFENDANTS to retain new counsel would be remarkably minimal in comparison to the age, future discovery and the scope of the other parties' discovery activities that are inherent to this case.

As such your declarant respectfully requests that the Court issue an Order relieving Peter Birzon & Associates, P.C. as counsel for the KOPACH DEFENDANTS, granting these defendants a stay of their discovery obligations for a period of 45 days and for such further and other relief as the Court may deem appropriate.

Dated: November 1, 2024
       Jericho, New York

 

PETER BIRZON & ASSOCIATES, P.C.

*/s/ Peter M. Birzon*
Peter M. Birzon, Esq.
400 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-9100
pbirzon@pbalaw.net