# Katten

**525 W. Monroe Street**
**Chicago, IL 60661-3693**
**+1.312.902.5200 tel**
**katten.com**

**JONATHAN L. MARKS**
jonathan.marks@katten.com
+1.312.902.5337 direct
+1.312.577.4518 fax

<u>VIA CM/ECF FILING</u>

November 21, 2024

The Honorable Margo K. Brodie
United States District Court
 For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   ***State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*,**
**No. 1:21-cv-5523 (E.D.N.Y.) – Reply in Support of Proposed Order**
**Modifying the Preliminary Injunction Following the Second Circuit's Decision**

Dear Chief Judge Brodie:

This letter is submitted on behalf of Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, the "State Farm Companies") in further support of the proposed order the State Farm Companies submitted to this Court to modify the preliminary injunction entered in the above-referenced case consistent with the mandate of the United States Court of Appeals for the Second Circuit (Docket Entry No. 633).

Various groups of Defendants have filed letters advancing three arguments in opposition to the proposed order (Docket Entry Nos. 636 & 637). None has merit.

First, Defendants claim "there is no need for an additional order confirming the decision of the Second Circuit" (Docket Entry No. 636, at 1). But the Second Circuit's decision explicitly refutes this assertion. After holding the preliminary injunction should be extended to no-fault actions pending in state court, *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, --- F.4th ---, ---, 2024 WL 4559452, at *18-23 (2d Cir. 2024), the Second Circuit remanded the matter to this Court with instructions to "craft the particular terms of the appropriate injunction," *id.* at ---, 2024 WL 4559452, at *23 & n.15. Thus, the Second Circuit's decision expressly contemplates this Court would issue a revised order extending the scope of the existing injunction.

Next, Defendants stake out a position contrary to a prior order of this Court, the text of Rule 65 of the Federal Rules of Civil Procedure, and decisions of other district courts in the Second Circuit. They claim the proposed order would impose "additional restrictions on all defendants that have not been previously imposed" because it would "bind not only all defendants, but also defendants['] 'attorneys and those who are in active concert or participation with defendants'" (Docket Entry No. 636, at 1-2). Here too, Defendants are mistaken. While the appeals to the Second Circuit were pending in this matter, the State Farm Companies filed a Second Amended Complaint and asked this Court to modify the original injunction to cover Defendants that had been added to the case through that pleading. This Court denied the motion to modify the original injunction because Rule 65 provides that every injunction binds not only "the parties to the

**Katten**

*State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*,
No. 1:21-cv-5523 (E.D.N.Y.)
November 21, 2024
Page 2

injunction," but also the parties' "'officers, agents, servants, employees, and attorneys,' and those 'who are in active concert or participation' with the parties," and the newly added Defendants all fell within those categories (Docket Entry No. 426, at 7 (quoting Fed. R. Civ. P. 65(d)(2)(C), (A), (B)). As a result, the Defendants are wrong to suggest these "additional restrictions" had "not been previously imposed" (Docket Entry No. 636, at 1-2). The language in the State Farm Companies' proposed order is consistent not only with Rule 65 but also with this Court's prior ruling on the scope of the individuals and entities to which the injunction applies.

Moreover, there are compelling reasons to make explicit in a revised order what this Court and Rule 65 say is automatic: Many of the Defendants are entities that can prosecute the now-enjoined state-court cases only through the actions of attorneys and other agents. It is important for this Court to clarify that those attorneys and agents could face contempt of court if they have notice of this Court's injunction and knowingly violate its terms. Otherwise, those same attorneys and other agents could invoke ignorance of Rule 65 as an excuse. Indeed, Defendants' professed ignorance of Rule 65's automatic operation reinforces the need for the Court to include its standards within the express language of its modified order. And perhaps for this reason, courts within the Second Circuit routinely include Rule 65's language within their injunctive orders to clarify the scope of their reach. *See, e.g.*, *U.S. Secs. & Exch. Comm'n v. SAExploration Holdings, Inc.*, No. 1:20-cv-8423, 2023 WL 3045514, at *1 (S.D.N.Y. Apr. 21, 2023) (providing in a permanent injunction that it applies to the Defendant and "(a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a)"); *accord Agora Fin., LLC v. Marsh*, No. 07-cv-97, 2007 WL 7732657, at *1 (E.D.N.Y. Feb. 23, 2007) (similar). The Court should do so here as well.

Finally, Defendants accuse the State Farm Companies of "attempting to use the proposed form of order as a pre-emptive enforcement tool, rather than a modification of the existing injunction" (Docket Entry No. 636, at 2)—though they never specify what they mean by this vague criticism. To the extent they claim the State Farm Companies' proposed order would impose duties on Defendants to file notice of the injunction in all pending no-fault lawsuits and to take all necessary steps to not prosecute those cases, that is no criticism at all. The Second Circuit held the injunction should extend to the no-fault lawsuits pending in state court. *Tri-Borough NY Med. Prac. P.C.*, --- F.4th at ---, 2024 WL 4559452, at *18-23. To effectuate that judgment, Defendants must apprise the state courts of the injunction's existence and take all steps necessary within their power to ensure those cases do not proceed.

Respectfully submitted,

/s/ Jonathan L. Marks

Jonathan L. Marks