UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,

                          Plaintiffs,

          v.

Metro Pain Specialists P.C., Tri-Borough NY Medical Practice P.C., Leonid Shapiro, M.D., Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., Citimed Management Services Inc., Citimed Surgery Center LLC (*a/k/a* CMSC LLC), Yan Moshe (*a/k/a* Yan Leviyev), Hackensack Specialty ASC LLC (*f/k/a* Dynamic Surgery Center LLC, *f/k/a* Excel Surgery Center LLC), Integrated Specialty ASC LLC (*f/k/a* HealthPlus Surgery Center LLC), SCOB LLC (*a/k/a* SurgiCare of Brooklyn), NJMHMC LLC (*d/b/a* Hudson Regional Hospital), Star Solution Services Inc., Vadim Dolsky, Optimum Health Acupuncture, P.C., Mark Gladstein, M.D., Victoria Frenkel, Advanced Comprehensive Laboratory LLC (*d/b/a* TopLab), Reuven Alon (*a/k/a* Rob Alon), Columbus Imaging Center LLC, Medaid Radiology LLC, Beshert Corp., Nizar Kifaieh, M.D., Premier Anesthesia Associates P.A., Mohamed Sayed Ahmed Hassan, P.T., Nile Rehab Physical Therapy, P.C., Irina Kataeva, P.T., Cityworks Physical Therapy P.C., Amro Mahmoud Barakat, P.T., Barakat PT, P.C., Raouf Akl, P.T., Primavera Physical Therapy, P.C., Ahmed Mahmoud Abdelshafy Elmansy, P.T., Sky Limit Physical Therapy, P.C., Sherwin Catugda Paller, P.T., Floral Park Physical Therapy, P.C., Leonard Luna, D.C., Kings Chiropractic Wellness, P.C., Jongdug Park, D.C., All About Chiropractic P.C., J Park Chiropractic P.C., Giulio Caruso, D.C., Brook Chiropractic of NY P.C., Integrated Chiropractic of NY P.C., Paul Victor Scarborough, D.C., A.O.T. Chiropractic P.C., Evolution Chiropractic P.C., Stacy Juyoung Moon, L.Ac., SJM Acupuncture

**ORDER**
21-CV-5523 (MKB)

P.C., Hyeongsock Choi, L.Ac., Choice Acupuncture PLLC, Choi-Go Acupuncture PLLC, Peter Kopach, L.Ac., First Alternative PLM Acupuncture P.C., Longyu Ma, L.Ac., Hidden Dragon Acupuncture P.C., Xia Guan, L.Ac., Rebound Acupuncture P.C., Vladimir Nazarov, and Right Aid Medical Supply Corp.,

Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively, the "State Farm Companies") allege that the Defendants, various medical providers, owners, and other affiliated entities and individuals, have engaged in a fraudulent scheme to obtain insurance benefits to which they are no entitled under New York's no fault insurance law.  On December 23, 2021, the State Farm Companies moved for a preliminary injunction to (1) enjoin the Defendants from filing new arbitrations against either of the State Farm Companies seeking no-fault insurance benefits; (2) stay all pending arbitrations by the Defendants against either of the State Farm Companies seeking no-fault insurance benefits; (3) enjoin the Defendants from filing new lawsuits in state court against either of the State Farm Companies seeking no-fault insurance benefits; and (4) stay all litigation pending in state court by the Defendants against either of the State Farm Companies seeking no-fault insurance benefits (Docket Entry No. 77).

      On May 20, 2022, the Court granted in part and denied in part the State Farm Companies' motion.  The Court, pending the resolution of the State Farm Companies' claims on the merits, enjoined the Defendants from commencing any further no-fault arbitrations, stayed all pending no-fault insurance arbitrations that the Defendants had filed, and enjoined the Defendants from commencing any new no-fault lawsuits against the State Farm Companies (Docket Entry No.

237). The Court, however, denied the State Farm Companies' motion to the extent that it sought to stay pending no-fault insurance lawsuits that had been filed in state court (Docket Entry No. 237). Both sides appealed (Docket Entry Nos. 244, 245, 247, 254 & 260).

While the parties' appeals were pending, the State Farm Companies filed a Second Amended Complaint. The State Farm Companies then sought a temporary restraining order and modifications to the preliminary injunction to ensure that the existing injunction reached the newly added Defendants (Docket Entry No. 310). The Court issued a temporary restraining order (Docket Entry No. 331), but it denied the State Farm Companies' motion to modify the preliminary injunction because the existing injunction already reached the newly added Defendants (Docket Entry No. 426). As the Court explained, the existing injunction applied to the newly added Defendants pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, which provides "an injunction binds the parties to the injunction, their 'officers, agents, servants, employees, and attorneys,' and those 'who are in active concert or participation' with the parties" (Docket Entry No. 426, at 7 (quoting Fed. R. Civ. P. 65(d)(2)(C), (A), (B)). Because the newly added Defendants were alleged to be "closely associated with or controlled by one or more of the existing Defendants" and to have engaged in "active concert or participation" with the existing scheme (*Id.* at 7–8), they were covered by the existing injunction.

On October 24, 2024, the United States Court of Appeals for the Second Circuit issued an opinion affirming in part and reversing in part the preliminary injunction issued by this Court and remanding for further proceedings. *State Farm Mut. Auto Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 99 (2d Cir. 2024). The Second Circuit found no error or abuse of discretion in this Court's decision issuing a preliminary injunction that enjoined the Defendants from commencing any new no-fault arbitrations, stayed all pending no-fault insurance arbitrations the

Defendants had filed, and enjoined the Defendants from commencing any new no-fault lawsuits against the State Farm Companies.  *Id.*  The Second Circuit reversed this Court's orders "declining to enjoin the pending state-court proceedings," affirmed this Court's orders "in all other respects," and remanded for this Court to "craft the particular terms of the appropriate injunction."  *Id.* at 99 & n.15.  On November 14, 2024, the Second Circuit issued a mandate, returning jurisdiction to this Court to make modifications to the preliminary injunction.

Accordingly, consistent with the Second Circuit's opinion, it is ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and those who are in active concert or participation with Defendants are, pending the resolution of the State Farm Companies' claims on the merits in this matter, hereby:

(1) enjoined from filing new arbitrations against either of the State Farm Companies seeking no-fault insurance benefits;

(2) enjoined from continuing to pursue any pending arbitrations against either of the State Farm Companies seeking no-fault insurance benefits;

(3) enjoined from filing new lawsuits in state court against either of the State Farm Companies seeking no-fault insurance benefits; and

(4) enjoined from continuing to pursue any litigation pending in state court against either of the State Farm Companies seeking no-fault insurance benefits.

It is FURTHER ORDERED that all pending no-fault insurance arbitrations and state-court lawsuits bought by Defendants, their officers, agents, servants, employees, and attorneys, and those who are in active concert or participation with Defendants are hereby stayed pending the resolution of the State Farm Companies' claims for declaratory relief in this Court; and

It is FURTHER ORDERED that Defendants shall promptly file notice of this order in all pending no-fault insurance arbitrations and state-court lawsuits and shall take all steps necessary in any no-fault insurance arbitrations and state-court lawsuits to ensure they do not proceed during the pendency of the State Farm Companies' claims on the merits in this matter consistent with this ORDER.

Dated: December 2, 2024
Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge