

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
www.katten.com

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct
212.940.8776 fax

January 8, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

Re: *State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, 21-cv-5523 (E.D.N.Y.) – Motion for Default Judgment Against Mohamed Sayed Ahmed Hassan, P.T. and Nile Rehab Physical Therapy, P.C.

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co. (collectively, "Plaintiffs") move this Court for entry of default judgment against defendants Mohamed Sayed Ahmed Hassan, P.T. ("Hassan") and Nile Rehab Physical Therapy, P.C. ("Nile Rehab PT") (collectively, "Defendants").[1] Nile Rehab PT is a corporate entity that may not appear *pro se*, but has failed to appear through counsel since its lawyer withdrew in July 2024. Additionally, both Defendants have failed to participate in this case, have not answered a single interrogatory or produced documents required by discovery served over two years ago, have violated court orders regarding discovery and requiring attendance at a hearing, and have demonstrated they will not participate in this case as it moves forward. Accordingly, default judgment is appropriate.[2]

A.   **Three Motions to Compel and Defendants' Disregarding of these Proceedings**

Plaintiffs served their First Set of Document Requests and First Set of Interrogatories on Defendants on April 1, 2022. Dkt. 263 at 1. When Defendants failed to respond, the parties submitted a joint letter to the Court in which Defendants represented they would provide responses by September 6, 2022. Based on Defendants' representation, the Court did not compel Defendants' production but granted Plaintiffs leave to renew their motion if Defendants failed to provide responses by the promised September 6, 2022 deadline. *See* 8/17/2022 Text Order.

Defendants failed to provide responses and Plaintiffs filed a second motion to compel on September 19, 2022. Dkt. 284. That motion was never resolved. But on April 25, 2024, Plaintiffs served a notice for Hassan's deposition. On May 16, 2024, Plaintiffs met and conferred with

---

[1] Plaintiffs respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

[2] Plaintiffs were not able to communicate with Defendants per Individual Practice Rule VI.A.1.a as Defendants have not responded to communications from either the Court or Plaintiffs since Defendants' prior counsel withdrew in July 2024.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY   CHARLOTTE   CHICAGO   DALLAS   LOS ANGELES
NEW YORK   ORANGE COUNTY   SHANGHAI   WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

Defendants' counsel requesting the overdue discovery and a date for Hassan's deposition. Defendants' counsel advised he had been unable to contact Hassan for some time and would be moving to withdraw, which he did on June 3, 2024. Dkt. 549. Plaintiffs then filed a third motion to compel discovery responses and seeking a date certain for Hassan's deposition, arguing that "Hassan . . . should not be allowed to delay this case while Plaintiffs are forced to wait for him to retain new counsel" as "Hassan's behavior to date suggests that he will take this as another opportunity to ignore the case." Dkt. 552 at 3. On June 7, 2024, the Court set a hearing on counsel's motion to withdraw for June 17, 2024 and ordered Hassan to appear. 6/7/2024 Text Order. Hassan failed to appear. The Court ordered Defendants to show cause by June 28 why the motion to withdraw should not be granted and for any new counsel to appear by July 19, 2024. 6/17/2024 Text Order. When no response was received, the Court granted counsel's motion to withdraw on July 2, 2024. No new counsel has appeared on behalf of Defendants to date.

On November 13, 2024, the Court ordered Defendants to show cause why Plaintiffs' third motion to compel should not be granted. 11/13/2024 Text Order. Defendants failed to respond to the Court's show-cause order, and the Court granted Plaintiffs' third motion to compel. 12/5/2024 Text Order. The Court ordered Hassan to produce all outstanding responsive documents and written discovery by December 24, 2024, and to appear for a deposition on January 13, 2025. Dkt. 646; 12/9/2024 Text Order.

Shortly after the Court's order, Plaintiffs mailed to Hassan a package containing the Court's December 9, 2024 order. Then, on January 3, 2025, Plaintiffs mailed a letter to Hassan, attaching another copy of the December 9, 2024 Order. *See* Ex. 1. In that letter, Plaintiffs asked Hassan to contact Plaintiffs counsel by 12 p.m. on January 7, 2025 if he intended to appear for his deposition on January 13, 2025 or if he intended to provide any discovery responsive to the pending discovery responses. The letter advised that Plaintiffs would seek default if Defendants did not respond, agree to appear for deposition and produce overdue discovery. No response to that letter has been received to date.

### B.    Default Judgment Against the Defendants is Now Appropriate

Default against defendants Hassan and Nile Rehab PT is appropriate for several reasons.

First, Nile Rehab PT is a corporation and is not represented by counsel. On June 17, 2024, the Court, in its order on the motion of Defendants' counsel to withdraw, ordered any new counsel to appear by July 19, 2024. Not only did new counsel not appear for Nile Rehab PT by July 19, 2024, no counsel has appeared for Nile Rehab PT since prior counsel withdrew more than six months ago. Accordingly, default judgment should be granted as to Nile Rehab PT on these grounds alone. *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se"); *Premier Fla. Auto Sales & Leasing v. Mercedes-Benz of Massapequa*, LLP, 2012 WL 7149418, at *1–2 (E.D.N.Y. 2012), report and recommendation adopted, 2013 WL 593506 (E.D.N.Y. 2013) (recommending default judgment be entered against corporate defendant because "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55").

