March 7, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs"), and defendant Vadim Dolsky ("Dolsky") and his entities defendant Optimum Health Acupuncture P.C. ("Optimum"), nonparty All Star Services Inc. ("All Star"), and nonparty Five Star Services Inc. ("Five Star") (collectively, the "Dolsky Parties"), respectfully write to request the Court's assistance resolving issues over the Dolsky Parties' collection and production of electronically stored information ("ESI"). The parties have met and conferred on these issues and have been unable to reach a resolution.

## RELEVANT BACKGROUND

As relevant to this letter, between April 2022 and April 2024, Plaintiffs served subpoenas and discovery demands on the Dolsky Parties principally seeking documents and communications concerning their business operations and relationships with other defendants. Specifically, Plaintiffs served (1) a subpoena *duces tecum* on All Star on April 15, 2022; (2) initial document demands on Dolsky and Optimum on November 4, 2023,[1] and a second set of demands on Dolsky on April 23, 2024; and (3) subpoenas *duces tecum* on All Star and Five Star on December 22, 2023. Pursuant to the E-Discovery Protocol so-ordered by the Court (Dkt. 375), on February 12, 2024, Plaintiffs served on the Dolsky Parties a list of search terms and custodial sources for their ESI collection, which they supplemented via email on March 6, 2024. The Dolsky Parties did not object to these search terms or custodial sources. On January 24, 2025, Dolsky advised Plaintiffs of a dispute between him and his discovery vendor DISCO over unpaid invoices that first arose in November 2024. As a result, DISCO is refusing to release or provide the Dolsky Parties with access to any stored records, including available for production to Plaintiffs. The Dolsky Parties also advised that ESI from only one of the five custodial accounts identified by Plaintiffs has been collected. This letter follows.

## PLAINTIFFS' POSITION

Plaintiffs seek the Court's assistance in compelling the production of documents first requested from All Star nearly three years ago, and sought from Dolsky, Optimum, and Five Star in November and December 2023. The parties agree the discovery materials are relevant and need to be produced as soon as possible. There are two issues which must be addressed.

---

[1] The Court entered a temporary restraining order against Dolsky and Optimum on February 7 2023, and Dolsky and Optimum were formally added as defendants upon filing the Second Amended Complaint on August 17, 2023.

First, there is an apparent payment dispute between Dolsky and his e-discovery vendor DISCO that is holding up the production of ESI from Dolsky's personal email account (dolskylac@yahoo.com), and Five Star's non-ESI documents. Plaintiffs do not know the details of the dispute between Dolsky and DISCO but understand Dolsky is claiming he cannot and will not pay DISCO what he owes them.[2] This claim makes no sense as Dolsky insists in other matters before this Court to have sole and exclusive ownership and possession of more than $24 million in gold and luxury watches. Requests for this discovery were first issued more than 15 months ago, and the dispute with DISCO has been going on for months with Plaintiffs having first learned about it on January 25, 2025. The records at issue are highly relevant communications, including emails between Dolsky, Moshe, Shapiro, and Jelani Wray, which are among the only emails in defendants' possession reflecting communications with members of a criminal enterprise that bribed 911 operators and hospital personnel for information used to refer auto accident victims to corrupt medical clinics, including Metro Pain. Dolsky and DISCO, as his agent, should be ordered to resolve their differences and produce the required materials immediately.

Second, Dolsky must address the collection and production of ESI from four other custodial accounts for which nothing has been produced. These accounts are expected to include documents relating to the diversion of more than $52 million of defendants' insurance proceeds to All Star and Five Star. Pursuant to the ESI Protocol, Plaintiffs served the Dolsky Parties with search terms and identified custodial accounts to be searched to which no objections were raised. Plaintiffs understood the Dolsky Parties were collecting ESI from these accounts until January 25, 2025, when Plaintiffs first learned (a) the Dolsky Parties had only collected ESI from Dolsky's personal email account, and (b) the Dolsky Parties may have failed to preserve records from All Star's and Five Star's custodial accounts and, as a result, those records may have been destroyed. As of this filing, the Dolsky Parties cannot confirm which records from the All Star and Five Star accounts still exist, yet there is some indication the accounts remain active and in use.[3] Dolsky's deposition originally noticed and confirmed for February 27, was adjourned because Plaintiffs did not have relevant emails, and the fact discovery cutoff of May 2, 2025, is approaching. There are serious concerns whether the Dolsky Parties will produce outstanding ESI with sufficient time to prepare and take the depositions of Dolsky and other defendants. Dolsky should be compelled to advise Plaintiffs which, if any, records remain available in identified custodial accounts within 10 days and, to the extent any records still exist, collect and produce them by a date certain.

