June 27, 2025

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Joint Ltr. Re Discovery Issues

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and nonparty the Russell Friedman Law Group LLP ("RFLG") jointly write to request the Court's assistance in resolving outstanding discovery issues. The parties have met and conferred and were unable to resolve their disputes over the disclosure of information redacted from records produced pursuant to a subpoena served upon RFLG. Plaintiffs respectfully seek an order compelling RFLG to produce a specific record without redaction.

***Relevant Background.*** On March 27, 2024, Plaintiffs served a subpoena *duces tecum* seeking various categories of records from RFLG. RFLG served an initial production of records on July 17, 2024, which included many redactions and a privilege log. The parties met and conferred and were able to resolve several issues. RFLG made a supplemental production on April 8, 2025. However, the parties dispute whether information redacted from certain records should be disclosed. At issue in this joint letter is a letter of direction for disbursal of monies belonging to defendants in this case pursuant to a settlement agreement involving American Transit Insurance Company. RFLG has advised the related settlement agreement contains confidentiality provisions that prohibit it from sharing this information and Plaintiffs should seek this information from defendants in this case. This letter follows.

***Plaintiffs' Position***: This letter of direction for disbursal of monies should be produced without redaction because it is responsive to a valid subpoena, highly relevant, and RFLG's confidentiality concerns can be mitigated under the Confidentiality Order entered in this action (Dkt. 229).

Plaintiffs allege defendant Yan Moshe secretly owns and controls defendant medical clinics operating as "Citimed," which are owned on paper by his sister Dr. Regina Moshe. In addition to direct payments from Citimed to various companies Moshe owns, Moshe shares in Citimed's proceeds through indirect payments, including payments routed through RFLG, which collected No-Fault insurance proceeds on behalf of corporate defendants owned by Dr. Moshe, Moshe, Reuven Alon, and Dr. Shapiro's Metro Pain Specialists. Discovery has revealed that two entities owned by Moshe's long-time associate Dolsky received more than $30 million in payments from Russell Friedman and RFLG: Five Star Services Inc. and All Star Services Inc. Discovery has also shown Five Star's role in converting more than $26 million of defendants' insurance proceeds to gold and luxury watches and Five Star's and Dolsky's roles in directing proceeds to Moshe.

RFLG is refusing to disclose highly relevant information likely to reflect how defendants shared in settlement proceeds received from No Fault insurance carriers pursuant to the scheme. At issue is a "Letter of Direction in connection with Funds held In TRFLG IOLA Account," (Bates stamped TRFLG000563) that acknowledges receipt of funds in connection with a New York civil matter on behalf of eight defendants: "Citimed Services, PA, Citimedical I, PLLC, Columbus Imaging Center, LLC, Dynamic Surgery Center, LLC, Excel Surgery Center, LLC, Hackensack Specialty ASC, LLC, Healthplus Surgical Center, LLC, Integrated Specialty ASC, LLC, Medaid Radiology, LLC." All of the funds were disbursed among four entities: Integrated Specialty ASC, LLC, Citimed Complete Medical Care P.C., Medaid Radiology, LLC, and Five Star, but the letter redacts the percentage allocation and total funds disbursed to each entity. Notably, while Dolsky owns Five Star, he did not own any entities involved in the civil case. The redacted information will not only show the dollar amount of proceeds allocated to Five Star, but bears on which defendants' proceeds are being allocated to Five Star. If Five Star receives proceeds belonging to Citimed, this would tend to support Plaintiffs' allegation that Citimed proceeds were indirectly funneled back to Moshe.

RFLG does not object to these disclosures based on attorney-client or work product privilege but based on a purported confidentiality provision contained in a settlement agreement. But the mere existence of a confidentiality provision is not a basis to bar disclosure in response to discovery demands. A valid protected interest must be asserted and none has been raised. Disclosure cannot possibly pose any harm or burden to any defendant, and RFLG identifies none. To the extent any harm is identified, it can be mitigated by protections afforded under the confidentiality order entered in this case. *See City of New York v. Grp. Health, Inc.*, 2008 WL 4974578 (S.D.N.Y. 2008) (granting motion to compel on grounds that confidentiality order in place adequately protects against concerns related to disclosure of information). RFLG's argument that Plaintiffs should seek this information from defendants in this case instead of the law firm is also meritless as Plaintiffs are not required to seek records only from one potential source. Nevertheless, Plaintiffs have actively sought these records from Dolsky and his entities, which have failed to produce them.

Accordingly, Plaintiffs respectfully request the Court enter an order compelling RFLG to produce unredacted copies of the records or to grant such relief as just and proper.

***RFLG's Position***:

RFLG is a nonparty law firm that is in wind-down mode following the death of its managing partner, Russell Friedman. Mr. Friedman was the attorney with direct personal knowledge and involvement in the representation of the party/parties herein. RFLG has one remaining employee, who has no personal knowledge of these matters. Nonetheless, we have worked in good faith to provide the information requested in the Subpoena, while also balancing the rights of RFLG's client(s) and third-parties.

As noted above, RFLG produced records with certain information redacted because that information is the subject of a confidential Settlement Agreement between RFLG's client, on the one hand, and American Transit Insurance Co., on the other. While the confidentiality provision contained in that Settlement Agreement does contain a carve-out for disclosing information in

2

response to a subpoena, that exception applies to subpoenas served upon a *party to the agreement* – not an attorney for the party.[1] Thus, we recommended that State Farm seek this information from the party directly (indeed, the party is a defendant in this action), rather than place RFLG in the precarious position of disclosing confidential settlement terms contained in an agreement between its former client and a third-party (a third-party who happens to be a direct competitor of Plaintiff). We are disinclined to risk exposure for wrongfully disclosing that information, particularly when that information may be ascertained from the party himself.

---

[1] We are not aware of any authority to the contrary; we invited Plaintiff's counsel to provide any such authority, but received none.

Respectfully Submitted,

| | |
|---|---|
| By: /s/ *Christopher T. Cook* | By: /s/ *Danielle Tricolla* |
| KATTEN MUCHIN ROSENMAN LLP | FORCHELLI DEEGAN TERRANA LLP |
| Ross O. Silverman<br>Jonathan L. Marks<br>Michael L. Cardoza<br>Sarah M. Scruton<br>525 West Monroe Street<br>Chicago, Illinois 60661-3693<br>Telephone: 312.902.5200<br>Facsimile: 312.902.1061<br>ross.silverman@katten.com<br>jonathan.marks@katten.com<br>michael.cardoza@katten.com<br>sarah.scruton@katten.com<br><br>Christopher T. Cook<br>50 Rockefeller Plaza<br>New York, New York 10020-1605<br>Telephone: 212.940.8800<br>christopher.cook@katten.com<br><br>*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company* | Danielle Tricolla<br>333 Earle Ovington Blvd., Suite 1010<br>Uniondale, New York 11553<br>Phone: 516-248-1700<br>Fax: 516-248-1729<br>E-Mail: dtricolla@ForchelliLaw.com<br><br>*Attorney for Nonparty Russell Friedman Law Group LLP* |

4