

**50 Rockefeller Plaza**
**New York, NY  10020-1605**
**+1.212.940.8800 tel**
**katten.com**

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
+1.212.940.6488 direct
+1.212.940.8776 fax

June 27, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 –Ltr. Re Discovery Issues

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully write to request the Court's assistance in resolving outstanding discovery issues concerning non-party Michael Torres ("Torres"), a former employee of defendants Beshert Corp. and Citimed Management Services Inc.  These issues were discussed during the Court hearing on March 28, 2025.  Despite Plaintiffs' best efforts to communicate with counsel for Torres and to resolve outstanding issues, Plaintiffs have been unable to achieve compliance with the subpoena.  Plaintiffs respectfully seek an order compelling Torres to complete the affidavit the Court ordered Torres to provide to Plaintiffs and remedy long-standing issues in Torres' productions.  Plaintiffs have repeatedly attempted to obtain Torres' position for inclusion in this letter, per the Court's individual rules, but his counsel has been nonresponsive.  Pursuant to the Court's order of April 23, 2025, requesting any motions related to this dispute be filed by June 27, Plaintiffs submit this letter without Torres' position.

***Relevant Background.*** On July 16, 2024, Plaintiffs personally served a subpoena *deuces tecum* on Torres.  After receiving no response from Torres, Plaintiffs filed a motion to compel Torres to comply with the subpoena.  On October 1, 2024, this Court entered an order compelling Torres to serve written responses and produce all documents responsive to Plaintiffs' subpoena by October 18.  2024.10.01 Text Order.  Torres made productions to Plaintiffs on January 15 and March 5, 2025.  However, materials Plaintiffs obtained from Google indicated additional responsive emails existed, but had not been produced.  On March 28, 2025, the Court heard the parties on these issues and issued a second order directing Torres to "provide to Plaintiffs by April 4, 2025 an affidavit explaining in great detail his efforts to comply with Plaintiffs' subpoena, which must include, *inter alia*, the exact search terms used and when the searches were performed."  2025.03.28 Text Order.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY CHARLOTTE CHICAGO DALLAS LOS ANGELES
NEW YORK ORANGE COUNTY SHANGHAI WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

Plaintiffs repeatedly requested a draft of the affidavit to ensure that it adequately described the terms and processes undertaken and clearly stated which records could not be located despite Google's confirmation the emails were in the account as of April 2024. On April 22, 2025, Torres provided a draft of the affidavit and on May 5 made a minor supplemental production. Plaintiffs raised concerns about the affidavit, specifically it did not address one of the missing emails, and also asked Torres to finish his incomplete search for records before finalizing the affidavit. Plaintiffs also identified an issue in the March 5 production of emails where every single attachment was omitted from the production. Plaintiffs asked Torres to provide the records with all attachments. To date, Plaintiffs have not received a revised or updated draft affidavit, and have not received a production of emails which includes the previously missing attachments. Plaintiffs have attempted to contact Torres' counsel numerous times via email and phone but have not received any response since May 7. This letter follows.

*Plaintiffs' Position*: There is no dispute as to the relevance of the records sought and this Court ordered Torres more than two months ago to provide the finalized affidavit. Torres has failed to provide all information necessary to complete the affidavit and has stopped responding to Plaintiffs' emails or answering phone calls seeking to resolve outstanding issues identified below.

Torres was required to provide an affidavit regarding searches conducted in response to the subpoena to explain why his production of emails was inconsistent with the information Google provided about what should have been in his email account. While he provided one draft, that draft has been shown to be inaccurate and incomplete and he has stopped responding to Plaintiffs efforts to address these issues. He should be required to provide an accurate affidavit as soon as possible addressing all issues Plaintiffs have identified.

Additionally, to the extent his earlier productions are incomplete due to his failure to include attachments, he should be required to produce his emails with all attachments as soon as possible. Plaintiffs have requested these records more than 12 times.

Accordingly, Plaintiffs respectfully request the Court order Torres to show cause in person why he should not be held in contempt for his failure to provide an affidavit as ordered on March 28, 2025 and produce all records responsive to Plaintiffs' subpoena.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*