July 1, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

 Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

 Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs"), and defendant Vadim Dolsky ("Dolsky") and his entities defendant Optimum Health Acupuncture P.C. ("Optimum"), nonparty All Star Services Inc. ("All Star"), and nonparty Five Star Services Inc. ("Five Star") (collectively, the "Dolsky Parties"), respectfully write to request the Court's assistance resolving issues over the Dolsky Parties' collection and production of electronically stored information ("ESI") and a dispute regarding discovery demands relating to gold, luxury watches, and jewelry (the "Assets"). The parties met and conferred on these issues on June 9, 2025, and were unable to resolve them.[1]

## RELEVANT BACKGROUND

 On March 12, 2025, the Court conducted a discovery conference with Plaintiffs and the Dolsky Parties to address three primary issues raised in joint letters submitted by the parties. *See* Dkt. Nos. 660, 661. This letter raises ongoing disputes as to each of those three issues:

1. The Dolsky Parties' production of ESI and other discovery material held by their discovery vendor pending the resolution of a payment dispute with Dolsky;

2. The Dolsky Parties' production of ESI from five custodial email accounts that had not yet been collected or produced and which were potentially lost or destroyed; and

3. Dolsky's disclosure of information regarding Assets valued at approximately $30 million.

 The Court entered an order after the discovery conference directing the Dolsky Parties to take certain action as to each issue: "[1] The Dolsky Defendants are ordered to produce all documents responsive to Plaintiffs' demands, regardless of any ESI vendor dispute, on a timeline to be agreed upon in consultation with Plaintiffs. [2] Regarding production from the four email accounts identified by Plaintiffs,[2] the Dolsky Defendants are directed to prepare and produce to Plaintiffs a timeline of exactly when they had access to these accounts, and when, if ever, they lost such access, including the circumstances under which access was lost. . . . [3] The Dolsky Defendants are not required to provide the specific address of where the Assets are located, but

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

[2] During the conference, Plaintiffs identified five emails from which the Dolsky Parties had failed to collect records, each of which are at issue in this joint letter. *See* Ex. A at 14:15-21, 16:2-3, & 18:22-19:2.

they must provide information on the location of the Assets, who has access to them, and, if there is documentation regarding who has access, such documentation must be provided, e.g., safety deposit box registration, storage locker agreement."

The Parties have since met and conferred on multiple occasions and exchanged written correspondence in an effort to comply with the Court's order. This letter follows.

## PLAINTIFFS' POSITION

Since the discovery conference, the Dolsky Parties have yet to produce a single piece of ESI in this action, they cannot provide a date by which they will produce ESI for any custodial email account, there are significant concerns as to whether they have collected or can collect relevant evidence, and they have failed to disclose information regarding the location of the Assets. The current fact discovery deadline expires on November 7, 2025, and the Dolsky Parties' ongoing delinquencies threaten further delays in resolving this case.

As to the first issue, Dolsky and Five Star should be ordered to produce all responsive ESI within 10 days. During the discovery hearing, counsel for the Dolsky Parties advised the Court that ESI and other records being held by their discovery vendor would be ready to be produced within 10 days after the payment dispute was resolved. *See* Ex. A at 4:24-5:5. This timeline was consistent with counsel's representations that the records were fully reviewed, tagged, and awaiting production — the only obstacle to production being the discovery vendor's noncooperation. Dolsky resolved all issues with the discovery vendor on March 31, the vendor released the records to the Dolsky Parties' new vendor (Purpose Legal) on April 3, and the Dolsky Parties advised by letter on April 9 that "we do not anticipate any delay in completing production" and "are aiming for a production date of May 2, 2025." Yet no record from this collection has been produced. During a meet and confer on June 9, counsel advised they were reviewing these records for privilege and would not be able to estimate a production date for ***two weeks***. In fact, to date, Dolsky has been unable to offer a date certain by which production can be completed. Any claim that Dolsky still has to perform a privilege review before making a production of ESI is inconsistent with statements made to Plaintiffs dating back to January 2025, and representations to the Court dating back to March 2025, that production could be made when the dispute with the vendor was resolved. Dolsky's reliability regarding the production of ESI is particularly concerning. Among the emails that have not been produced are Dolsky's personal emails, which Plaintiffs know to contain highly relevant communications with defendants and nonparty co-conspirators, including Jelani Wray who was involved in the referral of patients to Metro Pain Specialists P.C. and the Citimedical defendants. Moreover, Dolsky's attorney recently advised that some ESI collection has been performed by Dolsky himself despite purported engagement of outside vendors, raising questions about the completeness and integrity of the process.

