September 8, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Joint Report Re Discovery Status

Dear Judge Kuo:

Pursuant to this Court's July 1, 2025 order, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, NJMHMC LLC, Star Solutions Services LLC (together, the "Moshe Defendants"), Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, Beshert Corp. (together, the "Alon Defendants"), Nizar Kifaieh, M.D., Premier Anesthesia Associates P.A. (together, the "Kifaieh Defendants"), Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services, P.C., Citimed Complete Medical Care P.C., Citimed Management Services Inc. (together, the "Citimed Defendants"), Vadim Dolsky, L.Ac., Optimum Health Acupuncture P.C. (together, the "Dolsky Defendants"), Peter Kopach, L.Ac., and First Alternative PLM Acupuncture, P.C. (together, the "Kopach Defendants") (collectively, "Defendants")[1], respectfully write to address the status of fact discovery in this case.

    **I.**    **Procedural History and Status of Remaining Defendants**

Plaintiffs commenced this action on October 5, 2021, filed the First Amended Complaint (Dkt. 63) on December 14, 2021, and filed the operative Second Amended Complaint (Dkt. 388) ("SAC") on August 17, 2023. The SAC names 63 defendants, 15 of which have not appeared in this action. Of those 15 defendants, certificates of default have been entered against 14 defendants,[2] and Plaintiffs have been unable to serve the SAC and summons on Stacy Juyoung Moon, L.Ac. Mohamed Sayed Ahmed Hassan, P.T. and Nile Rehab Physical Therapy, P.C. initially appeared in the case, but the Court has since found them both in default. *See* 2/26/2025 Text Order. Of the

---

[1] On August 27, September 5, and September 8, 2025, Plaintiffs contacted counsel of record for all defendants appearing in this action seeking their position for inclusion in this Joint Report re Discovery Status due to be filed on September 8. The Following defendants did not respond to Plaintiffs' correspondence: First Alternative PLM Acupuncture P.C. and Peter Kopach L.Ac. The signature block of counsel for these defendants is left unsigned below.

[2] These are defendants Irina Kataeva, P.T., Cityworks Physical Therapy P.C., Ahmed Mahmoud Abdelshafy Elmansy, P.T, Sky Limit Physical Therapy, P.C., Jongdug Park, D.C., All About Chiropractic P.C., J Park Chiropractic P.C., SJM Acupuncture P.C., Heyongsock Choi, L.Ac., Choice Acupuncture PLLC, Choi-Go Acupuncture LLC, Leonard Luna, D.C., Kings Chiropractic Wellness, P.C., and Right Aid Medical Supply Corp.

remaining 48 defendants, Plaintiffs settled their claims with 22 defendants,[3] are actively involved in settlement discussion with the two Kopach Defendants, and are actively litigating with the other 24 Defendants.

## II. Status of Fact Discovery

The parties remain actively involved in fact discovery, which is scheduled to close on November 7, 2025. As set forth below, the parties are working to resolve outstanding issues with written and document discovery, some of which are likely to result in motion practice. Both Plaintiffs and Defendants are working to schedule and take party and nonparty depositions.

### 1. Discovery Conducted by Plaintiffs

With the exception of the Kopach Defendants, who are actively involved in settlement discussions with Plaintiffs, fact discovery is proceeding as to all other Defendants. Defendants are in varying stages of completing discovery, and Plaintiffs are in the process of meeting and conferring with them to resolve discovery-related issues. Plaintiffs anticipate judicial intervention will be necessary to address at least some of the issues and misconduct discussed below.

