September 23, 2025

V<small>IA</small> ECF

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendant Yan Moshe ("Moshe") respectfully write to request the Court's assistance resolving whether Moshe should be compelled to appear for a limited deposition concerning the disappearance of more than 15,000 emails from Moshe's email account, yanmoshe@yahoo.com (the "Moshe Yahoo Account"). The parties met and conferred on this issue and are at an impasse.[1]

RELEVANT BACKGROUND

The production of emails from the Moshe Yahoo Account was first required in response to document demands served on Moshe on April 1, 2022, which required all communications between Moshe and other defendants and relevant nonparties. Moshe did not object to producing nonprivileged records responsive to the requests, but he failed to comply and on August 25, 2023, this Court ordered him to produce all responsive records. 8/25/2023 Text Order. On October 5, 2023, Moshe's then attorney filed a letter with the Court stating responsive emails had been deleted and were unavailable. Dkt. 451.

Plaintiffs moved for spoliation sanctions (Dkt. 454). At a hearing on October 31, 2023, the Court denied the request as premature finding Plaintiffs first needed to gather more information regarding the emails' disappearance. 10/31/2023 Text Order. But the Court "granted [Plaintiffs] leave to obtain discovery on the issue of spoliation as described" in the motion for spoliation sanctions, and stated on the record, "[c]ertainly if depositions are necessary because you're not getting the information that you need, they are permitted as part of resolving this issue." Ex. 1 (10/31/2023 Hr'g Tr. at 26:2-9); *see* 10/31/2023 Text Order.

Following the October 31, 2023 hearing, Moshe retained new attorneys who told Plaintiffs they were going to search for missing emails and produce any responsive emails they could locate. On February 15, 2024, Plaintiffs memorialized the parties' agreement regarding this renewed search that included, among other things, defendants' promise that Moshe's "counsel will collect and review emails for potential responsiveness, not the individual defendants or their employees" and that the Moshe Yahoo Account would be among the sources searched for responsive emails. Ex. 2 (2/15/2024 Email from C. Cook to A. Juliano with custodial list).

Plaintiffs also took steps to determine if missing emails could be obtained from other sources. To

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

this end, Plaintiffs subpoenaed and received records from Yahoo, Inc. on March 28, 2024. While the Yahoo records did not include the content of email communications, they did identify more than 84,000 email transmissions that passed through the Moshe Yahoo Account between May 2016 and February 2024. Those email transmissions included communications between defendants and between defendants and relevant nonparties.

On April 26, 2024, Plaintiffs served another set of document demands on Moshe. The new document demands sought, among other things, all communications with 25 defendants and nonparties and approximately 15,000 specifically identified emails that, according to the records produced to Plaintiffs by Yahoo, were in the Moshe Yahoo Account at least on March 28, 2024. Moshe did not object to producing nonprivileged emails responsive to these requests.

Moshe has produced some emails from the Moshe Yahoo Account. On August 5, 2025, Moshe represented that his production of emails from the Moshe Yahoo Account was complete. The production does not include more than 15,000 responsive emails that, according to the records produced to Plaintiffs by Yahoo, were in the Moshe Yahoo Account at least on March 28, 2024. Among the emails not produced are communications between Moshe and Vadim Dolsky ("Dolsky") and Moshe and Reuven Alon ("Alon"), all defendants in the case.

During a meet and confer on July 25, 2025, Moshe's counsel advised Plaintiffs' counsel for the first time, among other things, the process used to collect emails from the Moshe Yahoo Account differed from the process used for 12 email accounts of the Moshe corporate defendants the firm represents and 7 email accounts of other defendants the firm represents. Rather, Moshe assigned the task of collecting, searching, and reviewing emails from the Moshe Yahoo Account to two employees of defendant Hudson Regional Hospital, which Moshe owns.

Moshe was identified as the individual with knowledge regarding the events surrounding the emails. Accordingly, Plaintiffs requested a signed certification from Moshe identifying the facts and circumstances around why emails in the Moshe Yahoo Account are no longer available, including specifically how and when the emails became unavailable. *See* Ex. 3. In response, Moshe provided a certification. Ex. 4. The certification states Moshe instructed the Hudson Regional Hospital IT employees to search and collect emails from the Moshe Yahoo Account, they used a digital forensics software program, the process was "extensive and many searches had to be re-run," items were collected and provided to Moshe's attorney for review before production, and "I have not deleted any emails relating to this dispute with Plaintiffs since the filing of the Complaint in October 2021." *Id.* The certification does not include any facts or circumstances around why emails in the Moshe Yahoo Account are no longer available, including specifically how and when emails became unavailable, or offer any explanation as to why emails known to have been in the account at least on March 28, 2024, according to Yahoo are no longer in the account.

