October 10, 2025

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    ***State Farm Mut. Auto. Ins. Co., et al. v. Metro Pain Specialists P.C., et al.,***
       ***Case No. 21-cv-05523 (E.D.N.Y.) – Revised Proposed Case Schedule***

Dear Judge Kuo:

        Pursuant to Federal Rule 16(b), Local Civil Rule 16.2, and this Court's Individual Practice Rule IV, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and Defendants Leonid Shapiro, M.D., Metro Pain Specialists P.C., Tri-Borough NY Medical Practice P.C. (the "Shapiro Defendants"), Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., Citimed Management Services Inc. (the "Citimed Defendants"), Vadim Dolsky, and Optimum Health Acupuncture, P.C. (the "Dolsky Defendants") (collectively the "Consenting Defendants") write jointly to respectfully request this Court extend the deadlines set forth in the Discovery Plan and Case Schedule (Dkt. 667) by 120 days and enter the Proposed Revised Discovery Plan and Case Schedule attached hereto as Exhibit A (the "Proposed Case Schedule").

        Defendants represented by Brach Eichler, LLC — Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, Star Solution Services Inc., NJMHMC LLC d/b/a Hudson Regional Hospital (the "Moshe Defendants"), Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, Beshert Corp. (the "Alon Defendants"), Nizar Kifaieh, M.D., and Premier Anesthesia Associates P.A. (the "Kifaieh Defendants") — oppose this request (collectively, the "Brach Eichler Represented Parties").

        The positions of all parties currently participating in this matter are set forth in this letter.[1] Fact discovery is presently scheduled to close on November 7, 2025.

---

[1] The following 24 defendants have settled their claims with Plaintiffs and been dismissed from the case: Raouf Akl, P.T., Primavera Physical Therapy, P.C., Sherwin Catugda Paller, P.T., Floral Park Physical Therapy, P.C., Geoffrey Allerton Cushman, P.T., PI Physical Therapy P.C., Giulio Caruso, D.C., Brook Chiropractic of NY P.C., Integrated Chiropractic of NY P.C., Longyu Ma, L.Ac., Hidden Dragon Acupuncture P.C., Xia Guan, L.Ac., Rebound Acupuncture P.C., Vladimir Nazarov, Paul Victor Scarborough, D.C., A.O.T. Chiropractic P.C., Evolution Chiropractic P.C., Mark Gladstein, Victoria Frenkel, Advanced Comprehensive Laboratory LLC, Amro Mahmoud Barakat, P.T., Barakat PT, P.C., Peter Kopach, L.Ac., and First Alternative PLM Acupuncture P.C.

The following 14 defendants have failed to appear in this action, and certificates of default have been entered against them: Irina Kataeva; Cityworks Physical Therapy, P.C.; Hyeongsock Choi; Choice

## Relevant Background

On August 17, 2023, Plaintiffs filed the currently operative Second Amended Complaint. Dkt. 388.  The Second Amended Complaint added 16 new defendants, expanded the scope of the alleged scheme based on new information learned through discovery, and increased Plaintiffs' alleged damages to more than $22 million.  On September 1, 2023, the Court entered a revised case schedule (Dkt. 405), which required the parties to complete fact discovery by August 2, 2024.  The discovery cutoff has been extended since then based on showings of good cause and is currently set to expire on November 7, 2025.  Dkt. 599, 667.  In the six months since the most recent schedule was entered, Plaintiffs have settled their claims with additional defendants leaving only the key defendants still participating in the action, the parties have made significant progress toward completing ESI productions, additional depositions have been taken, and significant new information has been learned relating to the claims and defenses at issue.

