

**Katten**
Katten Muchin Rosenman LLP

50 Rockefeller Plaza
New York, NY 10020-1605
212.940.8800 tel
katten.com

October 27, 2025

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
212.940.6488 direct
212.940.8776 fax

<u>**VIA ECF**</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Motion to Compel Compliance with Subpoena *Duces Tecum*

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully move this Court for an order requiring non-party Pinnacle Health Consultants, LLC ("Pinnacle") to produce all documents responsive to Plaintiffs' subpoena *duces tecum*. Pinnacle is expected to have relevant documents, has not objected or otherwise responded to the subpoena, and should be ordered to produce them.

This motion arises out of Plaintiffs' subpoena *duces tecum* served on Pinnacle via the New York Department of State ("NYDOS") on August 27, 2025. The subpoena identified a return date of fourteen days from the date of service, or September 11, 2025. *See* Ex. 1 (Subpoena and Affidavit of Service). On September 16, 2025, Plaintiffs sent a follow up letter to Pinnacle at its corporate address listed with NYDOS to which Pinnacle did not respond. To date, Plaintiffs have received no response. Accordingly, they have no choice but to move this Court for assistance.

Pinnacle is a healthcare consulting company that provided licensing and regulatory services to defendant Yan Moshe ("Moshe") and at least two of his ambulatory surgery centers ("ASCs"), defendants Citimed Surgery Center LLC ("Citimed Surgery") and SCOB LLC ("Surgicare"). The subpoena seeks the production of 858 emails exchanged between Pinnacle and Moshe's personal email account, yanmoshe@yahoo.com, and identifies each email by the date it was sent and the senders and recipients to the email. *See* Ex. 1. While Plaintiffs initially requested Moshe produce these specific emails in a document request served under Rule 34 of the Federal Rules of Civil Procedure, Moshe has confirmed the emails are no longer available to him and cannot be produced. In an effort to recover these emails from third parties, Plaintiffs issued the subpoena directly to Pinnacle.

The records sought from Pinnacle are relevant to Plaintiffs' causes of action and should be produced to the extent they exist. The Second Amended Complaint alleges Citimed Surgery and Surgicare violated New York licensing requirements, thus precluding them from receiving reimbursement for services provided to Plaintiffs' insureds. *See* SAC ¶¶ 137-42, 483-87, 501. Under Article 28 of New York's Public Health Law, ASCs are precluded from allowing non-members to control the facility's books and records, direct the hiring and firing of the facility's administrator or other key management employees, or dispose of assets or incur liabilities on the

facility's behalf. Citimed Surgery violated these prohibitions because non-members, including Moshe, participated in its management and operations. Although its operating agreement, submitted in support of its application for certification as an Article 28 facility in 2017, identifies its sole member as Dr. Moshe, her brother Moshe and his associates were directly involved in managing Citimed Surgery. Evidence gathered in discovery confirms Pinnacle provided consulting services to Citimed Surgery and directly communicated with Moshe during the relevant period.

Pinnacle also provided consulting services to Surgicare. Surgicare is separately alleged to have violated licensing requirements relating to its transfer of a 9.5% membership interest to Moshe. In licensing records filed with the New York Department of Health, Moshe misrepresented his acquisition of a 9.5% interest in Surgicare and omitted facts regarding his involvement in ongoing investigations and class action litigation related to another of his ASCs, defendant HealthPlus Surgery Center LLC. Moshe made these misrepresentations and omissions to avoid strict regulatory review of the transaction as required under Article 28 of the New York Public Health Law, and in doing so Surgicare and Moshe failed to adhere to licensing requirements governing the operation of ASCs in New York. As such, the requested communications are relevant to Moshe's role in obtaining a license and managing the operations of Citimed Surgery, if any, as well as his motive and intent in misrepresenting information material to his acquisition of shares in Surgicare.

Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of non-party subpoenas under Rule 45 is as broad as that permitted under the discovery rules and reaches all documents in the possession, custody, or control of the subpoena recipient. *See* Fed. R. Civ. P. 45 (advisory committee's notes to 1970 amendment). To preserve the right to object to a subpoena, a non-party must serve written objections within 14 days after service of the subpoena. *Cruz v. Green Tree Mortg. Serv., LLC*, 2017 WL 658054, at *1 (D. Conn. Feb. 17, 2017) ("The failure to serve written objections to a subpoena within the time frame specified by Rule 45[] typically constitutes a waiver of such objections.").

Here, Pinnacle has not responded to the subpoena with objections or produced any documents, and its responses are now overdue. By failing to respond within 14 days of service, as set forth in Rule 45, Pinnacle has failed to comply with the subpoena. Given the subpoena was properly served, is reasonable, and Pinnacle has not asserted any objections, Pinnacle should be ordered to produce all documents responsive to the subpoena by October 31. *See State Farm Mut. Auto. Ins. Co. v. Tabakman*, 2008 WL 4527731, at *3 (E.D.N.Y. Oct. 8, 2008).

Accordingly, Plaintiffs respectfully request this Court to issue an order directing Pinnacle to produce all documents responsive to the subpoena by a date certain.

Respectfully submitted,

/s/ Christopher T. Cook

Christopher T. Cook

Encl. (Exhibit 1)