November 3, 2025

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    ***State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Nizar Kifaieh, M.D. ("Kifaieh") and Premier Anesthesia Associates P.A. ("Premier") (collectively, "Defendants"), respectfully write to request the Court's assistance resolving several discovery disputes concerning electronically stored information ("ESI") and other document discovery. The parties have met and conferred and have been unable to resolve the issues without Court assistance.[1]

## PLAINTIFFS' POSITION

Plaintiffs ask the Court to address three issues: (1) Defendants' failure to produce responsive ESI; (2) Defendants' objections to producing certain categories of documents in response to Plaintiffs' document demands; and (3) Defendants' failure to answer written document requests with sufficient clarity to identify what has been produced and what is being withheld.

**<u>Background:</u>**  Defendant Kifaieh is a physician and alleged to be the paper owner of defendant Premier. Premier was the exclusive provider of anesthesia services to defendant Yan Moshe's ("Moshe") ambulatory surgery centers — defendants Dynamic Surgery, HealthPlus Surgery, SCOB, Citimed Surgery, and Hudson Regional Hospital. The Second Amended Complaint alleges Moshe secretly owned Premier and siphoned to himself the profits for anesthesia services provided to patients of his ambulatory surgery centers. Such secret ownership would violate New York licensing law and would mean any claims by Premier to Plaintiffs for services to State Farm insureds were not reimbursable and were fraudulent. Kifaieh paid nothing to acquire Premier from its former "owner" defendant Leonid Shapiro ("Shapiro"). Premier billed all its services through Moshe's billing company defendant Star Solutions Services. Premier employed the same anesthesiologists, rendered services at the same locations, used the same billing company, and had the same medical director (Shapiro) as Citimed Services, another entity alleged to be secretly owned and controlled by Moshe. In addition to siphoning money to Moshe for anesthesia services, the names of Premier's anesthesiologists appeared on orders for medically unnecessary and expensive drug screening billed by defendant Vadim Dolsky's company, Advanced Comprehensive Laboratory LLC. Some of these doctors have since confirmed they never ordered the drug screens.

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

**ESI:**  Despite requests served almost two years ago, and assurances to the contrary, Defendants have not produced any responsive ESI.  At issue are emails from (a) Kifaieh's business account — nkifaieh@premieranesthesia.com; and (b) Kifaieh's personal account — kifaieh@gmail.com. A search for emails from these accounts was required in response to Plaintiffs' initial document requests ("RFPs") served on November 3, 2023.  Indeed, after those requests were served, Plaintiffs served on Defendants a list of search terms to facilitate collection of ESI, Ex. 1, and the parties met and conferred regarding the collection process.  An agreement was reached, memorialized in an email dated February 15, 2024, which attached a list of custodial sources to be searched.  *See* Ex. 2.  Among the identified custodial sources to be searched under that agreement were nkifaieh@premieranesthesia.com and Kifaieh's personal email account.  *See id* at 10. Defendants did not object to Plaintiffs' proposed search terms or custodial sources.

Defendants have now produced documents and by letter dated August 18, 2025, represented their production is complete.  Plaintiffs have completed their review of that production.  But the production contains no emails from the accounts of nkifaieh@premieranesthesia.com, kifaieh@gmail.com, or any other Premier account.  According to Defendants, they are compliant for two reasons:   (1) Premier ***collected*** emails from the business account nkifaieh@premieranesthesia.com but had no obligation to produce responsive emails because they had already been produced by other defendants in the case, and (2) Kifaieh never used his personal account for business purposes, and he therefore had no obligation to search it.  These positions must be rejected.

First, Premier is obligated to produce responsive records from the nkifaieh@premieranesthesia.com account.  The emails are ***the only responsive ESI*** Premier and Kifaieh are presently able to produce, and the fact that other defendants produced the same emails stored in separate accounts does not relieve Premier from its obligation to produce them here. Premier's production of these emails is also important to show it did not operate as a legitimate business and Kifaieh served solely as a nominal owner with no meaningful role in its operations. As the records have already been collected, the number of emails to be produced is minimal, and completing production will not impose any meaningful burden on Defendants, the emails should be produced.

Second, Kifaieh's claims about his personal account are without merit as the account is highly relevant and Defendants agreed to search it more than a year ago.  In fact, the Kifaieh personal account was identified among the custodial sources to be searched as part of the parties' February 2024 agreement.  If Defendants had an issue with searching that account they should have raised it then, not more than a year and a half later.  Moreover, numerous emails produced by other parties show Kifaieh's personal account was used for business purposes, thus directly contradicting his claim.  Plaintiffs shared examples of these emails with Kifaieh's counsel, yet he continues to represent the kifaieh@gmail.com account was not used for business purposes and need not have been collected or searched.  Emails in Kifaieh's personal account may also be the best source of information reflecting Kifaieh's purported ownership and involvement in Premier's business activities.  Neither Kifaieh nor Premier have produced a single email in this case.  Other than nkifaieh@premieranesthesia.com, Premier has no business email accounts and has produced only 246 business records (consisting of a few business agreements and payroll, tax, and corporate records), thus making Kifaieh's personal account an important source of records concerning his role and involvement in the business.

Emails from Kifaieh's personal account are also important to address defendant Moshe's destruction of emails.  Plaintiffs discovered the destruction based on records subpoenaed from

Yahoo.  Those Yahoo records identify communications between Kifaieh's personal account (kifaieh@gmail.com) and Moshe's personal account (yanmoshe@yahoo.com) that are among the records that have been destroyed by Moshe.  Thus, not only is there clear evidence the account was used for relevant purposes, but Kifaieh's current refusal to search it, coupled with Moshe's destruction of records, strongly suggest a coordinated effort by Moshe **and Kifaieh** to prevent access to relevant communications.

