November 4, 2025

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Reuven Alon ("Alon"), Medaid Radiology LLC ("Medaid"), Columbus Imaging Center LLC ("Columbus"), and Beshert Corp. ("Beshert") (collectively, "Defendants"), respectfully write to request the Court's assistance resolving discovery disputes concerning electronically stored information ("ESI") and other document discovery. The parties met and conferred on these issues and are at an impasse.[1]

## PLAINTIFFS' POSITION

Plaintiffs ask the Court to address three issues: (1) Columbus and Medaid's failure to produce any responsive ESI; (2) Beshert's objections to producing documents responsive to one of Plaintiffs' document demands, and (3) Alon's and Beshert's failure to answer written document requests with sufficient clarity to identify what has been produced and what is being withheld.

**Background**: Alon is a layperson who purportedly operated two MRI facilities (Columbus and Medaid) that received patient referrals pursuant to illegal kickbacks and who owned and operated Beshert. Beshert purports to be an "advertising" and "marketing" business," but it received substantial payments from defendants in exchange for patients and established a cross-referral network between defendants and others which dictated where patient treatment would be rendered. Alon is also the cousin of defendants Yan Moshe and Regina Moshe, M.D., and played a role in the movement of funds between and among the defendants in this case.

Plaintiffs first served on Alon, Columbus, and Medaid requests for the production of documents ("RFPs") on April 1, 2022. Among other things, these RFPs required them to produce all communications with other defendants and relevant nonparties. Alon, Columbus, and Medaid did not object to producing nonprivileged records responsive to these requests, but they failed to comply and on August 25, 2023, this Court ordered them to produce all responsive records and amend their responses to the RFPs to "stat[e] specifically for each requested item whether or not responsive documents exist," explaining that "[i]f such documents do not exist, Defendants must confirm their non-existence." 8/25/2023 Text Order.

The parties subsequently engaged in ESI discovery. Plaintiffs served on Defendants search terms to be used in the ESI process on December 4, 2023, and the parties met and conferred regarding

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

the collection process. An agreement was reached, memorialized in an email dated February 15, 2024, which attached a list of custodial sources to be searched. Ex. 1. Among the identified custodial sources to be searched under that agreement were the emails kmocolumbus@gmail.com, fdcolumbus@gmail.com, columbusicllc@gmail.com; komedaid@gmail.com, and fdmedaid@gmail.com. *See id*. at 10. Defendants did not object to Plaintiffs' proposed search terms or these custodial sources. Defendants represented their production of ESI was complete on August 18, 2025.

**ESI:** Despite being first ordered to produce all ESI more than two years ago, Columbus and Medaid have not produced a single record from any business email account. At issue are emails from (1) three of Columbus's business accounts — columbusicllc@gmail.com, kmocolumbus@gmail.com, and fdcolumbus@gmail.com; and (2) two of Medaid's business accounts — komedaid@gmail.com and fdmedaid@gmail.com. A search for emails from these accounts was required in response to Plaintiffs' RFPs, and Plaintiffs expressly identified each account in their list of custodial sources to be searched, *id.* at 10. Defendants did not object to Plaintiffs' proposed search terms or these custodial sources.

Defendants have now produced documents and by letter dated August 18, 2025, represented their production is complete. Plaintiffs have completed their review of that production. But the production contains no emails from any Columbus or Medaid email account. According to Columbus and Medaid, they are compliant because an "individual has access, company does not." *See* Ex. 2 at 3-4. This position should be rejected.

Initially, Columbus and Medaid, as businesses, have an obligation to preserve, search, and produce records from the business email accounts used to conduct their business. They cannot avoid this responsibility by claiming only their employees can access business email accounts. Businesses conduct their affairs through employees, and it is absurd to suggest a business entity has no right or ability to gain access to a business email account that was used by its employees and agents to conduct its affairs. If such were the case, any business that allowed its employees to create their own passwords for their business accounts would never have to produce ESI in any litigation ever.

Moreover, here, there is every indication Columbus and Medaid have or had access to the accounts at issue at the time they were served with Plaintiffs' RFPs on April 1, 2022 and thereafter. First, records reflect Alon has access to emails stored in the columbusicllc@gmail.com account. Following this Court's August 23, 2023 order, Plaintiffs subpoenaed records from Google for each of the five accounts at issue in this letter. Records produced for the columbusicllc@gmail.com account identify Alon's personal Yahoo account and telephone as sources that may be used to recover or reset the password for the account. As such, defendant Alon can retrieve or reset the password for this account and gain access to the emails stored within it.

Second, Columbus and Medaid had access to emails stored in the kmocolumbus@gmail.com and komedaid@gmail.com accounts at least as recently as February 2024, long after this Court ordered them to produce all responsive records (*see* 8/23/2023 Text Order) and after Plaintiffs served their list of custodial sources identifying the five accounts at issue in this letter (Ex. 1 at 10). On January 29, 2024, Columbus and Medaid admitted in sworn interrogatory responses to having access to the kmocolumbus@gmail.com account. *See* Ex. 3 (Interrog. Resp. No. 7). They now claim each account is solely accessible to an employee who no longer works for them — who Plaintiffs understand to be Katina O'Jeda — but records reflect Ms. O'Jeda was actively using both accounts in her role as manager as recently as February 20, 2024. *See, e.g.*, SSSI149630–SSSI149633; ALON053323–ALON053324. If, as is now claimed, those accounts are inaccessible it could only

2

be because Columbus and Medaid failed to preserve and collect emails from each account despite Court orders and Plaintiffs' requests.

