*Exhibit 4*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY, <br><br> *Plaintiffs,* <br><br> v. <br><br> METRO PAIN SPECIALISTS P.C., TRI-BOROUGH NY MEDICAL PRACTICE P.C., LEONID SHAPIRO, M.D., REGINA MOSHE, M.D., CITIMEDICAL I, PLLC, CITIMED SERVICES, P.A., et al., <br><br> *Defendants.* | Civil Action No.: <br><br> **1:21-cv-05523-MKB-PK** <br><br><br> **DEFENDANT BESHERT CORP.'S RESPONSES TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS** |

TO:   **KATTEN MUCHIN ROSENMAN LLP**
      Christopehr T. Cook, Esq.
      50 Rockefeller Plaza
      New York, NY 10020
      *Attorneys for Plaintiffs*

Defendant Beshert Corp. ("Defendant"), by their attorneys, Brach Eichler LLC, hereby responds to Plaintiffs' First Set of Document Requests subject to the objections noted below.

**Defendant reserves the right to amend, supplement, and/or modify these responses as discovery continues.**

## DEFINITIONS

1.      "Beshert" refers to Defendant Beshert Corp.

2.      "Plaintiffs" refers to State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, and their property casualty affiliates and subsidiaries, and any agent, representative, attorney or employee of Plaintiffs, or any successors in interest, assigns, trustees, receivers or administrators, acting on behalf of Plaintiffs.

1

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Documents sufficient to identify any entity to which You have rendered any business service.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert has not been operating since 2018, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable.**

2.      Any agreement between or among You and any Defendant or any entity owned by a Defendant.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

3.      Any Payments You made to or received from any Defendant or any entity owned by a Defendant.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and**

obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.

4.      Documents relating to the referral or solicitation of any Patient to or by any Defendant for any Medical Service.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. Subject to these objections, no documents exist regarding referrals or solicitations by Beshert.**

5.      Documents reflecting any service that You provided to or that You arranged to be performed by any Defendant, including but not limited to Marketing, scheduling, referral, solicitation, concierge, case funding, legal, leasing, and/or transportation services or any medical service.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. Subject to these objections, See response to No. 4.  To the extent the remaining items are**

3

**able to be retrieved, they will be produced.**

6.    Documents reflecting any agreement, Communication, or Payment between You and any medical provider.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

7.    Documents reflecting any agreement, Communication, or Payment between You and any attorney relating to any Defendant.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case and seeks information protected by attorney-client privilege. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable.  To the extent these items are able to be retrieved, they will be produced.**

8.    Documents reflecting any agreement, Communication, or Payment with any Patient.

4

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

9.      Documents identifying the dates on which You created, activated, deactivated, and/or deleted or otherwise removed from public access any web site, social media account, or other means of sharing, discussing, marketing, advertising, promoting, soliciting, or otherwise disclosing services You have purported to offer or provide.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

10.      Documents, photographs, and recordings available for access or download from any web site or social media account created, operated, or maintained by You or on Your behalf, including but not limited to any network or participation agreement or application, applications for legal or medical case funding, attorney referral pads or forms, scheduling or booking forms, brochures, radiological examination or order forms, applications for admitting privileges to any surgical facility, surgical pre-booking requirements, and policies or procedures relating to any

5

surgical or other Medical Service.

**RESPONSE:    Objection,  the  information  requested  is  outside  the  scope  of  relevant discovery  as  per  F.R.C.P.  26(b)(1),  as  it  concerns  the  issues  pled  in  Plaintiff's  Complaint. In  addition,  the  discovery  requested  is  not  proportional  to  the  needs  of  the  case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

11.    Your federal and state tax returns, including any W-2s or 1099s issued or received by You.

**RESPONSE:    Objection,  the  information  requested  is  outside  the  scope  of  relevant discovery  as  per  F.R.C.P.  26(b)(1),  as  it  concerns  the  issues  pled  in  Plaintiff's  Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and  without  waiving  the  foregoing  objections,  documents  responsive  to  this  request  have been    provided    at    MOSHE_STATEFARM000758    -    000781    and MOSHE_STATEFARM000909-000951.**

