November 10, 2025

<u>Via ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe ("Moshe"), Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC) (f/k/a Excel Surgery Center LLC) ("Dynamic"), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center") ("HealthPlus"), Citimed Surgery Center LLC ("Citimed Surgery"), SCOB LLC ("SCOB"), NJMHMC LLC ("Hudson Regional"), and Star Solution Services Inc. ("Star Solution") (collectively, "Defendants"), respectfully write to request the Court's assistance resolving discovery disputes concerning electronically stored information ("ESI") and other document discovery. The parties met and conferred on these issues and are at an impasse.[1]

## PLAINTIFFS' POSITION

Plaintiffs ask the Court to address three issues: (1) Moshe's, Dynamic's and Hudson Regional's failure to produce responsive ESI from identified custodial sources; (2) Hudson Regional's, Citimed Surgery's, SCOB's, and Star Solution's objections to producing certain categories of documents in response to Plaintiffs' document demands; and (3) Defendants' failure to answer written document requests with sufficient clarity to identify what has been produced and what is being withheld.

**Background**: Moshe is a layperson who owns six corporate defendants: four ambulatory surgery centers, a hospital, and a medical billing company. Dynamic, HealthPlus, Citimed Surgery, and SCOB are ambulatory surgery centers (together, the "Moshe ASCs") at which patients involved in automobile accidents receive surgical procedures from the Citimed Defendants and Metro Pain Defendants.[2] The Citimed Defendants are owned on paper by Moshe's sister, Dr. Regina Moshe, but secretly owned and controlled by Moshe. Hudson Regional is a hospital that, in part, provides medically unnecessary drug screening for patients undergoing procedures at the Moshe ASCs. Star Solution is a billing company that prepares and submits bills for the Moshe ASCs, Hudson Regional, the Citimed Defendants, and others engaged in the alleged fraud scheme.[3] Important to

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

[2] The Citimed Defendants are comprised of Regina Moshe, M.D., Citimedical I PLLC, Citimed Services P.A., Citimedical Services P.C., and Citimed Complete Medical Care P.C. The Metro Pain Defendants are comprised of Leonid Shapiro, M.D., Metro Pain Specialists P.C., and Tri-Borough NY Medical Care P.C.

[3] Star Solution also provides billing services for defendant Reuven Alon's entities Columbus Imaging Center LLC and Medaid Radiology LLC; defendant Premier Anesthesia Associates P.A. owned by defendant Nizar Kifaieh, M.D.; and numerous nonparties involved in the scheme.

this motion is the fact that Dynamic was formed in 2016 as a successor to Excel Surgery Center LLC, which was also owned by Moshe. Dynamic operated at the same physical location, employed the same people, and used the same email addresses as Excel Surgery.

Plaintiffs first served on Moshe, Dynamic, and HealthPlus requests for the production of documents ("RFPs") on April 1, 2022. Among other things, these RFPs required them to produce all communications with other defendants and relevant nonparties. Moshe, Dynamic, and HealthPlus did not object to producing nonprivileged records responsive to these requests, but they failed to comply and on August 25, 2023, this Court ordered them to produce all responsive records and amend their responses to the RFPs to "stat[e] specifically for each requested item whether or not responsive documents exist," explaining that "[i]f such documents do not exist, Defendants must confirm their non-existence."   8/25/2023 Text Order.

The parties subsequently engaged in ESI discovery. Plaintiffs served on Defendants search terms to be used in the ESI process on December 4, 2023, and the parties met and conferred regarding the collection process. An agreement was reached, memorialized in an email dated February 15, 2024, which attached a list of custodial sources to be searched. Ex. 1. Among the identified custodial sources to be searched under that agreement were the emails yanmoshe@excelsurgerycenter.com, ralon@hudsonregionalhospital.com, mkatayeva@hudsonregionalhospital.com, and alsarenac@hudsonregionalhospital.com. *See id*. at 10. Defendants did not object to Plaintiffs' proposed search terms or these custodial sources. Defendants represented their production of ESI was complete on August 18, 2025.

