*Exhibit 8*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    *Plaintiffs,*<br><br>v.<br><br>METRO PAIN SPECIALISTS P.C., et al.,<br><br>    *Defendants*. | Docket No.: **1:21-cv-05523-MKB-PK**<br><br>**DEFENDANT YAN MOSHE'S RESPONSES TO PLAINTIFFS' SECOND SET OF DOCUMENT DEMANDS** |

**TO:**    KATTEN MUCHIN ROSENMAN LLP
            Ross O. Silverman, Esq.
            Jonathan L. Marks, Esq.
            Michael L. Cardoza, Esq.
            Sarah M. Scruton, Esq.
            525 West Monroe Street
            Chicago, Illinois 60661-3693
            312.902.5200

            Christopher T. Cook, Esq.
            50 Rockefeller Plaza
            New York, NY 10020-1605
            212.940.8800
            *Attorneys for Plaintiffs State Farm Mutual*
            *Automobile Insurance Company and State*
            *Farm Fire and Casualty Company*

       Defendant Yan Moshe (the "Defendant"), by his attorneys, Brach Eichler LLC, hereby responds to Plaintiffs' Second Request for Production of Documents subject to the objections noted below.

       **Defendant reserves his right to amend, supplement, and/or modify these responses as discovery continues.**

Dated:  September 20, 2024            **BRACH EICHLER L.L.C.**

By: __/s/ *Anthony M. Juliano*_____
       Keith J. Roberts, Esq.
       Anthony M. Juliano, Esq.
       kroberts@bracheichler.com
       101 Eisenhower Parkway
       Roseland, NJ  07068
       Telephone: 973.228.5700
       *Attorneys for Defendant Yan Moshe*

## DEFINITIONS

1.     "Moshe" refers to Defendant Yan Moshe.

2.     "Plaintiffs" refers to State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company.

## RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

32.     Documents and Communications relating to the referral of patients from the Emergency Department at Hudson Regional Hospital to entities owned by Leonid Shapiro M.D., including but not limited to Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, information regarding patient referrals are contained in the underlying patient records. Defendant is in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession, to be provided.

33.     Documents and Communications relating to Your business relationship with New Business Funding Inc, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Med Capital LLC's Payment of $28,000 to New Business Funding on September 15, 2016 (Check No. 1031), and $32,000 to New Business Funding on September 19, 2016 (Check No. 1030).

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

34. Documents and Communications relating to Your business relationship with Penn Pharmacy Inc, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Dynamic Surgery Center LLC's Payment of $34,627.90 to Penn Pharmacy on May 11, 2017 (Check No. 1118).

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

35. Documents and Communications relating to Your business relationship with Quest Pharmacy Corp., including any Payments or Documents reflecting services rendered in exchange for Payment, such as HealthPlus Surgery Center LLC's Payment of $27,486.49 to Quest Pharmacy on May 11, 2017 (Check No. 1174).

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

36. Documents and Communications relating to Your business relationship with Keepers For You Corp. (d/b/a Billing 4 You), including any Payments or Documents reflecting services rendered in exchange for Payment, such as the following Payments:

   (a) $32,714.40 from HealthPlus Surgery Center LLC to Billing 4 You on May 11, 2017 (Check No. 1175);

   (b) $15,465 from Med Capital LLC to Billing 4 You on July 10, 2018; and

   (c) $30,357.39 from HealthPlus Surgery Center LLC to Billing 4 You on June 5, 2019.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

BE.15266748.2/MOS106-284575

37. Documents and Communications relating to Your business relationship with All Network Marketing Corp., including any Payments or Documents reflecting services rendered in exchange for Payment, such as the Payment of $20,913.28 from Med Capital LLC to All Network Marketing on July 10, 2018.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

38. Documents relating to Your business relationship with All Star Services Inc, including any Payments or Documents reflecting services rendered in exchange for Payment.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

39. Documents relating to Your business relationship with Five Star Services Inc, including any Payments or Documents reflecting services rendered in exchange for Payment.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

40. Documents and Communications relating to Your business relationship with Skittles Services Corp., BIP Services Corp., and/or North Sky Renovation Services Corp., including any Payments or Documents reflecting services rendered in exchange for Payment.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

41. Communications between or among You and Isaias Barrera Perez, Araceli Rivero Miranda, Aline N. Lopez Rivero, and/or North Star Business & Accounting Service Inc., including but not limited to any services rendered by Skittles Services Corp., BIP Services Corp., and/or North Sky Renovation Services Corp.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

