November 10, 2025

<u>**Via ECF**</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Vadim Dolsky ("Dolsky") and Optimum Health Acupuncture P.C. ("Optimum") and non-parties All Star Services Inc. ("All Star") and Five Star Services Inc. ("Five Star") (collectively, the "Dolsky Parties"), respectfully write to request the Court's assistance regarding electronically stored information ("ESI") and other document discovery. As the Court is aware, the parties agreed to present all remaining document discovery issues to the Court by November 10, 2025, and agreed all outstanding document productions, not required by an earlier date, would be completed by December 8, 2025. *See* Dkt. 685 at 6.[1]

## PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing the Dolsky Parties to address a series of discovery issues to ensure compliance with the schedule agreed to in their October 16, 2025 letter (Dkt. 685), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of March 6, 2026. The Dolsky Parties should be ordered to: (1) produce all responsive emails from four email accounts they previously claimed had been routed through another email account; (2) remove redactions from discovery material applied for any reason other than to protect attorney-client communications and attorney work product; (3) produce privilege logs reflecting any document withheld or redacted and the bases for doing so; (4) finalize the attorneys'-eyes-only agreement governing their production of information regarding gold, luxury watches and other jewelry (the "Assets"); and (5) produce an inventory of the Assets consistent with the Court's July 11, 2025 order.

Based on the schedule agreed to by the parties and presented to the Court by letter dated October 16, 2025, Defendants should be required to complete these tasks by the deadlines set forth below.

**Background**: Dolsky is a long-time friend and business associate of defendants Yan Moshe, Reuven Alon, Dr. Regina Moshe, and Leonid Shapiro. Together, they operate the Metro Pain and Citimedical clinics and steer patients to ambulatory surgery centers ("ASCs") owned by Moshe. Patients receive unnecessary services at the clinics and ASCs for which insurers paid millions, and Moshe secretly owns the Citimedical clinics. Dolsky is an acupuncturist who treats patients of the Citimedical clinics and, after he invested in former defendant TopLab, it started providing unnecessary drug tests to patients of Moshe's ASCs. Beyond providing unnecessary acupuncture

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

and drug tests, Dolsky's role includes siphoning the scheme's proceeds through his entities All Star and Five Star. All Star and Five Star received more than $52 million in defendants' insurance proceeds by direct and indirect payments, much of which Dolsky funneled into 10 bank accounts he used to purchase more than $24 million in gold bullion, luxury watches, and other jewelry.

As relevant to this letter, between April 2022 and April 2024, Plaintiffs served subpoenas and discovery demands on the Dolsky Parties. Specifically, Plaintiffs served (1) a subpoena *duces tecum* on All Star on April 15, 2022; (2) initial document demands on Dolsky and Optimum on November 4, 2023, and a second set of demands on Dolsky on April 23, 2024; and (3) subpoenas *duces tecum* on All Star and Five Star on December 22, 2023. Discovery has principally focused on the Dolsky Parties' business and financial relationships and their role in secreting and converting proceeds to gold bullion, luxury watches, and other jewelry.

The parties subsequently engaged in ESI discovery. Plaintiffs served on the Dolsky Parties search terms to be used in the ESI process on December 4, 2023, and by letter dated February 12, 2024, identified specific custodial sources to be searched, which Plaintiffs later supplemented by email. Among the custodial sources identified was dolskylac@yahoo.com, vadim@fivestarserve.com, natacha@allstarservicesinc.net, natacha@fivestarserv.com, info@fivestarserv.net, and allstarservicsinc123@gmail.com. The Dolsky Parties did not object to the search terms or custodial sources Plaintiffs identified.

The Dolsky Parties' compliance with discovery has been heavily litigated. Following a March 12, 2025 discovery conference, the Court ordered the Dolsky parties to produce all documents responsive to Plaintiffs' demands, confirm their efforts to access certain email accounts claimed to be inaccessible, and provide information on the location of the Assets and who has access to them. After months of inaction, Plaintiffs again moved to compel the Dolsky Parties to comply with their discovery obligations, and following a hearing on July 11, 2025, the Court ordered the Dolsky Parties to set a timeline for the expeditious completion of ESI productions, provide written certification to Plaintiffs regarding their ESI collection process, and prepare a more detailed inventory of the Assets, certain aspects of which may be produced pursuant to an attorney's eyes-only agreement. *See* 7/11/2025 Text Order. As discussed below, numerous issues remain outstanding.

