November 10, 2025

<u>V<small>IA</small> ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    ***State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Leonid Shapiro, M.D. ("Shapiro"), Metro Pain Specialists P.C. ("Metro Pain"), and Tri-Borough NY Medical Practice P.C. ("Tri-Borough") (collectively, "Defendants"), respectfully write to request the Court's assistance regarding issues with electronically stored information ("ESI") and other document discovery. As the Court is aware, the parties agreed to present all remaining document discovery issues to the Court by November 10, 2025, and agreed all outstanding document production, not required by an earlier date, would be completed by December 8, 2025. *See* Dkt. 685 at 6.

**PLAINTIFFS' POSITION**

Plaintiffs write to request a Court order directing Defendants to comply with the schedule agreed to in their October 16, 2025 letter (Dkt. 685), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of March 6, 2026. At present, Defendants' discovery responses are incomplete in the following respects: (1) their written responses to certain of Plaintiffs' document demands and interrogatories are not complete; (2) they have not produced all documents relating to Defendants' business and financial relationships with certain key individuals; and (3) they have not produced all metadata for their ESI productions.

Defendants do not dispute their obligation to provide the missing discovery. They have only requested additional time. Based on the schedule agreed to by the parties and presented to the Court by letter dated October 16, 2025, Defendants should be required to complete these tasks no later than December 8, 2025. In order to ensure such tasks are completed by December 8, Plaintiffs ask the Court to order that if Defendants claim they have no additional information, they advise Plaintiffs by November 20 so the parties have time, before December 8, to determine if there is an issue with such a claim.

**<u>Background</u>**: Shapiro is an anesthesiologist who operates multidisciplinary medical clinics that treat automobile accident victims, including with physical therapy, chiropractic care, acupuncture, and other services. These services are performed by providers in the clinics pursuant to "pay to play" arrangements with Defendants. Shapiro also has financial relationships with defendants Yan Moshe, Reuven Alon, Vadim Dolsky, and Dr. Regina Moshe. In exchange for benefits conferred on Shapiro, Defendants referred patients for MRIs to defendant Citimedical Clinics and imaging facilities owned by Alon, and referred patients for surgical procedures performed at ambulatory surgery centers owned by Moshe. Discovery has revealed Shapiro paid kickbacks for patient

referrals, including for patients secured through bribes paid to 911 operators and hospital personnel.

Plaintiffs first served Defendants with requests for the production of documents ("RFPs") and interrogatories on April 1, 2022. Shapiro completed both document and ESI productions on May 23, 2023, but did not produce any metadata for these productions. Shapiro served his final set of amended written responses to interrogatories and document demands on October 25, 2023. New information acquired during discovery raised questions as to whether Defendants' responses and productions were complete. Plaintiffs requested Defendants supplement their discovery responses and productions and provide missing metadata by letter dated July 23, 2025.

**Supplemental Written Responses and Productions:** By letter dated July 23, 2025, Plaintiffs raised concerns over the completeness of Defendants' written responses and document productions relating to business relationships with other defendants and non-parties, including Vadim Dolsky, All Star Services Inc., Jelani Wray, Alexander Gulkarov, Roman Irsailov, Peter Khaimov, Marlon Lawes, Ana Rivera, Anthony DiPietro, and New Pacific Inc. (e.g., Shapiro RFP Nos. 31, 37, 41-46; Metro Pain RFP Nos. 9, 10, 39, 45, 47-53; Tri-Borough RFP Nos. 9, 10, 39; Shapiro ROG. No. 1; Metro Pain ROG No. 1; Tri-Borough ROG No. 1). On September 29, Defendants advised they were conducting supplemental searches and would provide revised written responses and any additional documents by October 31, 2025.

Defendants have not supplemented their responses or productions and do not dispute their obligation to do so. Rather, they now seek to delay compliance until after the parties engage in meditation. But the requested discovery will need to be produced regardless of whether the parties settle their claims in mediation because it is relevant to Plaintiffs' claims against other defendants in the case. To ensure the timely conclusion of fact discovery, Defendants should be ordered to serve amended written responses to interrogatories and document demands and produce all remaining documents by December 8, 2025, which is the date identified in the parties' joint letter to the Court for complying with Court orders regarding document discovery (Dkt. 685, at 6).

