November 10, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Regina Moshe ("Dr. Moshe"), Citimedical I PLLC ("Citimedical I"), Citimed Services, P.A. ("Citimed Services"), Citimedical Services, P.C. ("Citimedical Services"), Citimed Complete Medical Care, P.C. ("Citimed Complete"), and Citimed Management Services Inc. ("Citimed Mgmt.") (collectively, "Defendants"), respectfully write to request the Court's assistance regarding issues with electronically stored information ("ESI") and other document discovery. As the Court is aware, the parties agreed to present all remaining document discovery issues to the Court by November 10, 2025, and agreed all outstanding document productions, not required by an earlier date, would be completed by December 8, 2025. *See* Dkt. 685 at 6. For issues in dispute in this letter, the parties met and conferred on these issues and are at an impasse.[1]

## PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing Defendants to address two discovery issues to ensure compliance with the schedule agreed to in their October 16, 2025 letter (Dkt. 685), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of March 6, 2026. Defendants should be ordered to: (1) produce all responsive ESI from certain custodial accounts; and (2) provide accurate and complete interrogatory responses.

Based on the schedule agreed to by the parties and presented to the Court by letter dated October 16, 2025, Defendants should be required to complete these tasks by December 8, 2025.

**Background**:  Dr. Moshe is a doctor who, on paper, owns medical clinics that treat individuals involved in automobile accidents, including Citimedical I, Citimed Services, Citimedical Services, and Citimed Complete. Plaintiffs allege the clinics are secretly owned and controlled by Dr. Moshe's brother, Yan Moshe, which, if true, would violate New York law and render Defendants ineligible to receive reimbursement for services billed to Plaintiffs. The treatment Defendants purport to render and prescribe to patients is not medically necessary, and Defendants obtain access to individuals involved in automobile accidents pursuant to kickbacks paid in exchange for patient referrals.

Plaintiffs first served on Dr. Moshe and Citimedical I requests for the production of documents ("RFPs") and interrogatories on April 1, 2022. Among other things, the RFPs required them to

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

produce all communications with other defendants and relevant nonparties. The parties subsequently engaged in ESI discovery. Plaintiffs served on Defendants search terms to be used in the ESI process on December 4, 2023, and Plaintiffs circulated a list of custodial sources to be searched to Defendants on February 23, 2024. Ex. 1. The parties met and conferred regarding the collection process, and an agreement was reached, memorialized in an email dated March 4, 2024. Ex. 2. Defendants did not object to Plaintiffs' proposed search terms and agreed to collect email communications from identified custodial sources, including Dr. Moshe and Defendant employees Roman Yunusov, Yenny Escano, and Marina Katayeva.

Defendants represented their ESI productions were complete on July 27, 2025, and by letter dated July 30, 2025, Plaintiffs raised long-standing deficiencies with Defendants' document and written discovery. These deficiencies are addressed below.

**ESI:** Defendants have not reviewed more than 250,000 responsive emails collected from Dr. Moshe's email accounts and have not searched or reviewed an unspecified number of emails collected from the accounts of Yunusov, Escano, and Katayeva. No emails have been produced for Yunusov and Escano, only 88 pages of emails have been produced for Dr. Moshe, and only 216 pages of emails have been produced for Katayeva. Plaintiffs first alerted Defendants to the absence of emails produced from these accounts on July 30, 2025, which Defendants claimed to investigate for more than three months. On October 31, 2025, Defendants advised for the first time that their ESI vendor had failed to either search or make the emails available for review during their ESI process. Defendants offer no reasonable explanation for the length of time needed to investigate and identify the issue.

Plaintiffs seek a Court order requiring Defendants to (1) produce all emails responsive to Plaintiffs' RFPs from each agreed upon custodial account and (2) certify the accuracy and completeness of their production from each account by December 8, 2025, which is the date identified in the parties' joint letter to the Court for complying with Court orders regarding document discovery (Dkt. 685 at 6).

**Incomplete and Inaccurate Interrogatory Responses:** The parties dispute whether Defendants have accurately and completely responded to 13 of Plaintiffs' interrogatories. Defendants are refusing to provide complete information relating to the following interrogatories:

> ***Citimedical I ROG No. 2; Citimed Services ROG No. 2; Citimed Complete ROG No. 2; Citimed Mgmt. ROG No. 2***: These interrogatories request each Defendant to "[i]dentify any person who entered into any agreement with [Defendant] for the use of any space, staff, personnel, or equipment, including, for each, (a) the person's name, (b) the person's contact information, (c) the terms of the agreement, and (d) the time period during which the agreement was operative."
>
> The parties' only dispute is whether Defendants should be required to identify the time period during which each agreement was operative. As Defendants' responses fail to identify the requested time period and the information is relevant to understanding the extent of Defendants' business relationships with other defendants and nonparties with whom the agreements were entered into, they should be ordered to serve revised responses fully responding to subpart (d). *See* Ex. 3 (Citimedical I ROG responses); Ex. 4 (Citimed Services ROG Responses); Ex. 5 (Citimed Complete ROG Responses); Ex. 6 (Citimed Mgmt. ROG Responses).

