*Exhibit 6*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,<br><br>Plaintiffs,<br><br>v.<br><br>Metro Pain Specialists P.C., et al.,<br><br>Defendants | Case: 1:21-cv-05523-MKB-PK<br><br><br>**Hon. Margo K. Brodie**<br>**Magistrate Peggy Kuo** |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT CITIMED MANAGEMENT SERVICES, INC.**

Defendant, CITIMED MANAGEMENT SERVICES, INC., ("CitiMed Management"), by its attorneys, LONDON FISCHER LLP, as and for its Responses to each of Plaintiffs' STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY, (collectively "State Farm" or "Plaintiffs") First Set of Interrogatories, sets forth the following upon information and belief and advice of counsel, subject to ongoing discovery.

**OBJECTIONS AND RESERVATION OF RIGHTS**

1.      CitiMed Management objects to each interrogatory ("Interrogatory"), or part thereof, to the extent that it requests information outside the scope of Local Civil Rule 33.3.

2.      CitiMed Management objects to each Interrogatory, or part thereof, to the extent that it requests information that is privileged, that was prepared in anticipation of litigation, that constitutes attorney work product, or that is otherwise immune from discovery. In the event of inadvertent disclosure of such information, such production shall not constitute a waiver of any privilege or any other ground for objection to discovery of such information.

3.      CitiMed Management objects to each Interrogatory insofar as it seeks disclosure of

1

information that is confidential or proprietary in nature.

4. CitiMed Management objects to these Interrogatories in their entirety as exceeding the permissible scope of discovery under Local Civil Rule 33.3(a), and not falling within the exception contemplated by Local Civil Rule 33.3(b). Interrogatories are not the most efficient means of discovery. Plaintiffs' Interrogatories seek information that is more practically obtained through depositions and document requests. To that end, the Interrogatories are unduly burdensome and duplicative of Plaintiffs' document requests.

5. Any objection which CitiMed Management may have regarding the use of any answer, information, document, fact or thing is expressly reserved, including but not limited to: (a) all objections as to the discovery procedures involving or relating to the subject matter of the interrogatories, requests information, facts and/or other things heretofore or hereby made available; (b) all objections on the grounds of competence, privilege, relevancy, materiality and admissibility or any other proper ground as to all answers, documents and/or other things produced and the contents thereof; and (c) all issues as to the use of any answers, information, produced and/or things in whole or in part, to the subject matter covered thereby at any stage of this proceeding or any other proceeding.

6. The answers provided in response to these Interrogatories are given without prejudice to CitiMed Management's right to produce evidence of any subsequently discovered fact(s), which it may later recall or learn. CitiMed Management therefore reserves the right to supplement, revise, correct or clarify and/or further amend any other objections and/or responses set forth herein as additional facts are ascertained, further evidence is gathered, analyses are made, legal research is completed, and contentions have coalesced.

## INTERROGATORY RESPONSES

1. Identify any agreement between You, on the one hand, and any Defendant or any entity any Defendant owns or controls, on the other hand, including the date of the agreement, all parties to the agreement, the terms of the agreement, and, if applicable, the date on which the agreement was terminated or otherwise became ineffective.

   **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management is a management company that manages everything for Dr. Regina Moshe, MD's medical companies. Notwithstanding this Objection, or any General Objection, and without waiving same, there are no agreements between CitiMed Management and any Defendant or any entity any Defendant owns or controls. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

2. Identify any person who entered into any agreement with You for the use of any space, staff, personnel, or equipment, including, for each, (a) the person's name, (b) the person's contact information, (c) the terms of the agreement, and (d) the time period during which the agreement was operative.

   **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same:**

   - **Lease agreement dated November 1, 2016 for office space located at 92-12 165th Street, Jamaica, New York.**
   - **Agreement of Sublease dated June 4, 2019 with ARK Development LLC**
   - **Lease agreement dated January 1, 2021 with 313 43 Realty Holdings LLC**
   - **Office lease agreement dated October 1, 2016 with 55 B Green Avenue LLC**
   - **Lease agreement dated January 1, 2021 with 9901 Holdings LLC**
   - **Lease agreement dated June 22 2021 with 1010 N. Broadway Holdings LLC**

   **Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

3. Identify any analysis performed and information considered in assessing or evaluating the fair market value of any space, staff, personnel, and/or equipment that was the subject of any agreement identified in response to Interrogatory No. 2.

