*Exhibit 8*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,<br><br>Plaintiffs,<br><br>v.<br><br>Metro Pain Specialists P.C., et al.,<br><br>Defendants | Case: 1:21-cv-05523-MKB-PK<br><br><br>Hon. Margo K. Brodie<br><br>Magistrate Peggy Kuo |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT REGINA MOSHE, M.D.**

Defendant, REGINA MOSHE, M.D., ("Dr. Moshe"), by her attorneys, LONDON FISCHER LLP, as and for her Responses to each of Plaintiffs' STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY, (collectively "State Farm" or "Plaintiffs") First Interrogatories, sets forth the following upon information and belief and advice of counsel, subject to ongoing discovery.

**INTERROGATORY RESPONSES**

1. Identify any agreement between You or any entity You own or control, on the one hand, and any Defendant or any entity any Defendant owns or controls, on the other hand, including the date of the agreement, all parties to the agreement, the terms of the agreement, and, if applicable, the date on which the agreement was terminated or otherwise became ineffective.

   **RESPONSE: Dr. Moshe produces an agreement dated July 12, 2017 between Citimedical I, PLLC and Star Solutions, that contains an automatic renewal provision. This document is produced in the attached Zipfile. Citimedical I, PLLC has not done business since 2019, however, there are remaining collection efforts to collect outstanding balances that are being made by Star Solutions as to Citimedical I, PLLC. Dr. Moshe reserves the right to supplement its responses.**

2. Identify any person who entered into any agreement with You for the use of any space, staff, personnel, or equipment for any business purpose, including, for each, (a) the person's name, (b) the person's contact information, (c) the terms of the agreement, and (d) the time period during which the agreement was operative.

**RESPONSE: Dr. Moshe objects to this Interrogatory as it is vague, overly broad, and seeks information irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, there are no agreements. Dr. Moshe reserves the right to supplement its responses.**

3. Identify any analysis performed and information considered in assessing or evaluating the fair market value of any space, staff, personnel, and/or equipment that was the subject of any agreement identified in response to Interrogatory No. 2.

   **RESPONSE: Dr. Moshe objects to this Interrogatory as it is vague and seeks information irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, no formal analysis was conducted of the fair market value of any space, and all lease agreements were negotiated at an arm's length. Dr. Moshe reserves the right to supplement its responses.**

4. Identify any person who referred any Patient to You or to whom You referred any Patient, including, for each such person, (a) the person's name, (b) the person's contact information, (c) the time period during which such referrals occurred, and (d) the approximate total number of Patients the person referred to You and You referred to the person.

   **RESPONSE: Dr. Moshe objects to this Interrogatory as it is overly broad and unduly burdensome. Notwithstanding the foregoing objections, there are no documents regarding referrals. Dr. Moshe reserves the right to supplement its responses.**

5. Identify Your employment history and, for each year worked, describe (a) the entity and/or individual by whom You were employed; (b) whether Your employment was by verbal or written contract; (c) whether You were an employee or independent contractor; (d) Your job duties and responsibilities; (e) Your salary or wage; (f) whether You were part-time or full-time; and (g) if part-time, any other employment during that period.

   **RESPONSE: Dr. Moshe objects to this Interrogatory to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, during the relevant time period, Dr. Moshe worked full time as the Medical Director/ Internal Medicine Physician at CitiMed and numerous other locations throughout the NYC area. Dr. Moshe reserves the right to supplement its responses.**

6. Identify any business, corporate entity, or other legal entity in which You have or have had an ownership, equity, membership, or any other financial interest, including, for each, (a) the name(s) of the business, corporate entity, or other legal entity; (b) the name(s) or title(s) of any position(s) You held; (c) the time period during which You had an ownership, equity, membership, or any other financial interest, and (d) the names of any other individuals with ownership, equity, membership, or any other financial interest in each such entity.

**RESPONSE: Dr. Moshe objects to this Interrogatory to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, Dr. Moshe is the sole owner of CitiMedical I PLLC, CitiMedical Services P.C., CitiMed Complete Medical Care PC, CitiMed Services PA, and CitiMed Management Services, Inc. Dr. Moshe reserves the right to supplement its responses.**

7. Identify Your domestic and foreign banking and other financial accounts, and for each such account, identify the bank, location, branch where the account is located and/or was opened, the individuals with signatory privileges, the type of account, and account number.

    **RESPONSE: Dr. Moshe objects to this Interrogatory to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, Dr. Moshe uses Banco Popular as her banking provider. Dr. Moshe reserves the right to supplement its responses.**

8. Identify any method of electronic Payment utilized by You to transact any business, including, for each, (a) the type of account (e.g., Venmo, PayPal, Zelle, Cash App, WorldRemit, Meta Pay, Coinbase Commerce, Electroneum, BitPay, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account.

