

**Katten**

Katten Muchin Rosenman LLP

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**+1.212.940.8800 tel**
**katten.com**

December 8, 2025

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
+1.212.940.6488 direct
+1.212.940.8776 fax

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:    *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 – Motion for Order to Show Cause**

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully write in follow up to this Court's November 18, 2025 Order (the "Order") compelling third-party Pinnacle Health Consultants LLC ("Pinnacle") to serve written responses and produce all responsive documents to Plaintiffs no later than December 2, 2025. Plaintiffs mailed a copy of the Order to Pinnacle, which was delivered on November 19, 2025. *See* Ex. 1 (Proof of Delivery). The ordered deadline has since passed, no responses were received, and Plaintiffs have not been contacted by Pinnacle. As Pinnacle is expected to have relevant documents, has not objected or otherwise responded to the subpoena, and has violated the Order, Plaintiffs respectfully request this Court order Pinnacle to appear before the Court and show cause for why it should not be held in contempt for its failure to comply with both the subpoena and the Order.

Pinnacle is a healthcare consulting company that provided licensing and regulatory services to defendant Yan Moshe ("Moshe") and at least two of his ambulatory surgery centers ("ASCs"), defendants Citimed Surgery Center LLC ("Citimed Surgery") and SCOB LLC ("Surgicare"). The subpoena seeks the production of 858 emails exchanged between Pinnacle and Moshe's personal email account, yanmoshe@yahoo.com, and identifies each email by the date it was sent and the senders and recipients to the email. While Plaintiffs initially requested Moshe produce these specific emails in a document request served under Rule 34 of the Federal Rules of Civil Procedure, Moshe has confirmed the emails are no longer available to him and cannot be produced. In an effort to recover these emails from third parties, Plaintiffs issued the subpoena directly to Pinnacle. *See* Dkt 686-1 (Subpoena and Affidavit of Service).

The records sought from Pinnacle are relevant to Plaintiffs' causes of action and should be produced to the extent they exist. The Second Amended Complaint alleges Citimed Surgery and Surgicare violated New York licensing requirements, thus precluding them from receiving reimbursement for services provided to Plaintiffs' insureds. *See* Dkt. 388 (SAC ¶¶ 137-42, 483-87, 501). Under Article 28 of New York's Public Health Law, ASCs are precluded from allowing

non-members to control the facility's books and records, direct the hiring and firing of the facility's administrator or other key management employees, or dispose of assets or incur liabilities on the facility's behalf. Citimed Surgery violated these prohibitions because non-members, including Moshe, participated in its management and operations. Although its operating agreement, submitted in support of its application for certification as an Article 28 facility in 2017, identifies its sole member as Dr. Moshe, her brother Moshe and his associates were directly involved in managing Citimed Surgery. Evidence gathered in discovery confirms Pinnacle provided consulting services to Citimed Surgery and directly communicated with Moshe during the relevant period.

Pinnacle also provided consulting services to Surgicare. Surgicare is separately alleged to have violated licensing requirements relating to its transfer of a 9.5% membership interest to Moshe. In licensing records filed with the New York Department of Health, Moshe misrepresented his acquisition of a 9.5% interest in Surgicare and omitted facts regarding his involvement in ongoing investigations and class action litigation related to another of his ASCs, defendant HealthPlus Surgery Center LLC. Moshe made these misrepresentations and omissions to avoid strict regulatory review of the transaction as required under Article 28 of the New York Public Health Law, and in doing so Surgicare and Moshe failed to adhere to licensing requirements governing the operation of ASCs in New York. As such, the requested communications are relevant to Moshe's role in obtaining a license and managing the operations of Citimed Surgery, if any, as well as his motive and intent in misrepresenting information material to his acquisition of shares in Surgicare.

An order requiring Pinnacle to show cause is appropriate because it failed to comply with a subpoena duly served under Rule 45 and the Order compelling its compliance with that subpoena. *See* 11/18/2025 Text Order; *see also* Dkt. 686 (Motion to Compel). Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)-(B). Rule 45 grants the Court power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PainWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2022). Here, Pinnacle was ordered to respond to the subpoena on or before December 2, 2025. To date, it has not produced any documents or otherwise responded to the subpoena and is in violation of the Order. An order requiring Pinnacle to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena and the Order is thus appropriate. *See* Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Leser v. U.S. Bank Nat. Ass'n*, 2011 WL 1004708, at \*1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Accordingly, Plaintiffs respectfully request this Court issue an order directing Pinnacle to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena served upon it.

Respectfully submitted,

*/s/ Christopher T. Cook*

Christopher T. Cook


*cc*:     Pinnacle Health Consultants, LLC (via FedEx Overnight)