

**Katten Muchin Rosenman LLP**

50 Rockefeller Plaza
New York, NY 10020-1605
+1.212.940.8800 tel
katten.com

December 8, 2025

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
+1.212.940.6488 direct
+1.212.940.8776 fax

<u>**VIA ECF**</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 – Motion for Order to Show Cause

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "Plaintiffs") respectfully write in follow up to this Court's November 18, 2025 Order (the "Order") compelling third-party Sovereign Medical Services Inc. ("Sovereign") to serve written responses and produce all responsive documents to Plaintiffs no later than December 2, 2025. Plaintiffs mailed a copy of the Order to Sovereign, which was delivered on November 19, 2025. *See* Ex. 1 (Proof of Delivery). The ordered deadline has since passed, no responses were received, and Plaintiffs have not been contacted by Sovereign. As Sovereign is expected to have relevant documents, has not objected or otherwise responded to the subpoena, and has violated the Order, Plaintiffs respectfully request this Court order Sovereign to appear before the Court and show cause for why it should not be held in contempt for its failure to comply with both the subpoena and the Order.

Sovereign is a medical services company owned by John Hajjar, M.D. Dr. Hajjar sold his majority membership interest in defendant SCOB LLC ("Surgicare") to defendant Yan Moshe ("Moshe"). The subpoena seeks the production of 503 emails exchanged between Sovereign and Moshe's personal email account, yanmoshe@yahoo.com, and identifies each email by the date it was sent and the senders and recipients to the email. While Plaintiffs initially requested Moshe produce these specific emails in a document request served under Rule 34 of the Federal Rules of Civil Procedure, Moshe has confirmed the emails are no longer available to him and cannot be produced. In an effort to recover these emails from third parties, Plaintiffs issued the subpoena directly to Sovereign. *See* Dkt. 687-1 (Subpoena and Affidavit of Service).

The records sought from Sovereign are relevant to Plaintiffs' causes of action and should be produced to the extent they exist. The Second Amended Complaint alleges Surgicare violated New York licensing requirements, thus precluding it from receiving reimbursement for services provided to Plaintiffs' insureds. *See* Dkt. 388 (SAC ¶¶ 137-42, 501). Surgicare is alleged to have violated licensing requirements relating to its transfer of a 9.5% membership interest to Moshe. In licensing records filed with the New York Department of Health, Moshe misrepresented his

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY   CHARLOTTE   CHICAGO   DALLAS   LOS ANGELES
NEW YORK   ORANGE COUNTY   SHANGHAI   WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

acquisition of a 9.5% interest in Surgicare and omitted facts regarding his involvement in ongoing investigations and class action litigation related to another of his ASCs, defendant HealthPlus Surgery Center LLC. Moshe made these misrepresentations and omissions to avoid strict regulatory review of the transaction as required under Article 28 of the New York Public Health Law, and in doing so Surgicare and Moshe failed to adhere to licensing requirements governing the operation of ASCs in New York. The requested communications are thus relevant to Moshe's motive and intent in misrepresenting information material to his acquisition of shares in Surgicare.

An order requiring Sovereign to show cause is appropriate because it failed to comply with a subpoena duly served under Rule 45 and the Order compelling its compliance with that subpoena. *See* 11/18/2025 Text Order; *see also* Dkt. 687 (Motion to Compel). Rule 45 authorizes subpoenas to be issued to non-parties directing them to produce designated documents in that person's possession, custody, or control. *See* Fed. R. Civ. P. 45(a)(1)(A)-(B). Rule 45 grants the Court power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PainWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2022). Here, Sovereign was ordered to respond to the subpoena on or before December 2, 2025. To date, it has not produced any documents or otherwise responded to the subpoena and is in violation of the Order. An order requiring Sovereign to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena and the Order is thus appropriate. *See* Fed. R. Civ. Pro. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Leser v. U.S. Bank Nat. Ass'n*, 2011 WL 1004708, at *1 (E.D.N.Y. 2011) (finding non-party in contempt for failure to comply with subpoena, and subsequently failing to appear at show cause hearing).

Accordingly, Plaintiffs respectfully request this Court issue an order directing Sovereign to appear before the Court and show cause why it should not be held in contempt for failing to comply with the subpoena served upon it.

Respectfully submitted,

*/s/ Christopher T. Cook*

Christopher T. Cook


cc:    Sovereign Medical Services, Inc. (via FedEx Overnight)