

**525 W. Monroe Street**
**Chicago, IL  60661-3693**
**+1.312.902.5200 tel**
**katten.com**

JONATHAN L. MARKS
jonathan.marks@katten.com
+1.312.902.5337 direct
+1.312.577.4518 fax

December 12, 2025

<u>VIA ECF</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *State Farm Mut. Auto. Ins. Co., et al. v. Metro Pain Specialists P.C., et al.*,
        Case No. 21-cv-05523 (E.D.N.Y.) – Status Update re ESI and Discovery

Dear Judge Kuo:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") write to advise the Court as to the status of discovery following the Court's order resetting the discovery schedule.  *See* 10/23/2025 Text Order.

### A.  Current Discovery Cutoff and Interim Deadlines

As may be recalled, on October 23, 2025, this Court adopted a revised discovery schedule which includes a fact discovery cut-off of March 6, 2026 (the "Revised Discovery Schedule").  *See* 10/23/2025 Text Order & Dkt. 685-1.  The Revised Discovery Schedule was adopted based on an interim detailed plan jointly submitted by all parties "to ensure all fact discovery is completed by the proposed date" (the "Interim Detailed Plan").  *See* 10/15/2025 Text Order.  The Interim Detailed Plan included a pledge by all parties that (a) any document discovery issues which might require Court intervention would be presented to the Court by November 10, 2025; and (b) all outstanding documents, including any documents that might be the subject of any motion practice, would be fully produced by December 8, 2025.  Dkt. 685 at 6.

This Interim Detailed Plan was necessary so all parties would have all documents necessary to take depositions by December 8, 2025, and so depositions, including depositions of the key defendants, could take place in January and February before the new March 6, 2026 fact discovery cut-off.

### B. Document Discovery Issues Regarding Four Groups of Defendants Are Pending Before the Court

Plaintiffs have complied with the Interim Detailed Plan, and the requirement regarding the raising of document discovery issues has been met.[1] On or before November 10, 2025, outstanding document discovery issues were raised with the Court by joint letter concerning:

- Kifaieh Defendants (Dkt. 689);
- Alon Defendants (Dkt. 690);
- Moshe Defendants (Dkt. 691);
- Dolsky Defendants (Dkt. 692);
- Shapiro Defendants (Dkt. 693); and
- Citimed Defendants (Dkt. 694).[2]

The Court has ruled on the issues regarding the Kifaieh Defendants and the Alon Defendants. *See* 11/13/2025 & 12/4/2025 Text Orders. The Court has also set motion hearings on the remaining letters regarding the Moshe Defendants, the Dolsky Defendants, the Shapiro Defendants, and the Citimed Defendants for January 7, 2026. *See* 12/12/2025 Text Orders.

### C. Status of Outstanding Document Productions

The Interim Detailed Plan required the production of all outstanding documents by December 8, 2025.

The Kifaieh Defendants have represented they have produced all documents responsive to all outstanding document requests.

The Citimed Defendants continue to produce responsive documents, have not confirmed when their productions will be complete, and their recent productions have considerably exceeded what had been expected. Between December 3 and today, the Citimed Defendants produced more than 4.7 million pages of emails and other ESI collected from the accounts of 12 different employees. Custodians included key players in the case who are scheduled for depositions in mid-January and February, including Tatyana Rabinovich, Roman Yunusov, Marina Katayeva, and Dr.

---

[1] Plaintiffs have raised issues regarding certain nonparties. *See* Dkts. 686, 687, 695 & 699. Plaintiffs expect to be able to resolve some of these nonparty issues without Court assistance. Some may require further Court involvement. At present, there is a hearing set on January 6, 2026 on an order to show cause as to Sovereign Medical Services Inc. (*see* 12/9/2025 Text Order), and the Court ordered Greenbills LLC to file any response to Plaintiffs' motion to compel by December 17, 2025 (*see* 12/3/2025 Text Order). Plaintiffs are continuing to seek to resolve issues with Vlad Moshe, Brijesh Reddy, Pinnacle Health Consultants LLC, and Norman Rowe.

[2] "Defendants" collectively refers to: Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, Star Solution Services Inc., and NJMHMC LLC d/b/a Hudson Regional Hospital (the "Moshe Defendants"); Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, and Beshert Corp. (the "Alon Defendants"); Nizar Kifaieh, M.D., and Premier Anesthesia Associates P.A. (the "Kifaieh Defendants"); Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc. (the "Citimed Defendants"); Vadim Dolsky, and Optimum Health Acupuncture, P.C. (the "Dolsky Defendants"); and Leonid Shapiro, M.D., Metro Pain Specialists P.C., and Tri-Borough NY Medical Practice P.C. (the "Shapiro Defendants").

Moshe. Given the interrelated business, personal, and financial relationships between and among Defendants and nonparties, these emails and other ESI are likely to contain highly relevant information critical to the depositions. Such ESI had been required by an ESI protocol in this case established almost two years ago.

Other Defendants have not complied with the December 8, 2025 deadline for the production of outstanding documents. In particular:

- The Dolsky Defendants state they are still reviewing information redacted from emails to determine whether information was properly redacted, which is an issue raised in the joint letter filed at Dkt. 692. They have not advised when this review will be complete or when they will produce unredacted copies of non-privileged records.

- The Alon Defendants have advised they will produce all responsive documents by December 18, 2025, except for records for one business account they are seeking to obtain from a nonparty (*see* 12/4/2025 Text Order; Dkt. 701). They have not provided a date by which they will produce records from the business account.

Additionally, depending on how the Court resolves the issues in joint letters currently pending before the Court, the Moshe Defendants (*see* Dkt. 691) and the Shapiro Defendants (*see* Dkt. 693) may have additional documents to produce.

### D. Proposed Steps to Meet the Interim Detailed Plan and Revised Discovery Schedule

Given Defendants' failure to meet the December 8, 2025 document production deadline and the delayed production of a massive volume of emails, there will be challenges preparing for and taking depositions of the key defendants in January and February. It was expected that all documents would be produced by December 8, and it was not anticipated the Citimed Defendants would dump on Plaintiffs almost 5 million pages of emails between and among highly relevant actors in the last 10 days with still more to come. But Plaintiffs will continue every effort to move forward expeditiously.

In order to keep the parties moving and to meet the Revised Discovery Schedule, Plaintiffs respectfully request the following:

a. Defendants be ordered to produce all outstanding documents not at issue in pending motions by December 31, 2025; and

b. The Court set a status conference for the week of January 5, 2026 to address the status of discovery and open issues.

Respectfully Submitted,

/s/ *Jonathan L. Marks*

Jonathan L. Marks