# CAPETOLA & DIVINS, P.C.

Two Hillside Avenue, Building C, Williston Park, NY 11596
(516) 746-2300 FAX: (516) 746-2318
www.capetoladivinslaw.com

ANTHONY A. CAPETOLA
BYRON A. DIVINS, JR.

_____

December 18, 2025

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>       Re:      *State Farm Mutual Automobile Insurance Company v. Metro Pain
>       Specialist P.C. et al.*
>       Docket No.: 1:21-cv-05523-MKB-PK

Dear Judge Kuo,

This firm is counsel to Defendants Vadim Dolsky and Optimum Health Acupuncture, P.C. (hereinafter "the Dolsky Defendants") in the above-captioned matter. Please accept this letter in response to the Court's December 17, 2025 Order, and Plaintiffs' letter of December 12, 2025 (ECF No. 706).

Pursuant to this Court's directives and the parties' discovery agreements, the Dolsky Defendants produced all ESI within their possession, custody, or control on an accelerated timeline, following vendor-assisted collection and review.

More recently, Plaintiffs identified an email account that Mr. Dolsky was able to access using his telephone number as a backup authentication method. Upon being made aware of this issue, the Dolsky Defendants acted promptly and in good faith. Dolsky Defendants immediately engaged our ESI vendor to extract all emails associated with this account, conducted an expedited review for privilege, and produced all non-privileged emails within a short period of time. Due to the time constraints associated with Plaintiffs' application, the Dolsky Defendants prioritized the prompt production of these newly identified emails.

At this juncture, the only documents remaining under review consist of emails collected from Mr. Dolsky's personal email account that were previously identified as potentially privileged and withheld on that basis. Plaintiffs have taken issue with certain privilege designations, and the Dolsky Defendants are therefore re-reviewing those documents to determine whether any were inadvertently designated as privileged and should be produced.

This re-review requires a comprehensive, document-by-document analysis to ensure that attorney-client communications, attorney work product, and other protected materials are not inadvertently disclosed. Given the volume of documents and the importance of preserving

privilege, this process is necessarily time-consuming, but it is being undertaken diligently and in good faith.

Accordingly, the Dolsky Defendants respectfully request that the Court permit them until February 15, 2026 to complete this privilege re-review. The Dolsky Defendants will begin producing any documents determined to be non-privileged on a rolling basis as the re-review proceeds, and seek the Court's permission to complete this process by February 15, 2026. This limited extension is narrowly tailored, will not prejudice Plaintiffs, and reflects the Dolsky Defendants' continued diligence and good-faith compliance with this Court's discovery directives.

We thank the Court's for its continued courtesies and attention to this matter.

Very truly yours,

*Alexandra D. Mulé*
Alexandra D. Mulé, Esq.