# Katten

January 13, 2026

525 W. Monroe Street
Chicago, IL 60661-3693
+1.312.902.5200 tel
katten.com

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

JONATHAN L. MARKS
jonathan.marks@katten.com
+1.312.902.5337 direct
+1.312.577.4518 fax

Re: *State Farm Mut. Auto. Ins. Co. v. Metro Pain Specialists P.C.*, 21-cv-5523 (E.D.N.Y.)

Dear Judge Kuo:

On January 9, 2026, the Court ordered Plaintiffs State Farm Mutual Automobile Insurance Co. and State Farm Fire and Casualty Co. (collectively, "Plaintiffs") to advise the Court whether all parties agree to vacate the current fact discovery cutoff of March 6, 2026. All parties except those represented by Brach Eichler LLC (the "Brach Eichler Defendants") agree. For the reasons set forth herein, the fact discovery cutoff should be vacated, and the parties should be ordered to file a joint request with a new proposed fact discovery deadline by February 23, 2026.

In particular, Plaintiffs have conferred with the defendants and the following parties agree the current fact discovery cutoff should be vacated:

Leonid Shapiro, M.D., Metro Pain Specialists P.C., Tri-Borough NY Medical Practice P.C. (the "Shapiro Defendants"), Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., Citimed Management Services Inc. (the "Citimed Defendants"), Vadim Dolsky, and Optimum Health Acupuncture, P.C. (the "Dolsky Defendants")

The Brach Eichler Defendants, which consist of the Moshe Defendants,[1] the Alon Defendants,[2] and the Kifaieh Defendants,[3] oppose vacating the current fact discovery deadline.

Based on the record before the Court, Plaintiffs respectfully submit there is good cause to vacate the March 6, 2026 deadline for fact discovery. *See* Fed. R. Civ. P. 16(b)(4). It will be recalled that on October 23, 2025, this Court modified the case schedule and set the current March 6, 2026 fact discovery cutoff after it ordered the parties to "detail how the 4 month extension will be utilized in order to ensure all fact discovery is completed by the proposed date." *See* 2025.10.15 Text Order. The March 6, 2026 cutoff depended on a schedule contained in an October 16, 2025

---

[1] Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, Star Solution Services Inc., and NJMHMC LLC d/b/a Hudson Regional Hospital.

[2] Reuven Alon, Columbus Imaging Center LLC, Medaid Radiology LLC, and Beshert Corp.

[3] Nizar Kifaieh, M.D. and Premier Anesthesia Associates P.A.

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY    CHARLOTTE    CHICAGO    DALLAS    LOS ANGELES
NEW YORK    ORANGE COUNTY    SHANGHAI    WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

joint letter from all parties to the Court, which included a number of important milestones. Dkt. 685 at 5-6. Among those critical deadlines were the following requirements:

- **Week of November 17, 2025:** "[T]he Court may address any remaining documents or ESI discovery issues that have not previously been addressed."

- **By December 8, 2025:** "To the extent it has not been required by an earlier order or agreement, any and all documents or ESI, including any and all documents and ESI that have been the subject of any motion practice will be produced by this date."

Dkt. 685 at 6.

These deadlines were critical to the completion of fact discovery by the scheduled deadline because the remaining documents and ESI needed to be produced so all parties had the materials, and they could be reviewed and considered in advance of the remaining depositions which were going to include the key defendants in the case. *See* Dkt. 685 at 5 ("Critical is the swift and timely resolution of issues related to documents and the production of any remaining documents . . . to be followed by Plaintiffs taking their remaining depositions and defendants taking depositions.").

But defendants (including most prominently the objecting Brach Eichler Defendants) not only did not meet the deadlines set in the October 16, 2025 joint letter, but have produced huge volumes of materials after the deadlines, and are continuing to produce documents and ESI that should have been produced some time ago, and it remains unknown when exactly defendants will complete significant productions of documents and ESI. In particular,

- the Citimed Defendants produced more than 4.7 million pages of ESI between December 3 and December 24, 2025, including from the email accounts of defendant Regina Moshe, and key Citimedical employees Roman Yunusov, Yenny Escano, Marina Katayeva, and Tatyana Rabinovich. *See* Dkt. 709 at 1.

- the Alon Defendants produced more than 27,000 pages of ESI between December 2 and December 18, 2025, including emails from Columbus Imaging Center and Medaid Radiology business email accounts pursuant to Court orders. *See* 2025.11.13 Text Order; 2025.12.04 Text Order.

- the Dolsky Defendants have **until February 15, 2026** to reproduce records containing improper redactions and to produce revised privilege logs describing the documents withheld or redacted. *See* 2025.12.18 Text Order; 2026.01.09 Text Order re Dkt. 692.

- the Dolsky Defendants have been directed to explore all avenues to access three email accounts, but there currently is **no deadline** by which they would have to gather and produce any emails, which could occur well after mid-February. *See* 2026.01.09 Text Order re Dkt. 692.

- the Citimed Defendants have **until February 13, 2026** to complete their rolling production of all outstanding documents. *See* 2026.01.09 Text Order re Dkt. 694.

2

- the Citimed Defendants were ordered to supplement their responses to Plaintiffs' interrogatories, but there currently is **no deadline** by which they must do so. *See* 2026.01.09 Text Order re Dkt. 694.

- the Moshe Defendants (who are among the Brach Eichler Defendants objecting to the revised schedule) have been directed to search for and collect all emails from three Hudson Regional email accounts and to explore all avenues to access emails from the yanmoshe@excelsurgery.com account, and while the Court has set a January 15, 2026 deadline by which the parties must confer regarding the email accounts, there currently is **no deadline** by which the Moshe Defendants would have to gather and produce any emails, which could occur well after that date. *See* 2026.01.09 Text Order re Dkt. 691.

- the Moshe Defendants were ordered to respond to thirty-seven document requests to which they previously objected, and while there is a deadline by which they must serve revised written responses to the document requests of January 30, 2026, there is currently **no deadline** by which the Moshe Defendants must produce documents responsive to the requests to which they previously objected. *See* 2026.01.09 Text Order re Dkt. 691.

- Plaintiffs and the Shapiro Defendants are currently scheduled for a mediation on February 10, 2026, and the Shapiro Defendants have agreed to complete their productions **after the February 10, 2026 mediation**, with Plaintiffs reserving their right to renew their motion to compel against the Shapiro Defendants if the fact discovery cutoff is not extended beyond March 6, 2026.

Based on the foregoing, there is no scenario by which defendants will complete their production of documents and ESI before the end of February at the earliest, and it seems highly likely they will require even more time than that. Plaintiffs not only need such discovery, they require it in advance of the remaining depositions of the key defendants and with sufficient time to review such materials and prepare for the depositions. The Court was aware of and supported this approach when it set the current schedule last October. This Court should reject the objections of the Brach Eichler Defendants, who did not complete their production of documents and ESI by the December 8, 2025 deadline and even now do not have deadlines by which they will complete their production of outstanding discovery material.

By mid-February, after the parties comply with the deadlines currently set by the Court, the parties should be in a position to advise the Court as to the amount of time needed to complete discovery.

Accordingly, Plaintiffs respectfully request the Court vacate the current fact discovery deadline and direct the parties to file a joint request with a new proposed fact discovery deadline by February 23, 2026.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks