*Exhibit 9*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, <br><br> Plaintiffs, <br><br> v. <br><br> Metro Pain Specialists, P.C. et al., <br><br> Defendants. | Case No. 1:21-cv-05523-MKB-PK <br><br> Hon. Margo K. Brodie <br><br> Magistrate Peggy Kuo |

**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO**
**DEFENDANT YAN MOSHE**

Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire"), pursuant to Federal Rules of Civil Procedure 26 and 34, hereby request that defendant Yan Moshe produce the documents and things described herein to Christopher Cook for inspection and copying at the offices of Katten Muchin Rosenman, LLP, 50 Rockefeller Plaza, New York, NY 10020-1605, within thirty (30) days of service hereof.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.      "You" and "Your" mean Yan Moshe.

2. "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

3. "Defendant" and "Defendants" mean any defendant named in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.), including, as applicable, their owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, management companies, or any other person or entity acting on their behalf.

4. "Document" and "Documents" mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, instant messaging, any content transmitted or received through any chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (such as those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging, including but not limited to Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, and/or Threema), faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit

2

tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, cancelled checks, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings, compilations of data or other information, including any compilations from which information can be obtained. The terms "Document" and "Documents" shall have the broadest meanings possible consistent with the Federal Rules of Civil Procedure.

5. "Funding" means any loan, financing, line of credit, advance, factoring, or other lending activities, including but not limited to the purchase of accounts receivable.

6. "Insured" means any Patient, as that term is defined herein, eligible to receive benefits under a State Farm Mutual or State Farm Fire insurance policy.

7. "Marketing" means any marketing, promoting, or advertising services.

8. "Medical Service" means any examinations, treatment, imaging, radiological services, testing, orthotic devices, durable medical equipment, prescription medication, pain management and orthopedic procedures, and related services.

9. "Metro Pain" means Defendants Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C., including their owners and employees.

10. "Patient" means any individual who received an initial or follow up examination from Metro Pain.

11. "Payment" and "Payments" mean any transfer of money or anything of value.

12. The terms "person" and "individual" mean (i) natural persons and (ii) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations, and proprietorships.

13.     The terms "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

14.     "Shapiro Entities" mean PMR Medical P.C., Neurological Diagnostics P.C., Hudson Premier Healthcare Partners LLC, and/or Premier Anesthesia Associates P.A.

15.     "Surgical Facility" means Excel Surgery Center LLC, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), SCOB LLC (d/b/a SurgiCare of Brooklyn), Citimed Surgery Center, LLC, and/or NJMHMC LLC (d/b/a Hudson Regional Hospital), and their owners and employees.

16.     These Definitions incorporate by reference any other definitions in Local Civil Rule 26.3(c) of the Eastern District of New York.

## INSTRUCTIONS

1.     Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control.  A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by or connected with You or Your attorneys, or any other person or public or private entity that has actual physical possession thereof.

2.     File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3.     To the extent electronic Documents responsive to these Requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not

4

be separated and relationships between emails and any attachments should be preserved at all times.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine, or neuter form shall include each of the other genders.

5.      Pursuant to Rule 34(b)(2)(B), if You object to a Request, the grounds for each objection must be stated with specificity and, pursuant to Rule 34(b)(2)(C), an objection must state whether responsive information, Documents, or things are being withheld on the basis of the asserted objection.  If You object to the scope of breadth of any of these Requests, or if You object only in part to any of these Requests, You are required, to the extent possible, to respond to the other part(s) of these Requests notwithstanding Your objection.

6.      If, in responding to these Requests, the responding party encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

7.      If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (i) the author of the Document; (ii) the recipient(s) of the Document; (iii) the date on which the Document was created or sent; (iv) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (v) the basis upon which the information is being withheld; and (vi) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

5

8.      If a responsive Document does not relate to a claim involving State Farm Mutual or State Farm Fire, you may redact any patient identifying information.

9.      You shall furnish all information available to you as of the date of your responses hereto and shall supplement such responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

10.     Unless otherwise specified, the time period applicable to these Requests is January 1, 2012, through the present.

11.     These instructions incorporate by reference any other rules of construction in Local Civil Rule 26.3 of the Eastern District of New York.

