# *Exhibit 10*



**Katten**

Katten Muchin Rosenman LLP

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**212.940.8800 tel**
**www.katten.com**

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
212.940.6488 direct
212.940.8776 fax

March 17, 2023

**VIA EMAIL**

Neil Flynn
The Russel Friedman Law Group
400 Garden City Plaza, Suite 500
Garden City, New York 11530
nflynn@rfriedmanlaw.com.com

Re:    ***State Farm Mut. Auto. Ins. Co., et al. v. Metro Pain Specialists, P.C., et al.,***
        **Case No. 1:21-cv-05523-MKB-PK (E.D.N.Y.)**

Dear Neil,

Plaintiffs State Farm Mutual and State Farm Fire write regarding the written discovery responses and document productions of defendants Yan Moshe ("Moshe"), Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC) ("Dynamic"), and Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC) ("HealthPlus") (collectively, "Defendants").

Defendants served written responses to Plaintiffs' First Set of Document Requests and First Set of Interrogatories on July 12, 2022. Defendants also served document productions on July 12, 2022. The parties met and conferred on August 25, 2022, discussed deficiencies in the responses and document productions, and counsel agreed to inquire into the issues and supplement Defendants' responses and productions accordingly. Since the meet and confer, Defendants have not served amended responses, produced additional documents, or otherwise responded to Plaintiffs' discovery issues.

Memorialized below are outstanding issues and deficiencies related to Defendants' discovery responses and document productions. Plaintiffs request that Defendants serve revised responses and supplemental documents curing these deficiencies by March 31, 2023.

## I.    Defendants' Discovery Responses

As a general matter, Defendants' written responses improperly assert and incorporate general objections, including objections to each Request and Interrogatory "insofar as they are

vague, overbroad, unduly burdensome, expensive, oppressive, and/or harassing," "to the extent they seek information that is not material or necessary to the claims or defenses of the parties," and "to the extent they seek information which is readily obtainable from within Plaintiffs' own knowledge or possession." Courts have long established such general objections are prohibited. *See, e.g.*, *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement"). Plaintiffs also cannot discern from any response whether a Defendant is withholding documents or information pursuant to any general or specific objection or, if so, the objections relied upon in doing so. Other than documents or information withheld pursuant to a claim of privilege or other protection to be disclosed on a privilege log, please confirm whether each Defendant is withholding documents pursuant to the other general and specific objections set forth in the written responses.

### a. Responses to Document Requests

### i. Defendants' Written Responses to Document Demands

Defendants' responses to the document demands served on them share common deficiencies. Initially, all Defendants' responses lodge specific objections to the requests, but do not make it clear whether any responsive documents or information is being withheld pursuant to those objections. During the meet and confer, counsel agreed to confirm whether Defendants were withholding records pursuant to objections for the following requests: Moshe RFP No. 1; Dynamic RFP Nos. 3, 13, 14; HealthPlus RFP Nos. 3, 13, 14. Plaintiffs have yet to receive any confirmation. As to all other requests, counsel confirmed no documents were being withheld pursuant to any objection.

Defendants' responses object to Plaintiffs' use of the term "billing data" as vague and undefined. During the meet and confer, Plaintiffs explained this term refers broadly to data for all Medical Services provided by Defendants, including but not limited to data identifying patient names, dates of service, services billed, and amounts billed. *See* Moshe RFP No. 1; Dynamic RFP No. 3; HealthPlus RFP No. 3. Given Plaintiffs' allegations of kickbacks and other financial relationships driving patient referrals to Dynamic, HealthPlus, and others, Plaintiffs seek this data for all patients receiving services from Defendants — not only for State Farm insureds.

Numerous responses improperly refer back to responses to previous document demands in lieu of providing specific responses to those requests. *See, e.g.,* Moshe RFP Nos. 11, 27, 28, 29, 31, 32; Dynamic RFP Nos. 2, 3, 16, 38, 39, 40, 42, 43; HealthPlus RFP Nos. 2, 3, 16, 38, 39, 40, 42, 43. Plaintiffs cannot discern from these responses whether or which objections are lodged or whether responsive documents will be produced. They must be revised accordingly.

