**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | ) ) ) ) ) ) | Case No. 1:21-cv-05523 (MKB)(PK) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Metro Pain Specialists P.C. et al., | ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF CHRISTOPHER T. COOK**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.      I, Christopher T. Cook, am over 18 years of age, competent to testify, and capable of making this Declaration.  The facts stated herein are within my own personal knowledge and are true and correct.  I could and would testify to the matters set forth below if called upon to do so.

2.      I am a partner at the law firm of Katten Muchin Rosenman LLP, and counsel to Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire") in connection with this proceeding.  I am fully familiar with the matters described below based upon my personal knowledge.

**I.     Law Offices of Gabriel & Shapiro, LLC Emails**

3.      On December 19, 2022, I caused a subpoena *duces tecum* to be issued to the Law Offices of Gabriel & Shapiro, LLC ("Gabriel & Shapiro").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 1.  This subpoena requested communications

between Gabriel & Shapiro and any defendant in this action, including Yan Moshe ("Moshe"), pertaining to multiple topics. *See* Ex. 1, RFP Nos. 4-7.

4.       On July 24, 2023, Gabriel & Shapiro made a production in response to Plaintiffs' subpoena; this production did not include any emails.  On October 25, 2023, Gabriel & Shapiro made an additional production in response to Plaintiffs' subpoena; this production did not include any emails.  On February 28, 2024, Jason Moroff provided a declaration averring that Gabriel & Shapiro no longer has access to its former email server.  A true and correct copy of Mr. Moroff's declaration is attached to this declaration as Exhibit 2.

**II.       The Russell Friedman Law Group, LLP Emails**

5.       On March 26, 2024, I caused a subpoena *duces tecum* to be issued to The Russell Friedman Law Group, LLP ("RFLG").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 3.  This subpoena requested communications between RFLG and any defendant in this action, including Moshe, pertaining to disbursements issued to multiple entities. *See* Ex. 3, RFP No. 7.

6.       On July 17, 2024, RFLG made a production in response to Plaintiffs' subpoena; this production contained emails from yanmoshe@yahoo.com (the "Moshe Yahoo Account").  On April 8, 2025, RFLG made an additional production in response to Plaintiffs' subpoena; this production also contained emails from the Moshe Yahoo Account.

**III.       Nazar Burak Emails**

7.       On April 16, 2024, I caused a subpoena *duces tecum* to be issued to Nazar Burak ("Burak").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 4.  This subpoena requested communications between Burak and any defendant in this action, including Moshe, regarding numerous topics.  *See* Ex. 4, RFP No. 8.

8.       On October 25, 2024, Burak served an amended response to Plaintiffs' subpoena stating that Burak had no communications with any defendant "in Burak's possession." A true and correct copy of Burak's amended subpoena response is attached to this declaration as Exhibit 5.

### IV.    Vlad Moshe Emails

9.       On April 16, 2024, I caused a subpoena *duces tecum* to be issued to Vlad Moshe. A true and correct copy of this subpoena is attached to this declaration as Exhibit 6. This subpoena requested communications between Vlad Moshe and any defendant in this action, including Moshe, regarding numerous topics. *See* Ex. 6, RFP Nos. 3, 9.

10.     On June 27, 2024, Vlad Moshe served his first response to Plaintiffs' subpoena. A true and correct copy of Vlad Moshe's subpoena response is attached to this declaration as Exhibit 7. On the same day, Vlad Moshe made a production that did not contain any emails. In his first response, Vlad Moshe stated that "[a]ll invoices and related documents responsive to" RFP No. 3 were produced, and Vlad Moshe further stated he "has no written communications with either of his siblings [including his brother Moshe]" regarding RFP No. 9. Ex. 7. On February 26, 2025, Vlad Moshe served a supplemental response to Plaintiffs' subpoena. A true and correct copy of Vlad Moshe's supplemental subpoena response is attached to this declaration as Exhibit 8. In his supplemental response, Vlad Moshe objected to producing any documents responsive to RFP No. 3 involving Moshe and again confirmed he had "no written communications with either of his siblings" with respect to RFP No. 9. Ex. 8.

