*Exhibit 4*

**Katten**

KattenMuchinRosenman LLP

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**312.902.5200 tel**
**www.katten.com**

CHRISTOPHER T. COOK
christopher.cook@katten.com
212.940.6488 direct

**VIA PERSONAL SERVICE**

April 16, 2024

**Nazar Burak**
651 Riverside Ave., Apt. C47
Lyndhurst, NJ 07071-3069

Re:   *State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company v. Metro Pain Specialists P.C. et al., Case No. 21-cv-05523-MKB-PK*

Dear Mr. Burak:

Enclosed is a subpoena requesting the production of documents related to the above-referenced lawsuit, which is currently pending in the United States District Court for the Eastern District of New York before the Honorable Margo K. Brodie.

The subpoena requires you to produce responsive documents within 14 days of service.

State Farm will reimburse you for any reasonable copying and/or shipping costs related to the document production. Please contact Stephen DeYoung at 312-577-8348 prior to copying documents if you would like to be reimbursed. Finally, I also have attached a Certificate of Authenticity. Please fill out and sign the Certificate and include it with your document production.

If you have any questions regarding the subpoena, please contact me directly at 212-940-6488 or via email at christopher.cook@katten.com. Thank you for your cooperation.

Sincerely,

*/s/ Christopher T. Cook*

Christopher T. Cook
Enclosures

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Ins. Co., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:21-cv-05523 (MKB)(PK) |
| | ) | |
| Metro Pain Specialists P.C. et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Nazar Burak, 651 Riverside Ave., Apt. C47, Lyndhurst, NJ 07071-3069

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: **Katten Muchin Rosenman LLP**<br>**c/o Christopher Cook, Esq.**<br>**50 Rockefeller Plaza, New York, NY 10020-1605** | Date and Time:<br><br>**Within fourteen (14) days of service.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/16/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Ins. Co., et al. _____ , who issues or requests this subpoena, are:

Christopher Cook, 50 Rockefeller Plaza New York, NY 10020, christopher.cook@katten.com, 212-940-6488

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-cv-05523 (MKB)(PK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER
Nazar Burak

Definitions

1. "You" and "Your" mean Nazar Burak.

2. "Burak Entity" means any entity in which You hold an ownership or financial interest, including but not limited to:

   a. MNBT Corp.
   b. MDNN Corp.
   c. NBPB Corp.
   d. Lestat Corp.
   e. Expedited Services LLC
   f. Nimax Group Corp.
   g. Spetsnaz LLC
   h. BRK Group Inc.
   i. Unity Dispatch Solutions LLC
   j. ELP Services LLC

3. "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

4. "Defendant" and "Defendants" mean the following defendants named in the Second Amended Complaint filed in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.):

   a. Vadim Dolsky
   b. Optimum Health Acupuncture P.C.
   c. Advanced Comprehensive Laboratory LLC (a/k/a TopLab)
   d. Yan Moshe
   e. Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC)
   f. Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC)
   g. SCOB LLC (a/k/a Surgicare of Brooklyn)
   h. Citimed Surgery Center LLC
   i. NJMHMC LLC (d/b/a Hudson Regional Hospital)
   j. Star Solution Services Inc.
   k. Reuven Alon
   l. Columbus Imaging Center LLC
   m. Medaid Radiology LLC
   n. Beshert Corp.
   o. Regina Moshe, M.D.
   p. Citimedical I PLLC

q. Citimed Services P.A.
r. Citimedical Services P.C.
s. Citimed Complete Medical Care P.C.
t. Citimed Management Services Inc.
u. Leonid Shapiro, M.D.
v. Metro Pain Specialists P.C.
w. Tri-Borough NY Medical Practice P.C.

5. "Defendant-Owned Entity" includes but is not limited to the following entities known to be owned by a Defendant:

a. Green Hills Limited LLC
b. Five Star Services Inc.
c. All Star Services Inc
d. AV Chemists LLC
e. Atlantic Diagnostics LLC
f. Citi Wide Marketing and Services Corp.
g. Emed Pharmacy
h. CFS Star Inc
i. Spine Align Distributors, LLC
j. Atlantis Surgery Center LLC
k. 190 Midland Holdings LLC
l. Rego Park Seniors Club LLC
m. 63-36 Holdings LLC
n. 63-36 Member LLC
o. 1963 Concourse Holdings LLC
p. 65-55 Woodhaven Realty LLC
q. Tushur Development LLC
r. Med Capital LLC
s. Globe Capital Fundings LLC
t. 321 Essex Holding LLC
u. 9220 165 Holdings LLC
v. 1501 Pollitt Drive Holding LLC
w. 55 B Greene Ave LLC
x. 190 Midland Ave Realty LLC
y. 55 Meadowlands Holdings LLC
z. 9901 Holdings LLC
aa. 313 43 Realty Holdings LLC
bb. 29 E 29 Street Holdings LLC
cc. 43 Meadowlands Holdings LLC
dd. Health Tech Services Inc.
ee. 1010 N Broadway Holdings LLC
ff. 456 W 55 Holdings LLC
gg. 29 E 29 Management Inc.
hh. 308 Willow Ave Holdings LLC
ii. 323 62 Street Holdings LLC
jj. 855 Valley Road Holdings LLC

