*Exhibit 7*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY
COMPANY,

                                     Docket No.: 21-CV-5523

                      Plaintiffs

                                    **RESPONSE TO SUBPOENA**

            -against-

METRO PAIN SPECIALISTS P.C., et al

                     Defendants.
--------------------------------------------------------------------------------

       VLAD MOSHE ("MOSHE"), by its attorneys, SCHWARTZ, CONROY & HACK, P.C., respond

to Plaintiffs' non-party Subpoena, as follows:

## <u>GENERAL OBJECTIONS</u>

       Each and every demand, whether or not set forth in full below, is responded to subject

to the following General Objections ("General Objections"). The General Objections form a part

of the response to each and every response and are set forth here to avoid the duplication and

repetition of restating them for each response. General Objections may be specifically referred

to in a response to certain demands for the purpose of clarity. The failure, however, to

specifically incorporate a General Objection should not be construed as a waiver of the General

Objections.  By responding to these Demands, MOSHE does not concede the materiality of the

subject to which it refers. MOSHE's responses are made expressly subject to, and without

waiving or intending to waive, any questions or objections as to the competency, relevancy,

materiality, privilege, or admissibility of evidence or for any other purpose, of any of the

information produced, or of the subject matter thereof: in any proceeding including trial of this

action or any subsequent proceeding. MOSHE's responses are based upon information

presently known to them. MOSHE reserves the right to rely on any facts, documents, or other

evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement and/or amend these responses. MOSHE also reserves the right to objects to the further disclosure of any document and/or information.

### 1.    **Privileges**

MOSHE objects to these Demands to the extent that they may seek documents that are protected by the attorney client or work product privilege, or that constitute material prepared for litigation purposes. Inadvertent production of any document that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection to discovery with respect to the document or any other document, or its subject matter, of the information contained therein, or of MOSHE right to objects to the use of any such document of the information contained therein during any proceeding in this litigation or otherwise.

### 2.    **Unduly Burdensome and Oppressive**

MOSHE objects to the Demands because they are unduly burdensome and oppressive, as follows:

       a.  overly broad terminology

       b.  overly broad time frame

       c.  vague

### 3.    **Information within MOSHE Possession**

MOSHE objects to the Demands as unduly burdensome and oppressive insofar as they seek documents already in other parties  possession and/or control.

### 4.    **Redundant and/or Cumulative**

MOSHE objects to these Demands as duplicative, redundant and/or cumulative and purport to require MOSHE to produce information that is publicly available from other sources

or in the possession of third parties.

### 5.    Opinion or Legal Conclusions

MOSHE objects to the Demands to the extent that they call for opinions or conclusions of law.

### 6.    Not Material or Necessary

MOSHE objects to the Demands to the extent they seek documents not material or necessary to the prosecution or defense of this action.  FRCP 26 and 45. MOSHE objects to these Demands to the extent that they seek to impose obligations which are not consistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure.  MOSHE particularly objects to any Demand to the extent it seeks documents, communications  or information related to clients that are not listed on the Appendix attached to the subpoena and defined in the subpoena as "Relevant Clients."

### 7.    Not Within MOSHE Possession, Custody or Control

MOSHE objects to these Demands to the extent that they require MOSHE to provide information or search for any document that is not within their possession, custody, or control.

### RESPONSES TO DEMANDS

**Demand No. 1.**    Any agreement between you or any Moshe entity and any Defendant or any Defendant owned entity.

**Response No. 1**.    **There are no such agreements and therefore, no documents responsive to this demand.**

**Demand No. 2.**    Any Payment any Moshe entity made to or received from any Defendant or any Defendant owned entity

**Response No. 2.**    **All invoices and related documents responsive to this demand are Bate Stamped VLADMOSHE0001-0137.**

**Demand No. 3.**        Documents and communications reflecting any good or service any Moshe entity provided to or arranged to be performed for any Defendant or Defendant owned entity, including but not limited to information technology or consulting.

