*Exhibit 8*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY
COMPANY,

                                               Docket No.: 21-CV-5523

                                  Plaintiffs
                                  **SUPPLEMENTAL RESPONSE**
                                  **TO SUBPOENA**

                -against-

METRO PAIN SPECIALISTS P.C., et al

                                  Defendants.
-------------------------------------------------------------------------------

     VLAD MOSHE ("MOSHE"), by its attorneys, SCHWARTZ, CONROY & HACK, P.C.,

respond to Plaintiffs' non-party Subpoena, as follows:

### **GENERAL OBJECTIONS**

     Each and every demand, whether or not set forth in full below, is responded to subject to the

following General Objections ("General Objections"). The General Objections form a part of the

response to each and every response and are set forth here to avoid the duplication and repetition of

restating them for each response. General Objections may be specifically referred to in a response to

certain demands for the purpose of clarity. The failure, however, to specifically incorporate a General

Objection should not be construed as a waiver of the General Objections.  By responding to these

Demands, MOSHE does not concede the materiality of the subject to which it refers. MOSHE's

responses are made expressly subject to, and without waiving or intending to waive, any questions or

objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence or for

any other purpose, of any of the information produced, or of the subject matter thereof: in any

proceeding including trial of this action or any subsequent proceeding. MOSHE's responses are based

upon information presently known to them. MOSHE reserves the right to rely on any facts,

documents, or other evidence that may develop or subsequently come to its attention, to assert

additional objections, and to supplement and/or amend these responses. MOSHE also reserves the right to objects to the further disclosure of any document and/or information.

### 1.    Privileges

MOSHE objects to these Demands to the extent that they may seek documents that are protected by the attorney client or work product privilege, or that constitute material prepared for litigation purposes. Inadvertent production of any document that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection to discovery with respect to the document or any other document, or its subject matter, of the information contained therein, or of MOSHE right to objects to the use of any such document of the information contained therein during any proceeding in this litigation or otherwise.

### 2.    Unduly Burdensome and Oppressive

MOSHE objects to the Demands because they are unduly burdensome and oppressive, as follows:

    a.  overly broad terminology

    b.  overly broad time frame

    c.  vague

### 3.    Information within MOSHE Possession

MOSHE objects to the Demands as unduly burdensome and oppressive insofar as they seek documents already in other parties  possession and/or control.

### 4.    Redundant and/or Cumulative

MOSHE objects to these Demands as duplicative, redundant and/or cumulative and purport to require MOSHE to produce information that is publicly available from other sources or in the possession of third parties.

### 5.    Opinion or Legal Conclusions

MOSHE objects to the Demands to the extent that they call for opinions or conclusions of law.

### 6.    Not Material or Necessary

MOSHE objects to the Demands to the extent they seek documents not material or necessary to the prosecution or defense of this action.  FRCP 26 and 45. MOSHE objects to these Demands to the extent that they seek to impose obligations which are not consistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure.  MOSHE particularly objects to any Demand to the extent it seeks documents, communications  or information related to clients that are not listed on the Appendix attached to the subpoena and defined in the subpoena as "Relevant Clients."

### 7.    Not Within MOSHE Possession, Custody or Control

MOSHE objects to these Demands to the extent that they require MOSHE to provide information or search for any document that is not within their possession, custody, or control.

### RESPONSES TO MEET AND CONFER

**For requests no. 2-5 and 7, you will confirm whether any other responsive documents exist beyond those previously produced and referenced in Mr. Moshe's Objections and responses.**

**and**

**For request nos. 3-5 and 9, you will discuss with Mr. Moshe the scope of what would be required for him to collect and produce communications responsive to these requests, including the volume of documents that would need to be reviewed**

**RESPONSE**: Ovada provides EMR (Electronic Medical Records) Services as well as provides overseas services for scanning, processing, billing, appeals fiend other matters. It also finds companies to provide those services, particularly overseas and outsources to many companies.  Ovada's records-

documents and communications-therefore are immense when it comes to responding to these Demands and include many irrelevant communications, routine communications, invoices, payments, and also documents involving medical records of non State Farm insureds that are protected by HIPAA.

