# *Exhibit 11*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-CV-05523(MKB)(PL) |
| -against- | ) ) | |
| METRO PAIN SPECIALISTS P.C. et al., | ) ) ) | **NON-PARTY MICHAEL F & CO. INC.'S RESPONSE TO PLAINTIFF'S SUBPOENA** |
| Defendants, | ) | |

------------------------------------------------------------

MICHAEL F & CO. INC., ("**MF**") through its counsel, Rosenberg Fortuna & Laitman, LLP, hereby responds to Plaintiff's "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (the "**Subpoena**") dated May 6, 2024 as follows:

## General Objections

1.    MF objects to the Subpoena to the extent that it seek information already in Plaintiff's possession

2.    MF objections to the Subpoena to the extent it seeks information not in the possession, custody or control of MF.

3.    MF objects to the Subpoena to the extent it seeks information not reasonably calculated to lead to the discovery admissible evidence.

4.    MF objects to the Subpoena to the extent it seeks privileged information subject to the attorney-client privilege, the work product doctrine or any other privilege that may be asserted by MF.

5.    MF objects to the Subpoena to the extent that it seeks information that may constitute a trade trade secret or is of a confidential or proprietary nature.

6.    MF objects to the Subpoena to the extent that is vague, overly broad, unduly burdensome and not appropriately tailored to lead to the discovery of admissible evidence.

7.    MF objects to the Subpoena to the extent that seeks information within multiple requests which is redundant or duplicative.

8.    MF objects to the Subpoena to the extent that it seeks to impose duties upon MF in excess of those required by the Federal Rules of Civil Procedure and other applicable laws.

9.    MF reserves the right to supplement and/or amend these responses.

## Document Requests

1.  Any agreement between or among You and any Defendant or any Defendant-Owned Entity.

1

**Response:    A letter memorializing a personal loan made by Yan Moshe to MF dated December 14, 2023 was produced by Michael Fuzaylov, President of MF to Plaintiff's counsel, Christopher Cook, Esq. on June 10, 2024.  A copy of the letter is not being reproduced simultaneously herein.  A copy of MF's bank statement memorializing repayment of said loan is annexed hereto as <u>Exhibit "A"</u>.**

2. Any Payments You made to or received from any Defendant or any Defendant-Owned Entity.

**Response:    Portions of MF's bank statements memorializing wire transactions between MF and Defendants is annexed hereto as <u>Exhibit "B"</u>.  Additionally, Documents which otherwise may be responsive to this request in MF's possession all fall within the purview of MF's response to Plaintiff's demands numbered "1" and "3" and therefore Plaintiff is respectful directed to MF's answer to those demands with respect to its demand herein.**

3. Documents relating to any goods or services provided to or received from any Defendant or any Defendant-Owned Entity, including but not limited to documents reflecting a purchase or sale transaction, appraisals, invoices, purchase orders, letters or authenticity, jewelry certifications, delivery confirmations, and/or receipts.

**Response:    Twenty-Five invoices memorializing purchases from Defendants Vadim Dolsky, Yan Moshe, and Rob Alon were provided to Plaintiff via email from Michael Fuzaylov, President of MF on May 28, 2024 to Plaintiff's counsel, Christopher Cook, Esq..  The invoices are not being reproduced simultaneously with the production of this response.  Nine checks corresponding to the outstanding invoices were provided to Plaintiff via email from Michael Fuzaylov, President of MF on June 10, 2024 to Plaintiff's counsel, Christopher Cook, Esq..  The checks are not being reproduced simultaneously with the production of this response.  Shipping information concerning Twenty-Three invoices produced by MF along with the respective invoices are annexed hereto as <u>Exhibit "C"</u>.**

4. Documents identifying all of Your owners, members, managers, and investors, including but not limited to operating agreements, shareholder agreements, stock ledgers, stock certificates, resolutions, minutes, by-laws, and letters of resignation.

**Response:    MF not in possession of any documents responsive to this request.  Michael Fuzaylov, is the sole shareholder of MF.**

5. Communications reflecting or relating to:

   a. any agreement between or among You and any Defendant or any Defendant-Owned Entity;

   b. any payment to or from any Defendant or any Defendant-Owned Entity; and

   c. any good or service You provided to or received from any Defendant or any Defendant-Owned Entity, including but not limited to purchase or sales

2

transactions, appraisals, invoices, purchase orders, letters or authenticity, jewelry certifications, delivery confirmations, and/or receipts.

**Response:     Any and all communications responsive to Plaintiff's demand in MF's possession or control have been provided as attachments to emails sent by MF's principal, Michael Fuzaylov to Plaintiff's counsel, Christopher Cook, esq. dated June 10, 2024 and will not be reproduced herein.  Additionally, MF is not in possession or control of the emails annexed to Plaintiff's counsel's correspondence dated May 30, 2024 as Exhibit "1" over and above the emails previously provided.**

Dated: July 23, 2024

ROSENBERG FORTUNA
& LAITMAN, LLP

By:     *Lee E. Riger*

Lee E. Riger
*Attorneys for Michael F & Co. Inc.*
666 Old Country Road, Suite 810
Garden City, NY 11530
(516) 228-6666
lee@rosenbergfortuna.com

3