*Exhibit 22*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Ins. Co., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:21-cv-05523 (MKB)(PK) |
| | ) | |
| Metro Pain Specialists P.C. et al., | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Brijesh V. Reddy, M.D.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: **Katten Muchin Rosenman LLP**<br> **c/o Christopher Cook, Esq.**<br> **50 Rockefeller Plaza, New York, NY 10020-1605** | Date and Time:<br><br> **Within fourteen (14) days of service.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   7/9/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Ins. Co., et al. _____ , who issues or requests this subpoena, are:

Christopher Cook, 50 Rockefeller Plaza New York, NY 10020, christopher.cook@katten.com, 212-940-6488-940-6488

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:21-cv-05523 (MKB)(PK)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER
### Brijesh V. Reddy, M.D.

Definitions

1. "You" and "Your" mean Brijesh V. Reddy, M.D.

2. "Citimedical" means Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services
   P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.

3. "Communication" has the meaning assigned under Local Civil Rule 26.3 of the Local
   Rules of the U.S. District Courts for the Southern and Eastern Districts of New York (the
   Local Civil Rules").

4. "Document" and "Documents" has the meaning assigned under Federal Rule of Civil
   Procedure 34(a)(1)(a) and Local Civil Rule 26.3.

Instructions

1. Unless otherwise indicated, the Documents requested include all Documents in Your
   possession, custody, or control.  A Document is in Your possession, custody, or control if
   You have actual possession or custody or the right to obtain the Document or a copy thereof
   upon demand from one or more of Your advisors, investigators, employees,
   representatives, agents, independent contractors, consultants, accountants, attorneys,
   affiliates, management companies, any other person directly or indirectly employed by, or
   connected with, You or Your attorneys, or any other person or public or private entity that
   has actual physical possession thereof.

2. If no Documents responsive to a particular request exist, or if such Documents exist but
   are not in Your possession, custody, or control, then Your response to that request shall so
   state.

3. To the extent electronic Documents responsive to the requests set forth below are in your
   possession, custody, or control, any such Documents attached to each other shall not be
   separated and parent-child relationships should be preserved at all times.

4. The singular includes the plural and vice versa, except as the context may otherwise
   require; reference to any gender includes the other gender; the words "and" and "or" shall
   be construed as either conjunctive or disjunctive in such manner as will broaden as widely
   as possible the scope of any request; the word "all" means "any and all"; the word "any"
   means "any and all"; the word "including" means "including but not limited to."

5. If an objection is made to any request, the objection should specifically state all grounds
   for the objection and whether responsive information, Documents, or things are being
   withheld on the basis of the asserted objection.  If You object to the scope or breadth of
   any of these requests, or if You object only in part to any of these requests, You are

required, to the extent possible, to respond to the other part(s) of these requests notwithstanding Your objection.

6. If You withhold any Document or Communication requested herein on the basis of any privilege or other immunity from discovery, You shall produce a privilege log containing the information identified in Local Civil Rules 26.2(a)(1)-(2)(A).

7. Unless otherwise specified, the time period applicable to these Requests is January 1, 2016 to March 30, 2021.

Document Requests

1. Documents and Communications relating to Citimedical, Hudson Regional Hospital (a/k/a NJMHMC LLC), Columbus Imaging Center LLC, or Medaid Radiology LLC, including but not limited to Documents and Communications with or relating to the below individuals and entities:

   a. Alkies Lapas, including but not limited to the email accounts alkieslapas@gmail.com and drlapas@contemporarydiagnostic.com;

   b. Contemporary Diagnostic Imaging LLC and its employees, including but not limited to the email accounts mary@contemporarydiagnostic.com, mary.zygakis@gmail.com, info@contemporarydiagnostic.com, yianni@contemporarydiagnostic.com, and gus@contemporarydiagnostic.com;

   c. Yan Moshe, including but not limited to the email accounts yanmoshe@yahoo.com, ym@hudsonregionalhospital.com, and yanmoshe@hudsonregionalhospital.com;

   d. Citimedical, including but not limited to the email accounts rmoshe@citimedny.com, irinamriq@citimedny.com, tatyanar@citimedny.com, and citimedreports@gmail.com;

   e. Regina Moshe;

   f. Reuven Alon, including but not limited to the email account rob7188090097@yahoo.com;

   g. Nizar Kifaieh, including but not limited to the email accounts nkifaieh@hudsonregionalhospital.com and kifaieh@gmail.com; and

   h. Priyesh Patel.

2

2.  Communications identified on Exhibit B to the First Amended Complaint filed in the matter of *Brijesh V. Reddy, M.D. v. Contemporary Diagnostic Imaging LLC, et al.*, HUD-L-001256-21 (N.J. Super. Ct. Nov. 30, 2021).

3.  Documents and Communications reflecting the last known address and contact information for Priyesh Patel, including but not limited to home address, phone number, and email.

## <u>CERTIFICATE OF AUTHENTICITY</u>

I, _____ , am employed by
                                    (name)

_____ Brijesh V. Reddy, M.D. _____ ,
                                    (name of entity)

My official title is _____ ,

I certify that I am the custodian of the records produced pursuant to the attached subpoena or I am otherwise authorized to certify the authenticity of these records;

I further certify that each of the records attached hereto is the original or duplicate of the

original records in the custody of _____ ,
                                                        (name of entity)

I further certify that:

A)    such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

B)    such records were kept in the course of a regularly conducted business activity;

C)    the business activity made such records as a regular practice;

D)    if such records are not the original, such records are duplicates of the original.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on this _____ day of _____ , _____ .
                          (day)                  (month)        (year)

at _____ , _____ ,
              (city)                              (state)