*Exhibit 41*



February 24, 2023

**VIA UPS NEXT DAY**
**VIA E-MAIL**

Katten Muchin Rosenman LLP
Christopher Cook, Esq.
50 Rockefeller Plaza
New York, NY  10020

RE:     PB Subpoena
        METRO PAIN SPECIALISTS P.C. ET AL.
        Docket # 1:21-cv-05523 (MBK)(PK)
        Our Case # S20230215-000012-JH

Dear Mr. Cook:

Pursuant to the Federal Rules of Civil Procedure, non-party Popular Bank ("Popular Bank"), by and through its attorney, hereby responds and objects to the Subpoena served on it by Katten Muchin Rosenman LLP (the "Subpoena"), as set forth below.

Popular Bank hereby presents and preserves the following objections to the Subpoena.

**REQUEST NO. 01:** Communications between Popular Bank and any Borrower or Guarantor relating to any Loan, including but not limited to Communications containing or about the following:

    a. the application for any Loan;
    b. the inspection or valuation of any mortgaged property;
    c. rent rolls and/or lease agreements relating to the use of space at any mortgaged property, including any permitted lease and/or sublease;
    d. security or collateral for any Loan, including any estimation, valuation, or analyses relating to such security or collateral;
    e. the estimation, valuation, or analyses of any carry obligations relating to mortgaged properties;
    f. the estimation, valuation, or analyses of any other debts, liens, encumbrances, or other obligations of any Borrower or Guarantor;
    g. any guaranty agreement;
    h. Documents supporting the value of any asset serving as security or collateral for any Loan;
    i. the estimation, valuation, or analyses of any asset serving as security or collateral for any Loan;
    j. the estimation, valuation, or analyses of any asset proposed or considered as security or collateral for any Loan;
    k. the execution of Documents relating to any Loan;
    l. the closing or funding for any Loan;
    m. the repayment history for any Loan (collectively, "Request No.1").

**OBJECTIONS**

1.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they impose obligations beyond those set forth in the FRCP and/or local rules.

2.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they impose an undue burden or expense on a non-party that requires non-party to identify, gather, review, and produce voluminous records and ESI.

RE: PB Subpoena
  METRO PAIN SPECIALISTS P.C. ET AL.
  Docket # 1:21-cv-05523 (MBK)(PK)
  Our Case # S20230215-000012-JH
  Page 2 of 3

3.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, that they are vague, ambiguous, overly broad, not relevant or proportional to the needs of the litigation, and seeks to impose an undue burden on Popular Bank, a non-party to the action.

4.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent they seek information not within Popular Bank's possession, custody, or control.

5.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they seek information that is publicly available, obtainable from some other source that is more convenient, less burdensome or less expensive, or obtainable to a party to the above-captioned action.

6.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they request information that is unreasonably cumulative or duplicative.

7.      Popular Bank objects to the Subpoena to the extent it provides insufficient time for compliance.

8.      Popular Bank objects the Subpoena and Request No.1 because, and to the extent that they seek information that is private, proprietary, commercially-sensitive, confidential, highly-confidential and/or documents or other materials subject to claims of attorney-client privilege, work-product protection, or any other applicable privilege, doctrine, or protection (collectively "Confidential and/or Privileged Material"). Any disclosure of Confidential and/or Privileged Material shall be deemed inadvertent and is not intended to waive those privileges or protections.

9.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they purport to obligate Popular Bank to produce information from sources that are not reasonably accessible because of undue burden or cost.

10.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they require production of documents concerning events outside the relevant timeframe of the above-captioned action.

11.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they require disclosure of information protected from public disclosure by law, trade secrets, or other confidential, proprietary or commercially sensitive information. Popular Bank's production of such information, if any, will be subject to the entry of an appropriate protective order.

12.      Popular Bank objects to the Subpoena and Request No.1 because, and to the extent, they require Popular Bank to produce documents or information covered by confidentiality agreements or implicates privacy interests of others.

13.      Popular Bank reserves the right to seek reimbursement for any and all costs incurred in responding to the Subpoena.

14.      Popular Bank's failure to object on a particular ground or grounds shall not be construed as a waiver of its rights to object on those or any additional ground(s).

15.      Popular Bank reserves the right to supplement or amend these responses and objections.

RE: PB Subpoena
  METRO PAIN SPECIALISTS P.C. ET AL.
  Docket # 1:21-cv-05523 (MBK)(PK)
  Our Case # S20230215-000012-JH
  Page 3 of 3


Sincerely,

*Yulia M. Fradkin*

Yulia. M. Fradkin
Vice President and Legal Counsel
Popular Bank
Phone: 212-445-1997
yfradkin@popular.com