*Exhibit 45*



**Katten**

KattenMuchinRosenman LLP

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**312.902.5200 tel**
**www.katten.com**

**CHRISTOPHER T. COOK**
christopher.cook@katten.com
212.940.6488 direct

December 22, 2023

**Five Star Services, Inc.**
954 Ave Ponce De Leon
Ste. 208
San Juan, PR 00907-3649

Re:    *State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company v. Metro Pain Specialists P.C. et al., Case No. 21-cv-05523-MKB-PK*

To Whom It May Concern:

Enclosed is a subpoena requesting the production of documents related to the above-referenced lawsuit, which is currently pending in the United States District Court for the Eastern District of New York before the Honorable Margo K. Brodie.

The subpoena requires Five Star Services, Inc. to produce responsive documents within 14 days of service.

State Farm will reimburse you for any reasonable copying and/or shipping costs related to the document production. Please contact Stephen DeYoung at 312-577-8348 prior to copying documents if you would like to be reimbursed. Finally, I also have attached a Certificate of Authenticity. Please fill out and sign the Certificate and include it with your document production.

If you have any questions regarding the subpoena, please contact me directly at 212-940-6488 or via email at christopher.cook@katten.com. Thank you for your cooperation.

Sincerely,

*/s/ Christopher T. Cook*

Christopher T. Cook
Enclosures

AUSTIN    CENTURY CITY    CHARLOTTE    CHICAGO    HOUSTON    IRVING    LOS ANGELES
NEW YORK    ORANGE COUNTY    SAN FRANCISCO BAY AREA    SHANGHAI    WASHINGTON, DC
LONDON: KATTEN MUCHIN ROSENMAN UK LLP
A limited liability partnership including professional corporations

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| State Farm Mutual Automobile Ins. Co., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:21-cv-05523 (MKB)(PK) |
| | ) |
| Metro Pain Specialists P.C. et al., | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Five Star Services, Inc., 954 Ave Ponce De Leon, Ste. 208, San Juan, PR 00907-3649

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: **Katten Muchin Rosenman LLP** | Date and Time: |
|---|---|
| **c/o Christopher Cook, Esq.** | |
| **50 Rockefeller Plaza, New York, NY 10020-1605** | **Within fourteen (14) days of service.** |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/22/23

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

 The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Ins. Co., et al _____ , who issues or requests this subpoena, are:
Christopher Cook, 50 Rockefeller Plaza New York, NY 10020, christopher.cook@katten.com, 212-940-6488

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-05523 (MKB)(PK)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA RIDER
### Five Star Services Inc.

Definitions

1. "You" and "Your" mean Five Star Services Inc, including any of its owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, or any other person or entity acting on its behalf.

2. "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

3. "Defendant" and "Defendants" mean any defendant named in the Second Amended Complaint filed in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.).

4. "Document" and "Documents" have the broadest meaning possible consistent with the applicable Federal Rules of Civil Procedure and Local Rules for the Eastern District of New York, and mean all tangible things, including every original and every non-original, non-conforming and non-identical copy (whether by reason of subsequent modification, notations, deletions or otherwise), of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, or electronic means.

5. "Funding" means any loan, mortgage, financing, line of credit, advance, factoring, or other lending activities, including but not limited to the purchase of accounts receivable.

6. "Marketing" means any marketing, promoting, or advertising services.

7. "Medical Service" means any examinations, treatment, imaging, radiological services, testing, orthotic devices, durable medical equipment, prescription medication, pain management and orthopedic procedures, and related services.

8. "Patient" means any individual to whom any Defendant provided a Medical Service.

9. "Payment" and "Payments" mean any transfer of money or anything of value.

10. The words "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

Instructions

1. Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof

upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by, or connected with, You or Your attorneys, or any other person or public or private entity that has actual physical possession thereof.

2.   File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3.   To the extent electronic Documents responsive to the requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not be separated and parent-child relationships should be preserved at all times.

4.   The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any request; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to."

5.   If an objection is made to any request, the objection should specifically state all grounds for the objection and whether responsive information, Documents, or things are being withheld on the basis of the asserted objection.  If You object to the scope or breadth of any of these requests, or if You object only in part to any of these requests, You are required, to the extent possible, to respond to the other part(s) of these requests notwithstanding Your objection.

6.   If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (a) the author of the Document; (b) the recipient(s) of the Document; (c) the date on which the Document was created or sent; (d) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (e) the basis upon which the information is being withheld; and (f) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

7.   If a responsive Document does not relate to a claim involving State Farm Mutual or State Farm Fire, you may redact any patient identifying information.

8.   Unless otherwise specified, the time period applicable to these Requests is January 1, 2018 through the present.

9.   If no Documents responsive to a particular request exist, or if such Documents exist but are not in Your possession, custody, or control, then Your response to that request shall so state.

Document Requests

1.   Documents sufficient to identify any entity to which You have rendered any business service.

2

2. Any agreement between or among You and any Defendant or any entity owned by a Defendant.

3. Any Payments You made to or received from any Defendant or any entity owned by a Defendant.

4. Any agreement relating to Your use of space, staff, personnel, and/or equipment.

5. Documents reflecting any Payment for Your use of space, staff, personnel, and/or equipment, including any invoices or receipts.

