*Exhibit 46*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company,<br><br>Plaintiffs,<br><br>v.<br><br>Metro Pain Specialists, P.C. et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:21-cv-05523-MKB-PK<br><br>Hon. Margo K. Brodie<br><br>Magistrate Peggy Kuo |

## FIVE STAR SERVICES INC's SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA

Non Party, Five Star Services Inc ("Five Star"), by their attorneys, Capetola & Divins, P.C., hereby provide the following supplemental responses (the "Responses") to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated December 22, 2023 served in the above-captioned action as follows:

## PRELIMINARY STATEMENT

1.     The Responses made herein are based on Five Star's search and review to date of those sources within their control and reasonably accessible where they reasonably believe responsive information may exist.

2.     Five Star reserves the right to object to the use, competency, relevancy, materiality, or admissibility of any of these Responses at trial or any other proceedings as Plaintiffs deem necessary and appropriate.

3.     Consistent with the Applicable Rules, Five Star intends to withhold responsive

1

information protected from disclosure pursuant to the attorney-client privilege, work product doctrine, critical self-analysis privilege, the consulting expert privilege, third-party confidentiality agreements or protective orders, or any other applicable privilege, rule, or doctrine. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), in the event Five Star supplies information that is privileged, its disclosure is inadvertent and does not constitute waiver of any privilege.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Five Star objects to "Definitions" and "Instructions" as overly broad and not proportional to the needs of this case to the extent they require Five Star to assume a continuing responsibility to update these Responses beyond the requirements of the Applicable Rules or to furnish any information subject to the attorney-client privilege, work product doctrine, consulting-expert privilege, or any other applicable privilege, immunity, or protection.

2.    Five Star objects to the definition of the words "Communication" and "Communications" in "Definitions" to the extent Plaintiffs seek disclosure of information subject to discovery under Federal Rule of Civil Procedure 33 that is not reasonably accessible on the grounds such production would require undue burden or expense. Five Star additionally object to this definition to the extent it seeks disclosure of electronically stored information ("ESI") that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as discovery about such things is not proportional to the needs of the case. Five Star also objects to Plaintiffs definition as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include information not created by Five Star or otherwise seek to require Plaintiffs to record and/or provide records and information that are not ordinarily captured, such as tape recordings or telephone calls. Five Star further objects that documents or ESI

2

that were deleted or that no longer exist are not reasonably accessible and discovery of same would require unreasonable and burdensome efforts that would not be proportional to the needs of this action. Fed. R. Civ. P. 26(b). Five Star also objects to the definition of "communication" to the extent Defendants seek discovery regarding instant messages and/or text/SMS messages that are not captured by Five Star in the ordinary course of business because it would be unduly burdensome and not proportional to the needs of the case. Fed. R. Civ. P.26(b).

3.      Five Star objects to the definition of the words "Document" and "Documents" in "Definitions" as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiffs purport to include information not created by Five Star or otherwise seek to require Plaintiffs to provide "every writing or recording of every kind or description", which is unduly vague and burdensome in and of itself. Five Star further objects that documents or ESI that were deleted or that no longer exist are not reasonably accessible and discovery of same would require unreasonable and burdensome efforts that would not be proportional to the needs of this action. Fed. R. Civ. P. 26(b).

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Document Request 1:**

Documents sufficient to identify any entity to which You have rendered any business service.

**Response to Document Request 1:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as vague and ambiguous as the phrase "sufficient to identify" is subject to multiple interpretations. Five Star will construe this Document Request as Plaintiffs seeking a list of entities Five Star has entered into business with. Additionally, Five Star objects to this Document

3

Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Rather, this Document Request appears to seek information for the purpose of harassing and annoying Five Star.

Notwithstanding the above Objections, Five Star will provide documents responsive to this Document Request that list the Defendant's Five Star has rendered business to.

**Supplemental Response to Document Request 1 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for documents that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 2:**

Any agreement between or among You and any Defendant or any entity owned by a Defendant.

