April 17, 2026

**Vɪᴀ ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:     *State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Vadim Dolsky ("Dolsky") and Optimum Health Acupuncture P.C. ("Optimum") (collectively, "Defendants"), respectfully write to request the Court's assistance regarding electronically stored information ("ESI") and other discovery.  Per the Court's order dated April 10, 2026, the parties are required to file joint letters with the Court regarding any remaining issues requiring judicial intervention by today.[1]

## PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing Defendants to address a series of long-standing discovery issues to ensure compliance with the revised case schedule entered March 6, 2026 (Dkt. 723), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of July 24, 2026.  Defendants should be ordered to:  (1) remove redactions from discovery material applied for any reason other than to protect attorney-client communications and attorney work product, produce all documents over which they are withdrawing a claim of privilege or work product protection, and produce a further amended privilege log reflecting any document withheld and the bases for doing so; (2) produce an affidavit from Dolsky detailing his efforts to obtain access to three email accounts, including the names of who last had access to the accounts and why access is no longer possible; and (3) identify the owners of the properties at which the safes containing gold and luxury watches (the "Assets") are stored.  Based on the case schedule entered, Defendants should be required to complete these tasks by the deadlines set forth below.

**Background**: Defendants' compliance with discovery has been heavily litigated.  Following a March 12, 2025 discovery conference, the Court ordered Defendants to produce all documents responsive to Plaintiffs' demands, confirm their efforts to access certain email accounts claimed to be inaccessible, and provide information on the location of the Assets and who has access to them.  After months of inaction, Plaintiffs again moved to compel Defendants to comply with their discovery obligations, and following a hearing on July 11, 2025, the Court ordered Defendants to set a timeline for the expeditious completion of ESI productions, provide written certification to Plaintiffs regarding their ESI collection process, and prepare a more detailed inventory of the Assets, certain aspects of which may be produced pursuant to an attorney's eyes-only agreement.  *See* 7/11/2025 Text Order.  Following several months of further inaction, Plaintiffs filed another motion to compel regarding these same issues (Dkt. 692), which the Court granted in full on

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief.  Additional pages are required due to the history and complexity of the issues raised herein.

January 9, 2026, and which set specific deadlines by which Dolsky would address outstanding discovery issues. Dolsky obtained new counsel on February 11, 2026, and while efforts have been made to comply with the Court's orders, the below issues persist.

**Redactions and Privilege Log:** On April 7, 2026, Defendants produced an amended privilege log. The amended privilege suffers from numerous deficiencies, including listing documents for which no privilege designation is assigned and listing communications with redacted information that do not appear to be protected from disclosure and which are improper, including redactions to business-related communications between Dolsky and Yan Moshe, Dr. Regina Moshe, Dr. Leonid Shapiro, Reuven Alon, and relevant nonparties.

Counsel for Defendants is further reviewing and has agreed to produce a second amended privilege log and any documents over which they are withdrawing a claim of privilege. To ensure the timely advancement of discovery, Plaintiffs seek an order requiring Defendants to complete their review of redacted material and produce unredacted copies of any information not protected from disclosure by April 30, 2026. For any remaining redactions, Defendants should be required to produce a further amended privilege log identifying by Bates number each redacted document and related information necessary to evaluate the basis for privilege by May 7, 2026.

**ESI**: Defendants initially collected and produced emails from two accounts — dolskylac@yahoo.com and natacha@fivestarserv.com — and represented their production of all ESI was complete on September 25, 2025. As to four other email accounts — vadim@fivestarserv.com, natacha@allstarservicesinc.net, info@fivestarserv.net, and allstarservicesinc123@gmail.com — Defendants represented to Plaintiffs and the Court that every email sent to or from these accounts was routed through and stored in the natacha@fivestarserv.com account. *See, e.g.*, Dkt. 673 at 5 (admitting they "have continuously represented that the relevant custodial emails were routed through natascha@fivestarserv.com[sic]"). Plaintiffs subsequently subpoenaed Google LLC for information concerning the allstarservicesinc123@gmail.com account and learned hundreds of responsive emails between defendants and relevant nonparties were contained in the account and had not been produced. Defendants then collected and produced emails from the allstarservicesinc123@gmail.com account, but did not address the other three email accounts, which Plaintiffs' put at issue in their motion to compel filed November 10, 2025 (Dkt. 692).

On January 9, 2026, this Court ordered Defendants to "explore all avenues to access the remaining 3 email accounts at issue[.]" 1/9/2026 Text Order. On March 30, 2026, Defendants produced over 37,000 records from the email account natacha@allstarservicesinc.net, and represented emails cannot be accessed or collected from (1) vadim@fivestarserv.com because it was never used and (2) info@fivestarserv.net because every email sent to or from this account was routed through and stored in the natacha@fivestarserv.com account.

Plaintiffs seek an order requiring Dolsky to certify his compliance with the Court's January 9, 2026 order by April 30, 2026, including certifying (1) the representations that vadim@fivestarserv.com was never used and every email sent to or from info@fivestarserv.net was routed through and stored in the natacha@fivestarserv.com account, (2) the process employed "to explore all avenues to access" the vadim@fivestarserv.com and info@fivestarserv.net accounts, and (3) the explanation of "who last had access and why access is no longer possible."

