April 17, 2026

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 - Joint Ltr. re Discovery Issues**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Regina Moshe ("Dr. Moshe"), Citimedical I PLLC ("Citimedical I"), Citimed Services, P.A. ("Citimed Services"), Citimedical Services, P.C. ("Citimedical Services"), Citimed Complete Medical Care, P.C. ("Citimed Complete"), and Citimed Management Services Inc. ("Citimed Mgmt.") (collectively, the "Citimed Defendants"), respectfully write to request the Court's assistance regarding electronically stored information ("ESI") and other discovery.  Per the Court's order dated April 10, 2026, the parties are required to file joint letters with the Court regarding any remaining issues requiring judicial intervention by today.

## PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing the Citimed Defendants to address three open discovery issues to ensure compliance with the revised case schedule entered March 6, 2026 (Dkt. 723), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of July 24, 2026.  The Citimed Defendants should be ordered to:  (1) produce disputed documents from the Citimed Defendants' privilege log or confirm they are standing on their privilege designations; (2) produce specified billing data for all patients of the Citimed Defendants whose treatment is at issue in the case; and (3) produce medical records associated with specified patients of the Citimed Defendants whose treatment is at issue in the case.  The Citimed Defendants should be required to complete these tasks by the deadlines set forth below.[1]

**Background**:  Dr. Moshe is a doctor who, on paper, owns medical clinics that treat individuals involved in automobile accidents, including Citimedical I, Citimed Services, Citimedical Services, and Citimed Complete.  Plaintiffs allege the clinics are secretly owned and controlled by Dr. Moshe's brother, Yan Moshe, which, if true, would violate New York law and render Defendants ineligible to receive reimbursement for services billed to Plaintiffs.  The treatment Defendants purport to render and prescribe to patients is not medically necessary, and Defendants obtain access to individuals involved in automobile accidents pursuant to kickbacks paid in exchange for patient referrals.

Plaintiffs first served document demands on Dr. Moshe and Citimedical I on April 1, 2022, and served document demands on the other Citimed Defendants after filing the Second Amended

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief.  Additional pages are required due to the history and complexity of the issues raised herein.

Complaint naming them as defendants. Among other things, the document demands sought the production of billing data and medical records for the patients whose treatment is at issue in the case, as well as communications with other defendants and relevant nonparties.

**Privilege Log:** Plaintiffs have raised concerns with approximately 2,000 entries on the privilege logs served by the Citimed Defendants. These concerns are premised on two issues. First, the Citimed Defendants have asserted the attorney-client privilege over communications between and among the Citimed Defendants, their counsel, and individuals who the Citimed Defendants have identified as third parties, not employees or representatives of the Citimed Defendants. "Generally, the presence of third parties waives entitlement to the attorney-client privilege." *Steinfeld v. IMS Health Inc.*, 2011 WL 6179505, at *2 (S.D.N.Y. Dec. 9, 2011). Second, the Citimed Defendants have withheld communications to which an attorney is not party, and there is no discernable basis for the privilege to attach. Counsel for the Citimed Defendants is assessing these issues. To ensure the timely advancement of discovery, Plaintiffs seek an order requiring the Citimed Defendants to complete their review of the privilege log entries identified by Plaintiffs and produce all documents over which they are withdrawing a claim of privilege by April 30, 2026, and serve an amended privilege log, as needed, by May 7, 2026.

**Citimed Billing Data**:  The Citimed Defendants have not produced billing data responsive to Plaintiffs' requests for production. On March 16, 2026, the parties met and conferred concerning Plaintiffs' request for the Citimed Defendants' billing data associated with 636 patients at issue in the case. In particular, Plaintiffs requested the Citimed Defendants produce their data for each patient at issue in this case. Such data should include at a minimum the following categories of information: patient name; date of service; address at which service was rendered; rendering provider; CPT or HCPCS codes and modifiers used to bill for services, treatment, diagnostic imaging, and/or supplies on each date of service; ICD-9 or ICD-10 diagnosis code(s) used for each date of service; units of the service billed; the State Farm company to which bill(s) were submitted; amount charged for each service, treatment, diagnostic imaging, or supply; amount collected for each service, treatment, diagnostic imaging, or supply; whether the patient is attorney represented and, if represented, the attorney or law firm representing the patient; and referral source for the patient. Plaintiffs further requested the data be produced in a searchable electronic format (e.g., Excel, Quickbooks).

