April 17, 2026

<u>**Via ECF**</u>

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    ***State Farm Mut. v. Metro Pain*, 1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, NJMHMC LLC (d/b/a Hudson Regional), Star Solution Services Inc. (together, the "Moshe Defendants") and Reuven Alon ("Alon") (collectively, "Defendants"), respectfully write to request the Court's assistance regarding issues related to written and document discovery.  Per the Court's order dated April 10, 2026, the parties are required to file joint letters with the Court regarding any remaining issues requiring judicial intervention by today.

**PLAINTIFFS' POSITION**

Plaintiffs write to request a Court order directing Defendants to address two discovery issues to ensure compliance with the revised case schedule entered March 6, 2026 (Dkt. 723), which was formulated to ensure fact discovery could be completed by the new fact discovery cutoff of July 24, 2026.  Defendants should be ordered to:  (1) produce disputed documents from Defendants' privilege logs or confirm they are standing on their privilege designations; and (2) confirm they have produced all responsive documents or complete their production of any outstanding documents.  Defendants should be required to complete these tasks by the deadlines set forth below.

**Background**: Defendants' compliance with discovery has been heavily litigated.  Plaintiffs raised issues regarding objections to certain document demands in a motion seeking to compel the Moshe Defendants to serve revised written responses and produce documents responsive to requests to which they had objected.  *See* Dkt. 691.  After a hearing on January 7, 2026, the Court granted Plaintiffs' motion to compel and ordered the Moshe Defendants to "supplement their responses to Plaintiffs' requests for production by specifying which documents are responsive to which request for production, which documents are being withheld and on which basis, and which documents do not exist."  1/9/2026 Text Order.  Plaintiffs have also raised concerns with Defendants' claims of privilege over certain communications identified on privilege logs.

**Privilege Logs:** Plaintiffs have raised two issues with the privilege logs served by Moshe, Alon, Integrated Specialty, and Hudson Regional Hospital.  First, these Defendants have asserted the attorney-client privilege over communications between and among them, their counsel, and third parties who are not their employees or representatives.  "Generally, the presence of third parties waives entitlement to the attorney-client privilege."  *Steinfeld v. IMS Health Inc.*, 2011 WL 6179505, at *2 (S.D.N.Y. Dec. 9, 2011).  Second, these Defendants have withheld communications

to which an attorney is not party, and there is no discernable basis for the privilege to attach. Counsel for Defendants is assessing these issues. To ensure the timely advancement of discovery, Plaintiffs seek an order requiring Defendants to complete their review of the privilege log entries identified by Plaintiffs and produce all documents over which they are withdrawing a claim of privilege by May 1, 2026, and serve an amended privilege log, as needed, by May 8, 2026.

**Star Solution's Written Responses**: Star Solution has taken inconsistent positions in this letter and in its written discovery responses served on Plaintiffs after the Court's January 7, 2026 hearing. It also has refused to comply with the Court's order issued after that hearing requiring it to identify Bates numbers for records responsive to each request and confirm whether it has produced all documents responsive to the request or is withholding documents. Plaintiffs respectfully request the Court order Star Solution to revise its responses to address both issues by May 1, 2026. To the extent it has not produced all responsive documents in its possession, custody, or control, the Court shoulder order it to do so by a date certain.

First, in its position below, Star Solution appears to state it has in fact produced all documents responsive to Plaintiffs' RFP Nos. 1, 2, and 5, which were the subject of a motion to compel (Dkt. 691) and the related hearing on January 7, 2026. But, Star Solution's revised written responses do not say it is producing documents but assert objections that each demand "is too broad, and as such, is unreasonable and unduly burdensome." If Star Solution has in fact produced all documents, it should revise its written responses to state it has produced documents and is not withholding any information responsive to the requests within its possession, custody or control.

Second, Star Solution asserts it is too burdensome to comply with the Court order requiring it to identify by Bates numbers the documents it is producing in response to the three requests. But Plaintiffs cannot find in the materials produced anything responsive to RFP No. 2 which requires production of billing data. Star Solution is a billing company owned by Moshe that purportedly provided billing services to the numerous defendants, including entities over which Moshe is alleged to illegally exercise control, such as the Citimed Clinics and Premier Anesthesia. If billing data has been produced, Star Solutions should be required to tell Plaintiffs where it is by Bates numbers. If billing data responsive to RRP No. 2 has not been produced, Star Solutions should be ordered to produce it by May 1, 2026.

Additionally, Star Solution should be ordered to revise its written discovery responses to RFP Nos. 1, 2, and 5 by May 1, 2026, if as it claims it has produced all responsive documents, to state clearly it has done so.

**DEFENDANTS' POSITION**

Plaintiffs seek an order requiring Defendants to (1) produce disputed documents from Defendants' privilege logs or confirm they are standing on their privilege designations; (2) confirm they have produced all responsive documents or complete their production of any outstanding documents.

Defendants do not object to Plaintiffs' request. Plaintiffs provided Defendants with the alleged privilege log deficiencies just yesterday. Defendants have begun reviewing Plaintiffs' asserted issues and will respond to Plaintiffs' concerns on or before May 1, 2026, if acceptable to the court.

Regarding Plaintiffs' second request, Defendants do not agree they have failed to comply with the court's January 9, 2026 order requiring Defendants to "supplement their responses to Plaintiffs' requests for production by specifying which documents are responsive to which request for production, which documents are being withheld and on which basis, and which documents do not

2

exist." 1/9/2026 Text Order. Plaintiffs notified Defendants of this alleged deficiency two (2) days ago.

Objections

Plaintiffs' assertion that defendant Star Solution is standing on objections to producing documents which the Court ordered it to produce during the January 7, 2026 is misleading. During the January 7, 2026 hearing Your Honor advised that if Defendants determined any of the requests for production were too broad or unduly burdensome while working to provide revised responses, then Defendants could respond accordingly.

The three (3) requests at issue seek: (1) documents sufficient to identify any entity to which Star Solution rendered any business service (RFP No. 1); (2) billing data reflecting all services billed by any Defendant (RFP No. 2); and (c) any Payments Star Solution made to or received from any Defendant or any entity owned by a Defendant (RFP No. 5). In attempting to identify the documents responsive to each of these requests, it became clear that these demands as drafted would essentially require a response including virtually all documents produced by Star Solution. Further, it is Star Solution's position that responsive documents to these demands have been produced despite prior objections. The only objection at this point by Star Solutions is that providing Bates labels for each of these responses would be unduly burdensome as it would require manually inspecting the over 100,000 pages of documents produced by Star Solution.

Defendants therefore object to Plaintiffs' request for an order directing Star Solution to produce documents and information responsive to RFP Nos. 1, 2, and 5, as this has already been done.

3

Respectfully Submitted,

By: /s/ *Christopher T. Cook*

KATTEN MUCHIN ROSENMAN LLP

Jonathan L. Marks
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
jonathan.marks@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Anthony M. Juliano*

BRACH EICHLER LLC

Anthony M. Juliano
Shannon Carroll
Keith J. Roberts
101 Eisenhower Parkway, Ste 201
Roseland, NJ 07068
973-403-3126
ajuliano@bracheichler.com
scarroll@bracheichler.com
kroberts@bracheichler.com

*Attorneys for Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, NJMHMC LLC, Star Solution Services Inc., Reuven Alon*