IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | ) ) ) ) | Case No. 1:21-cv-05523-MKB-PK |
| Plaintiffs, | ) ) ) | Hon. Margo K. Brodie, C.J. |
| v. | ) ) | Hon. Peggy Kuo, M.J. |
| Metro Pain Specialists, P.C. et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR
MOTION FOR SPOLIATION SANCTIONS AGAINST YAN MOSHE**

Jonathan L. Marks
Michael L. Cardoza
Sarah M. Scruton
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Telephone: 212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") respectfully seek leave to file this supplemental brief in support of their Motion for Spoliation Sanctions Against Yan Moshe (Dkt. 729) (the "Motion"). Plaintiffs seek to supplement the record because they have learned new facts since briefing on the Motion was completed on May 21, 2026. Specifically, Plaintiffs have learned that, in addition to destroying emails in his personal email account, Yan Moshe ("Moshe") appears to have spoliated other evidence, namely messages sent through the messaging application WhatsApp.

**Background**

Plaintiffs' Motion presents evidence that Moshe intentionally destroyed emails in his personal email account with the intent to deprive Plaintiffs of their use and has shown a complete disregard for this Court's authority, this Court's orders, these proceedings and an intention to corrupt the judicial process. (Dkt. 730, 748). Plaintiffs' recent discovery regarding Moshe's WhatsApp account provides yet more evidence of such intent and disregard.

Discovery requests Plaintiffs served at the beginning of this case on April 1, 2022, included a specific demand for WhatsApp messages. *See* Ex. 1. "'Document' and 'Documents'" are specifically defined in requests to Moshe as "every writing or record of every kind or description… including without limitation… messaging, or ephemeral messaging, including… WhatsApp . . . ." *See* Ex. 1, Def. No. 4; *see also* Ex. 2, Def. No. 5 (same); Ex. 3, Def. No. 3 (same). As of August 29, 2025, when Moshe represented his document production in response to Plaintiffs' discovery requests was complete, no WhatsApp messages, or any text messages, had been produced.

On June 1, 2026, Plaintiffs deposed Tatyana Rabinovich ("Rabinovich"), practice administrator for defendant Citimed Management Services Inc. During her deposition, Rabinovich testified she used the messaging application WhatsApp "[f]or everything" in her work for the

1

Citimed Defendants[1].  Ex. 4 at 338:23–339:5.  Rabinovich further confirmed it was company policy for employees of Citimed Defendants to have a WhatsApp account to receive and share communications about the Citimed Defendants' business.  *See id*. at 342:14–23.  Rabinovich additionally confirmed she communicated with Moshe by WhatsApp.  *See id*. at 342:14–23, 353:14–16.  These WhatsApp messages with Moshe included messages about the Citimed Defendants' business, including rent payments to Moshe's real estate holding companies.  *See id*. at 352:16–353:16, 433:4–435:24.

Immediately after the deposition, on June 3, 2026, Plaintiffs wrote Moshe's attorneys "requesting production of any WhatsApp messages in his possession, custody, and control responsive to any of Plaintiffs' Requests for Production" and that "the collection, search, and review of all such records will be performed by Moshe's counsel, not by Moshe or his employees." Ex. 5.  On June 10, Moshe produced 11 screenshots of WhatsApp messages between Moshe and Rabinovich only.  *See* Ex. 6.  The screenshots consisted of messages for only a few days in May and early June for an unknown year.  *See id*.  Based on time stamps on the screenshots, it appears one minute was spent—from 4:44 to 4:45—gathering the messages.  *See id*.  Plaintiffs were told the production was complete, and Moshe has no other responsive WhatsApp messages.  *See* Ex. 7.

During a meet and confer on June 18, Moshe's attorney stated the collection of WhatsApp messages had been conducted exclusively by Moshe.  The attorney advised he had sent Moshe Plaintiffs' letter with its request for "***any Whatsapp messages*** in his possession, custody, and control responsive to any of Plaintiffs' Requests for Production" (emphasis added), received back

---

[1] "Citimed Defendants" refer collectively to Regina Moshe, M.D., Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.

from Moshe 11 screenshots of WhatsApp messages between Moshe and Rabinovich, and sent those messages to Plaintiffs as Moshe's complete production.  *See* Ex. 7.  He further stated he had "no idea" how Moshe collected the screenshots or whether Moshe searched for messages with anyone other than Rabinovich.  *See id.* [2]

### Argument

Moshe's conduct reflects a continuing disregard for these proceedings, his discovery obligations and the potential destruction of additional relevant evidence.  Moshe failed to disclose the existence of responsive WhatsApp messages at any point during the nearly five years of discovery in this case and did not even admit their existence until Rabinovich disclosed the messages during her deposition.  When he finally undertook production of the messages, it appears he gave it almost no effort, apparently spending no more than a minute collecting messages and then only providing 11 screenshots of messages with one person, Rabinovich.  It is inconceivable that Moshe only communicated by WhatsApp with one person, over a few days, concerning relevant matters.  Equally incredible is that Moshe would again conduct a collection exclusively by himself after the dispute over Moshe's exclusive control of his personal email account, Moshe's unfettered discretion over what would be preserved in his personal email account, and Moshe's "special process" to collect his emails which excluded his attorneys under circumstances designed to prevent the disclosure of damaging evidence.

The WhatsApp messages would almost certainly have been relevant, as Rabinovich

---

[2] Plaintiffs are attempting to secure WhatsApp messages from other sources, namely the Citimed Defendants.  It is unknown whether the Citimed Defendants will produce WhatsApp messages, whether such production will include messages with Moshe, and whether any messages they produce can fill in gaps of what Moshe has not produced.  But experience and evidence regarding Moshe's personal email account suggest (a) there will almost certainly be missing WhatsApp messages between Moshe and Citimed Defendant personnel, and (b) to the extent Moshe communicated with defendants and relevant persons other than individuals associated with the Citimed Defendants through WhatsApp, those messages would not be recoverable from the Citimed Defendants and appear to be lost.

testified it was company policy for employees of Citimed Defendants to have a WhatsApp account, WhatsApp accounts were used to conduct Citimed Defendants' business, and she communicated with Moshe about the Citimed Defendants through WhatsApp.  Among the central issues in the case is whether Moshe owned or controlled the Citimed Defendants.  Thus, any communications Moshe had with or about the Citimed Defendants concerning their business would be highly relevant.

While it is unknown at this point whether WhatsApp messages Moshe did not produce can be recovered from other sources, at a minimum, Moshe's failure to disclose the existence of these messages and then produce only 11 screenshots of them with one person reflects his destruction of relevant information, an intent to spoliate evidence and a disregard for these proceedings.  Such additional evidence should provide further support for this Court to grant Plaintiffs' Motion and enter default judgment as to Moshe or impose adverse inferences that the lost information contained in the missing emails and, now WhatsApp messages, was unfavorable to Moshe.

Dated: June 22, 2026                              Respectfully submitted,

                                                  KATTEN MUCHIN ROSENMAN LLP

                                                  By: */s/ Jonathan L. Marks*

                                                  Jonathan L. Marks (NY Bar No. 5462874)