*Exhibit 2*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | ) ) ) ) | Case No. 1:21-cv-05523-MKB-PK |
| Plaintiffs, | ) ) ) | Hon. Margo K. Brodie |
| v. | ) ) | Magistrate Peggy Kuo |
| Metro Pain Specialists, P.C. et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO**
**DEFENDANT YAN MOSHE**

Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and

State Farm Fire and Casualty Company ("State Farm Fire"), pursuant to Federal Rules of Civil

Procedure 26 and 34, hereby request that defendant Yan Moshe produce the documents and things

described herein to Christopher Cook for inspection and copying at the offices of Katten Muchin

Rosenman, LLP, 50 Rockefeller Plaza, New York, NY 10020-1605, within thirty (30) days of

service hereof.

**DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these

Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil

Procedure.  As used in these Requests, the following terms are to be interpreted in accordance with

these definitions:

1.      "You" and "Your" mean Yan Moshe.

2.      "Burak-Owned Entity" means MNBT Corp., MDNN Corp., NBPB Corp., Lestat Corp., Expedited Services LLC, Nimax Group Corp., Spetsnaz LLC, BRK Group Inc., Unity Dispatch Solutions LLC, and/or ELP Services LLC.

3.      "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

4.      "Defendant" and "Defendants" mean any defendant named in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.), including, as applicable, their owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, management companies, or any other person or entity acting on their behalf.

5.      "Document" and "Documents" mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, instant messaging, any content transmitted or received through any chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (such as those involving video sharing, photograph

2

sharing, blogging, messaging, or ephemeral messaging, including but not limited to Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, and/or Threema), faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, cancelled checks, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings,  compilations of data or other information, including any compilations from which information can be obtained.  The terms "Document" and "Documents" shall have the broadest meanings possible consistent with the Federal Rules of Civil Procedure.

6.      "Gold and Diamond Company" refers to any businesses from which You purchased gold, diamonds, watches, or jewelry, and includes but is not limited to the following entities:

   a.  American Gold & Diamonds, Inc.
   b.  Elite Bullion Corp.
   c.  Exclusive Timepieces NYC Inc
   d.  BR Gems NYC LLC
   e.  First Class Timepieces Inc
   f.  Michael F & Co. Inc.

7.      The terms "person" and "individual" mean (i) natural persons and (ii) legal entities, including, without limitation, corporations, partnerships, firms, associations, professional corporations, and proprietorships.

8.      The terms "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

9.      "Payment" and "Payments" mean any transfer of money or anything of value.

10.      These Definitions incorporate by reference any other definitions in Local Civil Rule 26.3(c) of the Eastern District of New York.

3

## INSTRUCTIONS

1.      Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control.  A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by or connected with You or Your attorneys, or any other person or public or private entity that has actual physical possession thereof.

2.      File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3.      To the extent electronic Documents responsive to these Requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not be separated and relationships between emails and any attachments should be preserved at all times.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine, or neuter form shall include each of the other genders.

5.      Pursuant to Rule 34(b)(2)(B), if You object to a Request, the grounds for each objection must be stated with specificity and, pursuant to Rule 34(b)(2)(C), an objection must state whether responsive information, Documents, or things are being withheld on the basis of the asserted objection.  If You object to the scope of breadth of any of these Requests, or if You object only in part to any of these Requests, You are required, to the extent possible, to respond to the other part(s) of these Requests notwithstanding Your objection.

4

6.      If, in responding to these Requests, the responding party encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

7.      If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (i) the author of the Document; (ii) the recipient(s) of the Document; (iii) the date on which the Document was created or sent; (iv) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (v) the basis upon which the information is being withheld; and (vi) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

8.      If a responsive Document does not relate to a claim involving State Farm Mutual or State Farm Fire, you may redact any patient identifying information.

9.      You shall furnish all information available to you as of the date of your responses hereto and shall supplement such responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

10.     Unless otherwise specified, the time period applicable to these Requests is January 1, 2016, through the present.

11.     These instructions incorporate by reference any other rules of construction in Local Civil Rule 26.3 of the Eastern District of New York.

## **DOCUMENT REQUESTS**

32.     Documents and Communications relating to the referral of patients from the Emergency Department at Hudson Regional Hospital to entities owned by Leonid Shapiro M.D.,

5

including but not limited to Metro Pain Specialists P.C. and Tri-Borough NY Medical Practice P.C.

33.     Documents and Communications relating to Your business relationship with New Business Funding Inc, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Med Capital LLC's Payment of $28,000 to New Business Funding on September 15, 2016 (Check No. 1031), and $32,000 to New Business Funding on September 19, 2016 (Check No. 1030).

