*Exhibit 3*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | ) ) ) ) | Case No. 1:21-cv-05523-MKB-PK |
| Plaintiffs, | ) ) ) | Hon. Margo K. Brodie |
| v. | ) ) | Magistrate Peggy Kuo |
| Metro Pain Specialists, P.C. et al., | ) ) | |
| Defendants. | ) | |

### PLAINTIFFS' THIRD SET OF DOCUMENT REQUESTS TO DEFENDANT YAN MOSHE

Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire"), pursuant to Federal Rules of Civil Procedure 26 and 34, hereby request that defendant Yan Moshe produce the documents and things described herein to Christopher Cook for inspection and copying at the offices of Katten Muchin Rosenman, LLP, 50 Rockefeller Plaza, New York, NY 10020-1605, within thirty (30) days of service hereof.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1.     "You" and "Your" mean Yan Moshe.

2.      "Communication" and "Communications" mean all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

3.      "Document" and "Documents" mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, instant messaging, any content transmitted or received through any chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (such as those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging, including but not limited to Facebook, WhatsApp, Snapchat, Wickr, DingTalk, Confide, and/or Threema), faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, cancelled checks, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings,  compilations of data or other information, including any compilations

2

from which information can be obtained.  The terms "Document" and "Documents" shall have the broadest meanings possible consistent with the Federal Rules of Civil Procedure.

4.      The terms "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

5.      "Payment" and "Payments" mean any transfer of money or anything of value.

6.      "Yan Moshe Surgical Facility" means Excel Surgery Center LLC, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), SCOB LLC (d/b/a SurgiCare of Brooklyn), and/or Citimed Surgery Center LLC, and their owners and employees.

7.      These Definitions incorporate by reference any other definitions in Local Civil Rule 26.3(c) of the Eastern District of New York.

**INSTRUCTIONS**

1.      Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control.  A Document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your advisors, investigators, employees, representatives, agents, independent contractors, consultants, accountants, attorneys, affiliates, management companies, any other person directly or indirectly employed by or connected with You or Your attorneys, or any other person or public or private entity that has actual physical possession thereof.

2.      File folders with tabs or labels or directories of files identifying Documents must be produced intact with such Documents.

3.      To the extent electronic Documents responsive to these Requests set forth below are in your possession, custody, or control, any such Documents attached to each other shall not

3

be separated and relationships between emails and any attachments should be preserved at all times.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all"; "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine, or neuter form shall include each of the other genders.

5.      Pursuant to Rule 34(b)(2)(B), if You object to a Request, the grounds for each objection must be stated with specificity and, pursuant to Rule 34(b)(2)(C), an objection must state whether responsive information, Documents, or things are being withheld on the basis of the asserted objection.  If You object to the scope of breadth of any of these Requests, or if You object only in part to any of these Requests, You are required, to the extent possible, to respond to the other part(s) of these Requests notwithstanding Your objection.

6.      If, in responding to these Requests, the responding party encounters any ambiguities when construing a Request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

7.      If You withhold any Document(s) or Communication(s) requested herein on the basis of any privilege or other immunity from discovery, You shall produce one or more privilege logs that contain the following information for each item not produced for reasons of privilege, to the extent providing this information will not destroy the privilege: (i) the author of the Document; (ii) the recipient(s) of the Document; (iii) the date on which the Document was created or sent; (iv) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (v) the basis upon which the information is being withheld; and (vi) a description of the nature of the Document sufficient to enable the reviewer to assess the applicability of the privilege or protection.

4

8.      If a responsive Document does not relate to a claim involving State Farm Mutual or State Farm Fire, you may redact any patient identifying information.

9.      You shall furnish all information available to you as of the date of your responses hereto and shall supplement such responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

10.     Unless otherwise specified, the time period applicable to these Requests is January 1, 2017, through the present.

11.     These instructions incorporate by reference any other rules of construction in Local Civil Rule 26.3 of the Eastern District of New York.

## **DOCUMENT REQUESTS**

74.     Documents and Communications relating to travel to Ukraine by any physician who provided services for or on behalf of any Yan Moshe Surgical Facility.

75.     Documents and Communications relating to any expenses or Payments relating to any travel to Ukraine by any physician or attorney who performed work for or on behalf of any Yan Moshe Surgical Facility, including but not limited to the following Payments:

a.  $9,000.00 paid by David J. Bangel to You on August 28, 2018 (Check No. 510);

b.  $11,900.00 paid by David J. Bangel to You on January 17, 2019 (Check No. 603);

c.  $2,438.00 paid by David J. Bangel to You on November 11, 2019 (Check No. 1258); and

d.  $2,438.00 paid by Aron Rovner, M.D. PLLC Maria Giardina to You on November 6, 2019 (Check No. 3970).

76.     Documents sufficient to identify any occasions where You traveled to Ukraine, including but not limited to passport stamps and/or flight records.

5

Dated: September 4, 2024
     New York, New York

KATTEN MUCHIN ROSENMAN LLP


By: *Christopher T. Cook*
    Ross O. Silverman
    Jonathan L. Marks
    Michael L. Cardoza
    Sarah M. Scruton
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
    Chicago, Illinois 60661-3693
    Telephone:  312.902.5200
    Facsimile:  312.902.1061
    ross.silverman@katten.com
    jonathan.marks@katten.com
    michael.cardoza@katten.com
    sarah.scruton@katten.com

    Christopher T. Cook
    KATTEN MUCHIN ROSENMAN LLP
    50 Rockefeller Plaza
    New York, NY 10020-1605
    Telephone:  212.940.8800
    christopher.cook@katten.com

    *Attorneys for Plaintiffs State Farm Mutual*
    *Automobile Insurance Company and State*
    *Farm Fire and Casualty Company*

# CERTIFICATE OF SERVICE

I, Michael L. Cardoza, an attorney, hereby certify that on September 4, 2024, I served the foregoing Plaintiffs' Third Set of Document Requests to Defendant Yan Moshe on the below counsel of record by email.

Anthony Juliano
Brach Eichler LLC
101 Eisenhower Parkway, Ste 201
Roseland, NJ 07068
973-403-3154
Email: ajuliano@bracheichler.com

/s/ Michael L. Cardoza
*Attorney for Plaintiffs State Farm*
*Mutual and State Farm Fire*