*Exhibit 1*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

State Farm Mutual Automobile Insurance Company and )
State Farm Fire and Casualty Company, )
                                      )
                      Plaintiffs, )  Case No. 1:21-cv-05523
                                        )
v. )
                                        )
Metro Pain Specialists, P.C., et al., )
                                        )
                      Defendants. )

**NOTICE OF RULE 30(B)(6) DEPOSITION OF CITIMEDICAL I, PLLC,**
**CITIMED SERVICES, P.A., CITIMEDICAL SERVICES P.C.,**
**AND CITIMED COMPLETE MEDICAL CARE P.C.**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, by and through their counsel, will take the deposition upon oral examination of Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., and Citimed Complete Medical Care P.C. commencing at 9:30 a.m. on July 21, 2026 at the law firm of Katten Muchin Rosenman, LLP, 50 Rockefeller Plaza, New York, NY 10020-1605, by an officer authorized by law to administer oaths on the matters for examination set forth in the attached Exhibit 1. Pursuant to Rule 30(b)(3)(A), the deposition will be taken by stenographic and audio-visual means and may be used for all purposes contemplated under the Federal Rules of Civil Procedure.

YOU ARE HEREBY FURTHER NOTIFIED pursuant to the Federal Rules of Civil Procedure that you are, by this notice, required to have present at the date, time, and place stated, a deponent or deponents for oral examination for the purpose of discovery.

Dated:  June 17, 2026

KATTEN MUCHIN ROSENMAN LLP


By:  /s/ *Christopher T. Cook*
    Ross O. Silverman
    Jonathan L. Marks
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
    Chicago, Illinois 60661-3693
    Telephone:  312.902.5200
    Facsimile:  312.902.1061
    ross.silverman@katten.com
    jonathan.marks@katten.com

    Christopher T. Cook
    KATTEN MUCHIN ROSENMAN LLP
    50 Rockefeller Plaza
    New York, NY 10020-1605
    Telephone:  212.940.8800
    christopher.cook@katten.com

    *Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

## EXHIBIT 1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition of Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., and Citimed Complete Medical Care P.C. is requested on the topics listed below, and they shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf, and may set forth, for each person designated, the topics on which the person will testify.  Unless stated otherwise, these topics cover the time period January 1, 2016 through the present.

## DEFINITIONS

1.      "You" and "Your" mean Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and their owners and employees.

2.      "Citimed Management" means Citimed Management Services Inc., including any of its owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, or any other person or entity acting on its behalf.

3.      "Communication" and "Communications" mean discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

4.      "Defendant" and "Defendants" mean any defendant named in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.), including, as applicable, their owners, directors, officers, members, partners,

employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, management companies, or any other person or entity acting on their behalf.

5.      The words "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

## **TOPICS**

1.      The provision and purpose of the healthcare services at issue in Paragraphs 286-337, Paragraphs 424-444, and Paragraphs 460–472 of the Second Amended Complaint, including:

    a.      The physical therapy initial examinations, physical therapy modalities, physical therapy daily notes, and follow-up physical therapy examinations;

    b.      The chiropractic initial examinations, chiropractic modalities, chiropractic daily notes, and follow-up chiropractic examinations;

    c.      Acupuncture services;

    d.      Hyperbaric oxygen therapy, including supervision thereof;

    e.      Outcome assessment testing;

    f.      EDX testing, including nerve conduction studies and electromyography tests ("NCV and EMG Tests");

    g.      Computerized range of motion and muscle testing;

    h.      Physical capacity testing;

    i.      Referrals for pain management and orthopedic consultations;

    j.      Recommendations for and provision of pain management and orthopedic procedures; and

    k.      Recommendations for and use of urine drug tests.

2.      The creation, completion, and submission of documentation reflecting the healthcare services at issue in in Paragraphs 286-337 and Paragraphs 424-444 of the Second Amended Complaint, including Your (i) patient intake forms; (ii) physical therapists' initial

2

evaluations, daily treatment notes, and follow-up evaluations; (iii) chiropractors' initial evaluations, daily notes, and follow-up evaluations; (iv) physicians' initial evaluations, follow-up evaluations, and orthopedic evaluations; (v) hyperbaric oxygen therapy records; and (vi) records for diagnostic services referred and provided, including outcome assessment testing, EDX testing, computerized range of motion and muscle testing, and physical capacity testing.

