*Exhibit 2*

**Cardoza, Michael L.**

| | |
|---|---|
| **From:** | Cook, Christopher T. |
| **Sent:** | Friday, May 5, 2023 6:15 PM |
| **To:** | Thomas A. Leghorn |
| **Cc:** | Marissa Wong; Cardoza, Michael L.; Marks, Jonathan L. |
| **Subject:** | RE: State Farm |

Tom,

Following up on our conversation from this afternoon, Plaintiffs will be issuing an amended notice of deposition and revised subpoena reflecting (1) the revised definition of "You" and "Your" we discussed, and (2) a new deposition date of June 28. As to the length of the deposition, the parties understand their obligations under the Federal Rules and Local Civil Rules with respect to producing witnesses and conducting the deposition and agree those rules will govern the deposition of Citimed Management. Through our discussions, I understand the parties have resolved all of the objections and issues raised by Citimed Management with one exception.

In your email to me dated May 1, you advised Citimed Management can agree to proceed with the deposition "upon your representation that you will not be seeking a deposition of any other Citimed related entity and will only take a further deposition of Dr. Moshe individually later in the litigation." Plaintiffs cannot agree to this requirement as they cannot know now what future discovery may be necessary as discovery continues and reveals new and unknown information. Plaintiffs did submit to the Court a list of the depositions they presently intend to take in connection with a motion regarding the number of depositions. *See* Pls.' Mot. for Leave, Feb. 14, 2023 (Dkt. 335). The list identifies only one Citimed entity – Citimed Management Services Inc. Plaintiffs motion states that it is submitted "with the understanding that the parties will meet and confer if Plaintiffs seek depositions of any additional witnesses." Plaintiffs stand by these representations. Neither Citimedical nor Dr. Moshe objected to that motion.

Please confirm by reply email whether Citimed Management has any remaining issue with proceeding with the deposition.

Regards,

**Christopher T. Cook**
Counsel

# Katten

Katten Muchin Rosenman LLP
50 Rockefeller Plaza | New York, NY 10020-1605
direct +1.212.940.6488
christopher.cook@katten.com | katten.com

---

**From:** Thomas A. Leghorn
**Sent:** Thursday, May 4, 2023 11:56 AM
**To:** Cook, Christopher T.
**Cc:** Marissa Wong
**Subject:** State Farm

*EXTERNAL EMAIL – EXERCISE CAUTION*
I am addressing the topics set forth within the Rule 30(b)(6) deposition subpoena as to Citimed Management.

I will start with some general observations/objections.

Although you indicated that apart from this deposition of Citimed Management as a non-party, State Farm would take no other depositions of Citimedical entities apart from an individual deposition of Dr. Moshe much later in the case, I now see that as a very hollow assurance. The definition of "You" within the notice encompasses each and every entity that is in any manner connected to Citimed Management. In essence, that definition transforms this notice as one directed as to all Citimedical/Dr. Moshe related entities. We need to have this narrowed down to make it workable.

Additionally, even if this was only as to Citimed Management, it is impossible for all of these topics and many sub-parts covered in a one 7 day period and we will not agree to any additional time to complete the deposition. The breadth of the topics, and the volume of documents which we have produced and continue to produce, also makes it impossible for anyone to fully prepare to answer every conceivable question that may arise from these broad topics and the documents. You have our assurances that Dr. Moshe will be fully prepared for an appropriate 30(b)(6) deposition, but we need an agreement in advance that if a question is asked or a document is shown that she can not answer or does not recall, this can not be the basis for seeking a further deposition.

One does not have to go any further than the second and third topics to see how these general objections can easily transform what appears to be simple and straight forward topics into ones with a crushing impact. As we discussed, and which you acknowledged that you had the same view, Citimed Management is basically a clearing house operation which does nothing more than handle the financial obligations of the various medical entities. Management does not provide any medical services and does not employ any medical workers. As I mentioned, they act as basically an ADP handling the payroll and accounts payable for the other entities. With that in mind, questions as to what "services" Management provides or offers could be easily addressed if this topic was limited to Management. By using the definition of "You" however, the topics expand exponentially and would now require an answer and preparation for each and every Citimedical entity. We need to come to an agreement on limiting the scope of these demands.

Topics 4 through 6 do not use "You" so to the extent these topics are limited to Management, they are fine subject to the general objections.

Topics 7 and 8 once again brings us back to "You" to which we must object.

The topics extending through topic 13 employ "Your" – to the extent this is being used in place of the defined term "You", it is the same problem. I suspect that is your intent because it is highly likely that a fair number of these topics have no relevance to the day-to-day operations of Management.

These same issues are present throughout Topics 14 through 32.

Topic 33 makes it clear that this deposition notice is not being used as to Management in that on its face it is seeking information as to Shapiro's employment with Citimed Services P.A. – we object to this as being something for Management to be questioned upon.

I am around the balance of today and for a good part of tomorrow but then I am not available until May 16th if you want to discuss.

Best Regards,

Tom

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful. This email has been scanned for viruses and malware.