AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

EX 56
9-12-23 PF

| State Farm Mutual Automobile Ins. Co., et al., | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.    1:21-cv-05523 (MKB)(PK) |
| | ) |
| Metro Pain Specialists P.C. et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Citimed Management Services Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Katten Muchin Rosenman LLP<br>50 Rockefeller Plaza<br>New York, NY 10020-1605 | Date and Time:<br><br>9/12/2023 9:30 am |
|---|---|

The deposition will be recorded by this method: ___Stenographic and Videotape___

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    7/26/2023

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Insurance Company, et al. _____, who issues or requests this subpoena, are:

Christopher T. Cook, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, NY 10020-1605 (212) 940-6488
christopher.cook@katten.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-05845-MKB-VMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are S _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition of Citimed Management Services Inc. is requested on the topics listed below. Citimed Management Services Inc. shall confer in good faith with Plaintiffs regarding the below topics and designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the topics on which the person will testify. Unless stated otherwise, these topics cover the time period January 1, 2016 through the present.

### DEFINITIONS

1. "You" and "Your" mean Citimed Management Services Inc.

2. "Citimedical Entities" means Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and their owners and employees.

3. "Communication" and "Communications" mean discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, facsimiles, text messages, electronic mail, voicemail, instant messaging, written or oral communications via social media, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda, and other records of any communications.

4. "Defendant" and "Defendants" mean any defendant named in *State Farm Mutual Automobile Insurance Company, et al. v. Metro Pain Specialists P.C., et al*, 21-cv-05523-MKB-PK (E.D.N.Y.), including, as applicable, their owners, directors, officers, members, partners, employees, affiliates, subsidiaries, representatives, advisors, agents, attorneys, accountants, consultants, assignees, management companies, or any other person or entity acting on their behalf.

5.    "Funding" means any loan, mortgage, financing, line of credit, advance, factoring, or other lending activities, including but not limited to the purchase of accounts receivable.

6.    "Marketing" means any marketing, promoting, or advertising services.

7.    "Moshe Surgical Facilities" means Excel Surgery Center LLC, Hackensack Specialty ASC LLC (f/k/a Dynamic Surgery Center LLC), Integrated Specialty ASC LLC (f/k/a HealthPlus Surgery Center LLC), SCOB LLC (d/b/a SurgiCare of Brooklyn), Citimed Surgery Center, LLC, NJMHMC LLC (d/b/a Hudson Regional Hospital), and their owners and employees.

8.    "Payment" means any transfer of money or anything of value.

9.    The words "relating to" and "regarding" mean concerning, referring to, pertaining to, describing, referencing, evidencing, constituting, or substantiating, and shall have the broadest meaning possible consistent with the terms of the Federal Rules of Civil Procedure.

## TOPICS

1.    Your business operations.

2.    Services You have provided or offered.

3.    Agreements, Payments, financial arrangements, contractual or other business relationships or communications associated with services You have provided or offered.

4.    Agreements, financial arrangements, contractual or other business relationships with any Defendant or any entity any Defendant owns or controls, including but not limited to any Citimedical Entity or Moshe Surgical Facility.

5.    Communications with any Defendant or any entity any Defendant owns or controls, including but not limited to any Citimedical Entity or Moshe Surgical Facility.

6.    Payments made to or received from any Defendant or any entity any Defendant owns or controls, including but not limited to any Citimedical Entity or Moshe Surgical Facility.

7.    Your billing and collection practices, including the services You provide to or receive from third parties relating to billing and collection.

8.    The collection, storage, and maintenance of data relating to billing and collection services You provide to or receive from third parties.

9.    Your use of licensed software to manage services and Payments rendered to customers or clients, including but not limited to Greenbills LLC or GoGreenBills.Com, Inc.

10.    Your employees, including hiring, job duties, training, compensation, supervision and oversight, discipline, and termination.

11.    Your policies and practices regarding record retention, storage, and destruction.

12.    Your policies and practices relating to compliance with governmental laws and regulations.

13.    Your policies and practices relating to governmental or law enforcement investigations, audits, or inquiries.

14.    Criminal, disciplinary, civil, or licensure investigations involving You or any Defendant.

15.    Your business and financial records, including their content, where and how they are generated, kept, and maintained.

16.    Your financial condition and financial records, including but not limited to:

   a.    Your receipts and disbursements, their amounts, the purposes of such transactions, documentation related to such transactions, and the identity of persons involved in and with knowledge of such transactions;

   b.    The identity and location of all of Your domestic and foreign banking and other financial accounts, and all persons with access to such accounts;

   c.    Your relationship with any banking or financial institution or any employee or officer of such institution;

d.  The preparation and contents of Your general ledgers, balance sheets, profit and loss statements, income statements, cash reports/cash summaries, cash flow projections, expense schedules, allocation of expenses, accounts payable, accounts receivable, invoices, receipts, and/or accounting reports;

e.  Distributions and/or other Payments You made to any directors, owners, partners, members, and/or any other individuals or entities that hold or have held financial interests in You;

f.  The preparation and contents of Your federal and state tax returns, including but not limited to all amended returns, requests for extension, schedules, worksheets, W-2s, 1099s, and K-1 (Form 1065) forms;

g.  The nature of any business expenses supporting any deductions You claimed on Your federal tax returns, and documentation related to those expenses; and

h.  Loans or financing issued to or received by You.

