**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY, | Civil Action No.: |
| | **1:21-cv-05523-MKB-PK** |
| *Plaintiffs,* | |
| v. | **NOTICE OF DEPOSITION** |
| METRO PAIN SPECIALISTS P.C., TRI-BOROUGH NY MEDICAL PRACTICE P.C., LEONID SHAPIRO, M.D., REGINA MOSHE, M.D., CITIMEDICAL I, PLLC, CITIMED SERVICES, P.A., CITIMEDICAL SERVICES P.C., CITIMED COMPLETE MEDICAL CARE P.C., CITIMED MANAGEMENT SERVICES INC., CITIMED SURGERY CENTER LLC (A/K/A CMSC LLC), YAN MOSHE (A/K/A YAN LEVIYEV), HACKENSACK SPECIALTY ASC LLC (F/K/A DYNAMIC SURGERY CENTER LLC, F/K/A EXCEL SURGERY CENTER LLC), INTEGRATED SPECIALTY ASC LLC (F/K/A HEALTHPLUS SURGERY CENTER LLC), SCOB LLC (A/K/A SURGICARE OF BROOKLYN), NJMHMC LLC (D/B/A HUDSON REGIONAL HOSPITAL), et al., | |
| *Defendants*. | |

**TO:    KATTEN MUCHIN ROSENMAN LLP**
Christopher T. Cook, Esq.
*50 Rockefeller Plaza*
*New York, NY 10020*
*Attorneys for Plaintiffs State Farm Mutual*
*Automobile Insurance Company and State*
*Farm Fire and Casualty Company*

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure ("FRCP"), Defendants Dr. Regina Moshe, MD, CITIMEDICAL I, PLLC, CITIMED

SERVICES, P.A., CITIMEDICAL SERVICES P.C., CITIMED COMPLETE MEDICAL CARE

1

4925-5327-1598, v. 1

P.C., and CITIMED MANAGEMENT SERVICES INC. (collectively the "Citimedical Defendants"), by and through their undersigned attorneys shall take the deposition upon oral examination of the Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"), through one or more officers, directors, agents or other representatives who shall be designated to testify on State Farm's behalf regarding all information known or reasonably available to State Farm with respect to the subject matters identified in Schedule A. The Citimedical Defendants request that State Farm provide written notice at least ten (10) business days before the deposition of the name(s) and employment position(s) of the individual(s) designated to testify on State Farm's behalf. This deposition shall commence on April 23, 2025, at 9:30 a.m. at the offices of London Fischer, LLP, 59 Maiden Lane, 40th Floor, New York, NY 10038, or at such other time and location as agreed upon by the parties and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic means and by videotape and may be used for all purposes contemplated under the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      The terms "You," "Your," "Plaintiffs" or "State Farm" all refer to plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company and their respective directors, officers, employees, affiliates, parents, subsidiaries, representatives, agents, and attorneys, and all other persons acting on behalf of Plaintiffs.

2.      The term "Citimedical Defendants" refers to defendants Dr. Regina Moshe, MD, CITIMEDICAL I, PLLC, CITIMED SERVICES, P.A., CITIMEDICAL SERVICES P.C., CITIMED COMPLETE MEDICAL CARE P.C., and CITIMED MANAGEMENT SERVICES

4925-5327-1598, v. 1

INC., and their respective directors, officers, employees, affiliates, parents, subsidiaries, representatives, agents, and attorneys, and all other persons acting on their behalf.

3.      As used herein, the term "the Action" shall mean this lawsuit filed by State Farm against Defendants.

4.      The "Second Amended Complaint" refers to the Complaint filed on August 17, 2023.

5.      As used herein, the term "Defendants" shall mean every defendant named by State Farm in the caption of the Second Amended Complaint.

6.      As used herein, the term "the Other Defendants" shall mean every one of the Defendants named by State Farm in the caption of the Second Amended Complaint other than the Citimedical Defendants.

