## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

                Plaintiff,

        -vs-

METRO PAIN SPECIALISTS, P.C. et al.,

                Defendants.

**Civil Action No. 1:21-cv-05523-MKB-PK**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SPOLIATION SANCTIONS AGAINST YAN MOSHE

Andrew R. Bronsnick
Samantha C. Fasanello
Mandelbaum Barrett PC
570 Lexington Avenue, 21st Floor
New York, NY 10022
Telephone: (973) 327-6611
abronsnick@mblawfirm.com
sfasanello@mblawfirm.com

*Attorneys for Defendants Yan Moshe; Hackensack Specialty ASC LLC; Integrated Specialty ASC LLC; Reuven Alon; Columbus Imaging Center LLC; Beshert Corp.; Medaid Radiology LLC; SCOB LLC; NJMHMC LLC; Star Solution Services, Inc.; Nizar Kifaieh, M.D.; Premier Anesthesia Associates, P.A.; and Citimed Surgery Center LLC*

4930-2553-4908, v. 1

## I.    INTRODUCTION

Plaintiffs' Supplemental Brief in Support of their Motion for Spoliation Sanctions ("Supplemental Brief") (Dkt. 752) is an improper attempt to shoehorn a new and undeveloped discovery dispute, concerning WhatsApp messages, into a fully briefed motion for spoliation sanctions regarding emails from Defendant Yan Moshe's ("Moshe") personal Yahoo account. The WhatsApp request is not ripe for adjudication.  It was raised for the first time two weeks ago. The adequacy of Moshe's WhatsApp production has not been explored through discovery, and Plaintiffs have not established a foundation for their allegation that additional WhatsApp messages exist for production. Plaintiffs seek sanctions based on an undeveloped record before completing the threshold discovery necessary to determine whether any relevant WhatsApp ESI was lost, whether it can be restored or replaced, and whether any prejudice or intent exists. Rule 37(e) does not permit that shortcut. *See* Fed. R. Civ. P. 37(e); *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 174-181 (S.D.N.Y. 2022).

## II.    RELEVANT FACTS

On June 1, 2026, Plaintiffs deposed Tatyana Rabinovich ("Rabinovich"), practice administrator for Defendant Citimed Management Services Inc. ("Citimed"). Rabinovich testified WhatsApp was used "To schedule meetings, to say happy birthday to every single person. For everything." (Dkt. 752, Ex. 4 at 339:3-5). Rabinovich also testified that the types of communications disseminated through WhatsApp included: "Meetings, early close, late close, snowy date, cancellation of the office, if there's a cancellation of the physician. With managers, I think this is it." *Id*. at 339:20-25.  Her description applied generally to WhatsApp at Citimed.

Plaintiffs requested production of Moshe's WhatsApp messages and Moshe produced eleven screenshots of WhatsApp messages between Moshe and Rabinovich on June 10, 2026.

1

4930-2553-4908, v. 1

III.   **ARGUMENT**

A.   **The WhatsApp request is not ripe and should not be tacked on to Plaintiffs' pending spoliation motion.**

Plaintiffs' pending motion concerns the alleged spoliation of emails in Moshe's Yahoo email account. That issue developed over the course of fulsome discovery, multiple court orders, a limited-scope deposition, and extensive briefing. In contrast, the WhatsApp dispute arose less than three weeks before Plaintiffs filed the Supplemental Brief. Discovery on this issue has been limited. On June 10, during the meet and confer, counsel for Moshe confirmed that all WhatsApp messages between Moshe and Rabinovitch had been provided. (Dkt. 752, Ex. 6)

Plaintiffs now seek premature relief by extreme measure through a spoliation finding before the Rule 37(e) threshold issues have been developed. Courts applying Rule 37(e) require those matters to be addressed in sequence: first whether ESI that should have been preserved was lost because reasonable preservation steps were not taken; then whether the loss prejudiced another party; and, for the most severe sanctions, whether the party acted with intent to deprive. *See Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 60 (S.D.N.Y. 2020); *Hoffer v. Tellone,* 128 F.4th 433, 435 (2d Cir. 2025).

