July 24, 2026

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 - Joint Ltr. re Discovery Issues**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Regina Moshe ("Dr. Moshe"), Citimedical I PLLC ("Citimedical I"), Citimed Services, P.A. ("Citimed Services"), Citimedical Services, P.C. ("Citimedical Services"), Citimed Complete Medical Care, P.C. ("Citimed Complete"), and Citimed Management Services Inc. ("Citimed Mgmt.") (collectively, the "Citimed Defendants"), respectfully write to request the Court's assistance regarding outstanding discovery issues. Per the Court's order dated March 6, 2026, fact discovery is set to close on July 24, 2026, and thus the parties wish to raise with the Court the final remaining issues requiring judicial intervention ahead of that deadline.[1]

### PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing the Citimed Defendants to address three open discovery issues by the deadlines set forth below, one of which is after fact discovery is scheduled to close on July 24, 2026 (Dkt. 723). The Citimed Defendants should be ordered to: (1) produce WhatsApp messages that involve Citimed Defendants' employees and are responsive to Plaintiffs' document requests; (2) produce specified billing data and patient records for all patients of the Citimed Defendants whose treatment is at issue in the case; and (3) either (a) revise the privilege log and provide a clear certification confirming Yan Moshe's ("Moshe") relationship to the Citimed Defendants sufficient to extend the attorney-client privilege to communications in which Moshe is a party or (2) produce all communications with Moshe withheld as privileged.

**Background**: Dr. Moshe is a doctor who, on paper, owns medical clinics that treat individuals involved in automobile accidents, including Citimedical I, Citimed Services, Citimedical Services, and Citimed Complete. Plaintiffs allege the clinics are secretly owned and controlled by Dr. Moshe's brother, Yan Moshe, which, if true, would violate New York law and render Defendants ineligible to receive reimbursement for services billed to Plaintiffs. The treatment Defendants purport to render and prescribe to patients is not medically necessary, and Defendants obtain access to individuals involved in automobile accidents pursuant to kickbacks paid in exchange for patient referrals.

---

[1] The parties respectfully seek leave nunc pro tunc to submit this oversized brief. Additional pages are required due to the history and complexity of the issues raised herein.

Plaintiffs first served document demands on Dr. Moshe and Citimedical I on April 1, 2022, and served document demands on the other Citimed Defendants after filing the Second Amended Complaint naming them as defendants. Among other things, the document demands sought the production of billing data and patient records for the patients whose treatment is at issue , as well as communications with other defendants and relevant nonparties.

**WhatsApp Messages**:  Discovery requests Plaintiffs served on Dr. Moshe and Citimedical I at the beginning of this case on April 1, 2022, as well as document demands served on the other Citimed Defendants after the filing of the Second Amended Complaint, include specific demands for WhatsApp messages.  To date, no WhatsApp messages, or any text messages, have been produced by Citimed Defendants.

On June 1, 2026, Plaintiffs deposed Tatyana Rabinovich ("Rabinovich"), practice administrator for defendant Citimed Management Services Inc.  During her deposition, Rabinovich testified she used the messaging application WhatsApp in her work for the Citimed Defendants.  Rabinovich further confirmed it was company policy for employees of Citimed Defendants to have a WhatsApp account to receive and share communications about the Citimed Defendants' business. Rabinovich additionally confirmed she communicated with defendant Yan Moshe ("Moshe") by WhatsApp.  These WhatsApp messages with Moshe included messages about the Citimed Defendants' business, including rent payments to Moshe's real estate holding companies. Immediately after the deposition, on June 3, 2026, Plaintiffs wrote Citimed Defendants' attorneys requesting production of any WhatsApp messages in their possession, custody, and control responsive to any of Plaintiffs' document demands.  *See* Ex. 1 (6/3/2026 Ltr.).

The Citimed Defendants have not objected to producing these WhatsApp messages and have confirmed they are actively investigating and seeking to collect them.  But they have been unable to provide a date certain by which the records will be produced.  To ensure the timely advancement of discovery, Plaintiffs seek an order requiring the Citimed Defendants to complete their production of the requested WhatsApp messages by August 7, 2026.

**Citimed Billing Data and Patient Records**:  Since the Court's May 15 order requiring the Citimed Defendants to produce billing data and patient records associated with the 636 patients at issue, the Citimed Defendants have produced some billing data and patient records, but to date both are incomplete.  On June 15, Citimed Defendants made their final production of patient records.  Upon evaluating the patient records and exchanging multiple emails with counsel for Defendants, Plaintiffs identified and sent to Defendants a communication identifying patient records still missing from the production on July 23.