Second, default is appropriate as a sanction for Defendants' failure to comply with discovery, their violation of court orders and their complete disregard of these proceedings.

"[W]hen a party fails to respond to discovery requests, Rule 37 permits the requesting party to apply for an order compelling disclosure or discovery." *Tangorre v. Mako's, Inc.*, 2002 WL 206988, at *3 (S.D.N.Y. 2002) (citing Fed. R. Civ. P. 37(a)). Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," which "may include the following: . . . (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). "The imposition of litigation-ending sanctions under Rule 37 is a matter of judicial discretion." *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 252 (E.D.N.Y. 2010). The three primary factors that inform that exercise of discretion are: (1) the defendant's fault or willfulness; (2) the adequacy of notice; and (3) the efficacy of lesser sanctions. *Id*. Here, all three considerations support the entry of default judgment. *First*, the Defendants' willfulness is unquestionable. Plaintiffs first served written document demands and interrogatories on Defendants in April 2022. The Defendants have not produced a single document or written discovery response. They have failed to meet Court-imposed deadlines, their counsel moved to withdraw and has been relieved in part due to the inability to contact or communicate with Defendants, and they have not since communicated with the Court or Plaintiffs despite numerous orders requiring them to do so. *See, e.g.*, 6/17/2024 Text Order; 12/9/2024 Text Order. Hassan was further ordered to appear at the June 17, 2024 hearing and did not show. *Second*, the Court and Plaintiffs have provided more than adequate notice. Defendants have been given numerous extensions to respond to discovery or otherwise meaningfully participate in this case. *See* 8/17/2022 Text Order; 6/17/2024 Text Order; 11/13/2024 Text Order; 12/5/2024 Text Order; 12/9/2024 Text Order. Plaintiffs have further warned they would seek default as a sanction should Defendants continue to flout their discovery obligations. *See* Dkt. 552 ("Hassan should not be allowed to avoid discovery by ignoring these proceedings and continuing to do so should lead to consequences, including a default against him and his entity."); Ex. 1. *Third*, lesser sanctions have proved ineffective. The Court has ordered Defendants to show cause and granted Plaintiffs' latest motion to compel. Nothing has successfully provoked responses from Defendants.

In *Montblanc-Simplo GmbH v. Colibri Corp.*, after weighing the three factors discussed above, the court entered default judgment where the defendant "willfully . . . abandoned its defense of this case" by "declin[ing] to participate in discovery." 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) (adopting recommendation of default judgment). "[T]he fact that defendants have failed to respond in any way to this court's orders or discovery requests indicates the ultimate sanction — striking of the Answer and entry of a default judgment — is an appropriate sanction." *MCI Worldcom Commc'ns, Inc. v. Gamma Commc'ns Grp., Inc.*, 204 F.R.D. 259, 262 (S.D.N.Y. 2001); *see also Microsoft Corp. v. Comput. Care Ctr., Inc.*, 2008 WL 4179653, at *6 (E.D.N.Y. 2008) (entering default where defendants "willfully abandoned their defense of [the] case [and] [l]ess harsh sanctions, such as orders compelling defendants to participate, have already proven fruitless"). Indeed, "[i]n this circuit, courts have [entered defaults] where only one discovery order is violated or where a party has demonstrated willful disrespect for discovery obligations." *Altschuler v. Samsonite Corp.*, 109 F.R.D. 353, 357 (E.D.N.Y. 1986) (default judgment entered against defendant for failing to produce documents, respond to interrogatories or comply with discovery order).

The claims pleaded more than sufficiently establish the appropriateness of a judgment against Defendants for aiding and abetting fraud and RICO conspiracy. The Second Amended Complaint alleges Defendants substantially assisted in defrauding Plaintiffs by submitting or

causing to be submitted bills and supporting documentation that contained false and fraudulent misrepresentations of material fact to Plaintiffs, including Defendants' representations that (a) the physical therapy Defendants billed for was performed, provided, and medically necessary, when, in fact, it was not medically necessary, and (b) the physical therapy was reimbursable, when, in fact, it was not reimbursable because the claims were the result of unlawful kickbacks and "pay to play" arrangements; and that Defendants knowingly agreed and conspired to participate in the conduct of a RICO enterprise to defraud Plaintiffs and other insurance companies by, among other things, providing and billing for medically unnecessary physical therapy based on "pay to play arrangements" with other defendants. *See, e.g.*, Dkt. 388 ¶¶ 2, 13–15, 173–80, 207, 349–52, 522–28, 540–43; Dkt. 388-21.

Accordingly, Plaintiffs request the Court enter a default judgment against Hassan and Nile Rehab PT, finding them jointly and severally liable for all causes of action in the Second Amended Complaint (Dkt. 388), and per the Sixth Claim for Relief, enter a declaratory judgment that Nile Rehab PT is not entitled to collect No-Fault Benefits for all charges submitted to Plaintiffs that have not been paid to date and through the pendency of this litigation.

Respectfully submitted,

*/s/ Christopher T. Cook*

Christopher T. Cook

Encl.   (Exhibit 1)

*cc*: Mohamed Sayed Ahmed Hassan, P.T. (by Overnight FedEx)