Accordingly, Plaintiffs respectfully request the Court order 1) the Dolsky Parties and DISCO to produce all responsive ESI from the custodial account dolskylac@yahoo.com and all records prepared for production on behalf of Five Star by a date certain; and 2) the Dolsky Parties to advise Plaintiffs within 10 days which, if any, records remain available in other identified custodial accounts and, as applicable, to collect and produce those records by a date certain.

**VADIM DOLSKY'S POSITION**

Firstly, Defendant Dolsky joins in the Plaintiffs application and similarly requests that this

---

[2] Notwithstanding Dolsky's statements to the contrary, Plaintiffs know only that his dispute with DISCO is over money, and it is preventing his compliance with discovery. His position provides little additional information regarding the dispute.

[3] Records provided by Google reflect the account of natacha@fivestarserv.com was accessed as recently as January 2024, *after* Plaintiffs subpoenaed Five Star's records. Additionally, on December 19, 2024, Dolsky filed formal articles of dissolution for All Star with the Puerto Rico Department of State, more than 18 months after it was first subpoenaed.

Court issue an order directing DISCO to release Dolsky's discovery materials immediately. While Plaintiffs attempt to simplify the dispute as nothing more than Dolsky's refusal to pay a debt, the reality is far more complex, and Plaintiffs are well aware of that fact. DISCO is in breach of their retainer agreement, charging extravagant and unauthorized fees and refuse access to the information which has been cataloged and prepared for transmission to Plaintiffs' counsel. The record is clear that Dolsky has made repeated efforts to resolve the issue with DISCO, including engaging in extensive negotiations in good faith to establish a reasonable payment plan. DISCO, however, has refused to work with Defendant Dolsky in any capacity, instead choosing to unilaterally shut off access to critical discovery materials and effectively hold the data hostage until Dolsky submits to their demand for an immediate lump-sum payment exceeding $100,000.

DISCO's conduct constitutes an improper attempt to leverage its control over highly relevant discovery materials to extort an exorbitant payment, while disregarding reasonable attempts at resolution. This conduct has not only hindered Dolsky's ability to comply with discovery obligations but has also potentially and unnecessarily delayed this litigation. Plaintiffs' assertion that they are unaware of the dispute's details is disingenuous, given that counsel for both parties have engaged in multiple meet-and-confer discussions where counsel for Dolsky have been entirely transparent about the circumstances.

It is our position and plea to this Honorable Court that DISCO should not be permitted to obstruct the progress of this case any further. Accordingly, Dolsky joins Plaintiffs in requesting that this Court issue an order compelling DISCO to release all of Dolsky's discovery materials without further delay. In the interim, Dolsky has engaged a new vendor for discovery purposes who will be readily available to retrieve the discovery from DISCO.

Secondly, as it relates to ESI collection, Plaintiffs are well aware that Defendant Dolsky's ability to produce ESI has been significantly hindered by the fact that DISCO is unlawfully holding his data hostage. Dolsky's counsel has been fully transparent about these roadblocks, and Plaintiffs insistence on immediate production is unreasonable and borderline impossible.

With respect to the alleged missing accounts, Plaintiffs are well aware that Dolsky has already collected data from dolskylac@yahoo.com. Additionally, Five Star and All Star are no longer in existence, which has already been communicated to Plaintiffs. Defendant Dolsky is actively investigating whether any backup emails can be retrieved from those accounts or if he can gain immediate access to said accounts. However, he has nothing to hide and, in the spirit of transparency, welcomes Plaintiffs to make their own attempts to access the accounts. Any suggestion that Dolsky has intentionally destroyed records is completely baseless. Plaintiffs cannot be permitted to continue making such salacious allegations without any corroborating evidence.

While counsel for Defendant Dolsky agree with counsel for Plaintiffs' that the fact discovery deadline is approaching, it is important to recognize that Dolsky and counsel have been working diligently to produce all requested materials despite being brought into this litigation more than two years after most defendants. The expectation that Dolsky should match the pace of other defendants who have had a two-year head start is not only unreasonable but ignores the reality of the circumstances. Dolsky respectfully requests that the Court reject Plaintiffs' attempts to mischaracterize the ESI process and instead recognize the significant obstacles imposed by DISCO, and also recognize the late stage at which Dolsky was joined to this case.

Respectfully Submitted,

By: /s/ *Christopher Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Byron Divins*

CAPETOLA & DIVINS P.C.

Byron A. Divins, Jr.
Alexandra Mulé
2C Hillside Avenue
Williston Park, NY 11596
516-746-2300
bdivins@capetoladivinslaw.com

*Attorneys for Vadim Dolsky, Optimum Health Acupuncture P.C., All Star Services Inc., and Five Star Services Inc.*