As to the second issue, the Dolsky Parties should be ordered to produce all other ESI collected from custodial sources identified during the discovery conference within 14 days and certify their efforts to obtain records from each such account.[3] For four of the email accounts, counsel has advised that communications sent and received through those accounts were all routed through and stored within the primary account of natascha@fiverstarserv.com (the "Account"). Counsel has relied solely on representations from Dolsky to support this representation, and there are questions as to its accuracy. Plaintiffs obtained from Google a production of non-content data

---

[3] Those accounts including the following: natacha@fiverstarserv.com, vadim@fiverstarserv.com, natacha@allstarservicesinc.net, info@fiverstarserv.net, and allstarservicesinc123@gmail.com.

for the Account reflecting dates, senders, and recipients for all emails stored in it. The Account contains no emails for allstarservicesinc123@gmail.com or vadim@fivestarserv.com, yet discovery material produced by nonparties in this case confirms allstarservicesinc123@gmail.com was used to communicate with relevant parties at least as recently as September 1, 2022, which is after Plaintiffs first served a subpoena on All Star in this action. As to the Account, the Dolsky Parties are unable to provide a date by which they will produce responsive documents and have not identified how many emails still need to be reviewed.

As to the third issue, the Dolsky Parties should be ordered to fully comply with the Court's order requiring disclosure of information about the location of the Assets. The only information disclosed to date is that the Assets are contained in three safes located in two U.S. cities, that Dolsky is the only person with access to the Assets, and that no documentation exists concerning access to or storage of the Assets. In June 2024, Dolsky provided an "inventory," which is a four-page spreadsheet describing assets in the vaguest of terms — such as "24 Kt" or "Fine Gold" — and indicating the assets are "In custody of Vadim Dolsky." Dolsky's recent statements and these June 2024 disclosures are wholly insufficient. They go no further than the vague references Dolsky made before the last discovery conference and convey nothing more than Dolsky's unsupported claim that all the Assets are his and in his possession, leaving Plaintiffs without any mechanism to evaluate or challenge those assertions. As the Court made clear during the conference, Dolsky must disclose all information about the location of the assets except a specific address. *See* Ex. A at 46:12-17; 47:10-18. Dolsky should disclose whether the buildings and safes in which the Assets are stored are owned or operated by persons or institutions, who owns and operates each building and safe, who has access to each building and safe, and produce a detailed inventory of each Asset and a designation of the city and safe where it is stored.

The Dolsky Parties' delays, lack of transparency, and lack of diligence in complying with discovery raises serious concerns regarding spoliation of evidence. To expedite inquiry into potential spoliation, Plaintiffs respectfully request the Court order each Dolsky Party to certify in writing the dates on which hold orders were issued requiring the preservation of relevant evidence in this case, which Plaintiffs have requested but the Dolsky Parties have not provided.

Accordingly, Plaintiffs respectfully request this Court order the Dolsky Parties to (1) produce all ESI previously subject to a discovery vendor dispute within 10 days, (2) certify the sources from which Five Star's ESI was collected, the dates on which such ESI was collected, and the process employed for collecting that ESI, (3) produce all other responsive ESI within 14 days, (4) certify in writing their efforts to collect ESI from all identified custodial sources, (5) as to each Asset, provide the city in which it is located, identify who owns or operates the building and safe in which it is stored, identify who has access to each building and safe, and provide a detailed inventory of each Asset and a designation of the city and safe where it is stored; and (6) disclose the date of each hold order issued to each Dolsky Party requiring the preservation of relevant information.

## VADIM DOLSKY'S POSITION

It is the position of the Dolsky Parties that Plaintiffs' letter is an example of mischaracterizing and weaponizing discovery to harass the Dolsky Parties rather than to obtain relevant information. It bears reminding the Court that Mr. Dolsky and his affiliated entities were brought into this action more than two years after its commencement. Plaintiffs now attempt to shift the burden of proving their claims to the Dolsky Parties—insisting on unreasonably accelerated timelines and demanding the creation of documents that do not exist—all while ignoring their own delays and failures to meaningfully engage in the discovery process.

I.  **ESI REVIEW AND DISCOVERY PRODUCTION**

At the last meet and confer on June 9, counsel for the Dolsky Parties made clear that three attorneys are actively engaged in the review of ESI—an effort being carried out diligently and around the clock. These materials, including hundreds of thousands of documents recently obtained from the vendor Purpose Legal, require careful and thorough privilege review. Plaintiffs' demand that the Court order production of these materials within ten days—without any allowance for privilege review—is not only inappropriate, it is harassing and contrary to the Federal Rules.