***The Moshe Defendants***: The Moshe Defendants represented they completed production of all responsive documents on August 29, 2025. Numerous discovery disputes with the Moshe Defendants remain unresolved, the most pressing of which concern their preservation and collection of electronically stored information ("ESI"). On August 5, 2025, Moshe completed production of emails from his personal email account, which he was first ordered to produce more than two years ago. *See* 8/25/2025 Text Order. On August 7, he confirmed for the first time the inability to produce more than 15,000 responsive emails known to exist in the personal email account as of March 28, 2024.[4] Moshe also confirmed for the first time that employees at defendant Hudson Regional Hospital – not his counsel – searched and collected emails from the account. This personal email account was the only custodial source from which his counsel was excluded from the search and collection process. Plaintiffs are actively seeking to obtain the missing emails from other available sources and have noticed Moshe's deposition on limited issues

---

[3] These are defendants Raouf Akl, P.T., Primavera Physical Therapy, P.C., Sherwin Catugda Paller, P.T., Floral Park Physical Therapy, P.C., Geoffrey Allerton Cushman, P.T., PI Physical Therapy P.C., Giulio Caruso, D.C., Brook Chiropractic of NY P.C., Integrated Chiropractic of NY P.C., Longyu Ma, L.Ac., Hidden Dragon Acupuncture P.C., Xia Guan, L.Ac., Rebound Acupuncture P.C., Vladimir Nazarov, Paul Victor Scarborough, D.C., A.O.T. Chiropractic P.C., Evolution Chiropractic P.C., Mark Gladstein, Victoria Frenkel, Advanced Comprehensive Laboratory LLC, Amro Mahmoud Barakat, P.T., and Barakat PT, P.C.

[4] Following an October 31, 2023 hearing relating to Moshe's production of emails from the personal email account, Plaintiffs subpoenaed records about the account from Yahoo Inc. On March 28, 2024, Yahoo produced records identifying the emails then-stored within the personal email account. Yahoo's production contains only non-content information for each email in the account, such as the date and time on which the email was sent and received and the sender and recipients of each email.

concerning the facts and circumstances surrounding his preservation, collection, and production of emails from the personal account.

Several other Moshe Defendants have not collected ESI from specified custodial sources. Plaintiffs have requested additional information as to the facts and circumstances surrounding why ESI was not or could not be collected from these custodians and have yet to receive a response.

Numerous Moshe Defendants are also standing on blanket objections to producing documents responsive to certain document demands. These objections will be the subject of a request for Court assistance which will be filed shortly.

*The Alon Defendants*: The Alon Defendants represented they completed production of all responsive documents on August 13, 2025. There are several unresolved discovery disputes. Columbus Imaging and Medaid Radiology have not produced any ESI in this action, including ESI from email accounts identified in supplemental interrogatory responses as used for business purposes and accessible to their owner, Reuven Alon. Although the Alon Defendants were ordered to produce emails from these accounts more than two years ago, *see* 8/25/2023 Text Order, on August 18, 2025, they claimed for the first time they cannot access them apparently because an unnamed person is the only one with the password. Plaintiffs expect the Alon Defendants to either obtain access to the account, or they will seek court assistance regarding the issue.

*The Kifaieh Defendants*: The Kifaieh Defendants represented they completed production of all responsive documents on August 29, 2025. Plaintiffs, however, have been unable to identify any emails they produced. Among the missing items are emails from accounts Plaintiffs had previously identified as having been used to conduct business relevant to the case. When Plaintiffs sought an explanation, Kifaieh advised for the first time in correspondence dated August 18, 2025, he did not search or collect any emails because "he did not utilize his personal gmail account for business purposes." This claim is baseless and contrary to requirements in the ESI protocol entered in this action requiring Kifaieh to search identified custodial sources for responsive emails. Plaintiffs will allow Kifaieh a short time to correct this failure or they will seek court assistance regarding the issue.

*The Dolsky Defendants*: Counsel for the Dolsky Defendants has advised that the production of all outstanding ESI should be completed by September 23, 2025. Several issues are currently unresolved. First, Dolsky's ESI productions to date include redactions which Plaintiffs believe are unsupported. The parties are meeting and conferring regarding these redactions and, if the issue cannot be resolved, it will be brought to the Court for resolution. Second, on July 11, 2025, the Court ordered Dolsky to certify the facts and circumstances surrounding his search and collection of ESI. To date, he has failed to do so. Court intervention may be necessary to compel his compliance with the July 11, 2025 order.