Plaintiffs served a notice for Moshe's limited deposition to occur on September 16, 2025. Moshe refuses to attend a limited deposition regarding the missing emails, insisting he will only appear once for a substantive deposition on all matters in this case. This letter follows.

## PLAINTIFFS' POSITION

Moshe should be compelled to appear for a limited deposition regarding the facts and circumstances around why emails in the Moshe Yahoo Account are no longer available.

There should be no question emails transmitted through the Moshe Yahoo Account are an appropriate subject of discovery and properly sought. Their production has been required since at least Plaintiffs' first document requests served in April, 2022, and Moshe has never objected to their relevance or questioned their significance. Indeed, they include communications between Moshe and other defendants such as his sister Dr. Regina Moshe, alleged to be the paper owner of the Citimedical defendants, his cousin Alon, his long-time friend Vadim Dolsky, and the Shapiro Defendants, as well as important non-parties such as marketers and vendors involved in kickbacks and efforts to secrete assets. Indeed, the missing emails include communications with Jelani Wray, who is presently serving a sentence for bribing 911 operators in exchange for contact information used to refer patients to corrupt medical clinics and who refused to answer any question of substance during his deposition in this case claiming he "did not remember."

The record provides every indication of a deliberate effort to destroy relevant evidence that must be investigated. There is no question that at least on March 28, 2024 over 15,000 emails between and among relevant participants in the scheme at issue were in the Moshe Yahoo Account according to Yahoo. Today, those emails are gone. Neither Moshe nor his attorneys have offered any explanation as to why or how that happened or when it occurred. They have, however, admitted the Moshe Yahoo Account was subject to a process completely different from that used for every other email account of a defendant represented by Moshe's attorneys, including 12 accounts for Moshe's entities. Moshe's attorneys were cut completely out of the process. Such actions are not only extremely suspicious but directly contradict the promise made by Moshe's attorneys on February 8, 2024, that Moshe's "counsel will collect and review emails for potential responsiveness, not the individual defendants or their employees."

The Court has already recognized the appropriateness of limited discovery on this issue and its prior order already authorizes the deposition Plaintiffs seek. At the October 31, 2023 hearing, when Plaintiffs first raised this issue, the Court "granted [Plaintiffs] leave to obtain discovery on the issue of spoliation as described" in the motion for spoliation sanctions, and stated on the record, "[c]ertainly if depositions are necessary because you're not getting the information that you need, they are permitted as part of resolving this issue." Ex. 1 (10/31/2023 Hr'g Tr. at 26:2-9); *see* 10/31/2023 Text Order. A limited deposition of Moshe on the missing emails is now necessary and should go forward.

Plaintiffs have done everything they can to avoid the deposition. They have attempted to gather as much information through the meet and confer process and requested a certification from Moshe addressing the matter. But Moshe's certification ignored the specific questions asked by Plaintiffs and dodged the issues. His certification says absolutely nothing about why, how or when emails in the Moshe Yahoo Account became unavailable or explain how emails known to have been in the account at least on March 28, 2024 are no longer there. Additional negotiations and back and forth over a more detailed certification would simply waste time.[2] A deposition is needed to understand what happened.

---

[2] This Court has entered at least nine orders requiring Moshe's compliance, yet compliance remains outstanding. *See, e.g.*, 8/25/2023 Text Order (ordering compliance by 9/8/2023); 9/20/2023 Text Order (ordering Defendants to show cause); 11/22/2023 Text Order (ordering compliance by 1/31/2024); 2/22/2024 Text Order (ordering compliance by 4/8/2024); 4/5/2024 Text Order (ordering compliance by 5/23/2024); 5/29/2024 Text Order (ordering compliance by 6/14/2024); 7/25/2024 Text Order (ordering compliance by 9/15/2024); 9/16/2024 Text Order (ordering compliance by 10/31/2024); 10/31/2024 Text Order (ordering compliance by 12/2/2024); 12/3/2024 Text Order (ordering compliance by 2/3/2025).

Finally, Moshe's refusal to appear for a limited deposition and insistence that he will appear only once for a substantive deposition on a single day should be rejected for a number of reasons. First, as noted, the Court has recognized and ordered that Plaintiffs may take limited depositions on this issue. Second, Plaintiffs should not be required to use its substantive deposition time with Moshe, who is the lead defendant as to whom there are extensive topics to cover, on this spoilation issue which is a product of Moshe's own conduct and of great significance on its own. Third, issues related to the emails need to be resolved in advance of substantive depositions, including the substantive deposition of Moshe and other important defendants. As Moshe is the lead defendant, his deposition is likely to be among the last taken. Missing emails include communications between and among defendants who have yet to be deposed. If the missing emails are found through inquiry into the collection process, it will alter how substantive depositions, including Moshe's, proceed. If they are not found, the circumstances of their disappearance will shape how substantive depositions, including Moshe's, proceed. Fourth, the results of the limited deposition may lead to other motion practice and other discovery, including a motion for spoilation or requests from other sources. These actions must take place as soon as possible and should not be tied to the scheduling of Moshe's substantive deposition.