## Plaintiffs and the Consenting Defendants' Position:

Plaintiffs and the Consenting Defendants seek a short extension of the current fact discovery schedule of 120 days.  During that time, Plaintiffs and the Consenting Defendants expect to complete all remaining document discovery and complete all fact depositions.  Among the reasons supporting this short extension are the following:

- **Document Discovery**:  The parties have been working diligently to complete document discovery.  Despite Plaintiffs' best efforts, defendants' production of documents, and numerous meet and confer discussions, there continue to be documents that defendants have not produced and issues that will require Court assistance.  From Plaintiffs' perspective these issues include:

  - The Moshe Defendants, Alon Defendants and Citimed Defendants have not produced all responsive ESI, despite the Moshe Defendants and Alon Defendants first being ordered by the Court to do so in August 2023;

  - The Kifaieh Defendants have not produced any responsive ESI;

---

Acupuncture PLLC; Choi-Go Acupuncture PLLC; Leonard Luna; Kings Chiropractic Wellness, P.C.; SJM Acupuncture P.C.; Right Aid Medical Supply Corp.; Jongdug Park; J Park Chiropractic P.C.; All About Chiropractic P.C.; Ahmed Mamoud Abdelshafy Elmansy; and Sky Limit Physical Therapy, P.C.

Defendants Mohamed Sayed Ahmed Hassan and Nile Rehab Physical Therapy P.C. appeared in this action but have failed to defend the claims asserted against them.  On February 5, 2025, the Court entered an order finding them in default.  2/5/2025 Text Order.

Plaintiffs have been unable to locate defendant Stacy Juyoung Moon and have not served her with the Second Amended Complaint.

- o The Moshe Defendants, Alon Defendants, and Kifaieh Defendants must amend written responses to identify what documents are being produced and what documents are being withheld;

- o The Moshe Defendants, Alon Defendants, and Kifaieh Defendants are each objecting to the production of certain categories of records that Plaintiffs contend are relevant, which will require the Court to address the parties' disagreement. The parties anticipate joint letters on these issues will be filed shortly; and

- o The Dolsky Defendants recently produced records with substantial redactions. The Parties may require Court intervention to determine whether those redactions are appropriate.

- **Spoilation of ESI by Moshe:** There are serious concerns regarding potential spoliation of evidence by the Moshe Defendants. The Court is aware of Plaintiffs' efforts to determine if emails from defendant Moshe's Yahoo account (yanmoshe@yahoo.com) have been destroyed. It was not until after August 5, 2025 — the date Moshe represented he had produced all responsive emails existing in the account — that Plaintiffs could confirm more than 15,000 responsive emails that, according to Yahoo should have been in the account, were now gone. Plaintiffs' efforts to uncover the facts and circumstances surrounding the potential spoliation of evidence include:

  - o Plaintiffs' limited deposition of Moshe on the issue of spoliation, which the Court agreed can and should proceed before Moshe's substantive deposition in this case. The earliest date Moshe has been able to offer for this deposition is October 24, 2025, shortly before the current fact discovery cutoff;

  - o Plaintiffs' demand for and analysis of ESI from other defendants to determine if there are alternative sources for the missing emails, including the ESI discussed above that has yet to be produced by other defendants; and

  - o Plaintiffs' subpoenas directed to nine nonparties to determine if they are alternative sources for the missing emails, some of whom have not been cooperative and Plaintiffs expect will require Court assistance.

- **Plaintiffs' Depositions:** This Court granted Plaintiffs leave to take 36 depositions unless agreed to by the parties or further order of the Court. To date, Plaintiffs have taken 13 depositions and noticed an additional 7 depositions, including lead Defendants Dr. Shapiro, Alon, Dolsky, Dr. Moshe, Moshe, and Dr. Kifaieh. Plaintiffs have noticed these depositions for dates before the current fact discovery cutoff. But the document discovery issues discussed above must be resolved before those depositions can be taken for those depositions to be effective, and it is not practically possible to complete these depositions in the time remaining before the current fact discovery cutoff.

- **Defendants' Depositions:**  On September 26, 2025, the Brach Eichler Represented Parties issued notices for the depositions of 19 State Farm witnesses.  Nine of the depositions noticed by the Brach Eichler Represented Parties are noticed to occur after the current fact discovery cutoff.  No deposition dates have been confirmed.  None of the other defendants have noticed depositions, though they may do so.

- **Defendants' Rule 30(b)(6) of State Farm**:  The Brach Eichler Represented Parties served Plaintiffs with a Rule 30(b)(6) deposition notice.  Plaintiffs requested all defendants work together to create a single list of topics so a representative witness can be tendered and deposed in a single deposition.  Defendants are in the process of doing so and are expected to provide that list to Plaintiffs after it is complete.  If there are disputes over the Rule 30(b)(6) topics for the State Farm witness, and it is expected there will be, the parties may require Court assistance.