Defendants must be ordered to search for and produce relevant emails from (a) Kifaieh's business account — nkifaieh@premieranesthesia.com; and (b) Kifaieh's personal account — kifaieh@gmail.com.

**Objections to Document Requests:**  Next, in response to RFP's served almost two years ago, Defendants finally confirmed completion of their production of documents on August 18, 2025.  In their written responses to document requests, Defendants object to producing numerous categories of relevant documents.

In particular, Defendants object to producing records of payments between and among other defendants and defendant-owned entities (Kifaieh RFP 6, Premier RFPs 10, 13), communications with other defendants and relevant nonparties (Kifaieh RFP 29, Premier RFP 38), documents relating to medical services ordered, prescribed, recommended, or performed at the Moshe ASCs (Kifaieh RFP 25, Premier RFPs 4, 19), documents reflecting programs used to provide, document, or bill for medical services (Premier RFP 5), and documents reflecting disclosures provided to any patient regarding any financial arrangement, ownership interest, or familiar relationship (Premier RFP 32).  *See* Exs. 3 (Kifaieh RFPs Responses) & 4 (Premier RFP Responses).  The requested documents bear directly on Premier's business operations and the financial and business relationships between and among defendants, which are central to Plaintiffs' allegations that Kifaieh and others engaged in a fraud scheme to obtain money through bills for services that were either medically unnecessary or ineligible for reimbursement, and that Kifaieh and Premier were part of a scheme to siphon profits to Moshe.

Defendants should be ordered to produce documents responsive to Kifaieh RFPs 6, 25, and 29 and Premier RFPs 4, 5, 10, 13, 19, 32, and 38.

**Unclear Written Responses to Document Requests:**  Finally, Defendants should be required to amend their document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody, or control.  Presently there is no discernable way for Plaintiffs to identify which documents, if any, Defendants produced in response to Kifaieh RFPs 4, 5, 19 and 20, and Premier RFPs 6 and 16 (*see* Exs. 3 & 4), and Defendants should be required at a minimum to clearly state in each response whether and where responsive records are located, including by identifying appropriate Bates ranges.  *See Laboy v. Quality Auto. Servs., Inc.*, 2023 WL 10354091, at *4 (E.D.N.Y. June 20, 2023) ("[W]here documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by [B]ates-number, the documents responsive to each of the [document] requests.'") (quoting *Ng v. HSBC Mortg. Corp.*, 2009 WL 205048, at *3 (E.D.N.Y. Jan. 27, 2009)).  Defendants' blanket statement that any unidentified documents should be construed as nonexistent is insufficient.

Defendants should be required to amend their written document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody, or control.

## DEFENDANTS' POSITION

The Kifaieh Defendants have complied with their discovery obligations. As stated above, the parties met and conferred on these alleged outstanding discovery issues. State Farm addressed its alleged deficiencies and the Kifaieh Defendants provided responses to each item. Also, Plaintiffs' references to destruction of emails by Yan Moshe are wholly rejected. Mr. Moshe will be appearing for a limited deposition on this issue, and Plaintiffs' allegation of destruction of emails should be held until the deposition is complete.

Regarding ESI production, nkifaieh@premieranesthesia.com was collected and reviewed. A review of that process confirmed that 119 emails were collected. None of the emails collected were produced because they either did not hit any search term or because they were duplicates and already produced through another production (Some of which are Bates Stamped NJMHMC018528, NJMHMC018529, NJMHMC296780, NJMHMC296792, NJMHMC249990, NJMHMC284783, NJMHMC287128, NJMHMC296792, NJMHMC298138, NJMHMC305409). Consistent with Dr. Kifaieh's interrogatory responses, he did not utilize his personal gmail account for business purposes. Yan Moshe never had a Premier Anesthesia email address. Dr. Shapiro never had a Premier Anesthesia email address. State Farm's allegation that Dr. Kifaieh is part of a coordinated effort to prevent discovery is baseless. State Farm alleges there are numerous emails produced by other parties that show Kifaieh's personal account was used for business purposes, but provide no details regarding same. Defendants have therefore complied with their ESI obligations.

Plaintiffs' allege certain document demand responses are unclear. However, each response indicates whether documents will be provided, whether no documents exist, or whether an objection to the request is being made. Plaintiffs allege they have not been able to locate some documents that Defendants advised would be provided. Defendants' position is that all items in their possession or control responsive to the demands have been produced. If no responsive documents have been produced to a particular demand, then Defendants advised Plaintiff can consider those responses amended to state there are no such documents in their possession or control. Plaintiffs are therefore fully informed whether any documents exist for each demand, and no further response is warranted.

Regarding Defendants' objections to certain document demands, Defendants revisited each objection. Defendants then advised they were confirming the following objections: Kifaieh: 1, 6, 13, 14, 15, 25, 29; Premier Anesthesia: 1, 2, 3, 4, 5, 10, 13, 15 except for W2s and 1099s as previously stated, 19, 31, 32, 38. Defendants withdrew their objections to the remainder of the items listed.

These updates, along with the comprehensive discovery previously served by the Kifaieh Defendants, satisfy the discovery obligations of the Kifaieh Defendants. Plaintiffs continued objections to Defendants' discovery responses are unjustified and are unnecessarily delaying the parties from completing discovery.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M Juliano
101 Eisenhower Pkwy
Roseland, NJ 07068
973-403-3154
ajuliano@bracheichler.com

*Attorney for Nizar Kifaieh, M.D. and Premier Anesthesia Associates P.A.*