Finally, Columbus and Medaid had access to the fdcolumbus@gmail.com and fdmedaid@gmail.com accounts at least as recently as January 2024. Records produced by Google identify the recovery email for the fdmedaid@gmail.com account as fdcolumbus@gmail.com and the recovery email for the fdcolumbus@gmail.com account as columbuscdi@gmail.com. The columbuscdi@gmail.com account could thus be used to retrieve the password for both business accounts. Records produced in this case show the columbuscdi@gmail.com account was used for business purposes as recently as January 15, 2024, and communications reflect Ms. O'Jeda used and had access to the account. Again, if the accounts are now inaccessible it would only be because Columbus and Medaid failed to preserve and collect emails from these accounts.

Columbus and Medaid should be ordered to collect, search and produce relevant emails from each of the five custodial accounts or, alternatively, appear for a limited deposition concerning their inability to do so. Plaintiffs would address the evidentiary consequences of their failure to collect and produce emails from these accounts at a later date in these proceedings.

**Objections to Document Requests:** Next, in its written responses to document requests, Beshert objects to producing documents responsive to the following demand: "Documents relating to the 'Beshert Network,' including agreements, Payments, Documents identifying members, Documents reflecting member's rights, benefits and obligations, and Documents relating to or reflecting services provided by or to [Beshert]." *See* Ex. 4 at RFP 16.

The requested documents bear directly on Beshert's business operations and the financial and business relationships between and among defendants, which are central to Plaintiffs' allegations that Alon and others engaged in a fraud scheme to obtain money through bills for services that were either medically unnecessary or ineligible for reimbursement, and that Defendants were part of a scheme that involved illegal kickbacks and bribes paid in exchange for patients involved in motor vehicle accidents.

Beshert should be ordered to produce documents responsive to Beshert RFP 16.

**Unclear Written Responses to Document Requests:** Finally, Alon and Beshert should be required to amend their document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody or control. Presently there is no discernable way for Plaintiffs to identify which documents, if any, Alon and Beshert produced in response to Beshert RFPs 2, 3, 5, 7, 9, 10, 15, 19, 21 and Alon RFPs 33, 34, 36-46, 75-77 (*see* Exs. 4, 5), and they should be required at a minimum to clearly state in each response whether and where responsive records are located, including by identifying appropriate Bates ranges. *See Laboy v. Quality Auto. Servs., Inc.*, 2023 WL 10354091, at *4 (E.D.N.Y. June 20, 2023) ("[W]here documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by [B]ates-number, the documents responsive to each of the [document] requests.'") (quoting *Ng v. HSBC Mortg. Corp.*, 2009 WL 205048, at *3 (E.D.N.Y. Jan. 27, 2009)). Defendants' blanket statement that any unidentified documents should be construed as nonexistent is insufficient. *See* Ex. 2 at 3.

3

Alon and Beshert should be required to amend their written document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody or control.

## DEFENDANTS' POSITION

The Alon Defendants have complied with their discovery obligations. As stated above, the parties met and conferred on these alleged outstanding discovery issues. State Farm addressed its alleged deficiencies and the Alon Defendants provided responses to each item.

Regarding ESI production. The email addresses Plaintiffs seek collection from are: kmocolumbus@gmail.com; fdcolumbus@gmail.com; columbusicllc@gmail.com; komedaid@gmail.com; and fdmedaid@gmail.com. Defendants response, as Plaintiffs indicate, is that the individual employees who utilized these accounts, all former employees of these entities, have access to these gmail email accounts, and that the company does not. Plaintiffs' assertion that Defendants production "contains no emails from any Columbus or Medaid email account" is misleading. While these Defendants did not produce any such emails because they do not have access to the individual accounts, thousands of emails from these accounts have been produced through productions of co-defendants in the lawsuit. These Defendants cannot produce what is not in their possession custody or control.

Plaintiffs allege certain document demand responses are unclear. However, each response indicates whether documents will be provided, whether no documents exist, or whether an objection to the request is being made. Plaintiffs allege they have not been able to locate some documents that Defendants advised would be provided. Defendants' position is that all items in their possession or control responsive to the demands have been produced. If no responsive documents have been produced to a particular demand, then Defendants advised Plaintiff can consider those responses amended to state there are no such documents in their possession or control. Plaintiffs are therefore fully informed whether any documents exist for each demand, and no further response is warranted.

Regarding Defendants' objections to certain document demands, Defendants revisited each objection. Defendants then advised they were confirming the following objections: Beshert No. 16. Defendants withdrew their objections to the remainder of the items listed. As stated above, No. 16 demands "Documents relating to the 'Beshert Network,' including agreements, Payments, Documents identifying members, Documents reflecting member's rights, benefits and obligations, and Documents relating to or reflecting services provided by or to [Beshert]." This request is way overbroad and essentially asks for every business document that ever existed. Beshert is no longer in business, and in fact has been out of business since 2020. This request must either be narrowed to make sense for this litigation, or it must be rejected outright.

These updates, along with the comprehensive discovery previously served by the Alon Defendants, satisfy the discovery obligations of the Alon Defendants. Plaintiffs continued objections to Defendants' discovery responses are unjustified and are unnecessarily delaying the parties from completing discovery.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M Juliano
101 Eisenhower Pkwy
Roseland, NJ 07068
973-403-3154
ajuliano@bracheichler.com

*Attorney for Reuven Alon, Medaid Radiology LLC, Columbus Imaging Center LLC, and Beshert Corp.*

5