12.    Documents identifying Your revenue and expenses, including but not limited to Your general ledgers.

**RESPONSE:    Objection,  the  information  requested  is  outside  the  scope  of  relevant discovery  as  per  F.R.C.P.  26(b)(1),  as  it  concerns  the  issues  pled  in  Plaintiff's  Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and  without  waiving  the  foregoing  objections,  Defendant  is  producing  P&L  statements  and**

6

balance        sheets        at        **MOSHE_STATEFARM000603-000742**        and **MOSHE_STATEFARM000782-000908.**

13.    Documents identifying any person who has or has had any ownership, membership, investment, or other financial interest in You, including Documents reflecting any transfer of such interest.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Rob Alon has been the sole owner of Beshert since its inception.**

14.    Any operating agreements, membership or shareholder agreements, stock ledgers, stock certificates, resolutions, minutes, by-laws, letters of resignation, dissolution records, or Schedule K-1s.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Defendant has provided corporate documents at MOSHE_STATEFARM000743-000757**

15.    Documents relating to any preclearance or prebooking requirements for Patients receiving a procedure at any Yan Moshe Surgical Facility, including Documents relating to any Medical Services ordered, prescribed, recommended, or performed on any Patient as part of any

7

preclearance or prebooking process.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

16.     Documents relating to the "Beshert Network," including agreements, Payments, Documents identifying members, Documents reflecting member's rights, benefits and obligations, and Documents relating to or reflecting services provided by or to You.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is vague as to what is referred to as the "Beshert Network."**

17.     Any agreements relating to any Funding provided to You or for Your benefit.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request.**

8

18.    Documents reflecting any Payments for any Funding provided to You or for Your benefit.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request.**

19.    Documents reflecting any attempt by You to obtain Funding from any bank or lending institution, regardless of whether the Funding was approved or issued.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

20.    Documents reflecting or relating to information considered in assessing or evaluating the fair market value of any Funding provided to You.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.  Subject to and without waiving the foregoing objections, Defendant states that there are no**

**documents responsive to this request.**

21.    Documents reflecting (a) Communications with; (b) Payments to or from; or (c)
contractual relationships, financial arrangements, leases or other business relationships with any
of the following:

        a.     M&K Concierge Inc
        b.     Superstar Marketing Inc
        c.     MC Simon LLC
        d.     Martinez Silverio Consulting LLC
        e.     Weitz Marketing
        f.     Tiburon Media Group
        g.     Plutus Global
        h.     Preferred Marketing
        i.     Planning Services of NJ LLC
        j.     Chartered Republic
        k.     High End Marketing
        l.     Med Legal Network
        m.     Fitnaholics Unanimous Inc.
        n.     Tower Express LLC
        o.     AJ Salvus Inc
        p.     Paul Dante
        q.     Legal Zoc
        r.     Montalto Medica Concierge LLC

**RESPONSE:    Objection, the information requested is outside the scope of relevant
discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint.
In addition, the discovery requested is not proportional to the needs of the case.
Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and
obtain these records from now-defunct accounts is unduly burdensome and unreasonable.
To the extent these items are able to be retrieved, they will be produced.**

22.    Documents relating to any violation of public health laws or regulations by any
Defendant.

**RESPONSE: Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request.**

23.     Documents relating to any criminal, disciplinary, civil, or licensure investigation involving You or any Defendant.

**RESPONSE: Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request.**

24.     Documents and Communications reflecting any audits, appraisals, or audits for property secured with assets held by You.