**ESI:** Moshe, Dynamic, and Hudson Regional did not collect ESI from identified custodial accounts. At issue are (1) emails from the Yan Moshe and Dynamic account yanmoshe@excelsurgerycenter.com; (2) emails from the Hudson Regional business accounts of Reuven Alon and Marina Katayeva — ralon@hudsonregionalhospital.com and mkatayeva@hudsonregionalhospital.com; and (3) emails from a Hudson Regional business account of Dr. Alex Sarenac — alsarenac@hudsonregionalhospital.com.

Defendants have now produced documents and by letter dated August 18, 2025, represented their production is complete. Plaintiffs have completed their review of that production. But the production contains no emails collected from the four email accounts. Defendants' failure to produce emails from these accounts cannot be accepted, and they should be ordered to produce them.

First, with respect to the yanmoshe@excelsurgerycenter.com account, Defendants claim there was no reason to search it because Moshe never used it. But, records produced by Yahoo Inc. and Google LLC and communications produced by other defendants indicate the account was used from at least January 2012, through at least December 2021, after the Complaint was filed. *See, e.g.*, ALON010215; ALON010975; ALON021667; CITIMED0496818. Thus, not only was the account used, it was used during the period relevant to this case and continued to be used during a period when Defendants knew they had an obligation to preserve the account and produce ESI from it. The account is important as alternate sources of emails are unavailable with Dynamic having produced only 39 pages of ESI and Moshe's inability to produce more than 15,000 responsive emails from his personal email account, including emails to which the yanmoshe@excelsurgerycenter.com account is a recipient.

Second, Defendants assert they do not need to produce emails from the Hudson Regional business accounts of Reuven Alon and Marina Katayeva as they were not Hudson Regional employees and

did not have Hudson Regional email accounts. But again, records produced by Yahoo Inc. and Google LLC and communications produced by other defendants show Alon and Katayeva did have Hudson Regional email accounts and used them to conduct business on behalf of Hudson Regional between 2018 and at least May 2024. *See, e.g.*, NJMHMC129108; BESHERT042997. This activity is consistent with other corroborating records, such as Katayeva's LinkedIn page, which identifies her role as a Business Development Specialist at Hudson Regional between January 2018 and the present (*see* Ex. 2), and an email identifying Rob Alon's title as Vice President of Strategic Alliances and Partnerships in January 2018 (*see* ALON100845). Emails from these accounts are also important to address defendant Moshe's destruction of emails. Among the emails Moshe cannot produce from his personal email account are hundreds of emails to which the ralon@hudsonregionalhospital.com and mkatayeva@hudsonregionalhospital.com accounts are a sender or recipient. Thus, not only is there clear evidence the accounts exist and were used for relevant purposes, but Hudson Regional's position that they do not exist, coupled with Moshe's destruction of records, strongly suggest a coordinated effort by Moshe and Hudson Regional to prevent access to relevant communications. Hudson Regional should now be required to produce the accounts or submit to a deposition on its inability to do so.

Finally, Defendants refused to search the account of Dr. Alex Sarenac claiming his employment with Hudson Regional ended prior to any obligation to preserve the account. *See* Ex. 3 at 2. But again, records produced by Yahoo Inc. and communications produced by other defendants show Hudson Regional had access to emails stored in the alsarenac@hudsonregionalhospital.com account as recently as April 2023, well after it was on notice of Plaintiffs' claims in this action, thus triggering its duty to preserve them. *See, e.g.*, Dkts. 309 (motion for leave to file Second Amended Complaint) & 310 (motion for temporary restraining order). Relevant emails from this account were also at issue in Plaintiffs' motion for spoliation sanctions filed October 12, 2023, which reflect Dr. Sarenac's role in referring patients from Hudson Regional's Emergency Room to Metro Pain Specialists for treatment (*see* Dkt. 454 at 7 & Ex. 21), and, like the other accounts at issue in this letter, may contain emails known to have existed in Moshe's personal email account that he cannot produce.

Moshe, Dynamic, and Hudson Regional should be ordered to collect, search and produce relevant emails from each of the four custodial accounts or, alternatively, appear for a limited deposition concerning their inability to do so. Plaintiffs would address the evidentiary consequences of their failure to collect and produce emails from these accounts at a later date in these proceedings.