42. Documents and Communications relating to Your business relationship with Avacon Management LLC (d/b/a Avacon Builders), including any Payments or Documents reflecting services rendered in exchange for Payment.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

43. Documents and Communications relating to Your business relationship with Roma Yusupov, including any Payments or Documents reflecting services rendered in exchange for Payment, such as the following Payments:

    (a)    $1,000,000 from You to Roma Yusupov on February 2, 2022;

    (b)    $2,000,000 from You to Roma Yusupov on February 11, 2022; and

    (c)    $2,000,000 from You to Roma Yusupov on February 18, 2022.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

44. Documents and Communications relating to Your business relationship with Olia Yusupov, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Your Payment of $450,040 to Olia Yusupov on May 3, 2022.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

BE.15266748.2/MOS106-284575

45. Documents and Communications relating to Payments made to and received from Ariel Sezanayev and/or Vladimir Matatov, including but not limited to any goods or services rendered in exchange for Payment.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

46. Documents and Communications reflecting the purchase, acquisition, transfer, or sale of any cryptocurrency by You, including but not limited to purchases or acquisitions through Coinbase, Inc.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case.

47. Documents and Communications relating to Regina Moshe, M.D.'s Payment of $700,000 to 55 Meadowlands Holding LLC on December 26, 2017.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

48. Documents and Communications relating to Regina Moshe, M.D.'s Payment of $2,500,000 to 29 E 29 Street Holdings LLC on July 21, 2020.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

49. Documents and Communications relating to Your purchase of a 9.9% interest in Citimed Surgery Center LLC.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

50. Documents and Communications relating to Your Payment of $1,425,000 to Vadim Dolsky stating "Loan Return 8/25/2017" in the memo line, including but not limited to Documents and Communications relating to the referenced loan.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

51. Communications between or among You and Leonid Shapiro M.D., including but not limited the emails identified on Exhibit 1 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

52. Communications between or among You and Jelani Wray, including but not limited to the emails identified on Exhibit 2 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

53. Communications between or among You and Beshert Corp, including but not limited to the emails identified on Exhibit 3 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

54. Communications between or among You and Marina Katayeva, including but not limited to the emails identified on Exhibit 4 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these

7

objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

55. Communications between or among You and Michelle Simon, including but not limited to the emails identified on Exhibit 5 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

56. Communications between or among You and Estevan Roman, including but not limited to the emails identified on Exhibit 6 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

57. Communications between or among You and Roman Yunusov, including but not limited to the emails identified on Exhibit 7 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

58. Communications between or among You and Tatyana Rabinovich, including but not limited to the emails identified on Exhibit 8 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

59. Communications between or among You and Patrick Situ, including but not limited to the emails identified on Exhibit 9 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

60. Communications between or among You and Yenny Escano, including but not limited to the emails identified on Exhibit 10 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

61. Communications between or among You and Complete Radiology Reading Solutions, including but not limited to the emails identified on Exhibit 11 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

62. Communications between or among You and Alkies Lapas, Contemporary Diagnostic Imaging, and/or CDI Management Group, including but not limited to the emails identified on Exhibit 12 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

63. Communications between or among You and All Star Services Inc. and/or Five Star Services Inc., including but not limited to the emails identified on Exhibit 13 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

BE.15266748.2/MOS106-284575

64. Documents and Communications relating to Your business relationship with Nizar Burak and any Burak-Owned Entity, including but not limited to the emails identified on Exhibit 14 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

65. Documents and Communications relating to Your business relationship with any Gold and Diamond Company, including but not limited to the Communications identified on Exhibit 15 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

66. Documents and Communications relating to Your business relationship with Expert Billing Solutions, including but not limited to the Communications identified on Exhibit 16 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

67. Communications between or among You and New York Spine Institute, including but not limited to the emails identified on Exhibit 17 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

68. Communications between or among You and Sovereign Health Medical, including but not limited to the emails identified on Exhibit 18 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these

10

objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

69. Communications between or among You and Pinnacle Health Consultants, LLC, including but not limited to the emails identified on Exhibit 19 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

70. Communications between or among You and Greenbills and/or its princiapls, including but not limited to the emails identified on Exhibit 20 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

71. Communications between or among You and John Mitamura, M.D., including but not limited to the emails identified on Exhibit 21 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

72. Communications between or among You and Norman Rowe, M.D., including but not limited to the emails identified on Exhibit 22 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

73. Communications between or among You and Advanced Comprehensive Laboratory LLC and/or its principals, including but not limited to the emails identified on Exhibit 23 to this Rider.