**ESI**: The Dolsky Parties have collected and produced emails from two accounts — dolskylac@yahoo.com and natacha@fivestarserv.com — and represented their production of all ESI was complete on September 25, 2025. As to four other email accounts — vadim@fivestarserv.com, natacha@allstarservicesinc.net, info@fivestarserv.net, and allstarservicsinc123@gmail.com — the Dolsky Parties represented to Plaintiffs and the Court that every email sent to or from these accounts was routed through and stored in the natacha@fivestarserv.com account. *See, e.g.*, Dkt. 673 at 5 (admitting they "have continuously represented that the relevant custodial emails were routed through natascha@fivestarserv.com[sic]"). Accordingly, the Dolsky Parties claimed there was no obligation to search or collect emails from these four accounts.

Plaintiffs recently obtained new information from Google LLC contradicting the Dolsky Parties' representations about the "routing" of emails and the completeness of their ESI productions. On October 24, 2025, Google produced records for the allstarservicesinc123@gmail.com account reflecting hundreds of responsive emails between defendants and relevant nonparties. These emails were not routed through the natacha@fivestarserv.com account, as the Dolsky Defendants have continuously represented. Based on records produced by Google, the

2

allstarservicesinc123@gmail.com account contains 1,529 emails, only 80 of which are stored in the natacha@fivestarserv.com account. All of these 80 emails identify the natacha@fivestarserv.com account as a sender or recipient of the email, establishing all emails from the allstarservicesinc123@gmail.com account were *not*, in fact, routed through or stored in the natacha@fivestarserv.com account.

Plaintiffs' discovery of the misrepresentation about the routing of one account — allstarservices123@gmail.com — raises broader questions about all of the Dolsky Parties' ESI productions. There is now no basis to accept that any account was routed exclusively through the natacha@fivestarserv.com account or that the Dolsky Parties can be relieved of an obligation to search the other accounts at issue. Indeed, Dolsky's proposed declaration regarding the ESI collection process indicates Dolsky did nothing to confirm accounts were actually routed through the natacha@fivestarserv.com account other than accept the assurance of a former employee.

Plaintiffs seek an order requiring the Dolsky Parties to seek access to and collect, search and produce responsive emails from the following accounts by December 8, 2025: vadim@fivestarserve.com, natacha@allstarservicesinc.net, info@fivestarserv.net, and allstarservicsinc123@gmail.com. Alternatively, if the Dolsky Parties claim they are unable to obtain access to any of these accounts, Plaintiffs request they be ordered to so advise Plaintiffs by November 20, 2025, and be ordered to appear for a limited deposition concerning their inability to do so. Plaintiffs would address the evidentiary consequences of the Dolsky Parties' failure to collect and produce emails from the account at a later date in these proceedings.

**Redactions:** The Dolsky Parties' document productions contain redactions to text that do not identify why the information was redacted and appear to redact information that is not protected from disclosure. Such redactions are improper. First, the ESI Protocol entered in this case requires redactions to display the designated bases for withholding the information. *See* Dkt. 375 at 10. The Dolsky Parties do not identify any basis for redacting the information, and their documents instead contain unlabeled black boxes. Second, the Dolsky Parties have inappropriately redacted information that is not protected from disclosure. Redactions have been applied to business-related communications between and among Dolsky, other defendants in this action (e.g., Shapiro, Moshe, Dr. Moshe), and relevant nonparties.

Plaintiffs repeatedly requested to meet and confer on redaction issues after first raising them by letter dated September 4, 2025. By email dated November 1, the Dolsky Parties advised for the first time that redactions may have been improperly applied, a review was ongoing, and documents would be reproduced without redactions as appropriate and on a rolling basis. To date, the Dolsky Parties have not removed redactions to any document or provided a date by which they will do so.

To ensure the timely advancement of discovery, Plaintiffs seek an order requiring the Dolsky Parties to complete their review of redacted material and produce unredacted copies of any information not protected from disclosure by November 24, 2025. For any remaining redactions, the Dolsky Parties should be required to produce a privilege log identifying by Bates number each redacted document and related information necessary to evaluate the basis for privilege by December 8, 2025.