**Missing Metadata for ESI:** Defendants do not dispute their failure to provide metadata required under the ESI Protocol, *see* 375 at 6-10, and instead argue Plaintiffs have waived their right to obtain it. Defendants' waiver argument should be rejected because Plaintiffs requested the metadata well before the close of fact discovery and have a demonstrated need for it. Defendants produced over 4,000 communications in PDF format, and metadata will reduce the time and resources needed to analyze the production. Among the metadata required to be produced is the exact time at which emails were sent and received from Defendants' accounts. Such metadata is important to addressing defendant Yan Moshe's destruction of emails. Plaintiffs discovered the destruction based on records subpoenaed from Yahoo. Those Yahoo records identify communications between Defendants' emails accounts and Moshe's personal account (yanmoshe@yahoo.com) that are among the records destroyed by Moshe, including the time at which those emails were sent and received. With Defendants' metadata, Plaintiffs would be able to use records produced by Yahoo to efficiently identify which emails from Moshe's personal email account were produced by Defendants, and which emails were not produced.

Plaintiffs seek a Court order requiring Defendants to produce all metadata required under the ESI Protocol by December 8, 2025.

**DEFENDANTS' POSITION**

Initially, Defendants do not agree with Plaintiffs synopsis of this case. Dr. Shapiro is an anesthesiologist operating pain management practices under the Metro Pain and Tri-Borough banners. However, Defendants have no "pay to play" arrangements with any of the co-defendants, nor have Defendants paid "kickbacks" to Rob Alon, Regina Moshe, or anyone else.

Contrary to Plaintiffs statements, there is no evidence that Dr. Shapiro paid kickbacks to anyone for patient referrals. Plaintiffs reference to "[d]iscovery [which] revealed Shapiro paid kickbacks for patient referrals, including for patients secured through bribes paid to 911 operators and hospital personnel" is pure conjecture unsupported by any evidence. If Dr. Shapiro was truly at the center of this criminal ring, why was he not indicted or investigated by the Federal government? The answer is simply because – as much as Plaintiffs wish it to be true - Dr. Shapiro had nothing to do with these criminal activities by individuals with whom me may have hired to do marketing and funding. Conspicuously absent from the discovery in this case is any evidence that Dr. Shapiro knew or participated in any improper activity.

**Supplemental Written Responses and Production:** Plaintiffs and Defendants are actively attempting to schedule a mediation with retired Magistrate Judge Steven M. Gold. If Judge Gold is unavailable, the parties have agreed to select another mediator with relevant experience.

If the parties cannot reach a settlement by the scheduled mediation, which at this juncture appears to be February 3, 2026, Defendants agree to provide supplemental responses to Plaintiffs Interrogatory No. 1 to Dr. Shapiro, Tri-Borough and Metro Pain, and any responsive documents related to Plaintiffs' requests for production outlined February 10, 2026.

In the interim, the Defendants will make a further investigation into any additional ESI documents that may be responsive to Plaintiffs' demands. We expect this further search to be concluded within the next 10 days.

**The Missing Metadata** Failing to demonstrate any prejudice, Plaintiffs have waived their right to demand metadata for an ESI production that was made over 29 months ago under the supervision of prior counsel. The Defendants have provided text searchable static images of hundreds of email communications, together with their attachments in native format. At this juncture, to retain forensic IT personnel to collect all the ESI data to make a supplemental production would be extremely costly and prejudicial to Defendants.

Notwithstanding the above, Defendants are investigating the costs of securing the metadata and will work cooperatively with Plaintiffs on this issue.

In sum, the Defendants ask that the Court issue an order directing supplemental responses to the document requests and interrogatories identified by Plaintiff within fifteen days of the completion of the parties' mediation.

Respectfully Submitted,

By: /s/ *Christopher T. Cook*                              By: /s/ *Steven J. Harfenist*

KATTEN MUCHIN ROSENMAN LLP          HARFENIST KRAUT & PERLSTEIN LLP

Ross O. Silverman                                  Steven J. Harfenist
Jonathan L. Marks                               3000 Marcus Avenue
Michael L. Cardoza                             Suite 2e1
Sarah M. Scruton                              Lake Success, NY 11042
525 West Monroe Street                      516-355-9600
Chicago, Illinois 60661-3693             sharfenist@hkplaw.com
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com             *Attorneys for Defendants Metro Pain*
jonathan.marks@katten.com           *Specialists P.C., Leonid Shapiro, and Tri-*
michael.cardoza@katten.com          *Borough NY Medical Practice P.C.*
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual*
*Automobile Insurance Company and State*
*Farm Fire and Casualty Company*

4