2

***Citimedical I ROG No. 8;*** [2] ***Citimed Complete ROG No. 9***: These interrogatories request each Defendant to "[i]dentify any person that provided You with any Funding, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which the person provided the Funding, (d) the purpose of the Funding, and (e) the dollar value of the total Funding provided."

The parties' only dispute is whether Defendants should be required to identify the time period during which the funding was provided and, as to Citimedical I, whether it should be required to identify the purpose of the funding. As Defendants' responses fail to identify the requested information and the information is relevant to the business activities and movement of money between and among Defendants and nonparties during the time period at issue, they should be ordered to serve revised responses fully responding to subparts (c) and (d). *See* Exs. 3 & 6.

***Dr. Moshe ROG No. 9; Citimedical I ROG No. 7;*** [3] ***Citimedical Services ROG No. 8; Citimed Services ROG No. 8; Citimed Complete ROG No. 8; Citimed Mgmt. ROG No. 8***: These interrogatories request each Defendant to: "[i]dentify any accounts through which You have sent, received, or accessed electronic communications, including, for each, (a) the type of account (e.g., Gmail, Yahoo, Hotmail, AOL, Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, Threema, Discord, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account."

The entity Defendants' responses only provide a single email address, rmoshe@citimedny.com, and Dr. Moshe's response provides just one account, reginamoshe5@gmail.com. These responses both fail to address subparts (c), (d), and (e) and are also incomplete because they fail to identify all accounts through which they transmitted electronic communications, including but not limited to accounts discussed above as to employees Yususov, Escano, and Katayeva. As Defendants' responses are incomplete and the requested information is relevant to Defendants' business operations and activities with other defendants and relevant nonparties, they should be ordered to serve revised responses identifying all responsive accounts and, for each, fully responding to subparts (c), (d), and (e). *See* Exs. 3, 4, 5, 6, 7 (Citimedical Services ROG Responses), and 8 (Dr. Moshe ROG Responses).

***Dr. Moshe ROG No. 5***: This interrogatory requests Dr. Moshe to "[i]dentify Your employment history and, for each year worked, describe (a) the entity and/or individual by whom You were employed; (b) whether Your employment was by verbal or written contract; (c) whether You were an employee or independent contractor; (d) Your job duties and responsibilities; (e) Your salary or wage; (f) whether You were part-time or full-time; and (g) if part-time, any other employment during that period."

Dr. Moshe's response states that "for the relevant time period, Dr. Moshe worked full time as the Medical Director/Internal Medicine Physician at CitiMed and numerous other locations throughout the NYC area." Dr. Moshe fails to identify each entity and individual

---

[2] Citimedical I's supplemental responses mislabel Interrogatory No. 8 as No. 7.

[3] Please refer to Citimedical I's original written responses dated June 29, 2022, for the response to Interrogatory No. 7.

3

who employed her, whether the employment was by verbal or written contract, her job duties and responsibilities, whether she was an employee or independent contractor, and her salary or wage. As Dr. Moshe's response fails to clearly and completely identify the requested information and the information is relevant to her business operations and activities with other defendants and nonparties, she should be ordered to serve revised responses identifying all information requested under subparts (a), (b), (c), (d), and (e). *See* Ex. 8.

Defendants also have an ongoing obligation to update their interrogatory responses, and they should be ordered to do so to the extent there is new responsive information to any of Plaintiffs' interrogatories.

Defendants should be ordered to serve by December 8, 2025, complete, accurate, and sworn interrogatory responses addressing all subparts to Dr. Moshe ROG Nos. 5 and 9; Citimedical I ROG Nos. 2, 7 and 8; Citimedical Services ROG No. 8; Citimed Services ROG Nos. 2 and 8; Citimed Complete ROG Nos. 2, 8, and 9; and Citimed Mgmt. ROG Nos. 2 and 8.

**Defendants' Issues with Plaintiffs' ESI and Privilege Logs**: Plaintiffs are working cooperatively with Defendants to understand and, if necessary, cure any technical issues with their ESI productions. Plaintiffs will produce a privilege log identifying emails withheld from production in this action by December 8, 2025.

## DEFENDANTS' POSITION

**Background**: Defendants' dispute and deny Plaintiff's characterization of Dr. Moshe and her ownership of medical clinics, and the medical treatment of patients who treated at Dr. Moshe's medical clinics.

Defendants agree that the parties met and conferred regarding the ESI collection process, and an agreement was reached. Defendants – in good faith – represented that our ESI productions were complete on July 27, 2025, pursuant to representations made to the undersigned defense counsel by our ESI vendor.