   **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action.**

**Notwithstanding this Objection, or any General Objection, and without waiving same, no analysis was performed. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

4. Identify any Payments You made as Additional Rent under any lease to which You are a party for the use of space or equipment.

    **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same, this Interrogatory is not applicable to this Defendant. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

5. Identify any person who referred any Patient to You or to whom You referred any Patient, including, for each such person, (a) the person's name, (b) the person's contact information, (c) the time period during which such referrals occurred, and (d) the approximate total number of Patients the person referred to You and You referred to the person.

    **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same, this Interrogatory is not applicable to this Defendant. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

6. Identify Your domestic and foreign banking and other financial accounts, and for each such account, identify the bank, location, branch where the account is located and/or was opened, the individuals with signatory privileges, the type of account, and account number.

    **RESPONSE: CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same, Citimed Management used Banco Popular, with account ending in -7009. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

7. Identify any method of electronic Payment utilized by You to transact any business, including, for each, (a) the type of account (e.g., Venmo, PayPal, Zelle, Cash App, WorldRemit, Meta Pay, Coinbase Commerce, Electroneum, BitPay, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account.

4

**RESPONSE**: **CitiMed Management objects to this Interrogatory as it is vague, overly broad, unduly burdensome and seeks information irrelevant to the subject matter of this action. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management did not use any forms of electronic payment methods or services. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

8. Identify any accounts through which You have sent, received, or accessed electronic communications, including, for each, (a) the type of account (e.g., Gmail, Yahoo, Hotmail, AOL, Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, Threema, Discord, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account.

   **RESPONSE**: **CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Obje7ction, and without waiving same, CitiMed Management used a Gmail account, rmoshe@citimedny.com. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. Management Management reserves the right to supplement its response.**

9. Identify any person that provided You with any Funding, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which the person provided the Funding, (d) the purpose of the Funding, and (e) the dollar value of the total Funding provided.

   **RESPONSE**: **CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management was funded solely by Dr. Regina Moshe, MD. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

10. Identify any person from whom You attempted to obtain Funding, including, for each, (a) the person's name, (b) the person's contact information, (c) the date on which You applied for such Funding, (d) the purpose of the Funding, and (e) the dollar value of the requested Funding.

    **RESPONSE**: **CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management did not attempt to obtain funding from any source other than the source named in Response to Interrogatory No. 9. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

11. Identify any person that provided You with any Marketing, consulting, billing, accounting, tax, bookkeeping, or transportation service, including, for each, (a) the person's name, (b) the person's

contact information, (c) the person for whom the services were performed, and (d) the time period during which the person rendered any such services.

**RESPONSE: CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Objection, and without waiving same, none. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

12. Identify any Funding for which You have pledged, assigned, or used Your assets as security or collateral, including (a) the beneficiary of such Funding, (b) the amount of such Funding, (c) the assets utilized to secure or collateralize the Funding, and (d) date of such Funding.

**RESPONSE: CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management did not pledge or assign or use any funding for Citimed Management. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

13. Identify any person who has or has had any ownership, membership, investment, or other financial interest in You, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which any such person held that interest, and (d) the nature of the interest held (e.g., owner, member, investor, lender, etc.).

**RESPONSE: CitiMed Management objects to this Interrogatory as it is overly broad and vague. Notwithstanding this Objection, or any General Objection, and without waiving same, CitiMed Management is, and has been at all times, solely owned by Dr. Regina Moshe, MD, and there are no other ownership interests. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

14. Identify any facts or information on which You intend to or might rely upon to support each affirmative defense You assert in this litigation.

**RESPONSE: CitiMed Management objects to this Interrogatory as premature, improper, seeks to invade the attorney-client privilege and attorney work-product doctrine. Notwithstanding the forgoing objections, CitiMed Management will disclose any marked documents when appropriate and within the Rules of the Court. CitiMed Management reserves the right to supplement its response.**

## CERTIFICATION

I, Dr. Regina Moshe, MD, certify that the foregoing answers to interrogatories made by me are true and constitute all requested information or documentation currently available to me. I am authorized to certify these interrogatories on behalf of Defendant Citimed Management Services, Inc. I am aware that if any of the answers made herein are willfully false, I am subject to punishment.

Dated: March 8, 2024

_____
Dr. Regina Moshe, MD