    **RESPONSE: Dr. Moshe objects to this Interrogatory as it is overly broad and unduly burdensome. Notwithstanding the foregoing objections, Dr. Moshe does not use any electronic payment service. Dr. Moshe reserves the right to supplement its responses.**

9. Identify any accounts through which You have sent, received, or accessed electronic communications for any business purpose, including, for each, (a) the type of account (e.g., Gmail, Yahoo, Hotmail, AOL, Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, Threema, Discord, etc.), (b) the email address associated with the account, (c) the telephone number associated with the account, (d) the approximate date the account was opened and closed, and (e) all persons with access to the account.

    **RESPONSE: Dr. Moshe objects to this Interrogatory as it is overly broad and vague. Notwithstanding the foregoing objections, Dr. Moshe used a Gmail account, reginamoshe5@gmail.com. Dr. Moshe did not use any other electronic communication service for any business purpose. Dr. Moshe reserves the right to supplement its responses.**

10. Identify any person that provided You or any entity You own or control with any accounting, tax or bookkeeping services, including, for each, (a) the person's name, (b) the person's contact information, (c) the person for whom the services were performed, and (d) the time period during which the person rendered such services.

**RESPONSE:** Dr. Moshe objects to this Interrogatory as it is overly broad to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, Dr. Moshe identifies the following individuals in response to this Interrogatory:

- CitiMedical I PLLC entered into an agreement with Star Solution Services Inc., in July 2017 to present for Billing and Collection services
- CitiMedical I PLLC also entered into an agreement with M&K Concierge Inc., in February 2021 to provide marketing services
- Julie Vaiman until 2018 (Accounting)
- Rina Estrov (Accounting)
- Michelle Simon (Marketing)
- Marina Katayeva (Marketing)

**Dr. Moshe reserves the right to supplement its responses.**

11. Identify any person that provided You or any entity You own or control with any Funding for any business purpose, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which the person provided the Funding, (d) the purpose of the Funding, and (e) the dollar value of the total Funding provided.

    **RESPONSE:** Dr. Moshe objects to this Interrogatory as it is phrased as it is overly broad. Notwithstanding the foregoing objections, Dr. Moshe did not receive funding from any person. Defendants re-assert that there was no direct funding from Yan Moshe. Dr. Moshe reserves the right to supplement its responses.

12. Identify any person from whom You attempted to obtain Funding for any business purpose, including, for each, (a) the person's name, (b) the person's contact information, (c) the date on which You applied for such Funding, (d) the purpose of the Funding, and (e) the dollar value of the requested Funding.

    **RESPONSE:** Dr. Moshe objects to this Interrogatory as it is vague, overly broad, and to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, Dr. Moshe did not attempt to receive funding from any person. Dr. Moshe reserves the right to supplement its responses.

13. Identify any person who had any agreement with You or any entity You own or control to provide anesthesia services at any Yan Moshe Surgical Facility, including, for each, (a) the person's name, (b) the person's contact information, (c) the time period during which the person rendered such services, and (d) the location(s) at which the person rendered such services.

    **RESPONSE:** Dr. Moshe objects to this Interrogatory as it is overly broad. Notwithstanding the foregoing objections, Dr. Moshe does not have any agreements with anesthesia service providers. Dr. Moshe reserves the right to supplement its responses.

14. Identify any land or property in which You have a direct or indirect interest, including, for each, (a) the address of the land or property, (b) Your percentage interest in the land or property, (c) any person, vehicle or entity that holds such interest, (d) any other person or entity who has an interest in such land or property, and (e) each such person's or entity's percentage interest in the land or property.

    **RESPONSE: Dr. Moshe objects to this Interrogatory as it is overly broad to the extent it seeks information that is irrelevant to the subject matter of this action. Notwithstanding the foregoing objections, Dr. Moshe personally owns a property located at 95 Club Drive, Roslyn Heights, New York 11577. Dr. Moshe responds that Dr. Moshe partially owns 1010 N. Broadway, Yonkers, New York and partially owns 9901 63rd Road, Flushing, New York. Dr. Moshe does not own a home. Dr. Moshe reserves the right to supplement its responses.**

15. Identify any facts or information on which You intend to or might rely upon to support each affirmative defense You assert in this litigation.

    **RESPONSE: Dr. Moshe objects to this Interrogatory as premature, improper, seeks to invade the attorney-client privilege and attorney work-product doctrine. Notwithstanding the forgoing objections, Dr. Moshe will disclose any marked documents when appropriate and within the Rules of the Court. Dr. Moshe reserves the right to supplement her response. Dr. Moshe reserves the right to supplement its responses.**

## CERTIFICATION

I certify that the foregoing answers to interrogatories made by me are true and constitute all requested information or documentation currently available to me. I am aware that if any of the answers made herein are willfully false, I am subject to punishment.

Dated: December 20, 2024

_____
Dr. Regina Moshe