### **DOCUMENT REQUESTS**

1.      Your billing data reflecting all services You billed for any Medical Service to any individual eligible to receive benefits under a State Farm Mutual or State Farm Fire insurance policy.

2.      Documents sufficient to identify any computer software or program used by You to provide, document, or bill for any Medical Service, including but not limited to Greenbills.

3.      Documents sufficient to identify any business, corporate entity, or other legal entity in which You have or have had an ownership, equity, membership, or any other financial interest.

4.      Any agreements relating to Your employment.

5.      Any agreements between or among You or any entity You own or control, on the one hand, and any Defendant(s) or any entity any Defendant owns or controls, on the other hand.

6.      Documents reflecting any Payment between or among You or any entity You own or control, on the one hand, and any Defendant(s) or any entity any Defendant owns or controls, on the other hand.

7. Any agreement pursuant to which You or any entity You own or control provided or obtained any space, staff, personnel, and/or equipment to be used to provide any Medical Service.

8. Any Payments made or received by You or any entity You own or control for the use of space, staff, personnel, and/or equipment to be used to provide any Medical Service.

9. Documents reflecting or relating to information considered in assessing or evaluating the fair market value of space, staff, personnel, and/or equipment provided by or to You or any entity You own or control to be used to provide any Medical Service.

10. Any agreements relating to any Funding for any business purpose in connection with any person rendering Medical Services to any Insured.

11. Documents relating to any Payments in connection with any agreements relating to any Funding for any business purpose in connection with any person rendering Medical Services to any Insured.

12. Documents relating to the referral of any Patient for any Medical Service.

13. Documents relating to the solicitation of any Patient to receive any Medical Service.

14. Documents relating to the referral of any licensed health care practitioner to Citimedical I, PLLC, Citimed Services, P.A., Columbus Imaging Center LLC, Medaid Radiology LLC, Metro Pain, or any Shapiro Entity for employment.

15. Documents reflecting Your education and training, including any certifications, licenses, and Curriculum Vitae.

16. Documents constituting or reflecting any work Leonid Shapiro performed as medical director for any Surgical Facility.

7

17.    Documents sufficient to identify the dates and times Leonid Shapiro was physically present in the capacity of a medical director at any Surgical Facility.

18.    Any agreements between You and any anesthesia provider(s) relating to any Medical Service provided at any Surgical Facility.

19.    Any agreements between or among You and any transportation companies used to transport any Patient to any Surgical Facility.

20.    Documents relating to any practices, protocols, or procedures instituted by You or by any person under Your supervision or direction concerning the provision of Medical Services to Patients.

21.    Documents relating to any preclearance or prebooking requirements for individuals receiving a procedure at any Surgical Facility, including Documents relating to any Medical Services ordered, prescribed, recommended, or performed on any individual as part of any preclearance or prebooking process.

22.    Documents relating to Beshert Corporation or the Beshert Network, including agreements, Payments, Documents identifying members, Documents reflecting member's rights, benefits and obligations, and Documents relating to or reflecting services provided by or to You or any entity You own or control.

23.    Documents relating to One of Kind Transportation Inc and All Points Transportation Group, Inc., including agreements, Payments, and Documents relating to or reflecting services provided by or to You or any entity You own or control.

24.    Documents reflecting any disclosure provided to any Patient referred to any Surgical Facility regarding any financial arrangement, ownership interest, or familial relationship involving You.

25. Documents relating to any violation of public health laws or regulations by any Defendant.

26. Documents relating to any criminal, disciplinary, civil, or licensure investigation involving You or any Defendant.

27. Communications reflecting and relating to:

    a. any agreements between or among any Defendant(s);

    b. any Payment to or from any Defendant;

    c. Medical Services provided to any Insured;

    d. Funding for any business purpose in connection with any person rendering Medical Services to any Insured;

    e. any practices, protocols, or procedures instituted by You or by any person under Your supervision or direction concerning the provision of Medical Services to Patients;

    f. the creation or modification of forms used to memorialize, record, prescribe, or order any Medical Service for any Patient;

    g. any solicitation or referral of any Patient;

    h. the referral of any licensed health care practitioner to Citimedical I, PLLC, Citimed Services, P.A., Columbus Imaging Center LLC, Medaid Radiology LLC, Metro Pain, or any Shapiro Entity for employment;