During the meet and confer call, counsel confirmed responses stating "NONE" or referencing a limited set of responsive documents were complete responses. However, Plaintiffs have reason to believe that additional responsive documents to many of these requests exist and counsel agreed to confirm with Defendants and serve revised responses as necessary. *See, e.g.*, Moshe RFP Nos. 3, 5, 6, 7, 10, 15, 16, 17, 20, 21, 22, 23, 25, 26; Dynamic RFP Nos. 4, 7, 8, 9, 10, 16, 17, 18, 19, 25, 26, 27, 30; HealthPlus RFP Nos. 4, 7, 8, 9, 10, 16, 17, 18, 19, 25, 26, 27, 30. For example, in response to Moshe RFP No. 5, requesting agreements between Moshe or any entity

he owns or controls and any Defendant or any entity any Defendant owns or controls, the response was "NONE," but Plaintiffs are aware of funding agreements between Med Capital LLC and Metro Pain Specialists P.C., leases/subleases between Moshe-owned real estate entities and Citimedical I PLLC, billing agreements between Star Solutions and Medaid Radiology and Columbus Imaging, employment agreements with Leonid Shapiro, among others.

Plaintiffs seek clarification and confirmation for the above issues, including whether Defendants are refusing to produce documents and, if so, the objections being relied upon in doing so.

### ii. Defendants' Document Productions

Defendants have produced less than 1,200 pages of documents in response to Plaintiffs' discovery requests. Plaintiffs have been unable to locate numerous documents within Defendants' production believed to exist and be within their possession, custody or control, including the following:

- *billing data* ((Moshe RFP No. 1; Dynamic RFP No. 3; HealthPlus RFP No. 3);

- *financial documents*, including general ledgers, profit and loss statements, and balance sheets (Dynamic RFP No. 14; HealthPlus RFP No. 14);

- *documents sufficient to identify any business, corporate entity, or other legal entity in which You have or have had an ownership, equity, membership, or any other financial interest* (Defendants reference and produce a Statement of Net Worth that identifies only real estate holdings and related holding companies, which omits even Dynamic and HealthPlus) (Moshe RFP No. 3);

- *documents relating to any work Leonid Shapiro performed as Medical Director for any surgical facility* (Moshe RFP Nos. 16, 17; Dynamic RFP Nos. 18, 19; HealthPlus RFP Nos. 18, 19);

- *documents relating to any practices, protocols or procedures, including preclearance or prebooking requirements*, which would include signed and dated copies of the records produced at M00616-M1096 and M01101-M01190 (Moshe RFP Nos. 20, 21; Dynamic RFP Nos. 4, 17; HealthPlus RFP No. 4, 17);

- *Dynamic's and HealthPlus' personnel files for Shapiro and other listed individuals* (Dynamic RFP No. 30; HealthPlus RFP No. 30);

- *agreements and documents reflecting payments whereby Moshe agreed to provide space to be used to provide any Medical Service* (Moshe RFP Nos. 7, 8), including but not limited to documents relating to space leased by Moshe-owned real estate holding companies to Citimedical I PLLC, Citimed Services P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., Citimed Surgery Center LLC, and Citimed Management Services Inc., among others.

Finally, Defendants state in their responses that certain responsive documents are being gathered and will be provided as they are discovered. *See, e.g.*, Moshe RFP No. 8; Dynamic RFP Nos. 11, 13, 14, 20, 21; HealthPlus RFP Nos. 11, 13, 14, 20, 21. Defendants have not supplemented their productions or amended their responses in the nearly seven months since the parties met and conferred on these issues.

### b. Interrogatory Responses

### i. Moshe's Responses

Initially, Moshe responds to numerous Interrogatories pointing to documents that will set forth the requested information. *See* Moshe Interrog. Nos. 2, 5, 6, 12, 13. As noted below, Plaintiffs have been unable to locate documents providing a complete response. For example, in response to Interrogatory No. 5 requesting Moshe's employment history, Moshe points to a Statement of Net Worth that does not identify any employment history or provide responses to any of the subparts to the interrogatory. Similarly, in response to Interrogatory No. 6 requesting Moshe identify any business, corporate entity, or other legal entity in which he has an ownership interest, he points to that same record, but it only references real estate holdings and related holding companies and omits entirely any other Moshe-owned entities. Documents produced to date appear to omit his ownership interest in at least the following entities:

- Star Solution Services Inc.
- SCOB LLC
- NJMHMC LLC
- Citimed Surgery Center LLC
- Med Capital LLC
- Haga Group Corp.
- 190 Midland Holdings LLC

Moshe's responses also inappropriately limit the scope of information requested. *See, e.g.*, Moshe Interrog. Nos. 2, 6, 7, 13. For example, in response to Interrogatory No. 2 requesting any person with whom Moshe entered into any agreement for the use of space, staff, personal, or equipment, Moshe points only to lease agreements between real estate entities he owns and Dynamic and HealthPlus. In response to Moshe Interrogatory No. 6, Moshe points to the same Statement of Net Worth referenced multiple times above that only identifies real estate entities when the interrogatory requests Moshe identify any business, corporate entity, or other legal entity in which he has an ownership interest. In response to Interrogatory No. 7, Moshe only provides bank accounts for his entities when the request seeks his personal bank accounts. In response to Interrogatory No. 13 requesting the identity of any person who served in any appointed position at any Surgical Facility, including medical director, medical staff, nursing director, and administrator, Moshe points to a document listing the names and employment dates for Medical Directors, but fails to acknowledge any other positions listed in the request.