### V.    Michael F & Co. Inc. Emails

11.     On May 6, 2024, I caused a subpoena *duces tecum* to be issued to Michael F & Co. Inc. ("Michael F"). A true and correct copy of this subpoena is attached to this declaration as

Exhibit 9. This subpoena requested communications between Michael F and any defendant in this action, including Moshe, regarding multiple topics. *See* Ex. 9, RFP No. 5. On May 30, 2024, I sent a letter to Michael F, requesting specific emails involving Michael F and the Moshe Yahoo Account. A true and correct copy of this letter is attached to this declaration as Exhibit 10.

12. On June 10, 2024, Michael F made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account. On July 23, 2024, Michael F served a response to Plaintiffs' subpoena, confirming that "[a]ny and all communications responsive to Plaintiff's demand in MF's possession or control have been provided" and that "MF is not in possession or control of the emails annexed to Plaintiff's counsel's correspondence dated May 30, 2024 as Exhibit '1' over and above the emails previously produced." A true and correct copy of Michael F's subpoena response is attached to this declaration as Exhibit 11.

## VI.    Elizabeth Hoque Emails

13. On May 24, 2024, I caused a subpoena *duces tecum* to be issued to Elizabeth Hoque ("Hoque"). A true and correct copy of this subpoena is attached to this declaration as Exhibit 12. This subpoena requested communications between Hoque and Moshe regarding work performed for him or his entities. *See* Ex. 12, RFP Nos. 3, 7. On July 2, 2024, I sent a letter to Hoque confirming a conversation I had with her on July 1 in which Hoque confirmed she had "no way of accessing communications stored in the email account beth.beshert@gmail.com." A true and correct copy of this letter is attached to this declaration as Exhibit 13.

## VII.    Marina Katayeva Emails

14. On May 24, 2024, I caused a subpoena *duces tecum* to be issued to Marina Katayeva ("Katayeva"). A true and correct copy of this subpoena is attached to this declaration as Exhibit

4

14.    This subpoena requested communications between Katayeva and Moshe regarding work performed for him or his entities.  *See* Ex. 14, RFP Nos. 4, 8.

15.    On November 12, 2024, Katayeva made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.

### VIII.    Michael Torres Emails

16.    On May 24, 2024, I caused a subpoena *duces tecum* to be issued to Michael Torres ("Torres").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 15. This subpoena requested communications between Torres and Moshe regarding work performed for him or his entities.  *See* Ex. 15, RFP Nos. 3, 7.

17.    On January 15, 2025, Torres made a production in response to Plaintiffs' subpoena; this production contained one email from the Moshe Yahoo Account.  On July 11, 2025, Torres provided an affidavit certifying he had "collected and produced all responsive records" and that "[n]o documents were withheld for any reason."  A true and correct copy of this affidavit is attached to this declaration as Exhibit 16.

### IX.    Kari Russell Emails

18.    On May 24, 2024, I caused a subpoena *duces tecum* to be issued to Kari Russell ("Russell").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 17. This subpoena requested communications between Russell and Moshe regarding work performed for him or his entities.  *See* Ex. 17, RFP Nos. 3, 7.  On June 10, 2024, I sent an email to Russell confirming a conversation I had with her on June 10 in which Russell confirmed she had did "not have access to this account" and was "not willing to attempt to obtain access at this time."  A true and correct copy of this email is attached to this declaration as Exhibit 18.

### X.    Michelle Simon Emails

19.    On May 24, 2024, I caused a subpoena *duces tecum* to be issued to Michelle Simon ("Simon").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 19. This subpoena requested communications between Simon and Moshe regarding work performed for him or his entities.  *See* Ex. 19, RFP Nos. 3, 7.  On July 5, 2024, Simon confirmed that she did not have "any responsive documents or communications in my possession" responsive to Plaintiffs' subpoena.  A true and correct copy of this communication is attached to this declaration as Exhibit 20.

20.    On November 8, 2024, defendant Beshert Corp. made a production of Simon's communications in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.