       kk.  6575 Woodhaven Holdings LLC
       ll.   Giga Life LLC
       mm. Star Funding of US Inc.
       nn.  ASCOM LLC
       oo.  Clear Path Strategy LLC
       pp.  Excel Jericho Holdings LLC
       qq.  HR Wellness Center LLC
       rr.  Hudson Title Services Inc.
       ss.  Impact Sports Club Inc.
       tt.   Hudson Health System Inc.
       uu.  NJ Highlands LLC
       vv.  NJBMCH Inc.
       ww. Specialty ASC Solutions Inc.
       xx.  Shrewd Corp.
       yy.  Synapsis LLC
       zz.  Highcrome Mgmt. Corp.
       aaa. Telaw Corp.
       bbb. Haga Group LLC

6. "Document" and "Documents" has the broadest meaning possible consistent with the applicable Federal Rules of Civil Procedure and Local Rules for the Eastern District of New York, and it means all tangible things, including every original and every non-original, non-conforming and non-identical copies (whether by reason of subsequent modification, notations, deletions or otherwise) of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, or electronic means.

7. "Payment" and "Payments" mean any transfer of money or anything of value.

8. The words "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

Instructions

1. Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by, or connected with, You or Your attorneys, or any other person or public or private entity that has actual physical possession thereof.

3

2. File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3. To the extent electronic Documents responsive to the requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not be separated and relationships between emails and any attachments should be preserved at all times.

4. The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."

5. If an objection is made to any request, the objection should specifically state all grounds for the objection and whether responsive information, Documents, or things are being withheld on the basis of the asserted objection. If You object to the scope or breadth of any of these requests, or if You object only in part to any of these requests, You are required, to the extent possible, to respond to the other part(s) of these requests notwithstanding Your objection.

6. If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (a) the author of the Document; (b) the recipient(s) of the Document; (c) the date on which the Document was created or sent; (d) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (e) the basis upon which the information is being withheld; and (f) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

7. If no Documents responsive to a particular request exist, or if such Documents exist but are not in Your possession, custody, or control, then Your response to that request shall so state.

8. Unless otherwise specified, the time period applicable to these requests is November 1, 2016 to the present.

Document Requests

1. Any agreement between You or any Burak Entity and any Defendant or any Defendant-Owned Entity.

2. Any Payment You or any Burak Entity made to or received from any Defendant or any Defendant-Owned Entity.

3. Documents reflecting any good or service You or any Burak Entity provided to or arranged to be performed for any Defendant or Defendant-Owned Entity, including but not limited to transportation, consulting, or construction services.

4. Documents and Communications reflecting any good or service You or any Burak Entity rendered to or received from any of the following entities:

   a) Avacon Management LLC (d/b/a Avacon Builders)
   b) Skittles Services Corp.
   c) BIP Services Corp.
   d) North Sky Renovation Services Corp
   e) VCS Construction LLC
   f) Vigor Construction Inc.
   g) Ovada Inc.

5. Any Form 1099s and W-2s issued or received by any Burak Entity.

6. Documents identifying the revenue and expenses of the following Burak Entities, including but not limited to general ledgers:

   a) MNBT Corp.
   b) MDNN Corp.
   c) Lestat Corp.
   d) Expedited Services LLC
   e) Nimax Group Corp.
   f) Spetsnaz LLC

7. Documents identifying any person who has or has had any ownership, membership, investment, or other financial interest in any Burak Entity, including but not limited to any operating agreements, membership or shareholder agreements, stock ledgers, stock certificates, resolutions, minutes, by-laws, letters of resignation, dissolution records, and Schedule K-1s issued by You.

8. Communications between or among You or any Burak Entity and any Defendant or any Defendant-Owned Entity reflecting or relating to the following:

   a) any agreement;
   b) any good or service any Burak Entity provided to or arranged to be performed; and
   c) any of the following entities:
      i. Avacon Management LLC (d/b/a Avacon Builders)
      ii. Skittles Services Corp.
      iii. BIP Services Corp.

5

iv.   North Sky Renovation Services Corp
 v.   VCS Construction LLC
vi.   Vigor Construction Inc.
vii.  Ovada Inc.

## CERTIFICATE OF AUTHENTICITY

I, _____ , am employed by
                          (name)

_____ Nazar Burak _____ ,
                          (name of entity)

My official title is _____ ,

I certify that I am the custodian of the records produced pursuant to the attached subpoena or I am otherwise authorized to certify the authenticity of these records;

I further certify that each of the records attached hereto is the original or duplicate of the

original records in the custody of _____ ,
                                              (name of entity)

I further certify that:

A)    such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

B)    such records were kept in the course of a regularly conducted business activity;

C)    the business activity made such records as a regular practice;

D)    if such records are not the original, such records are duplicates of the original.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on this _____ day of _____, _____.
                      (day)              (month)      (year)

at _____ , _____ ,
          (city)                    (state)