**Response No 3.        All invoices and related documents responsive to this demand are Bate Stamped VLADMOSHE0001-0137.**

**Demand No. 4.**        Documents and Communications reflecting any good or service You or any Moshe entity rendered to or received from any of the following entities:

    a)        Deline Medin. LLC

    b)        The Resource Desk

    c)        Nxenter LLCC (d/b/a HTML Pro)

    d)        Green Bird Technologies. LLC

    e)        Taurus Systems LLC

    f)        Greenbills LLC

    g)        Greenbills Exchange Inc.

    h)        GoGreenbills.Com. Inc.

    i)        Expedited Services LI .C

    j)        Design Studio Romani Inc

    k)        Dikamusa Holding LLC

    l)        Milano Realty Group LLC

    m)        First Databank. Inc.

    n)        Surescripts LLC

**Response No 4.        Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided. Notwithstanding said objections, all invoices and related documents responsive to this demand are Bate**

**Stamped VLADMOSHE0001-0137.**

**Demand No. 5.**    Documents and communications reflecting any good or service You or any Moshe entity rendered to or received from any of the following entities:

 a)    Bibimed Inc.

 b)    Gevorina Inc.

 c)    Theralogics Inc.

 d)    Cool Med Supply Inc.

 e)    RGN Group Inc.

**Response No 5.    Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided. Notwithstanding said objections, all invoices and related documents responsive to this demand are Bate Stamped VLADMOSHE0001-0137**

**Demand No. 6.**    Any Form 1099s and W-2s issued or received by any Moshe entity.

**Response No. 6.    Objection to any tax documents being produced as subject to privilege. This demand also seeks confidential information, and information that is irrelevant and not calculated to lead to admissible evidence as well as being overly broad. It also seeks confidential information as to non-parties.**

**Demand No. 7.**    Documents identifying the revenue and expenses of Ovada lnc. including but not limited to general ledgers.

**Response No. 7.    General ledgers are not kept but see documents attached as Bate Stamped VLADMOSHE0001-0137.**

**Demand No. 8.**    Documents identifying any person who has or has had any ownership, membership, investment. or other financial interest in any Moshe entity including but not limited to any operating agreements, membership or shareholder agreements, stock

ledgers. stock certificates, resolutions, minutes, by-laws, letters of resignation, dissolution records, and Schedule K-1s issued by You.

**Response No. 8.     Objection to any tax documents being produced as subject to privilege. This demand also seeks confidential information, and information that is irrelevant and not calculated to lead to admissible evidence as well as being overly broad. Notwithstanding said objection, documents responsive to this demand which identify any person who has or has had any ownership, membership, investment. or other financial interest in any Moshe entity are annexed hereto as Bate Stamped VLADMOSHE0138-0229.**

**Demand No. 9.**     Communications between or among You or any Moshe entity and any Defendant or any Defendant-owned entity reflecting or relating to the following:

    a)    any agreement:

    b)    any good or service any Moshe entity provided to or arranged to be performed

    c)    any of the following entities:

        a.  Deline Medin, LLC

        b.  The Resource Desk

        c.  Nxenter LLCC (d/b/a HTML Pro)

        d.  Green Bird Technologies. LLC

        e.  Taurus Systems LLC

        f.  Greenbills LLC

        g.  Greenbills Exchange Inc.

        h.  GoGreenbills.Com. Inc.

        i.  Expedited Services LI .C

        j.  Bibimed Inc.

        k.  Gevorina Inc.

        l.  Theralogics Inc.

        m.  Cool Med Supply Inc.

        n.  RGN Group Inc.

        o.  Dikamusa Holding LLC

        p.  Milano Realty Group LLC

        q.  Design Studio Romani Inc

        r.  First Databank. Inc.

        s.  Surescripts LLC


**Response No. 9. Objection as this is overly broad and unduly burdensome to search for and find all communicates. Vlad Moshe has no written communications with either of his siblings regarding (a), (b), or (c). There are no communications related to any agreements as they do not exist. Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided as demanded in (b). At the very least, this demand should be narrowed in scope and time.**

**PLEASE TAKE NOTICE** that VLAD MOSHE reserves the right to supplement and/or amend this response up to the time of trial.

Dated: Garden City, NY
      June 27, 2024

                              SCHWARTZ, CONROY & HACK, PC
                              *Attorneys for VLAD MOSHE*

              By:     *Matthew J. Conroy*
                        Matthew J. Conroy
                        666 Old Country Road, 9th Floor
                        Garden City, New York 11530
                        (516) 745-1122

TO:

KATTEN MUCHIN ROSENMAN LLP
Ross O. Silverman
Jonathan L. Marks
525 West Monroe Street
Chicago, Illinois 60661
ross.silverman@katten.com
jonathan.marks@katten.com

KATTEN MUCHIN ROSENMAN LLP
Christopher T. Cook
575 Madison Avenue
New York, NY 10022
christopher.cook@katten.com