Similarly, MiiSupply Inc. and Pro Trade Systems Inc. are DME companies with the same issue-immense number of communications and documents including irrelevant communications, routine communications and also documents involving medical records of non State Farm insureds that are protected by HIPAA. Not only does this involve irrelevant information but it is also unduly burdensome, oppressive and overly brough to seek all communications with dozens of parties and companies combined. Therefore we maintained the same objections as before but are willing to produce a sample of documents for each entity called for to show that they confirm to what is set forth.

See below for specific companies and whether or not Moshe or his entities did business. To the extent there is a connection, documents will exist but as set forth above and in the original production, we maintain those objections

As for response to No. 7, again, there are no general ledgers but Respondent can confirm it produced all the relevant documents for revenue and expenses for Ovada.

- **<u>For request nos. 6 and 8, you will provide Plaintiffs with case law regarding a federal privilege for tax and business records</u>**

Federal courts regularly entertain objections to discovery requests based on a "constitutionally-based right of privacy." *A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (quoting Keith H. v. Long Beach Unified School District,* 228 F.R.D. 652, 657 (C.D. Cal. 2005)). Indeed, there is a well-recognized "quasi-privilege" that attaches to tax returns. *Hazeldine v. Beverage Media LTD,* 1997 WL 362229 (SDNY 1997) (tax returns not ordered to be produced as "there is no suggestion that [plaintiff has] attempted to obtain the information through the use

of any other less intrusive discovery device. *Russell,* 764 F.Supp. at 276; *Open Housing,* 1993

U.S. Dist. LEXIS 15927 at *17 (noting general rule that the need to discover tax returns is not

compelling where financial information can be obtained through deposition or other documents

within reach of the party seeking disclosure")); *Trudeau v. New York State Consumer Protection

Bd.,* 237 F.R.D. 325 (N.D.N.Y. 2006) ("Garnering this financial information by a deposition  is

one alternative source). *Id.* (citing, *inter alia, Hazeldine v. Beverage Media,* 1997 WL 362229, at

*4). Another approach would have the "party disclose relevant financial information by providing

an affidavit of net worth, wealth, and income." *Melendez v. Primavera Meats, Inc.,* 270 F.R.D.

143 (EDNY  2010). *See Michelman v. Ricoh Americas Corp.,* No. 11 CV 3633, 2013 WL 664893,

at *2 (E.D.N.Y. Feb. 22, 2013) (finding courts "reluctant" to order discovery of tax returns); *GMA

Accessories, Inc. v. Electric Wonderland, Inc.,* No. 07 Civ. 3219, 2012 WL 1933558, at *8

(S.D.N.Y. May 22, 2012); *Chen v. Republic Restaurant Corp.,* No. 07 Civ. 3307, 2008 WL

793686, at *2 (S.D.N.Y. March 26, 2008) (same); *Carmody v. Village of Rockville Centre,* No.

05 CV 4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (same); *Rahman v. Smith &

Wollensky Restaurant Group, Inc.,* No. 06 Civ. 6198, 2007 WL 1521117, at *7 (S.D.N.Y. May

24, 2007) (same); *SEC v. Militano,* No. 89 Civ. 572, 1991 WL 270449, at *3 (S.D.N.Y. Dec. 12,

1991) (finding courts "cautious" in ordering production). This caution is based on both "the

private nature of the sensitive information" and "the public interest in encouraging filing by

taxpayers of complete and accurate returns." *Smith v. Bader,* 83 F.R.D. 437,

438 (S.D.N.Y.1979); *accord Fierro v. Gallucci,* No. 06 CV 5189, 2009 WL 606191, at