6. Documents sufficient to identify the name, title, and compensation of Your employees and independent contractors.

7. Documents sufficient to identify Your domestic and foreign banking, investment, and other financial accounts, including the institution holding the account and account number.

8. Documents relating to any Payment made to or received from any entity owned by Natasha Sola, such as Bold Management LLC and Creative Ventures LLC, including but not limited to proof of services rendered in exchange for those Payments.

9. Documents reflecting services rendered in exchange for any Payment made to or received from any of the following Defendants or any entity owned by them:

   a) Yan Moshe
   b) Reuven Alon
   c) Leonid Shapiro
   d) Regina Moshe
   e) Vadim Dolsky

10. Documents sufficient to identify the recipient of any Payment You made through Bill.com, including but not limited to proof of services rendered in exchange for those Payments.

11. Documents reflecting (a) Communications with; (b) Payments to or from; (c) Documents supporting those Payments; or (d) agreements with any of the following:

   a) Marina Katayeva
   b) MK Supply
   c) Michelle Simon
   d) Jaime Martinez
   e) Bibisharin Davydova
   f) Bibimed Inc.
   g) Sona Gevorgyan
   h) Gevorina Inc.
   i) Shmuel Baturov
   j) RGN Group Inc.
   k) Vlad Moshe
   l) MiiSupply LLC

12. Documents reflecting any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) services provided to You, excluding any privileged material, from the following law firms:

    a) Law Offices of Gabriel & Shapiro LLC
    b) Baker Law Offices P.C.
    c) Russell Friedman Law Group

13. Documents relating to any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) Funding from NY / NJ Receivable Recovery Inc or any other entity owned by Russell Friedman.

14. Documents reflecting any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) services provided to You by the following entities and individuals:

    a) Lightstar Maintenance LLC
    b) Star Light Electric Inc.
    c) Jose Escano
    d) Yenny Escano

15. Documents reflecting any Marketing materials generated or used by or for You to Market Your business, including but not limited to any website.

16. Documents identifying any person who has or has had any ownership, membership, investment, or other financial interest in You, including Documents reflecting the transfer of any interest in You.

17. Any operating agreements, membership or shareholder agreements, stock ledgers, stock certificates, resolutions, minutes, by-laws, letters of resignation, dissolution records, or Schedule K-1s.

18. Records reflecting Payments made to Your employees, independent contractors, and owners, such as payroll records.

19. Your federal and state tax returns, including any Form 1099s and W-2s issued or received by You.

20. Documents identifying Your revenue and expenses, including but not limited to Your general ledgers.

21. Documents relating to any criminal, disciplinary, civil, or licensure investigation involving You or any Defendant at any time.

22. Communications reflecting or relating to:

    a) any agreement between or among You and any Defendant or any entity owned by a Defendant;

4

b) any Payment to or from any Defendant or any entity owned by a Defendant;

c) the pledging, assignment, or use of Your assets as security or collateral for any Funding;

d) any forged or unauthorized checks or Payments issued from Your accounts;

e) Funding;

f) any solicitation or referral of any Patient;

g) any drug testing provider(s) or laboratories;

h) Beshert Corp. or the Beshert Network;

i) any service You provided to any Defendant or any entity owned by a Defendant;

j) any violation of public health laws or regulations by any Defendant;

k) any criminal, disciplinary, civil, or licensure investigation or proceeding involving You or any Defendant, including Communications with any professional association, law enforcement, or local, state, or federal agency;

l) any assessment or evaluation of the fair market value of any goods or services You provided to or procured from any Defendant or any entity owned by a Defendant; and

m) any of the following persons:

    i. Tatiana Rabinovich
    ii. Roman Yunusov
    iii. Dmitry Ivanovski
    iv. iNJured Magazine LLC
    v. David Shimunov (a/k/a Dimitry Shimanov)
    vi. Arthur Bogoraz
    vii. Bradley Pierre
    viii. Jelani Wray (a/k/a Jay)
    ix. Ana Rivera (a/k/a Melissa)
    x. Anthony Rose, Sr. (a/k/a Todd Chambers)
    xi. Anthony Rose, Jr.
    xii. Nathaniel Coles
    xiii. Peter Khaim
    xiv. Roman Israilov
    xv. Aleksandr Gulkarov
    xvi. Anthony DiPietro

5

## <u>CERTIFICATE OF AUTHENTICITY</u>

I, _____ , am employed by
(name)

_____ Five Star Services, Inc. _____ ,
(name of entity)

My official title is _____ ,

I certify that I am the custodian of the records produced pursuant to the attached subpoena or I am otherwise authorized to certify the authenticity of these records;

I further certify that each of the records attached hereto is the original or duplicate of the

original records in the custody of _____ ,
(name of entity)

I further certify that:

A)   such records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

B)   such records were kept in the course of a regularly conducted business activity;

C)   the business activity made such records as a regular practice;

D)   if such records are not the original, such records are duplicates of the original.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Signature

Executed on this _____ day of _____ , _____ .
(day)                              (month)              (year)

at _____ , _____ ,
(city)                                      (state)