**Response to Document Request 2:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as vague and ambiguous as the phrase "any agreement" is subject to multiple interpretations. Five Star will construe this Document Request as Plaintiff seeking any contracts and/or lease agreements between Five Star and any Defendant. Additionally, Five Star objects to this Document Request as ambiguous as

4

it calls for Five Star to speculate if any named Defendant's possibly own an "entity" it has provided services to.  Notwithstanding the above Objections, Five Star will provide information responsive to this Document Request as it pertains to any of the named Defendant's.

**Supplemental Response to Document Request 2 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for agreements that are responsive to Plaintiff's request.  In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 3:**

Any Payments You made to or received from any Defendant or any entity owned by a Defendant.

**Response to Document Request 3:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as vague and ambiguous as it calls for Five Star to speculate if any named Defendant's possibly own an "entity" it has provided services to.  Notwithstanding the above Objections, Five Star will provide information responsive to this Document Request as it pertains to any of the named Defendants.

**Supplemental Response to Document Request 3 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for payments that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 5:**

Documents reflecting any Payment for Your use of space, staff, personnel, and/or equipment, including any invoices or receipts.

**Response to Document Request 5:**

Without waiving Five Star's Objections to Definitions and Instructions set forth above, Five Star does not have documents in its possession that are responsive to this request.

**Supplemental Response to Document Request 5 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for documents that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 6:**

6

Documents sufficient to identify the name, title, and compensation of Your employees and independent contractors.

**Response to Document Request 6:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as vague and ambiguous as the phrase "documents sufficient to identify" is subject to multiple interpretations. Five Star will construe this Document Request as Plaintiff seeking a list identifying its employees and independent contractors. Notwithstanding the aforementioned objections, Five Star will provide a list of its employees and independent contractors, but will not provide a list of employee compensation.

**Supplemental Response to Document Request 6 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for documents that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 8:**

Documents relating to any Payment made to or received from any entity owned by Natasha Sola, such as Bold Management LLC and Creative Ventures LLC, including but not limited to proof of services rendered in exchange for those Payments.

7

**Response to Document Request 8:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Rather, this Document Request appears to seek information for the purpose of harassing and annoying Five Star. Notwithstanding the aforementioned objections, Five Star will produce documents responsive to this request pertaining to any Payment made to or received from any entity owned by Natasha Sola. Five Star will not provide documents relating to "proof of services rendered" as the request is overly broad and not proportional to the needs of this case.

**Supplemental Response to Document Request 8 :**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for documents that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 11:**

Documents reflecting (a) Communications with; (b) Payments to or from; (c) Documents supporting those Payments; or (d) agreements with any of the following:

      a)  Marina Katayeva

8

b) MK Supply
c) Michelle Simon
d) Jaime Martinez
e) Bibisharin Davydova
f) Bibimed Inc.
g) Sona Gevorgyan
h) Gevorina Inc.
i) Shmuel Baturov
j) RGN Group Inc.
k) Vlad Moshe
l) MiiSupply LLC

**Response to Document Request 11:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Without waiving Five Star's Objections to Definitions and Instructions set forth above, Five Star will produce documents responsive to this request pertaining to (a) Communications with; (b) Payments to or from; and (d) agreements with any of the above mentioned. Five Star will not produce "documents supporting those payments" as the phrase calls for speculation on behalf of Five Star as to what documents Plaintiffs are specifically requesting.

**Supplemental Response to Document Request 11 :**

Notwithstanding the Objections to the Definitions and Instructions set forth above, and to the extent the requested (a) Communications with; (b) Payments to or from; (c) Documents supporting those Payments; or (d) agreements with any of the above a-l exist and are in the possession, custody or control of Five Star they will be produced.

**Document Request 13:**

Documents relating to any (a) Communications; (b) Payment to or from; (c)

9

Documents supporting those Payments; (d) agreements; or (e) Funding from NY / NJ Receivable Recovery Inc or any other entity owned by Russell Friedman.

**Response to Document Request 13:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as vague and ambiguous as the phrase "any entity owned by Russell Friedman" calls for Five Star to speculate what entities Russell Friedman owns. Without waiving the aforementioned objections listed above, Five Star will provide Documents in their possession that are responsive to this request.