**Asset Inventory and Owners of Safes**: On January 9, 2026, the Court ordered Defendants to prepare a more detailed inventory of the Assets, which included disclosing the owners of the three locations at which the safes containing those assets are housed. *See* 1/9/2026 Text Order re Dkt. 692; 7/11/2025 Text Order.  The names of the owners were to be disclosed pursuant to the execution of an attorneys'-eyes-only agreement, which Plaintiffs executed on January 8, 2026.  On March 26, 2026, Defendants produced an asset inventory but still have not disclosed the owners of any of the locations.  Plaintiffs seek an order requiring Defendants to disclose the names of the owners of each location at which the three safes containing the assets are stored by April 30, 2026.

### DEFENDANTS' POSITION

As Your Honor is aware, this office substituted in as counsel for the Dolsky defendants on or about February 17, 2026. We have attempted to diligently get up to speed on the factual and proceeding standing up the case and address outstanding discovery issues without affecting the previously set factual discovery end date of July 24, 2026. To that extent, we have obtained the Dolsky Defendants' massive file from prior counsel, become familiar with prior court orders, engaged with a technology vendor to obtain all requested e-mails and electronic records, and tried to get up to speed on prior counsel's efforts and aborted efforts to comply with prior discovery orders.

To date, our office produced e-mails from Optimum Health Acupuncture PC hat had been withheld by prior counsel but determined that they were improperly withheld and  produced thousands and thousands of medical records from Optimum Health  Acupuncture PC.  We have also provided dates for the asset inspection and produced as complete as asset list as possible. We produced an updated privilege log for material redacted by prior counsel. Finally, we have discussed deposition dates of Dolsky with plaintiff's counsel, which we will agree on shortly, likely in July.

**Redactions and Privilege Log:**  We produced a lengthy privilege log based on our office's review of the file for the redactions that had been made by prior counsel, which took some time. We submit  we did make a good faith effort to comply with prior orders. Plaintiff's counsel has pointed out that with the format of our privilege log, which involved hundreds of entries, we failed in some instances to check off what privilege was being asserted. We can amend that.  We do not believe that in many cases that they object to, there was joint representation for which the  attorney-privilege was properly  claim.   However, the original redactions, and some of the privilege log, was performed by prior counsel.  We have reviewed it in part and agree some documents should not have been redacted based on privilege. We are in the process of reviewing each and every redaction and claim of privilege. It is a complicated task and rather than April 30, propose May 8, 2026 as the date any  unredacted copies of any information not protected from disclosure be produced and by May 15, .  a further amended privilege log identifying by Bates number each redacted document, privilege status and the basis why.

**Asset Inventory and Owners of Safes**:

The asset inventory was produced. Our office was unaware until this letter that Plaintiff's counsel was asking for the information as to owners of locations where the assets were held as discussions with them and prior counsel, all we were told was an asset list was to be produced For security reasons, and wary about theft,  Dolsky is very wary of revealing anything as to where the assets are currently stored though they are to be brought to our offices for inspection purposes.    We would respectively ask the Court to revisit this issue due to the sensitive nature of millions of

3

dollars in assets. Mr. Dolsky will appear at a deposition and can be asked under oath if anyone else has access to these assets or if he is the only one who does as counsel as asserted on his behalf. They will be brough to our offices (with security) where Plaintiff, their attorneys and their experts can videotape them take pictures, do whatever appraisal or testing is necessary on the watches and gold. However, we realize the Court has already ruled on this issue prior to our involvement and, assuming the Court is not willing to revisit it, we would ask three (three) weeks to obtain the information from our client and produce to the Plaintiff's Counsel consistent with the Court's prior orders..

**ESI**:

Of the three accounts, we produced over 37,000 e-mails or documents from the natacha@fivestarserv.net account. Of the other two accounts, what we actually expressed to counsel is a bit different. Once we became aware of this issue, we contacted Dolsky and Natacha and attempted to figure out the status of the emails for vadim@fivestarserv.net and info@fivestarserv.net accounts. What we learned is as follows: the info@fivestarserv.net e-mail was not an actual account. It was an alternative name for the natacha@fivestarserv.net but not a separate account. Anything e-mailed to info@fivestarserv.net went into the natacha@fivestarserv.net and would be retrieved from that account. There is no account for info@fivestarserv.net to obtain anything from. We also checked with our vendor, at Purpose Legal that as an e-mail address not tied to a separate account, info@fivestarserv.net cannot be accessed as there is nothing to access, and no one ever did or could access it, but all e-mails went to the natacha@fivestarserv.net account.

As for the vadim@fivestarserv.net e-mail account, it was never actually used after it was set up. The e-mail address was set up to aid in obtaining a Paycheck Protection Program (PPP) loan. However, neither Dolsky nor anyone else actually used the account. On or about 2022, we are informed the license for the account was not renewed. As such, Purpose Legal confirms it can no longer be accessed. Prior counsel has informed us that their attempts to access were also unsuccessful. Natacha Sole' would have been the one who could have accessed it when it was active as well as Vadim Dolsky.

If the Court wants an affidavit from us or Dolsky certifying as to this information would ask three (3) weeks to provide it. However, these questions could also simply be asked at a deposition of Dolsky or relevant non-parties. We submit t we did make a good faith effort to comply with prior orders and have in fact done that.

4

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Jonathan L. Marks
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
jonathan.marks@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Robert Hewitt*

SCHWARTZ, CONROY & HACK P.C.

Robert Hewitt
Matthew Conroy
666 Old Country Road, Suite 900
Garden City, New York 11530-2020
516.745.1122
reh@schlawpc.com
mjc@schlawpc.com

*Attorneys for Defendants Vadim Dolsky and Optimum Health Acupuncture P.C., and non-parties All Star Services Inc. and Five Star Services Inc.*