The Citimed Defendants have not objected to collecting this data and have confirmed they are actively investigating and seeking to collect it. To ensure the timely advancement of discovery, Plaintiffs seek an order requiring the Citimed Defendants to complete their production of the requested billing data by May 15, 2026.

**Citimed Patient Records**: The Citimed Defendants have not produced complete patient records for certain patients whose treatment is at issue in the case. On March 25, 2026, Plaintiffs provided the Citimed Defendants with lists of patients for which (1) no medical records had been produced, (2) some but not all medical records had been produced, and (3) patients treated after the complaint was filed for which no medical records had been produced. This list was revised on March 31 based on new documents produced by the Citimed Defendants.

The Citimed Defendants have not objected to collecting these records and have confirmed they are actively seeking to collect them. To ensure the timely advancement of discovery, Plaintiffs seek

an order requiring the Citimed Defendants to complete their production of all identified patient records by May 15, 2026.

**<u>Citimed Defendants' Challenge to Plaintiffs' Privilege Log</u>**:  As reflected in their position below, the Citimed Defendants seek an order from the Court requiring Plaintiffs to re-review each of the 28,768[2] documents designated as attorney-client privileged and/or work product and withheld from production.  For months, Plaintiffs have reasonably endeavored to address the Citimed Defendants' concerns and respectfully urge the Court to deny their request as baseless and a waste of time and resources.

The Citimed Defendants raise two issues.  First, they claim Plaintiffs have failed to produce certain communications identified on their privilege log and which they believe been inadvertently withheld.    Based on the Citimed Defendants' concerns, Plaintiffs agreed to re-review communications withheld based on the attorney-client privilege and to which no attorneys were party, as identified on the privilege log.  Plaintiffs have completed their review and today produced 1,163 documents inadvertently withheld and a revised privilege log.  The issue is thus resolved.

Second, the Citimed Defendants' claim Plaintiffs have improperly withheld "investigatory reports and spreadsheets" identified on the privilege log.  Their position is meritless.  In support of their position, the Citimed Defendants misconstrue the ruling in *State Farm Mutual Auto. Ins. Co. v. 21st Century Pharmacy, Inc.* 2020 WL 729775 (E.D.N.Y. Feb., 12, 2020), which actually supports denial of their request.  There, the court denied a motion to compel with the exception of three documents withheld as attorney work-product, which were created before State Farm Mutual starting investigating the defendants, two retainer agreements withheld under the attorney-client privilege, and summary reports of examinations under oath of underlying individual claimants. *See id*. at *2–3.  Importantly, the court upheld the privilege designations of reports containing "aggregated information regarding multiple claims that had been submitted by numerous claimants," and which "appear to have been prepared by the Multi-Claim Investigative Unit for purposes of summarizing investigation findings, and of looking for patterns, discrepancies, statistical anomalies and the like in anticipation of the instant lawsuit (or similar); and they do not appear to have been prepared in furtherance of decisions on individual claims."  Here, the Citimed Defendants do not challenge any specific report or spreadsheet as improperly withheld, but even if they had, the reports and spreadsheets on Plaintiffs' log are of a similar character to those identified in the *21st Century* case and entitled to protection on similar grounds.  The reports and spreadsheets referenced by the Citimed Defendants do not relate to investigations on individual claims, but to multi-claim investigations.  Plaintiffs thus stand on the designations stated on their privilege log.

The Citimed Defendants offer no basis to demand Plaintiffs conduct a "full audit" of the 28,768 communications on their privilege log.  They have raised one issue that has been resolved and a second without merit.  Should the Citimed Defendants identify specific entries they wish Plaintiffs to reconsider, they may point them out and Plaintiffs will discuss those entries with them.