34.     Documents and Communications relating to Your business relationship with Penn Pharmacy Inc, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Dynamic Surgery Center LLC's Payment of $34,627.90 to Penn Pharmacy on May 11, 2017 (Check No. 1118).

35.     Documents and Communications relating to Your business relationship with Quest Pharmacy Corp., including any Payments or Documents reflecting services rendered in exchange for Payment, such as HealthPlus Surgery Center LLC's Payment of $27,486.49 to Quest Pharmacy on May 11, 2017 (Check No. 1174).

36.     Documents and Communications relating to Your business relationship with Keepers For You Corp. (d/b/a Billing 4 You), including any Payments or Documents reflecting services rendered in exchange for Payment, such as the following Payments:

   a. $32,714.40 from HealthPlus Surgery Center LLC to Billing 4 You on May 11, 2017 (Check No. 1175);
   b. $15,465 from Med Capital LLC to Billing 4 You on July 10, 2018; and
   c. $30,357.39 from HealthPlus Surgery Center LLC to Billing 4 You on June 5, 2019.

37.     Documents and Communications relating to Your business relationship with All Network Marketing Corp., including any Payments or Documents reflecting services rendered in

6

exchange for Payment, such as the Payment of $20,913.28 from Med Capital LLC to All Network Marketing on July 10, 2018.

38.    Documents relating to Your business relationship with All Star Services Inc, including any Payments or Documents reflecting services rendered in exchange for Payment.

39.    Documents relating to Your business relationship with Five Star Services Inc, including any Payments or Documents reflecting services rendered in exchange for Payment.

40.    Documents and Communications relating to Your business relationship with Skittles Services Corp., BIP Services Corp., and/or North Sky Renovation Services Corp., including any Payments or Documents reflecting services rendered in exchange for Payment.

41.    Communications between or among You and Isaias Barrera Perez, Araceli Rivero Miranda, Aline N. Lopez Rivero, and/or North Star Business & Accounting Service Inc., including but not limited to any services rendered by Skittles Services Corp., BIP Services Corp., and/or North Sky Renovation Services Corp.

42.    Documents and Communications relating to Your business relationship with Avacon Management LLC (d/b/a Avacon Builders), including any Payments or Documents reflecting services rendered in exchange for Payment.

43.    Documents and Communications relating to Your business relationship with Roma Yusupov, including any Payments or Documents reflecting services rendered in exchange for Payment, such as the following Payments:

    a.  $1,000,000 from You to Roma Yusupov on February 2, 2022;
    b.  $2,000,000 from You to Roma Yusupov on February 11, 2022; and
    c.  $2,000,000 from You to Roma Yusupov on February 18, 2022.

44.    Documents and Communications relating to Your business relationship with Olia Yusupov, including any Payments or Documents reflecting services rendered in exchange for Payment, such as Your Payment of $450,040 to Olia Yusupov on May 3, 2022.

45.    Documents and Communications relating to Payments made to and received from Ariel Sezanayev and/or Vladimir Matatov, including but not limited to any goods or services rendered in exchange for Payment.

46.    Documents and Communications reflecting the purchase, acquisition, transfer, or sale of any cryptocurrency by You, including but not limited to purchases or acquisitions through Coinbase, Inc.

47.    Documents and Communications relating to Regina Moshe, M.D.'s Payment of $700,000 to 55 Meadowlands Holding LLC on December 26, 2017.

48.    Documents and Communications relating to Regina Moshe, M.D.'s Payment of $2,500,000 to 29 E 29 Street Holdings LLC on July 21, 2020.

49.    Documents and Communications relating to Your purchase of a 9.9% interest in Citimed Surgery Center LLC.

50.    Documents and Communications relating to Your Payment of $1,425,000 to Vadim Dolsky stating "Loan Return 8/25/2017" in the memo line, including but not limited to Documents and Communications relating to the referenced loan.

51.    Communications between or among You and Leonid Shapiro M.D., including but not limited the emails identified on Exhibit 1 to this Rider.

52.    Communications between or among You and Jelani Wray, including but not limited to the emails identified on Exhibit 2 to this Rider.

8

53.    Communications between or among You and Beshert Corp, including but not limited to the emails identified on Exhibit 3 to this Rider.

54.    Communications between or among You and Marina Katayeva, including but not limited to the emails identified on Exhibit 4 to this Rider.

55.    Communications between or among You and Michelle Simon, including but not limited to the emails identified on Exhibit 5 to this Rider.

56.    Communications between or among You and Estevan Roman, including but not limited to the emails identified on Exhibit 6 to this Rider.

57.    Communications between or among You and Roman Yunusov, including but not limited to the emails identified on Exhibit 7 to this Rider.