3.     Yan Moshe's role and involvement in decisions about the provision and purpose of treatments performed by You and recommendations for and provision of other treatments, like pain management and orthopedic procedures.

4.     The criteria, process, and persons responsible for ordering MRIs.

5.     Any protocols or guidelines created by You and/or used by Your employees or independent contractors relating to the evaluation and treatment of Your patients, including the expected duration and intensity of treatment for patients who were in automobile accidents.

6.     The criteria, process, and persons responsible for referring patients at issue in the Second Amended Complaint for pain management evaluations or services.

7.     The criteria, process, and persons responsible for determining whether to continue or discontinue the treatment of patients, including criteria for discharging patients treating with You.

8.     Your recordkeeping and billing practices, including any processes for identifying patients whose benefits have been exhausted.

9.     Your efforts to track the duration of courses of treatment for patients and the types of services they received during their courses of treatment (*e.g.,* chiropractic, physical therapy, acupuncture).

10.     Your hiring and training practices.

11.     Any protocols or guidelines created and/or used by Your employees or independent contractors relating to the evaluation and treatment of Your patients.

12.     The supervision of healthcare services performed by You, including what supervisory activities were performed, who performed them, and what documentation was created reflecting such supervisory activities.

13.     The planning, holding, content, and substance of "managers meetings" with employees of You, Citimed Management and/or others, such as the meeting referenced in Exhibit A, including the frequency with which such meetings were held, how they were organized and conducted, the identities of attendees, communications regarding such meetings, and how such meetings were documented.

14.     The use of email, text messaging, and computers to conduct Your business.

15.     The factual basis for any defense You intend to assert during this lawsuit.

*Exhibit A*

# Monthly Manager Meeting



**Location:**      Rego Park

**Date:**          November 13, 2019

**Time:**          3:00 pm- 9:00 pm

**Attendees:**     Dr. Moshe, Tatyana, Lev, Irena, Rob, Georgia, Yajaira, Sandy, Victoria, Eve, Tom, Roman, Estevan and Janet.

## Agenda items:

**Meeting commenced with Dr. Moshe commenting on hopes of changes have been implemented since last meeting.**

1) Scheduling surgical clearances at HRH have been improved with patients getting in within a week
2) Small issue with getting reports back with patients that are not medically cleared.
3) Rob and Janet will be meeting with HRH staff again next week.
4) Per Janet system of medical clearances Iisworking well that has been implemented by Janet and Elizabeth. However, some patient are non- compliant
5) Offices are cooperating and are reliable with scheduling of clearances.
6) The issue with timely reports and turnaround time was discussed.
7) The procedure has improved with Dr. Goodstein (approximately 2 weeks) and PA Santiago (approximately 1 week) but there is an on-going issue with Dr. Daly. His reports seem to be inaccurate. He has a new scribe but there are many inconsistences. Dr. Moshe suggested Rob sit in with the scribe and Dr. Daly tomorrow (11/14/19) for a few hours while he is in the Bronx. It was discussed that the MA should stay in the room with Dr. Daly and complete the sign in sheets for him particularly if a surgery is indicated.
8) Productivity with Dr. Cornacchia was discussed. He is continuously late and he takes a very long time with every patient.
9) All reports should be in the system within 7 days.
10) Transportation seems to be must better with surgical procedures and the surgical centers since the group chat was initiated.

CONFIDENTIAL                                                                    CITIMED5609229

11) Dr. Mendoza has two new Chiro offices in Long Island we will be servicing with Ortho. One in Glen Cove and One in Hempstead. Rob will provide complete addresses and details.

12) Communication within CitiMed has not improved with regard to shared patients in particular. Instruct staff to improve and facilitate email communications.

13) Dr. Grazioso only has one pending surgery. His sign-in sheets should include the dictation report number.