17.  Your formation, purpose, corporate structure, ownership, management, operation, and observation of corporate formalities, including but not limited to Your by-laws, operating agreements, meeting minutes, and/or any other corporate documents or filings.

18.  The identity and stake of all individuals and entities that have a directorship, ownership, equity, membership, or any other financial interest in You.

19.  The identity of any person who has provided any services to You, including any accounting, bookkeeping, or other financial or tax services, or any Certified Public Accountant.

20.  Your lease, use or rental of space or equipment, including any obligations or Payments related thereto such as Payments for additional rent paid or received in addition to base rent listed in a lease or agreement, building services, maintenance, construction, remodeling, staffing, security, utilities, cleaning, plumbing, HVAC, electrical, elevator maintenance, taxes, insurance, and/or other building operations.

21.  In connection with any lease, use or rental of space or equipment, the processes You used and the information You considered in assessing or evaluating the fair market value of space or equipment.

4

22.     Your interest in any assets, equipment, vehicles, land or property, including any real estate investment or trust.

23.     Any investments made by You in any business or asset.

24.     Any Funding sought, obtained or provided by You, including any application made or received by You for any Funding.

25.     Any transactions involving the conversion of funds or assets to cash, the amounts, the purposes of any such transactions, documentation related to any such transactions, and the identity of persons involved in and with knowledge of such transactions, including such transactions involving Your funds or the funds of any Defendant.

26.     Any transaction in which you pledged, assigned, or used Your assets as security or collateral for any Funding.

27.     Your financial arrangements, contractual, business, communications or any other relationship with real estate holding companies, including any Payments made between, among, or on behalf of any of the following entities:

        a.    1963 Concourse Holdings, LLC
        b.    6336 Holdings, LLC
        c.    9901 Holdings LLC
        d.    1010 N. Broadway Holdings LLC
        e.    92-20 165 Holdings LLC
        f.    6555 Woodhaven Realty LLC
        g.    55 Greene Ave LLC
        h.    910 East Gun Hill Holdings, LLC
        i.    313 43 Realty Holdings LLC
        j.    321 Essex Holding LLC
        k.    190 Midland Ave Realty Holdings LLC
        l.    190 Midland Holdings LLC

28.     Your financial arrangements, contractual, business, communications or any other relationship with marketers, including any Payments made between or among You and any of the following individuals or entities:

a.   Marina Katayeva
b.   Superstar Marketing Inc
c.   M&K Concierge Inc
d.   El Grito Publishing Corp.
e.   Michelle Simon
f.   Martinez Silverio Consulting LLC
g.   SJL Marketing LLC
h.   DN Spark Consulting Inc
i.   Lambert Marketing Corp
j.   R & R Marketing and Consulting LLC
k.   Quantum E LLC
l.   Vortex Consulting Group
m.   The Macallen Group
n.   I Quit Inc.
o.   Yenny Escano

29.   Your financial arrangements, contractual, business, communications or any other relationship with billing companies, including any Payments made between or among You and any of the following entities:

a.   Five Star Services Inc
b.   GoGreenBills.Com, Inc.
c.   Misha Star Inc
d.   M&D Capital Premier Billing LLC
e.   Greenbills LLC
f.   Better Billing & Collection Corp
g.   Billing For You Inc.

30.   Your financial arrangements, contractual, business, communications or any other relationship with transportation companies, including any Payments made between or among You and any of the following entities:

h.   All Points Transportation
i.   Exclusive Transportation
j.   Gone with a Breeze Transportation
k.   MNBT Corp.
l.   One of Kind Transportation
m.   Sharp Transportation
n.   Showtime Transportation

31.   Your financial arrangements, contractual, business, communications or any other relationship with the following entities, including any Payments made to or received from each:

6

  a.  Ovada Inc
  b.  Drugs R Us Pharmacy
  c.  EZ Parking Corp
  d.  Clean Star Inc
  e.  Tenacity NY Corp
  f.  Health and Comfort Rx Inc.
  g.  D&M Multispecialty Services LLC
  h.  Rego Park Seniors Club LLC
  i.  Ohel Joseph Burho Toxsur Inc
  j.  Optimum Health Acupuncture P.C.
  k.  Advanced Comprehensive Laboratory LLC (d/b/a TopLab)
  l.  AV Chemists LLC
  m.  Premier Anesthesia Associates P.A.

32.  Your financial arrangements, contractual, business, communications or any other relationship with the following entities, including any Payments made between or among You and any of the following individuals or entities:

  a.  Complete Radiology Reading Services, PLLC
  b.  Contemporary Diagnostic Imaging LLC
  c.  CDI Management Group LLC
  d.  One to One Rehab PT P.C.
  e.  Saint Tadros Physical Therapy P.C.
  f.  Global Health Solutions LLC
  g.  New York Spine Institute
  h.  Alexandre B. De Moura, M.D., P.C.
  i.  Medelstar Medical Services Inc.
  j.  Mega Tech Inc
  k.  Digital Duplicating Systems

33.  Leonid Shapiro, M.D.'s employment as medical director of Citimed Services P.A., including his hiring, job duties, training, compensation, supervision and oversight, discipline, and termination.

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2023, a true and correct copy of the foregoing was served via electronic mail to counsel of record for all defendants.

/s/ Christopher T. Cook

*One of the Attorneys for Plaintiffs*
*State Farm Mutual Automobile*
*Insurance Company and State Farm*
*Fire and Casualty Company*