7.      As used herein, the terms "Communicate," "communication," "communications," "notice," "notification," and/or "notify" (and either the singular or plural and any tense of any such word) shall mean any oral or written transmittal of information, or request for information, or request for information made by one person to another person, whether made in person, by telephone or by another means or made only for the purpose of recording an idea, statements, or belief. Such terms shall also mean all statements, admissions, denials, inquiries, discussions, conversations, letters, correspondence, notes, telegrams, telefaxes, advertisements, or any other form of written or verbal discourse.

8.      As used herein, the term "document" shall mean, refer to and include any writing, record or physical manifestation of any type or description, including but not limited to, agreements, contracts, reports, correspondence, letters, telegrams, facsimile, inter-office communications, email, documents, analyses, evaluations, instructions, specifications, notes,

3

notebooks, charts, tapes, disks, books and any other physical or tangible materials now or previously in the custody, control or access of you or any of your employees, agents, attorneys, or representatives, whomever and for whatever, purpose prepared and wherever located, and including any non-identical copies, together with any and all attachments thereto at any time made, as well as any "documents" as described in the applicable rules of civil procedure.

9.      As used herein, the term "person" means any natural person, corporation, partnership, firm, trust, group, association or other organization, group of natural persons or other entity of any nature whatsoever and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other entity.

10.     As used herein, the term "relating to" or "relate(s) to" means constitutes, refers to, relates to, concerns, reflects, or any manner of describing the subject matter of the request, whether directly or indirectly.

11.     The conjunctions "and" and "or" as used herein shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any request.

12.     The word "date" as used herein means the exact day, month, and year, if ascertainable, or if not, your best approximation thereof.

13.     As used herein, the term "employee" shall include any agent, director, officer, or any person who performs service for remuneration for any natural person, corporation, partnership, firm, trust, group, association, or other organization, group of natural persons, or other entity of any nature.

14.     As used herein, the term "including" shall also mean "including but not limited to."

15.     Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

Dated:  New York, New York
        April 3, 2025

                                        LONDON FISCHER LLP

                                        By: /s/ Thomas Leghorn
                                        Thomas A. Leghorn
                                        *Attorney for Defendants Dr. Regina Moshe,*
                                        *MD, CITIMEDICAL I, PLLC, CITIMED*
                                        *SERVICES, P.A., CITIMEDICAL*
                                        *SERVICES P.C., CITIMED COMPLETE*
                                        *MEDICAL CARE P.C., and CITIMED*
                                        *MANAGEMENT SERVICES INC.*
                                        59 Maiden Lane
                                        New York, NY 10038
                                        (212) 972-1000

4925-5327-1598, v. 1

## **SCHEDULE A**

1.      The contents of the Special Investigative Unit ("SIU"), the Multi-Claim Investigation Unit ("MCIU"), and/or any State Farm investigative unit's files pertaining to the claims and/or subject matters set forth in State Farm's Second Amended Complaint [ECF Doc. No. 388] (the "Second Amended Complaint") against the Citimedical Defendants, including information pertaining to any consultants or third parties employed or retained in assessing details of any allegations before the filing of the instant action, whether in a legal, medical, or investigative capacity.

2.      State Farm's policies, procedure, processes, protocols, rules, training guidance, direction, and guidelines concerning the following

     a)     Claim verification;

     b)     Claim investigation;

     c)     The identification of fraudulent billing;

     d)     The discovery of fraudulent billing;

     e)     Referral of a claim to outside legal counsel for verification beyond that conducted by State Farm's employees; and

     f)     Referral of a claim to outside legal counsel beyond that conducted by State Farm's employees.

3.      State Farm's policies, procedures, processes, protocols, rules, training, guidance, direction, and guidelines concerning the criteria State Farm applied to the determination as to whether to require Citimedical Defendants Verification(s) as to certain information and/or additional information in connection with Citimedical Defendants claims for reimbursement of No-Fault medical claims submitted to State Farm during the period of 2017 to present.