B.   **The adequacy of the WhatsApp production has not been fully developed and cannot be resolved on this motion.**

Despite Moshe's production on June 10, and without any further requests or discovery, Plaintiffs now seek sanctions with respect to alleged spoliation of WhatsApp messages. Plaintiffs have not identified any specific records that should have been produced but were not. Plaintiffs' sole basis in claiming that the production is deficient relies on speculation that Moshe failed to produce other WhatsApp correspondence. However, the relief requested would require more than conjecture; the existing evidence must plausibly and concretely suggest that lost ESI would have

shown before sanctions can be predicated on alleged spoliation. *See In re Keurig Green Mt. Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 527 (S.D.N.Y. 2022) ("speculative assertions as to the existence of documents do not suffice to sustain a motion for spoliation of evidence").

These factual questions must be developed through ordinary discovery before a party seeks discovery sanctions, let alone sanctions based on a supplemental filing. To the extent Plaintiffs believe further inquiry into is warranted, the analysis should be proportional to the needs of the case under Rule 26(b)(1) and limited by Rule 26(b)(2)(C)(i) where the information can be obtained from a more convenient, less burdensome, or less expensive source. *See N. Shore-Long Island Jewish Health Sys. v. Multiplan, Inc.*, 325 F.R.D. 36, 51 (E.D.N.Y. 2018); *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 59 (2d Cir. 2024).

**C.    The WhatsApp request should be addressed separately because Plaintiffs cannot meet their Rule 37(e) threshold to seek sanctions.**

In a footnote, Plaintiffs acknowledge that their suspicion that additional WhatsApp messages exist is uncorroborated.  Plaintiffs "are attempting to secure WhatsApp messages from other sources, namely, the Citimed Defendants," and "[i]t is unknown whether the Citimed Defendants will produce WhatsApp messages, whether such production will include messages with Moshe, and whether any messages they produce can fill in gaps of what Moshe has not produced." Dkt. 752 at 3, FN 2. This admission is critical: Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 37(e), which requires a showing that lost ESI "cannot be restored or replaced through additional discovery." *See* Fed. R. Civ. P. 37(e).

That threshold requirement is dispositive here. Rule 37(e) applies only if relevant ESI is lost because reasonable preservation steps were not taken and the information cannot be restored or replaced through additional discovery. *See Europe*, 592 F. Supp. 3d 167, 174-181; *Charlestown*

3

*Capital Advisors*, 337 F.R.D. 47, 60. At this stage, Plaintiffs cannot satisfy that showing with respect to WhatsApp messages.

The WhatsApp discovery involves a different medium of communication, different collection challenges, and a different factual record than the Yahoo email account at the center of the pending motion. Adjudicating these requests together would be prejudicial to Moshe because the factual record on the supplemental request is incomplete. Alleged spoliation of WhatsApp messages requires its own analysis under Rule 37(e), including separate inquiries into the duty to preserve, reasonable steps, whether ESI has actually been lost, whether any lost ESI can be restored or replaced, prejudice, and intent. Moshe is entitled to a fair opportunity to respond to any WhatsApp spoliation allegation on a developed factual record. The more serious remedies Plaintiffs seek are unavailable absent the requisite showing of intent to deprive; negligence or even lesser culpability is insufficient. *See Hoffer*, 128 F.4th 433, 435.

## IV.    CONCLUSION

Defendant Moshe respectfully requests that the Court: (1) decline to consider the WhatsApp request raised in Plaintiffs' Supplemental Brief, and (2) permit the parties to address the WhatsApp request, if at all, through ordinary discovery channels. The pending spoliation motion should be evaluated solely on the Yahoo email record that has been fully developed by the parties.

Respectfully submitted,

/s/ *Andrew R. Bronsnick*
Andrew R. Bronsnick
Samantha C. Fasanello
MANDELBAUM BARRETT PC
570 Lexington Avenue, 21st Floor
New York, NY 10022

Dated: July 10, 2026

4

4930-2553-4908, v. 1