Similarly, on June 17, 2026, the Citimed Defendants produced billing data in response to this Court's May 15 order.  Upon evaluating the billing data, Plaintiffs identified certain deficiencies in the billing data, namely the absence of billing data for 45 of the 636 patients at issue as well as the absence of unit counts for the individual services Citimed Defendants billed for.  Plaintiffs communicated these deficiencies to counsel for Citimed Defendants on July 13, 2026.

The Citimed Defendants have not objected to supplementing the billing data and patient records and have confirmed they are actively investigating and seeking to supplement both.  To ensure the

timely advancement of discovery, Plaintiffs seek an order requiring the Citimed Defendants to complete their production of the requested billing data and patient records by August 7, 2026.

**Emails Withheld as Privileged Involving Yan Moshe**: The Citimed Defendants are withholding as privileged 1,621 communications to which they and Yan Moshe are a party.  With limited exception, the attorney-client privilege does not extend to communications with third parties. *Steinfeld v. IMS Health Inc.*, 2011 WL 6179505, at *2 (S.D.N.Y. Dec. 9, 2011); *see also Narayanan v. Sutherland Glob. Holdings Inc.*, 285 F. Supp. 3d 604, 615 (W.D.N.Y. 2018*); Durling v. Papa John's Int'l, Inc.*, 2018 WL 557915, at *5 (S.D.N.Y. Jan. 24, 2018).  No exception appears to apply here.

As background,  the Citimed Defendants served what was supposed to be their final privilege log on December 24, 2025.  Plaintiffs took issue with the log because, among other things, it included documents on which no attorney was identified and documents on which Moshe was a party.  This Court ordered the Citimed Defendants to review its privilege assertions, produce documents that were not privileged and provide a new privilege log.  *See* 5/15/2026 Text Order, 5/28/2026 Text Order, 6/18/2026 Text Order.  On July 17, the Citimed Defendants completed their production of previously withheld documents and served a revised privilege log.  This new log includes 1,621 communications on which Moshe is a party, and describes these undisclosed communications in various ways, including but not limited to:

- Email chain discussing legal advice from Russell Friedman Law regarding general business strategy issues relating to strategy.
- Email requesting legal advice from Russell Friedman Law regarding legal implications of company strategy.
- Email chain rendering legal advice from Erin Stamper regarding litigation matters relating to the legal impact of potential conduct.
- Email reflecting legal advice from Russell Friedman regarding litigation matters relating to strategy.

As this Court is aware, Plaintiffs contend that Moshe secretly owns and controls Citimedical I, Citimed Services, Citimedical Services, and Citimed Complete.  If true, Moshe could theoretically participate in communications with counsel for the Citimed Defendants and the communications could remain privileged.   The Citimed Defendants, however, have consistently denied in pleadings, motions, and testimony Moshe's formal involvement in their business and operations. Indeed, Dr. Moshe has declared in this case that "it is [she] alone who owns and control[s] all medical aspects of Citimedical I, PLLC, Citimed Services P.A., Citimedical Services, P.C., Citimed Complete Medical Care P.C., Citimed Surgery Center LLC, and Citimed Management Services Inc, not my brother, co-defendant Yan Moshe." Dkt. 327-1 at ¶ 19.  Under their view, Moshe would be a third party and his participation in communications would destroy the privilege and require the production of documents. *Steinfeld*, 2011 WL 6179505, at *2.  The Citimed Defendants' privilege assertions fail to address this issue or take a clear supported position for withholding the documents.  The descriptions and justifications they now offer for these privilege assertions do not support the privilege assertions and are not on the log.  The fact that Moshe and the Citimed Defendants may hire the same lawyer does not, in and of itself, render every communication involving that lawyer privileged.  Defendants should be required to explain the circumstances that establish each assertion of privilege or produce the document.

Accordingly, the Citimed Defendants should be required to either (1) revise the privilege log and provide a clear certification confirming Moshe's relationship to the Citimed Defendants sufficient to extend the attorney-client privilege to communications in which Moshe is a party or (2) produce all communications with Moshe withheld as privileged

**Citimed Defendants' Purported Issues with Plaintiffs' Privilege Log**: On May 15, 2026, the Court categorically denied the Citimed Defendants' challenge to Plaintiffs' privilege log and ordered the Citimed Defendants to "send Plaintiffs a deficiency letter setting forth specific concerns about those documents" on Plaintiffs' privilege log that Citimed Defendants believed were improperly withheld. 5/15/2026 Text Order. The Court further denied Citimed Defendants' request for investigative reports and spreadsheets, holding that Plaintiffs are "permitted to withhold reports based on multi-claim investigations created in anticipation of litigation." *Id.*