To date, the Dolsky Parties have produced all non-privileged documents from Optimum, All Star, and Dolsky personally. The remaining ESI production from Dolsky's personal account, dolskylac@yahoo.com, is underway and will be completed on a rolling basis. Plaintiffs ignore the fact that this case has already involved the exchange of millions of pages of documents, and their continued insistence on arbitrary deadlines does not reflect the scope of what remains to be done nor the good faith effort being undertaken to do it properly. We are not asking for consideration; we are simply seeking protection from the relentless harassment by Plaintiffs, who refuse to acknowledge the realities of privilege-compliant discovery in complex matters such as this.

Purpose Legal is finalizing the Five Star Production by creating a link and zipping the file so the data can be accessed by all parties. Once completed it will be produced, at the latest next week after the 4th of July holiday.

II. **ASSET DISCLOSURE AND INSEPCTION**

Plaintiffs' issues regarding the location and disclosure of certain high-value assets are equally misplaced. They are essentially using the Court's Order as a sword and placing Mr. Dolsky's safety at risk. The Dolsky Parties have complied with the March 12 Order by identifying that the referenced assets are held in safes located in two U.S. cities, that Vadim Dolsky is the sole individual with access, and that no written agreements exist concerning the storage or ownership of the safes. Plaintiffs' demand for building ownership, operator identities, and inventory-by-location information is plainly harassing and disproportionate to the needs of this litigation. The assertion that the Dolsky Parties "failed to disclose information" about the Assets is simply false. The disclosure made fully satisfies the Court's directive, and Plaintiffs' demand for more specific information ignores the Court's express instruction that the actual address need not be disclosed.

Additionally, following the Court's March 12, 2025 Order, Mr. Dolsky voluntarily offered—as early as April 2025—to make the assets available for inspection at his counsel's office. Despite multiple follow-ups, Plaintiffs' counsel has failed to provide any inspection dates and now vaguely "aim" for August or September. Plaintiffs cannot simultaneously claim urgency in discovery while stalling their own asset inspection—which they requested, and we offered to accommodate months ago.

As for the inventory, Plaintiffs have already been provided a list of the assets. Their continued demand that Mr. Dolsky assign a specific city and safe to each item is impossible, because no such document or allocation exists. Plaintiffs' demand that the Dolsky Parties now retroactively create such documentation solely for litigation purposes is improper and inconsistent with Federal Rule of Evidence, which generally do not require parties to generate materials that do not exist.

III. **NO GENUINE DISCOVERY DISPUTE EXISTS**

Plaintiffs' baseless insinuations of spoliation are as irresponsible as they are legally unsupported. All ESI is being preserved, reviewed, and produced in accordance with the Court's

directives. Plaintiffs' sudden demand that the Dolsky Parties "certify litigation hold dates" is also misplaced. The accusation that ESI was potentially lost or destroyed is speculative and unsupported. The Dolsky Parties have never claimed any data loss (other than a discovery dispute with DISCO which this Court is aware of), and have continuously represented that the relevant custodial emails were routed through natascha@fiverstarserv.com, which have been collected and are undergoing review.

The Dolsky Parties position is that there is no legitimate discovery dispute before this Court. Reviewing documents for privilege is not a discovery violation—it is a function of litigation, especially in complex matters such as this. The Dolsky Parties have responded promptly, produced extensive material, and made continuous efforts to move discovery forward. Plaintiffs' letter is an improper attempt to manufacture controversy where none exists.

### IV.     DOLSKY PARTIES CONCLUSION

The Dolsky Parties contend that Plaintiffs' letter is misleading this Court to believe that there is a genuine discovery dispute and Dolsky is withholding discovery which is not the case here. The Dolsky Parties are not in violation of the Court's Order; rather, they are undertaking a comprehensive and necessary good faith review of documents. Plaintiffs' attempt to leverage discovery compliance as a litigation weapon should not be allowed. Accordingly, no further orders are necessary or warranted at this time. The Dolsky Parties remain committed to completing their ESI production on a rolling basis.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Byron A. Divins*

CAPETOLA & DIVINS P.C.

Byron A. Divins, Jr.
Alexandra Mulé
2C Hillside Avenue
Williston Park, NY 11596
516-746-2300
bdivins@capetoladivinslaw.com

*Attorneys for Vadim Dolsky, Optimum Health Acupuncture P.C., All Star Services Inc., and Five Star Services Inc.*