Additionally, on July 11, 2025, the Court ordered Dolsky to provide an inventory of gold and other assets and information about the owner of properties at which the gold and assets are stored. Plaintiffs have provided Dolsky with the format for an inventory and have renewed the request for

information about the owner of the properties.  To date, Dolsky has failed to comply with this part of the July 11, 2025 order, and Court intervention may be necessary to obtain his compliance.

***The Citimed Defendants***:  The Citimed Defendants are continuing to address several issues with their document productions.  Their ESI productions to date do not reflect records collected from certain agreed-upon employee accounts, and they have not produced metadata consistent with their obligations under the ESI protocol.  Plaintiffs have set a firm date for the Citimed Defendants to address these issues.

***The Shapiro Defendants***: Plaintiffs raised certain issues with the Shapiro Defendants' document productions and written responses, including the omission of metadata for their ESI productions.  The Shapiro Defendants are inquiring as to these issues and whether supplemental document productions and revised written discovery responses are necessary.

*   *   *

Plaintiffs have taken thirteen depositions.[5] Plaintiffs are noticing and scheduling depositions with an additional eleven witnesses.  Remaining depositions are largely comprised of individual defendants and nonparty employees of corporate defendants, which have been impacted by the outstanding discovery issues discussed above.[6]

Plaintiffs have responded to all written discovery demands and completed their production of all responsive documents.  They are actively working with Defendants to schedule depositions of Plaintiffs' corporate representative(s) and current and former employees.

### 2. Discovery Conducted by Defendants

#### i. Moshe Defendants, Alon Defendants, and Kifaieh Defendants

Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, SCOB LLC, Citimed Surgery Center LLC, NJMHMC LLC, Star Solutions Services, LLC, Beshert Corp., Nizar Kifaieh, M.D., and Premier Anesthesia Associates PA (collectively "These Defendants") have served requests for documents and interrogatories on Plaintiffs.  These Defendants have also noticed twenty-one (21) fact witness depositions, including corporate representatives of Plaintiffs and individuals who were involved in the investigation and filing of Plaintiffs' complaint.  The depositions were initially adjourned and These Defendants anticipate rescheduling the depositions

---

[5] Depositions have been taken of defendants Amro Barakat, Beshert Corp., and Citimed Management Services Inc, and nonparties Viktoriya Shakarova, Isaias Barrera-Perez, Damon Minus, Dmitri Ivanovski, Nazar Burak, Jelani Wray, Anam Azeem, M.D., Brijesh Reddy, M.D., Anthony Rose, and Alkies Lapas, D.O.

[6] Under this Court's order dated August 14, 2023, Plaintiffs are permitted to take up to 36 depositions.

to occur in September and October. These Defendants may also subpoena additional witnesses, depending on how the representative depositions proceed.

Plaintiffs' section above notes alleged discovery deficiencies with some of These Defendants and are in receipt of correspondence regarding same. These Defendants are evaluating Plaintiffs' position on each issue and will respond within the time frame requested by Plaintiffs. To the extent judicial intervention is required, These Defendants will set forth their position on each issue for the court at that time.

These Defendants position is they have answered all sets of interrogatories and supplemental interrogatories directed to them. These Defendants have concluded their ESI document production except for one final privilege log, which will be finalized and produced within the next few days. To date, These Defendants have reviewed and served documents totaling over one million pages and have provided hundreds of pages of privilege logs. These Defendants anticipate retaining experts on various issues to be determined at the conclusion of fact discovery.