Should Moshe be ordered to testify at a limited deposition on these issues, Plaintiffs respectfully request this Court order Moshe to pay Plaintiffs' reasonable attorneys' fees and costs incurred preparing and filing this joint letter and preparing and taking the deposition. Moshe's longstanding delays and noncompliance support punitive and compensatory sanctions. *See* Fed. R. Civ. P. 37(b)(2).

Accordingly, Plaintiffs respectfully request Moshe be compelled to (1) testify at a limited deposition concerning the facts and circumstances surrounding why emails in the Moshe Yahoo Account are no longer available in addition to Moshe's obligation to testify at deposition later in this case on other issues of fact pursuant to Fed. R. Civ. P. 30(d)(1), and (2) if the limited deposition is granted, reimburse Plaintiffs for reasonable attorneys' fees and costs related to preparing and filing this joint letter and preparing and taking his limited deposition.

### YAN MOSHE'S POSITION

Moshe does not object to State Farm's right to question him regarding his yahoo emails. Moshe has never objected to appearing for a deposition, and has recently agreed to appear for his deposition at a mutually agreed upon time. State Farm has refused to proceed, and instead seeks to compel Moshe's appearance to be deposed on one limited issue related to his yahoo email account, and then appear again at a later time for a second "substantive" deposition. State Farm's only arguments in support of seeking to compel multiple appearances by Moshe are that it should not be required to use its substantive deposition time with Moshe on this limited discovery issue, and that "issues" related to Moshe's yahoo emails need to be resolved in advance of substantive depositions, including the deposition of Moshe and other important defendants. These arguments are not sufficient to compel Moshe to appear for his deposition on multiple occasions.

State Farm argues that it should not be compelled to use its substantive deposition time on the email topic. State Farm has not, however, inquired as to whether Moshe would agree to extra time in his deposition should it run long as a result of questions related to the email issue. State Farm also has not indicated how long it expects its "limited deposition" to take. State Farm is not entitled to compel Moshe to appear for a limitless deposition on the email issue and then to appear for another seven (7) hour "substantive" deposition. If State Farm chooses to depose Moshe last, that is its prerogative. If State Farm chooses to depose Moshe next, that is also its prerogative.

4

State Farm should not however be entitled to multiple depositions simply because it wishes to ask some questions now and some questions later.

Moshe takes his discovery obligations seriously. State Farm's position clearly seeks to enflame a discovery issue with statements regarding the collection process being "suspicious" and inferring that because Hudson Regional Hospital employees conducted the email collection, the process cannot be trusted. State Farm also infers that Moshe ignored nine court orders requiring "compliance" with his discovery obligations. In reality, as certified by Moshe, he learned that his personal yahoo email account would need to be searched and responsive items produced, so he instructed the Chief Information Officer and another IT employee of Hudson Regional Hospital to obtain the appropriate search terms from counsel, and collect responsive items accordingly. Moshe then approved Hudson Regional Hospital's purchase of a digital forensics software program to run the searches and collect the emails from his account. Due to the large number of search terms, the process was extensive and many searches had to be re-run. All items collected were provided to counsel, who reviewed same for responsiveness and privilege before serving to State Farm's counsel.

Again, Moshe is ready, willing and able to be deposed in this case. In fact, he looks forward to it. State Farm's insistence on a "limited" deposition on the email issue, however, is nothing more than an attempt to harass Moshe into appearing on multiple dates for his deposition. Indeed, State Farm has already taken multiple witness depositions in this case, and has made a habit of long drawn out depositions.

Finally, State Farm is asking the court to sanction Moshe for not agreeing to appear for a limited deposition. This request is baseless and unwarranted. Moshe has agreed to be deposed on all issues at a mutually convenient time. It is State Farm's refusal to proceed with Moshe's deposition that has required this letter motion. Instead, State Farm insists on forcing Moshe to appear on multiple deposition days for different issues. State Farm is essentially asking for sanctions because Moshe will not agree to State Farm's preferred schedule. This request is improper and should be denied.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*   

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual*
*Automobile Insurance Company and State*
*Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*   

BRACH EICHLER LLC

Anthony M Juliano
101 Eisenhower Pkwy
Roseland, NJ 07068
973-403-3154
ajuliano@bracheichler.com

*Attorney for Yan Moshe*