  The Citimed Defendants similarly served Plaintiffs with a Rule 30(b)(6) deposition notice. It is their position that each group of represented parties is entitled to notice and to conduct its Rule 30 (b)(6) deposition independently of what other parties may seek. It is the obligation of the Plaintiffs who chose to file this multi-party litigation to either address those separate deposition notices or to raise any legitimate objections so they can be timely addressed and resolved.

- **Non-party witness issue:**  Plaintiffs have been working with counsel for Dr. Brijesh Reddy regarding compliance with a subpoena seeking communications from him.  Dr. Reddy advised he anticipates producing documents by October 10, 2025.  Given these issues have persisted for several months, Plaintiffs advised Dr. Reddy that, if he fails to fully comply with the subpoena by October 10, Plaintiffs would be raising these issues before the Court seeking an order setting a date certain by when he must comply.

- **Asset Issues:**  Dolsky must still provide an inventory of gold and watch assets, and Plaintiffs must be allowed to inspect and photograph these assets as ordered by the Court on July 11, 2025.  2025.07.11 Text Order.  Both the asset inventory and inspection have been awaiting completion of an attorneys' eyes-only agreement, which will limit information about the location of the assets to attorneys.  On October 7, 2025, Dolsky provided comments on the draft attorneys' eyes-only agreement first prepared and shared by Plaintiffs in August.  As soon as the agreement is concluded, the inventory and inspection should be completed without further Court assistance.

- **Settlement**:  Plaintiffs and some defendants have discussed attempting to resolve the case through mediation, which if successful would reduce the number of parties and complexity of the case for trial.  Adjusting the schedule to allow time for such a process could save resources for the parties and the Court and enhance the efficient administration of justice.

- **Plaintiffs' Position on the Opposition of the Brach Eichler Represented Parties**:  The opposition of the Brach Eichler Represented Parties, which includes defendant Moshe, to the proposed short extension should be rejected as procedural tactics undertaken to prevent

4

full discovery of the conduct at issue. Their delays appear designed to obstruct access to evidence and are among the reasons additional time to complete discovery is critical. The Moshe Defendants and Alon Defendants were first ordered to produce all documents responsive to Plaintiffs' initial document requests more than 2 years ago on August 25, 2023. They still have not done so, delaying not only the completion of document discovery but the taking of key depositions which depend on having access to the documents they have failed to produce. Among other things, it was not until August 5, 2025, after at least nine court orders, that Moshe finally confirmed he no longer has more than 15,000 emails that should be in his personal account. Despite a clear Court order permitting Moshe's limited deposition on the issue of spoliation of evidence, Moshe objected to the deposition, requiring further motion practice and causing further delay. Moshe appears intent to run out the clock on efforts to get to the bottom of whether he intentionally destroyed critical evidence, stop Plaintiffs' efforts to secure that evidence from other sources, and prevent Plaintiffs from exploring the implication of that potential destruction on the broader issues in the case. The tactical nature of their approach is evidenced by the fact that the Brach Eichler Represented Parties articulate no prejudice from a short extension and simultaneously claim the "current deadlines in place are adequate to complete discovery," and yet they have scheduled depositions outside the "current deadlines" and cannot possibly complete the 19 depositions they seek or resolve issues around the Rule 30(b)(6) deposition they have noticed but insufficiently managed in the time allowed.

The short 120-day extension requested here will not unduly prejudice any Party because Plaintiffs and Defendants alike require additional time to complete discovery. Given their diligence in seeking and obtaining discovery throughout this action, the complexity of the issues, the number of parties, and the discovery to be completed, Plaintiffs and the Consenting Defendants respectfully request the Court enter the attached Proposed Case Schedule.

**The Brach Eichler Represented Parties' Position:**

As confirmed above, the Brach Eichler Represented Parties oppose any extension of the current discovery deadlines. This lawsuit was filed in October 2021, and the parties have been engaging in discovery for nearly four (4) years. The Moshe Defendants and the Alon Defendants disagree with State Farm's contention that they have not produced all responsive ESI. The Kifaieh Defendants disagree with State Farm's contention that they have not produced any responsive ESI. The Moshe Defendants, Alon Defendants, and Kifaieh Defendants disagree with State Farm's contention that they must amend written discovery responses. The Brach Eichler Represented parties look forward to presenting these issues to the Court if pursued by State Farm.