**RESPONSE: Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable.**

25.     Communications reflecting or relating to:

a.    any agreements between or among any Defendant(s) or any entity any Defendant owns or controls;

b.    any Payment to or from any Defendant or any entity any Defendant owns or controls;

c.    Medical Services provided to any Insured;

d.    Funding;

e.    any Marketing, billing, scheduling, referral, concierge, or transportation service;

f.    any solicitation or referral of any Patient;

g.    the referral of any licensed health care practitioner to You or by You for employment or placement;

h.    any drug testing provider(s) or laboratories;

i.    any work You performed for Yan Moshe, including any Yan Moshe Surgical Facility and any other entity Yan Moshe owns or controls;

j.    any preclearance or prebooking requirements for Patients receiving a procedure at any ambulatory surgery center, including at any Yan Moshe Surgical Facility;

k.    transportation provided to any Patient and the providers of transportation services to any Patient;

l.    any violation of public health laws or regulations by any Defendant;

m.    any criminal, disciplinary, civil, or licensure investigation or proceeding involving You or any Defendant, including Communications with any professional association, law enforcement, or local, state, or federal agency;

n.    any assessment or evaluation of the fair market value of space, staff, personnel, and/or equipment; and

o.    any of the following persons for any business purpose:

   i.    any Defendant
   ii.    Marina Katayeva
   iii.    Michelle Simon
   iv.    Jaime Martinez
   v.    Paul Dantes
   vi.    Complete Radiology Reading Service LLC and any of its

13553368.1/MOS106-284575

representatives
vii.     Contemporary Diagnostic Imaging LLC and any of its representatives
viii.    David Shimunov (a/k/a Dimitry Shimanov)
ix.      Dmitry Ivanovski
x.       iNJured Magazine LLC
xi.      Arthur Bogoraz
xii.     Bradley Pierre
xiii.    Anthony Rose, Sr.
xiv.    Anthony Rose, Jr.
xv.     Jelani Wray
xvi.    Nathaniel Coles
xvii.   Peter Khaim
xviii.   Roman Israilov
xix.    Aleksandr Gulkarov
xx.     Anthony DiPietro

**RESPONSE: Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Furthermore, Beshert is no longer in operation, and requiring Defendant to search for and obtain these records from now-defunct accounts is unduly burdensome and unreasonable. To the extent these items are able to be retrieved, they will be produced.**

26.      Documents identified in Your Rule 26(a)(1) disclosures.

**RESPONSE: Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request.**

27.    Documents identified in or supporting Your responses to Plaintiffs' First Set of Interrogatories.

**RESPONSE:   Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case.   Subject to and without waiving the foregoing objections, Defendant will provide these documents.**

28.    Documents relating to any testifying experts with whom You or Your counsel have retained in connection with this case, including without limitation:

    a.    a current resume or Curriculum Vitae of the expert;

    b.    promotional material or brochures regarding the expert;

    c.    Documents and tangible things that have been made or prepared by the expert in any way relating to this litigation, including without limitation summaries, drafts, draft reports, affidavits, analyses, memoranda, notes, calculations, charts, or spreadsheets;

    d.    Documents and tangible things that have been made available to, relied upon or used by the expert in connection with this case;

    e.    letters and correspondence between You or Your agent and any person who may be called as an expert witness;

    f.    copies of publications authorized by the expert;

    g.    copies of transcripts of prior testimony by the expert at either a deposition or trial; and

    h.    a written report prepared and signed by the expert which contains:

        i.    a complete statement of any opinions to be expressed;

        ii.    the basis and reasons for each opinion to be expressed;

        iii.    the data and other information considered in forming the opinion;

14

iv.    exhibits to be used or summarized in support of the opinion; and

v.    Documents relied upon or used in formulating the opinion which the expert received or obtained from any source.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Further, this request is premature, as Defendant has not retained an expert in this case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request. Defendant reserves the right to supplement this response as discovery continues.**

29.    Documents and Communications on which You intend to use, rely upon, or introduce as evidence at trial or might use, rely upon, or introduce as evidence at trial.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the discovery requested is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request at this time. Defendant reserves the right to supplement this response as discovery continues.**

30.    Documents and Communications You intend to or might rely upon to support each affirmative defense You assert in this litigation.

**RESPONSE:    Objection, the information requested is outside the scope of relevant discovery as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint.**

In addition, the discovery requested is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant states that there are no documents responsive to this request at this time. Defendant reserves the right to supplement this response as discovery continues.

16