**Objections to Document Requests:** Next, in response to Plaintiffs' RFPs, Hudson Regional, Citimed Surgery, SCOB, and Star Solution object to producing documents responsive to numerous document demands. In particular, these defendants object to producing records of payments between and among other defendants and defendant-owned entities (Hudson Regional RFP 10, Star Solution RFP 5), documents relating to payments with unknown bank accounts (Star Solution RFPs 13–16), communications with other defendants and relevant nonparties (Hudson Regional 30, CMSC 43, SCOB 41, Star Solution RFP 34), personnel and employment files for relevant nonparty employees and medical directors (CMSC RFP 33, SCOB RFP 32, Star Solution RFP 29), documents relating to patient preclearance procedures (Hudson Regional RFP 18, CMSC RFP 23), records relating to Moshe's ownership, acquisition of shares, and role in obtaining licensure (Hudson Regional RFP 16, CMSC RFPs 19 & 21, SCOB RFP 20), documents relating to their assignment or pledging of assets (CMSC RFP 40, SCOB RFP 39), documents reflecting disclosures provided to any patient regarding any financial arrangement, ownership interest, or familial relationship (Hudson Regional RFP 26), billing data reflecting services billed by any

3

defendant (Star Solution RFP 2), documents relating to funding they received or provided (Hudson Regional RFP 22, CMSC RFPs 29–32), and documents relating to their violation of health laws and regulations and civil, criminal and licensure investigations (Hudson Regional RFPs 27, 29, CMSC RFPs 39, 42, SCOB RFPs 38, 41). *See* Exs. 4–7 (at-issue RFPs to Hudson Regional, CMSC, SCOB, and Star Solution).

The requested documents bear directly on Defendants' business operations and the financial and business relationships between and among Defendants, which are central to Plaintiffs' allegations that Moshe and others engaged in a fraud scheme to obtain money through bills for services that were either medically unnecessary or ineligible for reimbursement, that Defendants were part of a scheme that involved illegal kickbacks and bribes paid in exchange for patients involved in motor vehicle accidents, and that Moshe illegally siphoned profits from entities he is alleged to secretly own and control.

Defendants should be ordered to produce documents responsive to CMSC RFPs 19, 21, 23, 29–33, 34, 39, 40, 42, 43; SCOB RFPs 20, 32, 33, 38, 39, 41; Hudson Regional RFPs 10, 16, 18, 22, 26, 27, 29, 30; and Star Solution RFPs 1, 2, 5, 13–16, 29, 34.

**Unclear Written Responses to Document Requests:** Finally, Defendants should be required to amend their document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody or control. Presently there is no discernable way for Plaintiffs to identify which documents, if any, Defendants produced in response to the following RFPs: Hudson Regional RFP No. 9; CMSC RFP Nos. 4, 5, 6, 7, 8, 9, 10, 12, 16, 20, 22, 24, 25, 26, 27, 28, 37; SCOB RFP Nos. 4, 6, 7, 8, 9, 10, 11, 12, 14, 16, 19, 21, 23, 24, 25, 26, 27, 36; Star Solution RFP Nos. 6, 7, 9, 10, 11, 18, 19, 21, 23; Moshe RFP Nos. 32-45, 47-50, 74-82; Dynamic RFP Nos. 14, 21, 23; and HealthPlus RFP Nos. 14, 21, 23;. *See.* Exs. 4–10. Defendants should be required at a minimum to clearly state in each response whether and where responsive records are located, including by identifying appropriate Bates ranges. *See Laboy v. Quality Auto. Servs., Inc.*, 2023 WL 10354091, at *4 (E.D.N.Y. June 20, 2023) ("[W]here documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by [B]ates-number, the documents responsive to each of the [document] requests.'") (quoting *Ng v. HSBC Mortg. Corp.*, 2009 WL 205048, at *3 (E.D.N.Y. Jan. 27, 2009)). Defendants' blanket statement that any unidentified documents should be construed as nonexistent is insufficient. *See* Ex. 3 at 1.

Defendants should be required to amend their written document responses to identify which documents are being produced, which documents are being withheld, and which documents are not in their possession, custody or control.