**RESPONSE:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent Documents are in Defendant's possession, to be provided.

BE.15266748.2/MOS106-284575

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>METRO PAIN SPECIALISTS P.C., et al.,<br><br>*Defendants*. | Docket No.: **1:21-cv-05523-MKB-PK** |

# DEFENDANT YAN MOSHE'S RESPONSES TO PLAINTIFFS' THIRD SET OF DOCUMENT REQUESTS

Defendant, YAN MOSHE (hereinafter, "Defendant") by and through his attorneys, Brach Eichler, LLC, provides the following responses to Plaintiffs' Third Set of Document Requests as follows:

## RESPONSES TO THIRD SET OF DOCUMENT REQUESTS

**Request No. 74:** Documents and Communications relating to travel to Ukraine by any physician who provided services for or on behalf of any Yan Moshe Surgical Facility.

**Response:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent any of these documents are in Defendant's possession, to be provided.

**Request No. 75:** Documents and Communications relating to any expenses or Payments relating to any travel to Ukraine by any physician or attorney who performed work for or on behalf of any Yan Moshe Surgical Facility, including but not limited to the following Payments:

    a.    $9,000.00 paid by David J. Bangel to You on August 28, 2018 (Check No. 510);

    b.    $11,900.00 paid by David J. Bangel to You on January 17, 2019 (Check No. 603);

    c.    $2,438.00 paid by David J. Bangel to You on November 11, 2019 (Check No. 1258); and

      d.      $2,438.00 paid by Aron Rovner, M.D. PLLC Maria Giardina to You on November 6, 2019 (Check No. 3970).

**Response:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent any of these documents are in Defendant's possession, to be provided.

**Request No. 76:** Documents sufficient to identify any occasions where You traveled to Ukraine, including but not limited to passport stamps and/or flight records.

**Response:** Objection, the information requested is outside the scope of relevant discovery, as per F.R.C.P. 26(b)(1), as it concerns the issues pled in Plaintiff's Complaint. In addition, the information requested is not proportional to the needs of the case. Defendant further objects to the production of any passport materials or documents related to travel for personal reasons. Notwithstanding these objections, Defendant is in the process of review and production of ESI. To the extent any of the remaining documents are in Defendant's possession related to business travel, to be provided.

Dated: November 8, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>METRO PAIN SPECIALISTS P.C., et al.,<br><br>*Defendants*. | Docket No.: **1:21-cv-05523-MKB-PK** |

**DEFENDANT YAN MOSHE'S RESPONSES TO PLAINTIFFS' FOURTH SET OF DOCUMENT REQUESTS**

Defendant, YAN MOSHE (hereinafter, "Defendant") by and through his attorneys, Brach Eichler, LLC, provides the following responses to Plaintiffs' Fourth Set of Document Requests as follows:

**RESPONSES TO FOURTH SET OF DOCUMENT REQUESTS**

77. Documents and Communications reflecting the address, phone number, and email address for Priyesh Patel last known to You and any Yan Moshe Surgical Facility.

   **Response:** Defendant has provided documents in response to prior demands. Defendant is also in the process of review and production of ESI. To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

78. Documents and Communications reflecting Your and any Yan Moshe Surgical Facility's last Communication and/or contact with Priyesh Patel, including but not limited to last email, last phone call, last text, and last payroll receipt.

**Response:**  Defendant has provided documents in response to prior demands.  Defendant is also in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

79. Documents and Communications reflecting the address, phone number and email address for Roman Yunusov last known to You and any Yan Moshe Surgical Facility.

**Response:**  Defendant has provided documents in response to prior demands.  Defendant is also in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

80. Documents and Communications reflecting Your and any Yan Moshe Surgical Facility's last Communication and/or contact with Roman Yunusov, including but not limited to last email, last phone call, last text, and last payroll receipt.

**Response:**  Defendant has provided documents in response to prior demands.  Defendant is also in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

81. Documents and Communications reflecting the address, phone number, and email address for Tatyana Rabinovich last known to You and any Yan Moshe Surgical Facility.

**Response:**  Defendant has provided documents in response to prior demands.  Defendant is also in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

82. Documents and Communications reflecting Your and any Yan Moshe Surgical Facility's last Communication and/or contact with Tatyana Rabinovich, including but not limited to last email, last phone call, last text, and last payroll receipt.

**Response:**  Defendant has provided documents in response to prior demands.  Defendant is also in the process of review and production of ESI.  To the extent any of these documents are in Defendant's possession and have not already been provided, to be provided.

Dated:  December 23, 2024