**Privilege Logs**: The Dolsky Parties have not produced any privilege logs for documents or information withheld from production. Plaintiffs seek an order requiring them to do so by December 8, 2025.

**Attorneys' Eyes-Only Agreement**: During the July 11, 2025 hearing, the Court ordered the Dolsky Defendants to prepare a more detailed inventory of the Assets, some of which may be produced pursuant to an attorneys'-eyes-only agreement. *See* 7/11/2025 Text Order. Plaintiffs first circulated a draft agreement for the Dolsky Parties' review on August 15, 2025, to which the Dolsky Parties responded on October 7. Plaintiffs circulated a further revised agreement on October 24, to which the Dolsky Parties have not responded.

Due to the Dolsky Parties' delays, Plaintiffs seek an order requiring them to finalize the agreement no later than November 24, 2025. As noted below, the Dolsky Defendants insist the attorneys'-eyes-only agreement is a prerequisite to producing the inventory of Assets.

**Asset Inventory**: During the July 11, 2025 hearing, the Court ordered the Dolsky Parties to prepare a more detailed inventory of the Assets. *See* 7/11/2025 Text Order. The Dolsky Parties have not provided this inventory due to their delays in finalizing the attorneys'-eyes-only agreement, which is necessary to preparing for and proceeding with inspection of the Assets.

Plaintiffs seek an order requiring the Dolsky Parties to produce the inventory of Assets to Plaintiffs within 24 hours of executing the attorneys'-eyes-only agreement.

## DEFENDANTS' POSITION

**Background:** Plaintiffs' "background" section contains pure speculation and inflammatory accusations that have no place in a discovery dispute. The Court must not be swayed by such conjecture when resolving the parties' ongoing discovery issues. Plaintiffs claim that Defendant Vadim Dolsky acted "in concert" with other defendants and "secretly operates" various medical clinics allegedly owned by those defendants remain pure conjecture. To date, Plaintiffs have produced no discovery whatsoever to substantiate these claims. Accordingly, the Court should disregard these unsupported allegations in their entirety.

Plaintiffs' references to TopLab are equally irrelevant. Plaintiffs have settled their claims against TopLab. If Plaintiffs genuinely believed in the accuracy of their own allegations, it is unclear why they would voluntarily settle with that entity. Defendant Dolsky expressly rejects all claims suggesting that proceeds were "siphoned" through All Star Services Inc. or Five Star Services Inc. Defendant Dolsky has provided proof of all funds received, along with corresponding invoices and documentation demonstrating legitimate business operations—facts which Plaintiffs conveniently omit from their bold and unfounded accusations.

Pursuant to this Court's July 11, 2025 Order, counsel for Defendant Dolsky acted expeditiously to review and produce documents in accordance with their obligations. Defendant Dolsky has continued to comply with discovery demands, while Plaintiffs have repeatedly complicate this process. Plaintiffs have a demonstrated pattern of neglecting issues for weeks at a time, only to later revive them and, within days, deem Defendants' responses "insufficient," prompting unnecessary applications to the Court over alleged disputes that are not present herein.

Further, Defendant Dolsky was added to this action nearly two years after its commencement, yet Plaintiffs continue to insist that he meet the same discovery deadlines as parties who have been involved since day one. This inequity has been repeatedly conveyed to the Court, and Defendant Dolsky does not intend to expend further judicial resources reiterating the same point unless absolutely necessary.

**ESI:** Through conversations with his former manager, Natacha Sola, Defendant Dolsky understood that the four email accounts identified by Plaintiffs —vadim@fivestarserv.com, natacha@allstarservicesinc.net, info@fivestarserv.net, and allstarservicesinc123@gmail.com — were all routed through Ms. Sola's administrative account, natacha@fivestarserv.com. This was not a claim of ignorance or evasion. Rather, it was and remains a good-faith representation made by a layperson with no technological background who relied on and continues to rely on the information provided by a former employee with first-hand knowledge of the companies' email configuration.