**ESI**: Defense counsel has been engaged in an investigation with the defense ESI vendor for months, requesting answers to the questions raised by Plaintiffs as to the emails produced for Dr. Moshe, and from the "citimed" email addresses for Roman Yunusov, Yenny Escano, and Marina Katayeva. The undersigned defense counsel requested answers to these questions for months from the ESI vendor, and was provided responses that did not make sense, or were inconsistent. Undersigned counsel continued to escalate these questions and the issues internally with the defense ESI vendor. Finally, on October 31, 2025, undersigned defense counsel was told that the ESI vendor prior project manager assigned to this matter made an error in not promoting a significant number of documents for defense counsel review for production. Since then, we have been working diligently with the ESI vendor to remedy this issue, and are on track to produce all outstanding documents by the December 8, 2025 deadline.

**Defendants' Interrogatory Responses:** The parties dispute whether Defendants have accurately and completely responded to 13 of Plaintiffs' interrogatories. Defendants have provided complete responses to the discovery demands, and it is Defendants' position that Plaintiffs' demand for "amended" discovery responses is based upon counsel's desire to have "one complete document", where this is not necessary when all interrogatories have been sufficiently answered.

4

***Citimedical I ROG No. 2; Citimed Services ROG No. 2; Citimed Complete ROG No. 2; Citimed Mgmt. ROG No. 2***:  These interrogatories request each Defendant to "[i]dentify any person who entered into any agreement with [Defendant] for the use of any space, staff, personnel, or equipment, including, for each, (a) the person's name, (b) the person's contact information, (c) the terms of the agreement, and (d) the time period during which the agreement was operative."

The parties' only dispute is whether Defendants should be required to identify the time period during which each agreement was operative. Defendants have produced the documents themselves, or Plaintiffs have received the documents in the form of responses to non-party subpoenas, and have this information.

***Citimedical I ROG No. 8;*** [4] ***Citimed Complete ROG No. 9***:  These interrogatories request each Defendant to "[i]dentify any person that provided You with any Funding, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which the person provided the Funding, (d) the purpose of the Funding, and (e) the dollar value of the total Funding provided."

The parties' only dispute is whether Defendants should be required to identify the time period during which each agreement was operative. Defendants have produced the documents themselves, or Plaintiffs have received the documents in the form of responses to non-party subpoenas, and have this information.

***Dr. Moshe ROG No. 9; Citimedical I ROG No. 7;*** [5] ***Citimedical Services ROG No. 8; Citimed Services ROG No. 8; Citimed Complete ROG No. 8; Citimed Mgmt. ROG No. 8***: These interrogatories request each Defendant to: "[i]dentify any accounts through which You have sent, received, or accessed electronic communications, including, for each, (a) the type of account (e.g., Gmail, Yahoo, Hotmail, AOL, Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, Threema, Discord, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account."

The parties' only dispute is whether Defendants should be required to identify the time period during which each agreement was operative. Defendants have produced the documents themselves, or Plaintiffs have received the documents in the form of responses to non-party subpoenas, and have this information.

***Dr. Moshe ROG No. 5***:  This interrogatory requests Dr. Moshe to "[i]dentify Your employment history and, for each year worked, describe (a) the entity and/or individual by whom You were employed; (b) whether Your employment was by verbal or written contract; (c) whether You were an employee or independent contractor; (d) Your job duties and responsibilities; (e) Your salary or wage; (f) whether You were part-time or full-time; and (g) if part-time, any other employment during that period."

---

[4] Citimedical I's supplemental responses mislabel Interrogatory No. 8 as No. 7.

[5] Please refer to Citimedical I's original written responses dated June 29, 2022, for the response to Interrogatory No. 7.

>Defendants have produced the documents themselves, or Plaintiffs have received the documents in the form of responses to non-party subpoenas, and have this information.

**Plaintiffs' Inadequate ESI and Failure to Produce Privilege Logs**: Certain productions of Plaintiffs' ESI production did not include extracted text and metadata. Certain productions do not contain metadata at all. These issues have been raised between counsel, and have been memorialized in email correspondence from November 6, 2025 to November 10, 2025, which is incorporated by reference, in lieu of repetition.

Plaintiffs have not produced a privilege log. Defendants produced a privilege log on September 19, 2025.

Defendants seek a Court order requiring Plaintiffs to (1) produce all emails responsive to Plaintiffs' RFPs from each agreed upon custodial accounts in accordance with the ESI protocols and (2) produce a privilege log by December 8, 2025, which is the date identified in the parties' joint letter to the Court for complying with Court orders regarding document discovery (Dkt. 685 at 6).

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Elyse Schindel*

LONDON FISCHER LLP

Thomas A. Leghorn
Elyse Schindel
59 Maiden Lane
New York, NY 10038
212-331-9555
Fax: 212-972-1030
tleghorn@londonfischer.com
eschindel@londonfischer.com

*Attorney for Regina Moshe, Citimedical I PLLC, Citimed Services P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.*