    i. Beshert Corporation or the Beshert Network;

    j. any work Leonid Shapiro performed for You or any entity You own or control, including as medical director;

    k. any preclearance or prebooking requirements for Patients receiving a procedure at any Surgical Facility;

    l. transportation provided to any Patient and the providers of transportation services to any Patients;

    m. any violation of public health laws or regulations by any Defendant;

    n. any criminal, disciplinary, civil, or licensure investigation or proceeding involving You or any Defendant, including Communications with any professional association, law enforcement, or local, state, or federal agency;

o.  any assessment or evaluation of the fair market value of space, staff, personnel, and/or equipment provided by or to You or any entity You own or control to be used to provide any Medical Service;

p.  any of the following individuals for any business purpose:

  i.  any Defendant
  ii.  Arthur Bogoraz
  iii.  Bradley Pierre
  iv.  Anthony Rose, Sr.
  v.  Anthony Rose, Jr.
  vi.  Nathaniel Coles
  vii.  Peter Khaim
  viii.  Roman Israilov
  ix.  Aleksandr Gulkarov
  x.  Anthony DiPietro
  xi.  Marina Katayeva
  xii.  Beshert Corp. and any of its representatives
  xiii.  Complete Radiology Reading Service LLC and any of its representatives
  xiv.  Contemporary Diagnostic Imaging LLC and any of its representatives
  xv.  David Shimunov (a/k/a Dimitry Shimanov)
  xvi.  Vadim Dolsky (a/k/a Vadim Eugene Dolgopolsky)
  xvii.  Dmitry Ivanovski
  xviii.  iNJured Magazine LLC

28.  Documents identified in Your Rule 26(a)(1) disclosures.

29.  Documents identified in or supporting Your responses to Plaintiffs' First Set of Interrogatories.

30.  Documents relating to any testifying experts with whom You or Your counsel have retained in connection with this case, including without limitation:

a.  a current resume or Curriculum Vitae of the expert;

b.  promotional material or brochures regarding the expert;

c.  Documents and tangible things that have been made or prepared by the expert in any way relating to this litigation, including without limitation summaries, drafts, draft reports, affidavits, analyses, memoranda, notes, calculations, charts, or spreadsheets;

d.  Documents and tangible things that have been made available to, relied upon or used by the expert in connection with this case;

e. letters and correspondence between You or Your agent and any person who may be called as an expert witness;

f. copies of publications authorized by the expert;

g. copies of transcripts of prior testimony by the expert at either a deposition or trial; and

h. A written report prepared and signed by the expert which contains:

    i. a complete statement of any opinions to be expressed;

    ii. the basis and reasons for each opinion to be expressed;

    iii. the data and other information considered in forming the opinion;

    iv. exhibits to be used or summarized in support of the opinion; and

    v. Documents relied upon or used in formulating the opinion which the expert received or obtained from any source.

31. Documents and Communications on which You intend to use, rely upon, or introduce as evidence at trial or might use, rely upon, or introduce as evidence at trial.

Documents and Communications You intend to or might rely upon to support each affirmative defense You assert in this litigation.

Dated: April 1, 2022
    New York, New York

                KATTEN MUCHIN ROSENMAN LLP

                By: *Christopher T. Cook*
                    Ross O. Silverman
                    Jonathan L. Marks
                    KATTEN MUCHIN ROSENMAN LLP
                    525 West Monroe Street
                    Chicago, Illinois 60661-3693
                    Telephone: 312.902.5200
                    Facsimile: 312.902.1061
                    ross.silverman@katten.com
                    jonathan.marks@katten.com

                    Christopher T. Cook

KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual
Automobile Insurance Company and State
Farm Fire and Casualty Company*

12

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher T. Cook, an attorney, hereby certify that on April 1, 2022, I served the foregoing Plaintiffs' First Set of Document Requests to Defendant Yan Moshe on the following counsel of record by email.

Charles H. Horn
The Russell Friedman Law Group, LLP
400 Garden City Plaza
Suite 500
Garden City, NY 11530
Telephone: 516-355-9696
Email: chorn@rfriedmanlaw.com

*/s/ Christopher T. Cook*
*Attorney for Plaintiffs State Farm*
*Mutual and State Farm Fire*