Moshe's responses are also incomplete because they fail to provide information responsive to each subpart. *See, e.g.*, Moshe Interrog. Nos. 8 (fails to identify telephone numbers associated with the account, date the account was opened and closed, and all persons with access to the

account), 9 (fails to identify the date the account was opened and closed), 10 (fails to identify the person's contact information or the time period services were rendered), 12 (fails to provide the relevant time period), 13 (fails to provide the person's contact information), 14 (fails to provide contact information or the location at which the person rendered services).

### ii. Dynamic's and HealthPlus' Responses

Initially, Dynamic's and HealthPlus' responses share common deficiencies as to numerous other Interrogatories. First, their responses are incomplete because they fail to provide information responsive to each subpart of certain interrogatories. *See, e.g.*, Dynamic & HealthPlus Interrog. Nos. 6 (fails to include the telephone number associated with the account, the approximate date the account was opened and closed, and all persons with access to the account), 10 (fails to include contact information and time period during which services were rendered).

Second, their responses only provide the last four numbers of bank accounts and states "due to the personal and confidential nature of bank account, the full account number and information will be provided orally if requested." *See, e.g.*, Dynamic & HealthPlus Interrog No. 5. The parties have entered into a Confidentiality Order expressly protecting such information, and Plaintiffs request Defendants amend the responses to provide complete bank account numbers. The responses are also incomplete because Dynamic Interrog. No. 2 states that responsive documents are being gathered and will be produced, but no additional productions were made.

## II.    The Collection and Production of Electronically Stored Information ("ESI")

To date, Defendants have produced their documents in PDF format. No emails or other ESI appear to be contained within Defendants' productions and, to the extent ESI has been produced, no metadata has been provided. Plaintiffs have taken the first step of drafting an ESI protocol that would govern the search, collection, and production of ESI in this matter. The draft ESI protocol is included with this letter. Plaintiffs request that Defendants advise whether the enclosed ESI protocol is agreeable by March 24. This protocol should resolve issues concerning the lack of metadata and ensure the parties are searching relevant custodial sources and running appropriate search terms to identify and collect documents responsive to discovery demands.

## III.    Plaintiffs' List of Relevant Claim Numbers and Patient Names

Defendants have requested that Plaintiffs provide a list of relevant claim numbers and patient names to assist them in identifying and producing documents reflecting any Medical Service provided to any State Farm insured or any bill for any Medical Service provided to any State Farm Insured. Plaintiffs provided such a document as confidential Exhibit A attached to State Farm's Responses to Interrogatories from both Dynamic and HealthPlus which were served on November 3, 2022.

## IV.    Other Missing Documents

Defendants' productions do not contain responsive documents that Plaintiffs have obtained from third parties. For example, Plaintiffs requested Defendants produce documents relating to any preclearance or prebooking requirements for individuals receiving a procedure at any Yan

Moshe Surgical Facility.  *See, e.g.*, Dynamic/HealthPlus RFP No. 17.  In written discovery responses, Defendants stated there were no responsive documents, but such prebooking and preclearance policies were produced by Beshert Corp. in response to a subpoena.  Plaintiffs are also aware of additional agreements and contracts between Moshe or entities he owns and/or controls and Citimedical I PLLC, Citimed Surgery, Citimed Management, and others, where they are providing collateral for loans to Moshe and entities he owns and/or controls that are clearly responsive to Moshe RFP No. 5.

The absence of these clearly responsive records from Defendants' productions raises serious questions as to the accuracy and completeness of their efforts to comply with Plaintiffs' discovery demands.  Please confirm whether Defendants have undertaken a reasonable search to identify the requested records and, if so, whether responsive documents are being withheld or the records could not be located.  If the records could not be located, please advise as to whether the records have been destroyed and, if so, the circumstances surrounding their destruction, including when they were destroyed and by whom.

*     *     *

We are available to discuss the issues raised above.[1]

Sincerely,

*/s/ Christopher T. Cook*

Christopher T. Cook

cc:    Jonathan L. Marks
       Michael L. Cardoza

---

[1] This letter is not intended to limit or in any way modify any discovery request served by Plaintiffs. Plaintiffs do not waive any right to challenge any objection to any discovery request and expressly reserve their right to compel production of any document responsive to any document request and to obtain a complete, accurate, and verified response to each interrogatory.  Any capitalized terms in this letter should be construed consistent with the definitions set forth in Plaintiffs' discovery requests.