### XI.    Heidi Elkholy Emails

21.    On April 1, 2025, I caused a subpoena *duces tecum* to be issued to Heidi Elkholy ("Elkholy").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 21. This subpoena requested communications between Elkholy and Moshe regarding work performed for him or his entities, as well as any communications involving the Moshe Yahoo Account.  *See* Ex. 21, RFP Nos. 1–2, 3(b).  On June 5, 2025, I spoke with Elkholy, and she confirmed she no longer has access to the email account, pa.robalon@gmail.com, that would contain responsive emails.

### XII.    Brijesh Reddy Emails

22.    On July 9, 2025, I caused a subpoena *duces tecum* to be issued to Brijesh Reddy, M.D. ("Reddy").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 22.  This subpoena requested communications involving the Moshe Yahoo Account.  *See* Ex. 22,

6

RFP No. 1(c).  On April 9, 2026, Reddy provided an affidavit certifying "all non-privileged documents and communications responsive to the Subpoena and within my possession, custody or control have been produced."  A true and correct copy of this affidavit is attached to this declaration as Exhibit 23.

### XIII.   Complete Radiology Reading Services, LLC Emails

23.    On December 19, 2022, I caused a subpoena *duces tecum* to be issued to Complete Radiology Reading Services LLC ("CRRS").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 24.  This subpoena requested communications involving defendants in this action.  *See* Ex. 24, RFP No. 8.  On August 7, 2025, I sent a letter to counsel for CRRS, requesting specific emails involving CRRS and the Moshe Yahoo Account.  A true and correct copy of this letter is attached to this declaration as Exhibit 25.

24.    On November 11, 2025, CRRS served a revised response to Plaintiffs' subpoena. In that response, CRRS stated "that it does not have in its possession, custody or control the emails referenced in Plaintiffs' August 7, 2025 letter" because "they were purged in the ordinary course of CRRS's business before it was served with the subpoena."  A true and correct copy of this revised response is attached to this declaration as Exhibit 26.

### XIV.   John Mitamura Emails

25.    On August 25, 2025, I caused a subpoena *duces tecum* to be issued to John Mitamura, M.D. ("Mitamura").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 27.  This subpoena requested specific emails involving Mitamura and the Moshe Yahoo Account.  *See* Ex. 27, RFP No. 1.

26.    On October 14, 2025, Mitamura made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account. On January 12, 2026, Mitamura passed away and is now deceased.

## XV.    Pinnacle Health Consultants LLC Emails

27.    On August 25, 2025, I caused a subpoena *duces tecum* to be issued to Pinnacle Health Consultants LLC ("Pinnacle"). A true and correct copy of this subpoena is attached to this declaration as Exhibit 28. This subpoena requested specific emails involving Pinnacle and the Moshe Yahoo Account. *See* Ex. 28, RFP No. 1. To date, Pinnacle has produced one email in response to Plaintiffs' subpoena. I have spoken with Andrew Blatt, the owner of Pinnacle, and he confirmed that Pinnacle has no further responsive emails in its possession, custody, or control because all such emails were lost when, due to a user error, he failed to properly migrate emails from Pinnacle's Google mail service to a new email platform.

## XVI.    NY Spine Institute Emails

28.    On August 25, 2025, I caused a subpoena *duces tecum* to be issued to Alexandre B. De Moura M.D. P.C. dba NY Spine Institute ("NY Spine"). A true and correct copy of this subpoena is attached to this declaration as Exhibit 29. This subpoena requested specific emails involving NY Spine and the Moshe Yahoo Account. *See* Ex. 29, RFP No. 1.

29.    On September 22, 2025, NY Spine made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account. On November 5, 2025, counsel for NY Spine confirmed that it had "provided everything within their possession that is responsive to the request and nothing was withheld." A true and correct copy of this communication from counsel for NY Spine is attached to this declaration as Exhibit 30.

8

### XVII.  Expert Billing Solutions LLC Emails

30.     On August 25, 2025, I caused a subpoena *duces tecum* to be issued to Expert Billing Solutions LLC ("Expert Billing").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 31.  This subpoena requested specific emails involving Expert Billing and the Moshe Yahoo Account.  *See* Ex. 31, RFP No. 1.