*1 (E.D.N.Y. March 9, 2009); *Chen,* 2008 WL 793686, at *2; *Ellis v. City of New York,* 243

F.R.D. 109, 111 (S.D.N.Y.2007); *Rahman,* 2007 WL 1521117, at *7; *Carmody,* 2007 WL

2042807, at *2. Accordingly, in order to reconcile these concerns with liberal pretrial discovery,

courts have developed a two-prong test: tax returns may be ordered disclosed where (1) they are

relevant to the subject matter of the action, and (2) there is a compelling need for their disclosure

because the information is not otherwise readily obtainable. *Trilegiant Corp. v. Sitel Corp.,* 272 F.R.D. 360, 368 (S.D.N.Y.2010); *Fierro,* 2009 WL 606191, at *1; *Chen,* 2008 WL 793686, at *2; *Rahman,* 2007 WL 1521117, at *7.

There must be a "compelling need" and a showing that the information is not otherwise obtainable. *Chen v. Republic Rest. Corp.*, No. 07-CV-3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008); *accord State Farm Mut. Auto. Ins. Co. v. Khait*, No. 21-CV-6690, 2023 WL 6541583, at *2 (E.D.N.Y. Sept. 26, 2023)

(applying same standard)

Therefore, we maintain the same objections.

**For request no. 6 8, you will confirm with Mr. Moshe that the responsive documents produced to date identify all persons who have or have had any ownership, membership, investment. or other financial interest in any Moshe entity.**

**RESPONSE to No. 8:** I have confirmed that  responsive documents do identify the owners of Ovada Inc. and Pro Trade Systems, Inc. which are 100% owned by Vlad Moshe. There are no other owners and have not been. MiiSupply LLC is 99% owned by Vlad Moshe and 1% owned by his mother.

**Demand No. 2.**        **Any Payment any Moshe entity made to or received from any Defendant or any Defendant owned entity**

**Response No. 2.**        See objections above.   These document requests are unduly burdensome and overly broad. The documents are already, to the extent they exist, in Defendant and Defendant owned companies possession which Plaintiff undoubtedly sought in discovery. Moreover, as a nonparty, it is unreasonable to expect Respondent to produce all documents related to dozens of potential companies for Plaintiff to go on a fishing expedition because it thinks something found might be relevant.

As for defendants as defined in Definitions 4.:

There are no responsive documents between Respondent and his entities and a, b, c,  e, f, g, h, I, k, l, m, n, q, u, v, w.

d. Yan Moshe is his brother. There are no payments between them relevant to this lawsuit. Same with o. Regina Moshe, his sister.  For p, q, r, s, t, Respondent provided services for collections, scanning files, appeals, EMR Services, drop box services of files and other related services which led to payments. Five years of documents responsive to this are not relevant, unduly burdensome and overly oppressive to search for and to produce. A representative sample can be produced for each entity.

Defendant owned entities as defined in the subpoena, Definition 5:  Moshe and his entities had no dealings at all with companies a, d, e, f, g, h, I, j, k, o, p, and r through bbb and therefore no documents responsive to this demand exist. b-Five Star Services, Inc. was used for data entry in the health field. Moshe believes he may have through Ovada used c. All Star Services Inc. to outsource some of its services but is not sure. A document search has revealed  no responsive documents L. Rego Park Seniors Club, LLC is an event hosting and restaurant.  Moshe is a partner in m, n, and q, which are real estate companies and again, the demand is overly broad, unduly burdensome and not relevant.

**Demand No. 3.        Documents and communications reflecting any good or service any Moshe entity provided to or arranged to be performed for any Defendant or Defendant owned entity, including but not limited to information technology or consulting.**

**RESPONSE:**

See objections above.  These document requests are unduly burdensome and overly broad. The documents are already, to the extent they exist, in Defendant and Defendant owned companies possession which Plaintiff undoubtedly sought in discovery. Moreover, as a nonparty, it is unreasonable to expect Respondent to produce all documents related to dozens of potential companies for Plaintiff to go on a fishing expedition because it thinks something found might be relevant.