**Supplemental Response to Document Request 13 :**

Notwithstanding the Objections to the Definitions and Instructions set forth above, and to the extent the requested Documents relating to any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) Funding from NY / NJ Receivable Recovery Inc or any other entity owned by Russell Friedman exist and are in the possession, custody or control of Five Star they will be produced.

**Document Request 14:**

Documents reflecting any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) services provided to You by the following entities and individuals:

      a) Lightstar Maintenance LLC
      b) Star Light Electric Inc.
      c) Jose Escano
      d) Yenny Escano

**Response to Document Request 14:**

In addition to the Objections to Definitions and Instructions set forth above,

10

Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case.  Without waiving Five Star's Objections to Definitions and Instructions set forth above, Five Star will produce documents responsive to this request pertaining to (a) Communications with; (b) Payments to or from; and (d) agreements with any of the above mentioned.  Five Star will not produce "documents supporting those payments" as the phrase calls for speculation on behalf of Five Star as to what documents Plaintiffs are specifically requesting.

**Supplemental Response to Document Request 14 :**

Notwithstanding the Objections to the Definitions and Instructions set forth above, and to the extent the requested Documents reflecting any (a) Communications; (b) Payment to or from; (c) Documents supporting those Payments; (d) agreements; or (e) services provided to Five Star by the entities a-d listed above exist and are in the possession, custody or control of Five Star they will be produced.

**Document Request 18:**

Records reflecting Payments made to Your employees, independent contractors, and owners, such as payroll records.

**Response to Document Request 18:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case.  Five Star will not produce information responsive to this request.

**Supplemental Response to Document Request 18:**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for records that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 20:**

Documents identifying Your revenue and expenses, including but not limited to Your general ledgers.

**Response to Document Request 20:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Five Star will be withholding this information.

**Supplemental Response to Document Request 20:**

Notwithstanding the Objections to the Definitions and Instructions set forth in Five Star's Response to Plaintiffs Subpoena Demand, Five Star is currently conducting a diligent and thorough search for documents that are responsive to Plaintiff's request. In the event that such records exist and are located, Five Star will promptly produce them in accordance with the applicable rules and timelines set forth by the court. Five Star will continue to update Plaintiff regarding the

status of this search and will notify Plaintiff immediately upon the discovery of any responsive documents.

**Document Request 22:**

Communications reflecting or relating to:

a) any agreement between or among You and any Defendant or any entity owned by a Defendant;

b) any Payment to or from any Defendant or any entity owned by a Defendant;

c) the pledging, assignment, or use of Your assets as security or collateral for any Funding;

d) any forged or unauthorized checks or Payments issued from Your accounts;

e) Funding;

f) any solicitation or referral of any Patient;

g) any drug testing provider(s) or laboratories;

h) Beshert Corp. or the Beshert Network;

i) any service You provided to any Defendant or any entity owned by a Defendant;

j) any violation of public health laws or regulations by any Defendant;

k) any criminal, disciplinary, civil, or licensure investigation or proceeding involving You or any Defendant, including Communications with any professional association, law enforcement, or local, state, or federal agency;

l) any assessment or evaluation of the fair market value of any goods or services You provided to or procured from any Defendant or any entity owned by a Defendant; and

m) any of the following persons:

    i. Tatiana Rabinovich
    ii. Roman Yunusov
    iii. Dmitry Ivanovski
    iv. iNJured Magazine LLC
    v. David Shimunov (a/k/a Dimitry Shimanov)
    vi. Arthur Bogoraz
    vii. Bradley Pierre

        viii.  Jelani Wray (a/k/a Jay)
         ix.  Ana Rivera (a/k/a Melissa)
          x.  Anthony Rose, Sr. (a/k/a Todd Chambers)
         xi.  Anthony Rose, Jr.
       xii.  Nathaniel Coles
      xiii.  Peter Khaim
      xiv.  Roman Israilov
       xv.  Aleksandr Gulkarov
      xvi.  Anthony DiPietro

**Response to Document Request 22:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Without waiving Five Star's Objections to Definitions and Instructions set forth above, Five Star answers each specific sub-paragraph as follows:

a)      Five Star objects to this Document Request as vague and ambiguous as the phrase "any entity owned by a Defendant" calls for Five Star to speculate which entities are owned by any of the Defendant's. Without waiving the aforementioned objections listed above, Five Star will provide Documents in their possession that may be responsive to this request.

b)      Five Star will provide any documents in their possession that are responsive to this request.

c)      Five Star does not have any documents in their possession that are responsive to this request.

d)      Five Star does not have any documents in their possession that are responsive to this request.

e)      Five Star will provide any documents in their possession that are responsive to this request.