---

[2] Plaintiffs' figure is less than that cited by the Citimed Defendants in their position because the Citimed Defendants included in their count produced documents that Plaintiffs included in their privilege log for reference.  The actual number of withheld documents, prior to today's production, was 28,768.

**CITIMED DEFENDANTS' POSITION**

Citimed Defendants write to request a Court order directing Plaintiffs to address the following three discovery issues to ensure compliance with the revised case schedule entered March 6, 2026 (Dkt. 723), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of July 24, 2026. Plaintiffs should be ordered to: (1) conduct a full audit of their privilege log, not just of communications with attorneys; (2) produce all inadvertently withheld documents; (3) provide an updated privilege log; (4) and identify all points of disagreement as to the privilege issues raised.

Additionally, Citimed Defendants object to Plaintiffs' proposed deadlines regarding our further review of documents and privilege log.

**<u>Background</u>**

As a preliminary matter, Defendants' dispute and deny Plaintiffs characterization of Dr. Moshe and her ownership of medical clinics, and the medical treatment of patients who treated at Dr. Moshe's medical clinics. All financial records and other documents produced have demonstrated beyond any doubt that Dr. Moshe is the sole owner of the clinics at issue.

On June 13, 2023, Citimed Defendants served Plaintiffs with their First Set of Requests for Production of Documents. In response, Plaintiffs produced 2,918,247 documents and a privilege log that contains a total of 29,415 entries. Since reviewing Plaintiffs' production and privilege log, we have written two letters outlining outstanding issues in Plaintiffs production and have also held several meet and confers on these issues, in compliance with Local Civil Rule 37.3(a).

On February 06, 2026, we wrote to Plaintiffs' counsel and identified a limited selection of documents which we believed were inadvertently withheld on the basis of privilege and which appeared indicative of a larger issue in Plaintiffs' privilege review process. In a February 20, 2026 meet and confer, Plaintiffs' counsel agreed that there were documents previously withheld on the basis of privilege that should have been produced. They also advised that they disagreed on some of the privilege issues raised in the February 06, 2026 letter. Plaintiffs' counsel further advised that they had not identified any pattern as to the documents which were inadvertently withheld.

Given our identification of inadvertently produced documents, Plaintiffs advised that they would conduct a review of their privilege log entries which did not include attorneys. They stated that the inadvertently withheld documents and updated privilege log would be provided on April 10, 2026. Conveniently this had been the original deadline for the joint submission of this letter to the Court. Clearly the joint letter would not have been able to address this issue of privilege. Unfortunately, this deadline was not met. Plaintiffs' counsel then advised that they planned to produce the documents on April 17, 2026. Once again, this letter is being prepared before any of the downgraded documents have been produced by Plaintiff, and we have not been afforded the opportunity to review the documents and measure them against the issues of privilege presented to Plaintiffs in February.

Plaintiffs have now had over two months to produce the inadvertently withheld documents that they promised to produce. To date, none of the documents inadvertently withheld have been

produced and an updated privilege log has not been provided. Plaintiffs' counsel has also failed to elaborate on the points of disagreement regarding privilege.

**Request for Court Order**

In the February 06, 2026 letter to Plaintiffs' counsel, we identified a selection of documents which appear to have been inappropriately withheld on the basis of attorney-client privilege in which no attorneys were included in the communications. Thus far, Plaintiffs have provided no explanation as to how they are asserting privilege where attorneys did not appear to be included in communications.

Our February 06, 2026 letter also identified a selection of investigatory reports and spreadsheets which were withheld on the basis of privilege but appear to have been made in the ordinary course of business. In a case also involving State Farm and their Multi-Claim Investigation Unit ("MCIU"), the Eastern District held that it is in State Farm's ordinary course of business for the MCIU to conduct broad and preliminary investigations looking for potential "issues of concern," even when it had not yet formed a specific intent to transform those investigations into litigation. *State Farm Mut. Auto. Ins. Co. v 21st Century Pharm., Inc.*, 2020 US Dist LEXIS 24646, at 8 (EDNY Feb. 12, 2020). The Court also clearly held that "an investigative report does not become privileged merely because it was sent to an attorney." *Id.  See also Spectrum Sys. Int'l Corp v. Chemical Bank*, 78 N.Y.2d 371, 377-78, 581 N.E.2d 1055, 575 N.Y.S.2d 809 (N.Y. 1991). Reports may only be redacted on the grounds of attorney-client privilege where the "content of the reports provides attorney opinions, recommendations or impressions that are primarily of a legal character." *State Farm Mut. Auto. Ins. Co.*, 2020 US Dist LEXIS 24646, at 10-11.