58.    Communications between or among You and Tatyana Rabinovich, including but not limited to the emails identified on Exhibit 8 to this Rider.

59.    Communications between or among You and Patrick Situ, including but not limited to the emails identified on Exhibit 9 to this Rider.

60.    Communications between or among You and Yenny Escano, including but not limited to the emails identified on Exhibit 10 to this Rider.

61.    Communications between or among You and Complete Radiology Reading Solutions, including but not limited to the emails identified on Exhibit 11 to this Rider.

62.    Communications between or among You and Alkies Lapas, Contemporary Diagnostic Imaging, and/or CDI Management Group, including but not limited to the emails identified on Exhibit 12 to this Rider.

63.    Communications between or among You and All Star Services Inc. and/or Five Star Services Inc., including but not limited to the emails identified on Exhibit 13 to this Rider.

9

64.     Documents and Communications relating to Your business relationship with Nizar Burak and any Burak-Owned Entity, including but not limited to the emails identified on Exhibit 14 to this Rider.

65.     Documents and Communications relating to Your business relationship with any Gold and Diamond Company, including but not limited to the Communications identified on Exhibit 15 to this Rider.

66.     Documents and Communications relating to Your business relationship with Expert Billing Solutions, including but not limited to the Communications identified on Exhibit 16 to this Rider.

67.     Communications between or among You and New York Spine Institute, including but not limited to the emails identified on Exhibit 17 to this Rider.

68.     Communications between or among You and Sovereign Health Medical, including but not limited to the emails identified on Exhibit 18 to this Rider.

69.     Communications between or among You and Pinnacle Health Consultants, LLC, including but not limited to the emails identified on Exhibit 19 to this Rider.

70.     Communications between or among You and Greenbills and/or its princiapls, including but not limited to the emails identified on Exhibit 20 to this Rider.

71.     Communications between or among You and John Mitamura, M.D., including but not limited to the emails identified on Exhibit 21 to this Rider.

72.     Communications between or among You and Norman Rowe, M.D., including but not limited to the emails identified on Exhibit 22 to this Rider.

10

73.     Communications between or among You and Advanced Comprehensive Laboratory LLC and/or its principals, including but not limited to the emails identified on Exhibit 23 to this Rider.

Dated: April 26, 2024
      New York, New York

                                     KATTEN MUCHIN ROSENMAN LLP

                                By:  *Christopher T. Cook*
                                     Ross O. Silverman
                                     Jonathan L. Marks
                                     Michael L. Cardoza
                                     Sarah M. Scruton
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
michael.cardoza@katten.com
sarah.scruton@katten.com

Christopher T. Cook
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

11

# Exhibit 1

[Exhibit contents included in native Excel file]

# Exhibit 2

[Exhibit contents included in native Excel file]

# Exhibit 3

[Exhibit contents included in native Excel file]

# **Exhibit 4**

[Exhibit contents included in native Excel file]

# **Exhibit 5**

[Exhibit contents included in native Excel file]

# **Exhibit 6**

[Exhibit contents included in native Excel file]

# **Exhibit 7**

[Exhibit contents included in native Excel file]

# **Exhibit 8**

[Exhibit contents included in native Excel file]

# Exhibit 9

[Exhibit contents included in native Excel file]

# Exhibit 10

[Exhibit contents included in native Excel file]

# Exhibit 11

[Exhibit contents included in native Excel file]

# Exhibit 12

[Exhibit contents included in native Excel file]

# **Exhibit 13**

[Exhibit contents included in native Excel file]

# Exhibit 14

[Exhibit contents included in native Excel file]

# Exhibit 15

[Exhibit contents included in native Excel file]

# Exhibit 16

[Exhibit contents included in native Excel file]

# Exhibit 17

[Exhibit contents included in native Excel file]

# Exhibit 18

[Exhibit contents included in native Excel file]

# Exhibit 19

[Exhibit contents included in native Excel file]

# Exhibit 20

[Exhibit contents included in native Excel file]

# Exhibit 21

[Exhibit contents included in native Excel file]

# Exhibit 22

[Exhibit contents included in native Excel file]

# **Exhibit 23**

[Exhibit contents included in native Excel file]

## <u>CERTIFICATE OF SERVICE</u>

I, Michael L. Cardoza, an attorney, hereby certify that on April 26, 2024, I served the

foregoing Plaintiffs' Second Set of Document Requests to Defendant Yan Moshe on the following

counsel of record by email.


Anthony Juliano
Brach Eichler LLC
101 Eisenhower Parkway, Ste 201
Roseland, NJ 07068
973-403-3154
Email: ajuliano@bracheichler.com


*/s/ Michael L. Cardoza*
*Attorney for Plaintiffs State Farm*
*Mutual and State Farm Fire*