14) Dr. Mitamura's procedure of seeing patient with surgical clearance prior to surgery is delaying procedures. He agreed that we can just email the clearances to his office and he will permit them to be scheduled for surgery. Problem is he does not want to travel outside of the Bronx and White Plains.

15) Dr. Corso. All MG2s have been mailed out and he reviewed and fixed all his reports. His numbers are great and he is great with the patients. The headers have been corrected so all the reports just need to be uploaded.

16) Issue with PA Santiago seeing patients in GH and then sending to Dr. Daly was discussed.

17) MRIs 7 days from DOA for cervical spines; 21 days for Lumbar Spine and at any time for extremities. Issue will be getting patients to come back for a second study.

18) There are still issues with HRH MRIs not getting done. They are supposed to get scheduled within 24 hours but it is not happening. Candace and Aida seem to be extremely unresponsive to these issues. Dr. Moshe wants a list of all patients that we have tried to schedule at HRH. Rob is meeting with them tomorrow so he will conference the managers in at that time.

19) FOR MRIs All referrals need the patient's name, recommendations (correct body parts and whether left or right), doctor signature, and date.

20) MRI issues scheduling patient at HRH that are claustrophobic staff is not being welcoming Rob will have meeting on 11/14/19 with HRH and will address all concerns and issues.

21) Dr. Moshe explained to Irena that it is pertinent If critical findings on MRI the Radiologist should be calling the referring doctor directly. They have been circumventing the process and emailing it to Irena who then has to contact the appropriate manager. Dr. Moshe will follow up and ensure that they go back to the procedure of contacting referring doctor and documenting the notification. This is especially true with doctors referring outside of CitiMed.

22) MRI C-S 7days post-accident (N/F, W/C) ,L/S 21 days, extremities - no specific criteria. Guidelines should be followed due to issues with Arbitration.
exceptions and red flag to be mindful of and the need for emergency lumbar spine scans are if patient is experiencing the following: numbness, unable to feel leg, weakness, incontinent (urinating on self) unable to contain bowel movement and pressure on nerve this would warrant emergency MRI of Lumbar before 21 days.

23) Lyft and Uber: It has gotten much better. Westchester patients are still getting rides to Harlem.

24) All managers should go through old charts and discharged patient that are no-show IME, Policy exhausted and if they are comp patients or benefits are still good they should be evaluated for further care.

25) If there is a negative N/F IME report denying further treatment, then the patient must see the CitiMed Physician within 30 days in order to be successful in arbitration.

26) WC patients should not have interruption in treatment for longer than 60 days or we will not get paid for the treatment. Patients should be tracked so that they are coming for consistent treatment. If patient have not been treating for more than 60 days we will need to have a MG2 submitted and approved before beginning to treat the patient

2

CITIMED5609230

27) MG2s are in Citimed Central with date of submission and pocketed records.
28) Janet request Transcriptionist need to cross reference sign in sheet with Drs reports to illuminate errors and construct accuracies.
29) Managers noted there are unbilled visits from July and August. Tatyana and Dr. Moshe will look into this.
30) Dr. Moshe wants a list of all unattached patients from each manager each month and who they were referred to.
31) All Managers should be sure that Dr. Oshidar meets with all providers.
32) Dr. Moshe suggested that Dr. Azeem should meet with Dr. Oshidar
33) All PTs/PAs and Acupuncturist need their workers' comp numbers with the Board by December 1st. Dr. Moshe wants a list from each office by the end of the week if no comp #s no employment for January 1st 2020.
34) Tatyana need name of Intake Coordinator person who reviews INTAKE FORMS.
35) Monthly numbers were reviewed.

Meeting concluded approximately 9:00 p.m.

3

CONFIDENTIAL

CITIMED5609231

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2026, a true and correct copy of the foregoing was served via electronic mail to counsel of record for all defendants.

> */s/ Christopher T. Cook*
> *One of the Attorneys for Plaintiffs*
> *State Farm Mutual Automobile*
> *Insurance Company and State Farm*
> *Fire and Casualty Company*