4925-5327-1598, v. 1

4.    State Farm's policies, procedures, processes, protocols, rules, direction, and guidelines concerning State Farm's cooperation and/or sharing of information with representatives or agents of other insurance companies (not owned or operated by State Farm), including, but not limited to, GEICO, Liberty Mutual, the Travelers Companies, Inc., the United Service Automobile Association, AVIS, and/or Hereford Insurance Company, concerning the investigation of No-Fault claims submitted by the Citimedical Defendants.

5.    State Farm's policies, procedures, processes, protocols, rules, direction, and guidelines concerning the sharing, trading or exchanging of information by State Farm's outside counsel, including, but not limited to, Rifkin Radler, LLP, Bruno, Gerbino, Soriano & Aitken, LLP, and/or Goldberg Miller & Rubin with representatives or agents of other insurance companies (not owned or operated by State Farm), including, but not limited to, GEICO, Liberty Mutual, the Travelers Companies, Inc., the United Services Automobile Association, AVIS, and/or Hereford Insurance Company, concerning the investigation of No-Fault claims submitted by the Metro Pain Defendants.

6.    State Farm's policies, procedures, processes, protocols, rules, direction, and guidelines concerning the sharing, trading, or exchanging of information by State Farm's outside counsel, including, but not limited to, Katten Muchin, LLP, with other representatives or agents of insurance companies (not owned or operated by State Farm), including, but not limited to, GEICO, Liberty Mutual, the Travelers Companies, Inc., the United Services Automobile Association, AVIS, and/or Hereford Insurance Company, concerning the investigation of No-Fault claims submitted by the Citimedical Defendants.

7.    The facts and circumstances concerning the following:

4925-5327-1598, v. 1

a)   The verification of the claims pertaining to Citimedical Defendants described in State Farm's Second Amended Complaint;

b)   The facts and purported evidence State Farm had within its possession and relied upon before making its decision to conduct an investigation of the Citimedical Defendants which form the basis of the Second Amended Complaint.

c)   The investigation of claims against Citimedical Defendants set forth in the State Farm's Second Amended Complaint, including any investigation by State Farm's SIU, MCIU, and/or any investigative unit; and

d)   The denial of claims, including the reasons of denial of claims, submitted by the Citimedical Defendants to State Farm.

8.   With respect to the Second Amended Complaint's allegations against Citimedical Defendants:

a) The facts and purported evidence State Farm had within its possession and relied upon prior to the filing of the Second Amended Complaint as to when it first discovered the alleged fraud by the Citimedical Defendants relating to the claims referenced in the Second Amended Complaint;

b) The first instance that State Farm, or an agent thereof, investigated any of the Citimedical Defendants in relation to the allegations set forth in the Second Amended Complaint and what prompted State Farm to undertake the investigation;

c) Any findings or conclusions resulting from or related to any investigations and/or audits conducted by State Farm, or an agent thereof, with regard to the

8

investigation into the Citimedical Defendants relating to the allegations set forth in the Second Amended Complaint;

d) Any documents resulting from or related to any investigation conducted by State Farm, or an agent thereof, with regard to the Citimedical Defendants relating to allegations set forth in the Second Amended Complaint;

e) The first instance that State Farm, or an agent thereof, investigated any allegations at issue in this litigation;

f) Any findings or conclusions resulting from or related to any investigation conducted by State Farm, or an agent thereof, with regard to any of the allegations at issue in the Second Amended Complaint;

g) Any documents resulting from or related to any investigation conducted by State Farm, or an agent thereof, with regard to any allegation at issue in the Second Amended Complaint;

h) Any findings or conclusions resulting from or related to any investigation conducted by State Farm, or an agent thereof, of Citimedical Defendants relating to the allegations set forth in the Second Amended Complaint;

i) Any documents resulting from or related to any investigation conducted by State Farm, or an agent thereof, into Citimedical Defendants relating to the allegations set forth in the Second Amended Complaint; and

j) The referral of claims at issue in the Second Amended Complaint to outside legal counsel for verification beyond that conducted by State Farm's employees.