On July 22, over two months after this Court's order and two days before the close of fact discovery, Citimed Defendants sent a deficiency letter identifying over 400 documents they "take issue with." Plaintiffs immediately informed counsel for Citimed Defendants that Plaintiffs would not have time to review the challenged documents and address the Citimed Defendants' concerns prior to the close of fact discovery. Rather than allowing Plaintiffs the opportunity to do so, Citimed Defendants instead issue the below request to the Court to force Plaintiffs to produce all of these documents, and in the same position, have the temerity to ask that Plaintiffs allow Citimed Defendants the opportunity to provide additional context about the privilege claims for the documents they have withheld involving Yan Moshe. Accordingly, Plaintiffs request that this Court deny Citimed Defendants' request for the immediate production of these challenged documents and instead allow Plaintiffs to review and provide additional context about the privilege claims asserted, as this Court's May 15 order intended. Plaintiffs will produce any documents determined by this review to be inadvertently withheld by August 14, and Plaintiffs will serve a revised privilege log, if necessary, by August 21.

**CITIMED DEFENDANTS' POSITION**

**Background**: Citimed Defendants' dispute and deny Plaintiffs characterization of Dr. Moshe and her ownership of medical clinics, and the medical treatment of patients who treated at Dr. Moshe's medical clinics.

## I.    PLAINTIFFS' PRODUCTION

On February 06, 2026 and March 05, 2026, we wrote to Plaintiffs to advise of deficiencies within their production, including withheld documents and communications related to the investigation of Citimed Defendants from prior to the anticipation of litigation.

On May 15, 2026, the Court issued an Order which directed us to provide a deficiency letter setting forth more specific concerns with Plaintiffs production. After Plaintiffs produced certain downgraded documents, in accordance with the Order, we provided Plaintiffs with a deficiency letter on July 22, 2026. The parties met on the issues raised on July 24, 2026.

4

Our deficiency letter narrowed our request to the following documents: All emails and email attachments that include Jonathan Marks from 2019 and before. There are only two privilege descriptions used in total for this set of documents:

(1) Correspondence reflecting communication with counsel re legal strategy or advice **related to investigation of Defendants**; and

(2) Correspondence reflecting communication with counsel re legal strategy or advice **related to anticipated or pending litigation against Defendants**.

The privilege description used for the first category is an insufficient basis on its face. As stated in the Order dated May 15, Plaintiffs are permitted to withhold reports based on multi-claim investigations created in anticipation of litigation. *See State Farm Mut. Automobile Ins. Co. v. 21st Century Pharmacy, Inc.*, No. 17-CV-5845 (MKB) (VMS), 2020 WL 729775, at *2 (E.D.N.Y. Feb. 12, 2020). The first category of documents and communications are not being withheld on the basis that they were created in anticipation of litigation. Instead, they are being withheld because these documents and communications are "related to the investigation of Defendants." An investigation is not the same as anticipated litigation. If it was, Plaintiffs would have used the same language used in the second category of documents. We provided a spreadsheet which identified each of the parent documents in this category. We respectfully request that the Court issue an Order directing Plaintiff to produce these documents and all their attachments given that the documents and communications were not made in anticipation of litigation. We request that these documents be produced by August 7, 2026.

We also take issue with the second category of documents, communications "related to anticipated or pending litigation against Defendants." Each of these documents was also identified in a spreadsheet sent to Plaintiffs. We do not believe that any documents or communications sent before 2019 could have been made "in anticipation of litigation" given the 2015 settlement agreement between the parties which was in place at the time and ran for three years. Once given an opportunity to review documents and communications from the first category, this will inform whether we have a continued interest in reviewing documents within this second category. We request that the Court permit us to raise issues with this second category of documents after the close of fact discovery.

In sum, we respectfully request that the Court issue an Order directing Plaintiffs to downgrade all the documents and communications that include Jonathan Marks from 2019 and before which were described as "Correspondence reflecting communication with counsel re legal strategy or advice related to investigation of Defendants." We request that these documents, and their corresponding attachments, be produced by August 7, 2026. Also, we request that the Court permit us to raise issues with this second category of documents after the close of fact discovery, if the documents from the first category demonstrate this need. Similarly, the Citimed Defendants should be permitted to pursue further discovery that may arise from information first disclosed in these additional documents.

## II.  CITIMED DEFENDANTS' PRODUCTION

**WhatsApp Messages**: On June 3, 2026, Plaintiffs wrote to Citimed Defendants to request the production of any Whatsapp messages in the Citimed Defendants' possession, custody, and control responsive to any of Plaintiffs' Requests for Production. Plaintiff requested that we respond to this request by June 5, 2026.