### ii. Citimed Defendants

Written discovery has been produced as to the Citimed Defendants. There remain a discreet set of four (4) outstanding issues between these Defendants and Plaintiffs. The parties are actively working and meeting and conferring on these issues. Additionally, the parties have met and conferred regarding the exchange of privileged documents, and these Defendants will be serving an additional ESI production as to non-privileged documents, and will also serve a privilege log.

On April 3, 2025, these Defendants sent a FRCP 30(b)(6) Notice to Plaintiffs. The parties will come to mutually agreeable dates for the depositions of the Plaintiffs' representative(s) pursuant to this Notice.

### iii. Dolsky Defendants

The Dolsky Defendants have been in full compliance with this Court's directives and continue to make diligent efforts to complete discovery timely and in good faith. To date, two substantial batches of ESI have been produced— the first on July 16, 2025, and the second on August 12, 2025. A final, third production is scheduled to be completed on or before September 23, 2025. With respect to Plaintiffs' issues regarding redactions, Defendant Dolsky's counsel will confer with Plaintiffs and address all redaction concerns at the conclusion of their ESI production so any and all issues may be addressed comprehensively and efficiently.

With regard to the certification of the ESI process and the requested inventory, it bears noting that while the Court issued its order on July 11, 2025, Plaintiffs provided their proposed inventory detail requests more than one month later. In light of the sheer volume of the assets to be inventoried at issue, Defendant Dolsky is working to complete the inventory, and Dolsky Defendants will propose a reasonable date for its completion.

The Dolsky Defendants have made significant progress in discovery and remain committed to compliance with this Court's protocols. Dolsky Defendants are on track to complete the remaining production and necessary certifications. Dolsky Defendants will continue to work with Plaintiffs to reasonably resolve any outstanding issues without Court intervention.

### iv. Shapiro Defendants

The Shapiro Defendants agree with Plaintiffs' characterization of the outstanding issues.

### v. Kopach Defendants

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M. Juliano
Keith J. Roberts
Shannon Carroll
101 Eisenhower Pwky, Ste 101
Roseland, NJ 07068
Telephone: 973.228.5700
Facsimile: 973.618.5585
ajuliano@bracheichler.com
kroberts@bracheichler.com
scarroll@bracheichler.com

*Attorneys for Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, SCOB LLC, Citimed Surgery Center LLC, NJMHMC LLC, Star Solutions Services, LLC, Beshert Corp., Nizar Kifaieh, M.D., and Premier Anesthesia Associates PA*

By: /s/ *Elyse Schindel*

LONDON FISCHER LLP

Thomas A. Leghorn
Elyse Schindel
59 Maiden Lane
New York, NY 10038
Telephone: 212.331.9555
Facsimile: 212.972.1030
tleghorn@londonfischer.com
eschindel@londonfischer.com

*Attorneys for Defendants Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.*

7

By: /s/ *Alexandra Mule*

CAPETOLA & DIVINS, P.C.

Byron A. Divins
Alexandra Mule
2C Hillside Avenue
Williston Park, NY 11783
Telephone: 516.503.8557
bdivins@capteoladivinslaw.com
amule@capetoladivinslaw.com

*Attorneys for Defendants Vadim Dolsky, L.Ac., and Optimum Health Acupuncture P.C.*

By: *Steven J. Harfenist*

HARFENIST KRAUT & PERLSTEIN LLP

Steven J. Harfenist
300 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
Telephone: 516.355.9601
Facsimile: 516.355.9601
sharfenist@hkplaw.com

*Attorneys for Defendants Metro Pain Specialists P.C., Tri-Borough NY Medical Practice P.C., and Leonid Shapiro, M.D.*


By: /s/

EISENBERG & CARTON

Lloyd M. Eisenberg
405 RXR Plaza
Uniondale, NY 11556
Telephone: 516.221.3700
Facsimile: 516.977.3337
leisenberg@eisenbergcarton.com

*Attorneys for Defendants Peter Kopach, L.Ac. and First Alternative PLM Acupuncture, P.C.*