Regarding the issue related to Mr. Moshe's yahoo emails, the parties have agreed on October 24 to conduct the limited deposition. The remaining depositions have all been noticed by State Farm and the Brach Eichler Represented Parties and are scheduled to be completed by November 14. The Brach Eichler Represented Parties were forced to schedule some of the fact depositions after the current November 7 fact discovery deadline because State Farm failed to provide mutually agreeable dates for ANY deposition, despite repeated requests for weeks. State Farm then noticed

numerous depositions in October, many of which have been previously scheduled and adjourned by State Farm. State Farm has also refused to agree to produce a previously noticed 30(b)(6) witness despite multiple notices being served. Now, after failing to provide ANY dates for its witness depositions and filling up many of the remaining fact discovery days with deposition notices of its own, State Farm seeks a significant one hundred twenty (120) day extension.

The Brach Eichler Represented Parties acknowledge this is a complex matter with many parties. However, discovery has gone on for nearly four (4) years and the current deadlines in place are adequate to complete discovery and move the case toward trial, a trial the Brach Eichler Represented Parties eagerly await. For these reasons, the Brach Eichler Parties respectfully request the current discovery deadlines remain in place, and this court order all current depositions to proceed as scheduled, or in the alternative to be completed by November 30, 2025.

Finally, the Brach Eichler Represented Parties have had an opportunity to review the above section entitled "Plaintiffs' Position on the Opposition of the Brach Eichler Represented Parties" which was drafted after the Brach Eichler Represented Parties position was sent to counsel for State Farm. The Brach Eichler Represented Parties deny State Farm's allegations of gamesmanship or obstruction of discovery. The obvious prejudice to all defendants is that this lawsuit will continue to hang over its head for longer than necessary.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm
Mutual Automobile Insurance Company
and State Farm Fire and Casualty
Company*

By: /s/ *Thomas A. Leghorn*

LONDON FISCHER LLP

Thomas A. Leghorn
59 Maiden Lane
New York, NY 10038
212-331-9555
Fax: 212-972-1030
tleghorn@londonfischer.com

*Attorneys for Defendants Regina Moshe,
Citimedical I PLLC, Citimed Services P.A.,
Citimedical Services P.C., Citimed Complete
Medical   Care   P.C.,   and   Citimed
Management Services Inc.*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M. Juliano
Shannon Carroll
Keith J. Roberts
101 Eisenhower Parkway
Ste 201
Roseland, NJ 07068
973-403-3126
ajuliano@bracheichler.com
scarroll@bracheichler.com
kroberts@bracheichler.com

*Attorneys for Defendants Yan Moshe,
Hackensack Specialty ASC LLC, Integrated
Specialty ASC LLC, Citimed Surgery Center
LLC, SCOB LLC, NJMHMC LLC, Star
Solution Services Inc., Reuven Alon,
Columbus Imaging Center LLC, Medaid
Radiology LLC, Beshert Corp. Nizar Kifaieh,
M.D., and Premier Anesthesia Associates,
P.A.*

By: /s/ *Steven J. Harfenist*

HARFENIST KRAUT & PERLSTEIN LLP

Steven J. Harfenist
3000 Marcus Avenue
Suite 2e1
Lake Success, NY 11042
516-355-9600
sharfenist@hkplaw.com

*Attorneys for Defendants Metro Pain
Specialists P.C., Leonid Shapiro, and Tri-
Borough NY Medical Practice P.C.*

By: /s/  *Byron A. Divens*

CAPETOLA & DIVINS P.C.

Byron A. Divins
Alexandra Mule
2 Hillside Avenue
STE. Building C
Williston Park, NY 11596
516-746-2300
bdivins@capetoladivinslaw.com
amule@capetoladivinslaw.com

*Attorneys for Defendants Vadim Dolsky and*
*Optimum Health Acupuncture P.C.*