## DEFENDANTS' POSITION

The Moshe Defendants have complied with their discovery obligations. As stated above, the parties met and conferred on these alleged outstanding discovery issues. State Farm addressed its alleged deficiencies and the Moshe Defendants provided responses to each item.

Regarding ESI production. The Moshe Defendants responded to each of Plaintiffs' alleged deficiencies. The accounts that remain at issue were included in the response, as follows:

  alsarenac@hudsonregionalhospital.com – no longer Hospital employee emails no longer available.

  Rob Alon - not a Hospital Employee and did not have Hospital email address.

  Marina Katayeva - not a Hospital Employee and did not have Hospital email address.

Plaintiffs now allege they have data from various subpoenas indicating these email accounts were active for some period of time.  Regarding Dr. Sarenac, Defendants did not dispute Dr. Sarenac had an email account at the Hospital.  Instead, Defendants advised the emails were no longer available as Dr. Sarenac was no longer an employee.  Defendants had no reason to believe these emails needed to be preserved.  Regarding Ms. Katayeva and Mr. Alon, Plaintiffs did not provide specific examples of information suggesting these individuals had Hospital email addresses until this joint letter.  Defendants will certainly re-visit their search to see if any emails are still in their possession custody and control regarding these individuals.

  Plaintiffs heavily rely on an "agreement" between the parties related to custodial accounts to be searched.  Specifically, Plaintiffs rely on the February 15, 2024 email regarding same.  However, the email makes clear that Plaintiffs are only memorializing a conversation about potential sources.  Defendants never finalized an agreement regarding custodial accounts to be searched.  Therefore, to suggest the Defendants disregarded a discovery obligation is simply not true.  Specifically, there is no correspondence confirming the Moshe Defendants agreed to each of the custodial sources that Plaintiffs now seek collection from.

  Regarding Defendants' objections to certain document demands, Defendants revisited each objection.  Defendants then advised they were confirming the following objections:  SCOB: 1-3; 15 except for W2s and 1099s as previously stated; 20, 28, 29, 30, 31, 32, 33, 38, 39, 41, 42.  Citimed Surgery: 1-3; 15 except for W2s and 1099s as previously stated; 19, 21, 23, 29, 30, 31, 32, 33, 34, 39, 40, 42, 43.  NJMHMC:  1, 2, 3, 4, 5, 6, 10, 12, 14, 16, 18, 22, 26, 27, 29, 30.  Defendants further advised the remainder of the objections were withdrawn.

  Plaintiffs are seeking a court order compelling documents to be produced responsive to Citimed Surgery RFPs 19, 21, 23, 29–33, 34, 39, 40, 42, 43; SCOB RFPs 20, 32, 33, 38, 39 41; NJMHMC RFPs 10, 16, 18, 22, 26, 27, 29, 30; and Star Solution RFPs 1, 2, 5, 13–16, 29, 34.  These requests, as composed, are clearly overbroad and essentially request every business document that ever existed for these entities.  These requests are therefore not proportional to the needs of discovery in this case.  These requests must either be narrowed to make sense for this litigation, or it must be rejected outright.

  Plaintiffs allege certain document demand responses are unclear.  However, each response indicates whether documents will be provided, whether no documents exist, or whether an objection to the request is being made.  Plaintiffs also allege they have not been able to locate some documents that Defendants advised would be provided.  Defendants' position is that all items in their possession or control responsive to the demands have been produced.  If no responsive documents have been produced to a particular demand, then Defendants advised Plaintiffs can consider those responses amended to state there are no such documents in their possession or control.  Plaintiffs are therefore fully informed whether any documents exist for each demand, and no further response is warranted.

   These updates, along with the comprehensive discovery previously served by the Moshe Defendants, satisfy the discovery obligations of the Moshe Defendants. Plaintiffs continued objections to Defendants' discovery responses are unjustified and are unnecessarily delaying the parties from completing discovery.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M Juliano
101 Eisenhower Pkwy
Roseland, NJ 07068
973-403-3154
ajuliano@bracheichler.com

*Attorney for Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, SCOB LLC, Citimed Surgery Center LLC, NJMHMC LLC, and Star Solution Services Inc.*