There were no intentional misrepresentations made by Defendant Dolsky to Plaintiffs or to this Court. As soon as Plaintiffs raised questions concerning the routing of the allstarservicesinc123@gmail.com account, and informed Defendant Dolsky that this account could be accessed using his cell phone number, Defendant Dolsky immediately retained his e-discovery vendor, Purpose Legal, who worked with him to access the account through a "verification token" sent to his phone. The approximately 1,500 emails contained in this account are currently being collected and processed for production. Those emails will be produced to all parties promptly once the collection is complete. Accordingly, there is no legitimate dispute regarding this account.

With respect to the Google subpoena referenced in Plaintiffs' submission, Defendant Dolsky has not been provided with a copy of Google's subpoena production and therefore cannot comment on its contents. Defendants respectfully request that Plaintiffs provide a copy of that production so all parties are working from the same factual record.

Contrary to Plaintiffs' assertions, Defendant Dolsky never represented to this Court that he had "no obligation" to search or collect emails from the accounts listed above. His position has always been straightforward: he did not have access to certain accounts that were previously administered by non-party entities and was informed by an essential employee that all emails were routed through the administrative account produced. Plaintiffs' repeated attempt to characterize this as defiance or misrepresentation is unfounded.

Defendant Dolsky has repeatedly invited Plaintiffs to propose any alternative method by which he could verify whether those accounts were routed through Ms. Sola's administrative account. To date, Plaintiffs have offered no such recommendations. Defendant Dolsky has consistently stated that, should Plaintiffs wish to employ any reasonable technical method to confirm the routing or recover data from these accounts, he would fully cooperate and facilitate such efforts.

At this point, continued litigation over these same technical issues is unduly burdensome and unnecessary. Defendant Dolsky has demonstrated transparency and cooperation at every stage, engaged qualified forensic professionals, and remains willing to assist Plaintiffs in any reasonable effort to complete ESI discovery.

**Redactions:** Defendant Dolsky agreed to undertake, re-review and release previously redacted documents on a rolling basis.

**Privilege Logs:** Defendant Dolsky's vendor, Purpose Legal, represented that a privilege log was distributed with each production, however, to simplify any issues they are in the process of generating a master log of all redacted documents from all productions.

**Asset Inventory:** Plaintiffs are not entitled to the asset inventory until the Attorneys' Eyes Only ("AEO") Agreement is finalized. As this Court will recall, during the July 11, 2025 hearing, the Court itself proposed that an AEO agreement be executed prior to the disclosure of any asset inventory due to the significant security concerns associated with identifying the location and nature of Defendant Dolsky's assets.

Defendant Dolsky did not receive Plaintiffs' initial proposed AEO agreement until August 15, 2025—over a month after the Court's directive. Given the sensitivity of the information to be exchanged, several revisions were required to ensure that the agreement adequately protected the safety and privacy of Defendant Dolsky and his family. Those proposed revisions were provided to Plaintiffs on October 7, 2025. Plaintiffs then returned a further edited draft on October 24, 2025, which is currently under review by counsel for Defendant Dolsky.

Additionally, Plaintiffs have referenced a related declaration accompanying the AEO agreement, but as of the date of this letter, Defendants have not received Plaintiffs' final proposed edits to that document. Due to the sensitive nature of the information that must be protected, Defendants are finalizing the AEO agreement.

Upon execution of a fully finalized Attorneys' Eyes Only Agreement, Defendant Dolsky will produce a complete and detailed asset inventory within seven (7) days. This schedule is consistent with the Court's prior guidance and reflects Defendant Dolsky's continued good-faith efforts to comply with his discovery obligations while safeguarding his family's security.

It is also worth noting that Plaintiffs have yet to schedule their own review and inspection of the assets in question. This inspection is not contingent upon the AEO agreement or the production of the finalized inventory, as Plaintiffs have already been provided with invoices and documentation relating to the gold purchases through their own Subpoena's. Plaintiffs therefore possess sufficient information to begin their review and inspection, yet they continue to delay and have not proposed any dates for such inspection to occur.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Alexandra Mule*

CAPETOLA & DIVINS P.C.

Byron A. Divins
Alexandra Mule
2 Hillside Avenue
STE. Building C
Williston Park, NY 11596
516-746-2300
bdivins@capetoladivinslaw.com
amule@capetoladivinslaw.com

*Attorneys for Defendants Vadim Dolsky and Optimum Health Acupuncture P.C., and non-parties All Star Services Inc. and Five Star Services Inc.*