31.     On October 15, 2025, Expert Billing made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.  On October 15, 2025, Expert Billing confirmed "we provided all the emails."  A true and correct copy of this communication from Expert Billing is attached to this declaration as Exhibit 32.

### XVIII. Alkies Lapas and Contemporary Diagnostic Imaging LLC Emails

32.     On August 25, 2025, I caused a subpoena *duces tecum* to be issued to Alkies Lapas, D.O. ("Lapas").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 33.  This subpoena requested specific emails involving Lapas, his entity Contemporary Diagnostic Imaging LLC ("Contemporary Diagnostic"), and the Moshe Yahoo Account.  *See* Ex. 33, RFP Nos. 1–2.

33.     On October 29, 2025, Lapas made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.  On October 29, 2025, counsel for Lapas confirmed "[a]ll documents in CDI/Dr. Lapas' possession, custody, and control… have been produced, and no documents have been withheld pursuant to any objection."  A true and correct copy of this communication is attached to this declaration as Exhibit 34.

### XIX.  Sovereign Medical Services Inc. Emails

34.     On August 26, 2025, I caused a subpoena *duces tecum* to be issued to Sovereign Medical Services Inc. ("Sovereign").  A true and correct copy of this subpoena is attached to this

9

declaration as Exhibit 35.  This subpoena requested specific emails involving Sovereign and the Moshe Yahoo Account.  *See* Ex. 35, RFP No. 1.

35.    Sovereign never responded to Plaintiffs' subpoena.  Following a show cause hearing on February 25, 2026, the Court issued a minute entry stating the following:  "Sovereign's counsel directed all communications to its owner, Dr. John Hajjar, but Plaintiffs' counsel has been unable to reach him.  It is also Plaintiffs' counsel's understanding that Sovereign is in Chapter 7 bankruptcy proceedings and may not be able to provide the requested emails.  Therefore, Plaintiffs stated that they do not intend to move forward with contempt proceedings against Sovereign.  Rather, Plaintiffs stated that they have now made a reasonable effort to obtain emails between Sovereign and Mr. Moshe[.]"  2/25/2026 Text Order.  As documented in the record, I made numerous efforts to obtain Sovereign's compliance with the subpoena, including sending it numerous letters, emailing and corresponding with its counsel in other proceedings, and moving for an order to show cause why it should not be held in contempt for failing to comply with the subpoena and the Court's order directing its compliance.  *See* Dkts. 687, 703, 715.

### XX.    Mark Gladstein Emails

36.    On September 15, 2025, I caused a subpoena *duces tecum* to be issued to Mark Gladstein, M.D. ("Gladstein").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 36.  This subpoena requested specific emails involving Gladstein and the Moshe Yahoo Account.  *See* Ex. 36, RFP No. 1.

37.    On October 15, 2025, Gladstein made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.  On November 7, 2025, counsel for Gladstein confirmed Gladstein had produced all documents in his possession,

10

custody, or control that were responsive to Plaintiffs' subpoena. A true and correct copy of this communication is attached to this declaration as Exhibit 37.

### XXI.   Greenbills LLC Emails

38.     On October 27, 2025, I caused a subpoena *duces tecum* to be issued to Greenbills LLC ("Greenbills"). A true and correct copy of this subpoena is attached to this declaration as Exhibit 38. This subpoena requested specific emails involving Greenbills and the Moshe Yahoo Account. *See* Ex. 38, RFP No. 1.

39.     On January 14, 2026, Greenbills made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account. On January 15, 2026, counsel for Greenbills confirmed Greenbills had produced all documents in its possession, custody, or control that were responsive to Plaintiffs' subpoena. A true and correct copy of this communication is attached to this declaration as Exhibit 39.