As for defendants as defined in Definitions 4.:

There are no responsive documents between Respondent and his entities and a, b, c,  e, f, g, h, I, k, l, m, n, q, u, v, w.

 d. Yan Moshe is his brother and responsive documents would produce many irrelevant documents and would be unduly burdensome to collect. Same with o. Regina Moshe, his sister.  For p, q, r, s, t, Respondent provided services for collections, scanning files, appeals, EMR Services, drop box services of files and other related services which led to payments. Five years of documents responsive to this are not relevant, unduly burdensome and overly oppressive to search for and to produce. A representative sample can be produced for each entity.

Defendant owned entities as defined in the subpoena, Definition 5:  Moshe and his entities had no dealings at all with companies a, d, e, f, g, h, I, j, k, o, p, and r through bbb and therefore no documents responsive to this demand exist.

b-Five Star Services, Inc. was used for data entry in the health field and are not relevant to this lawsuit and would be unduly burdensome to collect. . Moshe believes he may have through Ovada used c. All Star Services Inc. to outsource some of its services but is not sure and cannot find any responsive documents . These documents in any event are not relevant to this lawsuit and would be unduly burdensome to collect.  L. Rego Park Seniors Club, LLC is an event hosting and restaurant. These documents in any event are not relevant to this lawsuit.

  Moshe is a partner in m, n, and q, which are real estate companies.   These documents in any event are not relevant to this lawsuit and would be unduly burdensome to collect.

**Demand No. 4.**      **Documents and Communications reflecting any good or service You or any Moshe entity rendered to or received from any of the following entities:**

        **a)**      **Deline Medin. LLC**

        **b)**      **The Resource Desk**

**c)**     **Nxenter LLCC (d/b/a HTML Pro)**

**d)**     **Green Bird Technologies. LLC**

**e)**     **Taurus Systems LLC**

**f)**     **Greenbills LLC**

**g)**     **Greenbills Exchange Inc.**

**h)**     **GoGreenbills.Com. Inc.**

**i)**     **Expedited Services LI .C**

**j)**     **Design Studio Romani Inc**

**k)**     **Dikamusa Holding LLC**

**l)**     **Milano Realty Group LLC**

**m)**     **First Databank. Inc.**

**n)**     **Surescripts LLC**

**Response No 4.**     Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided.  Notwithstanding said objections:

Deline Medin. LLC-Provides health care IT Services

The Resource Desk-Ovata paid for outsourcing overseas services

Nxenter LLCC (d/b/a HTML Pro)-Used to provide overseas product to Ovada.

Green Bird Technologies. LLC Used to provide overseas product to Ovada.

Taurus Systems LLC Used to provide overseas product to Ovada.

Greenbills LLC-Provides MiSupply software for its DME company

Greenbills Exchange Inc.-Respondent and his entities are not  familiar with this company.

GoGreenbills.Com. Inc. -Respondent and his entities are not  familiar with this company.

Expedited Services LLC - Respondent and his entities are not  familiar with this company.

Design Studio Romani Inc - Respondent and his entities are not  familiar with this company.

Dikamusa Holding LLC-This is a real estate company providing office space for all three companies.

Milano Realty Group LLC-- Respondent and his entities are not sure what this company is.

First Databank. Inc.-Provides prescription database to Ovada.

Surescripts LLC-an EHR company used by Ovada

**Demand No. 5.** **Documents and communications reflecting any good or service You or any Moshe entity rendered to or received from any of the following entities:**

      a)    **Bibimed Inc.-DE**

      b)    **Gevorina Inc.**

      c)    **Theralogics Inc.**

      d)    **Cool Med Supply Inc.**

      e)    **RGN Group Inc.**

**Response No 5.** Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided.

Bibimed Inc. DME Company Pro-Trade sells product to.

Gevorina Inc. DME Company Pro-Trade sells product to.