14

f)      Five Star does not have any documents in their possession that are responsive to this request.

g)      Five Star does not have any documents in their possession that are responsive to this request.

h)      Five Star does not have any documents in their possession that are responsive to this request.

i)      Five Star objects to this Document Request as vague and ambiguous as the phrase "any entity owned by a Defendant" calls for Five Star to speculate which entities are owned by any of the Defendant's. Without waiving the aforementioned objections listed above, Five Star will provide Documents in their possession that may be responsive to this request.

j)      Five Star does not have any documents in their possession that are responsive to this request.

k)      Five Star does not have any documents in their possession that are responsive to this request.

l)      Five Star objects to this Document Request as vague and ambiguous as the phrase "any assessment or evaluation of the fair market value of any goods or services" is subject to multiple interpretations and Five Star is unclear as to what Plaintiff is asking for. Without waiving the aforementioned objections listed above, Five Star will conduct a diligent search but does not believe there are documents in its possession that are responsive to this request.

m)      Five Star will provide any documents in their possession that are responsive to this request.

**Supplemental Response to Document Request 22:**

In addition to the Objections to Definitions and Instructions set forth above, Five Star objects to this Document Request as overly broad and not proportional to the needs of this case. Five Star

15

further objects to this Document Request on the ground that it seeks information that is neither reasonably calculated to lead to admissible evidence nor proportional to the needs of the case. Without waiving Five Star's Objections to Definitions and Instructions set forth above, Five Star answers each specific sub-paragraph as follows:

a)    Five Star will provide any documents in their possession that are responsive to this request.

b)    Five Star will provide any documents in their possession that are responsive to this request.

c)    Five Star does not have any documents in their possession that are responsive to this request.

d)    Five Star does not have any documents in their possession that are responsive to this request.

e)    Five Star will provide any documents in their possession that are responsive to this request.

f)    Five Star does not have any documents in their possession that are responsive to this request.

g)    Five Star does not have any documents in their possession that are responsive to this request.

h)    Five Star does not have any documents in their possession that are responsive to this request.

i)    Five Star will provide any documents in their possession that are responsive to this request.

j)    Five Star does not have any documents in their possession that are responsive to this request.

k)      Five Star does not have any documents in their possession that are responsive to this

request.

l)      Five Star will provide any documents in their possession that are responsive to this

request.

m)      Five Star will provide any documents in their possession that are responsive to this

request.

Dated: June 18, 2024
        Williston Park, New York

                                                CAPETOLA & DIVINS, P.C.


                                                By: /s/ Byron A. Divins, Jr.
                                                 Byron A. Divins, Jr., Esq.
                                                 Alexandra D. Mule, Esq.
                                                 bdivins@capetoladivinslaw.com
                                                 amule@capetoladivinslaw.com


To:

Christopher T. Cook, Esq.
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
christopher.cook@katten.com

## <u>CERTIFICATE OF SERVICE</u>

I, Alexandra D. Mulé, an attorney, hereby certify that on June 25, 2024, I served the foregoing DEFENDANT VADIM DOLSKY, L.AC., OBJECTIONS AND FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS, on the following counsel of record by email:

Christopher T. Cook
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
christopher.cook@katten.com

/s/ Alexandra D. Mulé
*Attorney for Defendants Vadim Dolsky, L.Ac. and Optimum Health Acupuncture, P.C.*

18

## VERIFICATION OF DOCUMENT REQUEST ANSWERS

I, Vadim Dolsky, L.Ac., declare under the penalty of perjury, that I am the duly authorized agent of Five Star Services Inc., for making this Verification, that I have read and understood the answers to the Document Request above, and that the answers given therein are true and correct as of this date to the best of my knowledge.

Executed on: 6\18\2024

Vadim Dolsky L.Ac