Here too, we also believe that many of the reports and spreadsheets withheld by Plaintiffs on the basis of privilege were made in the ordinary course of business based on the date they were sent. Although the State Farm MCIU unit may have been looking for potential "issues of concern", the dates indicate that there was no specific intent to transform those investigations into litigation. *Id.* Additionally, the reports are not privileged merely because they were sent to attorneys. *Id.*

We request that Plaintiffs' counsel conduct a complete audit of their privilege log to ensure that we receive all documents we are entitled to. It is not our responsibility to conduct a full review of Plaintiffs privilege log, which totals 29,416 entries, and raise every individual concern we may have. We completed an exhaustive audit of our own privilege log in December 2025 after Plaintiff raised issues as to a handful of documents. As a result, we identified a selection of documents which were mistakenly withheld by prior associates. Out of an abundance of caution, we conducted a full review of each document previously withheld due to an assertion of privilege to ensure that our document production was complete. This resulted in two productions of downgraded documents previously withheld. We now request the same courtesy be extended. Given Plaintiffs' acknowledgment that there were documents that should have been produced, and that there is no

identifiable pattern as to which documents were mistakenly withheld, we believe that a complete audit is imperative. An audit isolated to communications with attorneys is not sufficient.

Given that the above request has been outstanding since February 20, 2026, we request an order directing Plaintiffs to: (1) conduct a full audit of their privilege log, not just of communications with attorneys, by May 29, 2026; (2) produce all inadvertently withheld documents by May 29, 2026; (3) provide an updated privilege log by June 5, 2026; (4) and identify all points of disagreement as to the privilege issues raised by June 5, 2026.

**Request for Extension of Plaintiffs' Proposed Deadlines**

On April 16, 2026, Plaintiffs raised issues with 2,438 entries on our privilege log for the first time. In this joint letter, they proposed deadlines of April 30, 2026 to complete a review of our own privilege log, and of May 7, 2026  to provide a revised privilege log. Plaintiffs have had nearly two months to review the issues we raised in their privilege log, yet they are now requesting that we do the same within a two-week period. We will be unable to meet these deadlines given the number of issues raised and therefore request that the Court instead consider the following deadlines, which notably are far shorter than the time Plaintiff has spent reviewing the issues we raised with regards to their privilege log.

- May 29, 2026: Complete a review of the records identified and produce any documents over which we are withdrawing a claim of privilege
- June 5, 2026: Produce any revised privilege log

**In Sum**

We respectfully request a Court order directing Plaintiffs to (1) conduct a full audit of their privilege log, not just of communications with attorneys, by May 29, 2026; (2) produce all inadvertently withheld documents by May 29, 2026; (3) provide an updated privilege log by June 5, 2026; (4) and identify all points of disagreement as to the privilege issues raised by June 5, 2026.

We respectfully request an adjustment of the deadlines proposed by Plaintiffs in this joint letter:

- May 29, 2026: Complete a review of the records identified and produce any documents over which we are withdrawing a claim of privilege
- June 5, 2026: Produce any revised privilege log

6

Respectfully Submitted,

By:  /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Sarah M. Scruton
Michael L. Cardoza
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
sarah.scruton@katten.com
michael.cardoza@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By:  /s/ *Thomas A. Leghorn*

LONDON FISCHER LLP

Thomas A. Leghorn
Marian J. Strauss
59 Maiden Lane
New York, NY 10038
212-331-9555
Fax: 212-972-1030
tleghorn@londonfischer.com
MStrauss@londonfischer.com

*Attorneys for Regina Moshe, Citimedical I PLLC, Citimed Services P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.*

7