4925-5327-1598, v. 1

9. With respect to the Second Amended Complaint's allegations of fraud against Citimedical Defendants:

a) Allegation that the Citimedical Defendants submitted fraudulent and unlawful no-fault insurance charges;

b) Allegation that the Citimedical Defendants provided fraudulent services;

c) Allegation that the Citimedical Defendants engaged in an unlawful referral scheme to other Defendants;

d) Allegation that the Citimedical Defendants provided services that were medically unnecessary;

e) Allegation that the Citimedical Defendants submitted claims for services that were never provided;

f) Allegation that the Citimedical Defendants provided services pursuant to pre-determined fraudulent protocols;

g) Allegation that the services provided by the Citimedical Defendants were not provided in compliance with relevant laws and regulations governing health care practice;

10. With respect to the Second Amended Complaint's allegations that the Citimedical Defendants were used to generate patients for the ambulatory surgery centers allegedly owned/operated by Yan Moshe and other Defendants as a method to extract profits from No Fault patients.

11. With respect to the Second Amended Complaint's allegations that Dr. Regina Moshe created a "fraudulent health care enterprise" with other Defendants.

12. With respect to the Second Amended Complaint's allegations that the Citimedical Defendant clinics were established to profit from patient care and drive patients into ambulatory surgery centers allegedly owned/operated by Yan Moshe and other Defendants.

13. With respect to the Second Amended Complaint's allegations that the Citimedical Defendants are illegally operate(d) under layperson control.

4925-5327-1598, v. 1

14.     With respect to the Second Amended Complaint's allegations that the Citimedical Defendants are illegally operate(d) in violation of Article 28 of New York's Public Health Law.

15.     With respect to the Second Amended Complaint's allegations that the Citimedical Defendants improperly utilized and misrepresented the status of independent contractors as employees.

16.     With respect to the Second Amended Complaint's allegations that the Citimedical Defendants illegally self-refer(ed) patients to ambulatory surgery centers allegedly owned/operated by Yan Moshe and other Defendants.

17.     The facts and purported evidence State Farm has within its possession to support its allegation in the Second Amended Complaint for common law fraud against the Citimedical Defendants.

18.     The facts and purported evidence State Farm has within its possession to support its allegation in the Second Amended Complaint against the Citimedical Defendants for aiding and abetting fraud.

19.     The facts and purported evidence State Farm has within its possession to support its allegation in the Second Amended Complaint against the Citimedical Defendants for unjust enrichment.

20.     The facts and purported evidence State Farm has within its possession to support its allegation in the Second Amended Complaint against the Citimedical Defendants for a violation of 18 U.S.C. §1962(c).

21.     The facts and purported evidence State Farm has within its possession to support its allegation in the Second Amended Complaint against the Citimedical Defendants for a violation of 18 U.S.C. §1962(d).

11

4925-5327-1598, v. 1

22. The identities of the individual(s) who vetted or reviewed the alleged facts asserted against the Citimedical Defendants contained in the Second Amended Complaint, including any consultants or third parties employed or retained in assessing details of any allegations before the filing of the instant action, whether in a legal, medical, or investigative capacity.

23. The criteria utilized by State Farm in determining whether to request written verifications as to certain no fault claims from Citimedical Defendants.

24. The calculations and criteria used and applied by State Farm to support its damages as alleged in Plaintiff's Second Amended Complaint.

Dated: New York, New York
April 3, 2025

LONDON FISCHER LLP

By: */s/ Thomas Leghorn*
Thomas A. Leghorn
*Attorney for Defendants Dr. Regina Moshe, MD, CITIMEDICAL I, PLLC, CITIMED SERVICES, P.A., CITIMEDICAL SERVICES P.C., CITIMED COMPLETE MEDICAL CARE P.C., and CITIMED MANAGEMENT SERVICES INC.*
59 Maiden Lane
New York, NY 10038
(212) 972-1000

12

4925-5327-1598, v. 1