On June 4, 2026 we reached out to our ESI vendor to inquire as to whether they could collect the requested Whatsapp data. They do not have this capability, so we engaged a second third-party vendor. Also on June 4, we asked Plaintiff for a list of individuals for the Whatsapp collection. Nearly two weeks later, on June 15, they provided the following list:

- Dr. Moshe
- Tatyana Rabinovich
- Estavan Roman
- Any group chats involving any Citimed office managers
- Any personal WhatsApp accounts of Citimed employees who exchanged messages with any of the following individuals:
  - Yan Moshe
  - Nazar Burak
  - Jose [as identified in Tatyana Rabinovich's deposition]
  - Employees of Expert Billing Solutions
  - Employees of Contemporary Diagnostic Imaging
  - Employees of All Star Services
  - Employees of Five Star Services
  - Employees of any named defendant in this case
  - Jelani Wray
  - Anthony Rose

The list of devices to be searched extends well beyond the list of custodians State Farm had requested in connection with the agreed upon ESI protocols.
Our newly engaged Whatsapp third-party vendor has been and continues to work to gather the data from the above individuals. Given the number of individuals, this is a time-consuming process. Since the data is still being gathered by the Whatsapp vendor, our primary ESI vendor cannot know how many messages we will need to review for responsiveness and or privilege. Therefore, the August 7 deadline proposed by Plaintiff is unrealistic.

To expedite the process, we have split the data in two batches. The Whatsapp vendor is processing the data that has already been collected and our primary vendor will carry out the key term searches and forward to us the responsive hits from the gathered messages. Once uploaded, we will  review the messages for responsiveness and work to produce the first batch expeditiously. Therefore, we propose that a deadline of August 21, 2026 be set for the production of the first batch of Whatsapp messages, and September 11, 2026 be set to complete the production of all Whatsapp messages.

**Citimed Billing Data and Patient Records**:

- **Billing Data**: We do not object to reviewing the issues raised by Plaintiff with regard to the billing data. We are currently reviewing the issues raised with the billing data and if there is additional data to be produced, we will do so by August 7, 2026.

- **Patient Records**: In accordance with the May 15 Court Order, Citimed Defendants timely produced all the requested patient records. Yesterday, on July 23, Plaintiff advised of six patient records that they believe are incomplete. We are currently reviewing these records and if there are any additional records to be produced, we will do so by August 7, 2026.

**Emails Withheld as Privileged Involving Yan Moshe**: Pursuant to the Court Order dated June 18, 2026, we conducted an additional review of our privilege log to ensure that all documents were appropriately produced. On July 10, 2026, we produced more than 500 pages of downgraded documents previously withheld as privileged. On July 17, 2026, we produced our final privilege log.

Plaintiffs claim that all documents and communications between the Citimed Defendants and Yan Moshe are inappropriately withheld because Yan Mosh is a "third party" to these attorney-client communications. This is not the case. These communications are appropriately being withheld based on the following reasons:

- **General Business Strategy**
    o Citimed Defendants and Yan Moshe were both represented by the same counsel, Russell Friedman and Erin Stamper, in various transactional matters, such as real estate contract negotiations and matters related to their joint ownership of the Citimed Surgery Center.

- **Company Strategy**
    o Citimed Defendants and Yan Moshe were both represented by the same counsel, Russell Friedman, related to company strategy matters, based on their joint ownership of the Citimed Surgery Center.
    o Citimed Defendants and Yan Moshe were also both represented by Russell Friedman in relation to JFK Medport, which Yan Moshe initially sought to purchase, and then Regina Moshe purchased.

- **Regulatory Advice**
    o Russell Friedman and other attorneys associated with that firm provided continuing regulatory advice to both Yan Moshe and Regina Moshe. Although they each owned separate facilities, this general advice was sought jointly to assist them in operating their respective endeavors within this highly regulated industry.

- **Litigation**
    o In the present action, Citimed Defendants and Yan Moshe signed a joint defense, common interest, and confidentiality agreement. Therefore, any communications between attorneys related to the present action are privileged.

7

- o The Citimed Defendants and Yan Moshe were also represented by the same counsel, Russell Friedman, in previous litigation such as *Geico*, *Allstate*, and *American Transit*.

Therefore, we object to Plaintiffs request for the production of these documents, as they are protected by attorney client privilege. Further, we object to Plaintiffs request to provide additional detail for each entry of the privilege log that includes Yan Moshe. If there are specific entries that Plaintiffs would like additional context, we request that they provide a list.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Ross O. Silverman
Jonathan L. Marks
Sarah M. Scruton
Michael L. Cardoza
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
ross.silverman@katten.com
jonathan.marks@katten.com
sarah.scruton@katten.com
michael.cardoza@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Thomas A. Leghorn*

LONDON FISCHER LLP

Thomas A. Leghorn
Marian J. Strauss
59 Maiden Lane
New York, NY 10038
212-331-9555
Fax: 212-972-1030
tleghorn@londonfischer.com
MStrauss@londonfischer.com

*Attorneys for Regina Moshe, Citimedical I PLLC, Citimed Services P.A., Citimedical Services P.C., Citimed Complete Medical Care P.C., and Citimed Management Services Inc.*