### XXII.  Popular Bank Emails

40.     On February 14, 2023, I caused a subpoena *duces tecum* to be issued to Popular Bank. A true and correct copy of this subpoena is attached to this declaration as Exhibit 40. This subpoena requested emails relating to loans involving defendants in this case, including Moshe. *See* Ex. 40, RFP No. 1. In its objections to Plaintiffs' subpoena, Popular Bank objected to the extent the subpoena "impose[d] an undue burden or expense on a non-party that require non-party to identify, gather, review, and produce voluminous records and ESI." A true and correct copy of these objections is attached to this declaration as Exhibit 41.

41.     I negotiated search terms to be used in the collection of responsive emails, which Popular Bank agreed to use. As part of Popular Bank's agreement to search and produce responsive emails, it demanded Plaintiffs share in the cost of doing so. On September 6, 2023 and November

11

2, 2023, Popular Bank made productions in response to Plaintiffs' subpoena; these productions contained emails from the Moshe Yahoo Account. Plaintiffs paid Popular Bank $11,000 toward the costs it incurred in collecting and producing emails responsive to the subpoena.

### XXIII. All Star Services, Inc. Emails

42.    On April 8, 2022, I caused a subpoena *duces tecum* to be issued to All Star Services, Inc. ("All Star").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 42.  This subpoena requested emails involving funding, agreements, and payments with defendants in this case, including Moshe.  *See* Ex. 42, RFP No. 5.  On December 22, 2023, I caused a second subpoena *duces tecum* to be issued to All Star.  A true and correct copy of this subpoena is attached to this declaration as Exhibit 43.  This subpoena requested emails involving agreements, payments, and services provided to defendants in this case, including Moshe.  *See* Ex. 43, RFP Nos. 19(a)–(b), (i)–(l).

43.    On December 9, 2025, All Star made a production in response to Plaintiffs' subpoena; this production contained emails from the Moshe Yahoo Account.  On December 10, 2025, counsel for All Star confirmed All Star had produced all emails in its possession, custody, or control that were responsive to Plaintiffs' subpoena.  A true and correct copy of this communication is attached to this declaration as Exhibit 44.

### XXIV. Five Star Services, Inc. Emails

44.    On December 22, 2023, I caused a subpoena *duces tecum* to be issued to Five Star Services, Inc. ("Five Star").  A true and correct copy of this subpoena is attached to this declaration as Exhibit 45.  This subpoena requested emails involving agreements, payments, and services provided to defendants in this case, including Moshe.  *See* Ex. 45, RFP Nos. 22(a)–(b), (i)–(l).  On June 18, 2024, Five Star served supplemental written responses to each subpoena request

confirming it either had no documents responsive to these requests or would produce responsive documents in its possession. A true and correct copy of these objections is attached to this declaration as Exhibit 46.

46. On March 30, 2026, Five Star made a production in response to Plaintiffs' subpoena; Plaintiffs are in the process of confirming whether any emails from the Moshe Yahoo Account are contained in this production.

## XXV. Norman Rowe Emails

46. On October 27, 2025, I caused a subpoena *duces tecum* to be issued to Norman Rowe, M.D. ("Rowe"). A true and correct copy of this subpoena is attached to this declaration as Exhibit 47. This subpoena requested specific emails involving Rowe and the Moshe Yahoo Account. *See* Ex. 47, RFP No. 1. Despite making several attempts, Plaintiffs were not able to successfully serve Rowe with this subpoena.

## XXVI. Discovery Directed to Defendants for Emails

47. In addition to the subpoenas directed to third parties references above, I caused requests for the production of documents under Rule 34 of the Federal Rules of Civil Procedure to be served on defendants in this action, which sought communications with other defendants, including Moshe. Productions containing emails from the Moshe Yahoo Account were made by the following defendants:

a. Leonid Shapiro, M.D., Metro Pain Specialists P.C., and Tri-Borough NY Medical Practice P.C.;

b. Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.;

c. Vadim Dolsky;

d. Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, Star Solution Services Inc., and NJMHMC LLC d/b/a Hudson Regional Hospital;

13

e.  Reuven Alon, Columbus Imaging Center LLC, and Beshert Corp.;

f.  Nizar Kifaieh, M.D.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed within the United States on April 13, 2026.

Christopher T. Cook