Theralogics Inc. DME Company Pro-Trade sells product to.

Cool Med Supply Inc. DME Company Pro-Trade sells product to.

RGN Group Inc. DME Company Pro-Trade sells product to.

As a non party, it would be unduly burdensome, overly broad and unduly oppressive to search and produce the many documents that exist for routine transactions for companies that are not even a party to the lawsuit. It's a fishing expedition.

**Demand No. 9.** **Communications between or among You or any Moshe entity and any Defendant or any Defendant-owned entity reflecting or relating to the following:**

      a)    **any agreement:**

      b)    **any good or service any Moshe entity provided to or arranged to be performed**

c)    **any of the following entities:**

a.  **Deline Medin, LLC**

b.  **The Resource Desk**

c.  **Nxenter LLCC (d/b/a HTML Pro)**

d.  **Green Bird Technologies. LLC**

e.  **Taurus Systems LLC**

f.  **Greenbills LLC**

g.  **Greenbills Exchange Inc.**

h.  **GoGreenbills.Com. Inc.**

i.  **Expedited Services LI .C**

j.  **Bibimed Inc.**

k.  **Gevorina Inc.**

l.  **Theralogics Inc.**

m.  **Cool Med Supply Inc.**

n.  **RGN Group Inc.**

o.  **Dikamusa Holding LLC**

p.  **Milano Realty Group LLC**

q.  **Design Studio Romani Inc**

r.  **First Databank. Inc.**

s.  **Surescripts LLC**

**Response No. 9.**  Objection as this is overly broad and unduly burdensome to search for and find all communicates.  Vlad Moshe has no written communications with either of his siblings regarding (a), (b), or (c). There are no communications related to any agreements as they do not exist. Objection as overly broad and unduly burdensome to produce every communication related to all goods and services provided as demanded in (b). At the very least, this demand should be narrowed in scope and time.

Deline Medin. LLC-Provides health care IT Services

The Resource Desk-Ovata paid for outsourcing overseas services

Nxenter LLCC (d/b/a HTML Pro)-Used to provide overseas product to Ovada.

Green Bird Technologies. LLC Used to provide overseas product to Ovada.

Taurus Systems LLC Used to provide overseas product to Ovada.

Greenbills LLC-Provides MiSupply software for its DME company

Greenbills Exchange Inc.-Respondent and his entities are not  familiar with this company.

GoGreenbills.Com. Inc. -Respondent and his entities are not  familiar with this company.

Expedited Services LLC - Respondent and his entities are not  familiar with this company.

Bibimed Inc. DME Company Pro-Trade sells product to.

Gevorina Inc. DME Company Pro-Trade sells product to.

Theralogics Inc. DME Company Pro-Trade sells product to.

Cool Med Supply Inc. DME Company Pro-Trade sells product to.

RGN Group Inc. DME Company Pro-Trade sells product to.

Dikamusa Holding LLC-This is a real estate company providing office space for all three companies.

Milano Realty Group LLC-- Respondent and his entities are not sure what this company is.

Design Studio Romani Inc - Respondent and his entities are not  familiar with this company.

First Databank. Inc.-Provides prescription database to Ovada.

Surescripts LLC-an EHR company used by Ovada

As a non party, it would be unduly burdensome, overly broad and unduly oppressive to search and produce the many documents that exist for routine transactions with companies that are not even a party to the lawsuit. It's a fishing expedition.

**PLEASE TAKE NOTICE** that VLAD MOSHE reserves the right to supplement and/or amend this response up to the time of trial.

Dated: Garden City, NY
February 26, 2025

SCHWARTZ, CONROY & HACK, PC
*Attorneys for VLAD MOSHE*

By:     _Matthew J. Conroy_
Matthew J. Conroy
666 Old Country Road, 9th Floor
Garden City, New York 11530
(516) 745-1122

TO:

KATTEN MUCHIN ROSENMAN LLP
VIA E-mail