July 24, 2026

**VIA ECF**

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    *State Farm Mut. v. Metro Pain*, **1:21-cv-05523 - Joint Ltr. re Discovery Dispute**

Dear Judge Kuo:

Pursuant to this Court's Individual Practice Rule VI.A.1, plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "Plaintiffs") and defendants Yan Moshe ("Moshe"), Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC , Citimed Surgery Center LLC, SCOB LLC, NJMHMC LLC (d/b/a Hudson Regional), Star Solution Services Inc. (together, the "Moshe Defendants") and Reuven Alon ("Alon") (collectively, "Defendants"), respectfully write to request the Court's assistance regarding issues related to written and document discovery.  Per the Court's order dated March 6, 2026, fact discovery is set to close on July 24, 2026, and thus the parties wish to raise with the Court the final remaining issues requiring judicial intervention ahead of that deadline.[1]

## PLAINTIFFS' POSITION

Plaintiffs write to request a Court order directing the Defendants to address two open discovery issues to ensure compliance with the revised case schedule entered March 6, 2026 (Dkt. 723), which set the new fact discovery cutoff for July 24, 2026.  Defendants should be ordered to:  (1) produce complete revised privilege logs stating the basis for each document withheld; and (2) complete their production of the outstanding documents described below.  Defendants should be required to complete these tasks by the deadlines set forth below.

**Background**: Defendants' compliance with discovery has been heavily litigated.  Plaintiffs raised the issue of Star Solution Services Inc.'s ("Star Solution") missing billing data in a motion seeking to compel Star Solution to serve revised written responses and produce documents responsive to requests to which they had objected.  *See* Dkt. 736.  On May 15, 2026, the Court granted Plaintiffs' motion to compel and ordered the Moshe Defendants to comply with its January 9 order, which required Moshe Defendants to "supplement their responses to Plaintiffs' requests for production by specifying which documents are responsive to which request for production, which documents are being withheld and on which basis, and which documents do not exist."  1/9/2026 Text Order. Plaintiffs have also raised concerns with Defendants' claims of privilege over certain communications identified on privilege logs.  On July 2, Plaintiffs sent Defendants' new counsel a letter detailing the full list of deficiencies in their clients' discovery responses and productions to date (attached as Exhibit 1).  Defendants provided a response by letter, accompanied by a supplemental discovery production, on July 24, 2026.

---

[1] The parties respectfully seek leave *nunc pro tunc* to submit this oversized brief.  Additional pages are required due to the history and complexity of the issues raised herein.

**Star Solution Billing Data**: Star Solution is in violation of this Court's order dated May 15, 2026, directing Star Solution "to supplement their responses to Plaintiffs' requests for production by specifying which documents are responsive to which request for production, which documents are being withheld and on which basis, and which documents do not exist" no later than May 30, 2026. As set forth in the parties' joint letter filed April 17, 2026 (Dkt. 736), Plaintiffs have been unable to locate any billing data produced by Star Solution outside of incomplete records produced as attachments in ESI productions. On July 24, 2026, Defendants provided a supplemental discovery production containing documents responsive to certain outstanding requests and represented that they will conduct a search for responsive billing data.  Plaintiffs request this Court enter an order requiring Star Solution to either produce its billing data for all patients whose treatment is at issue in the case or provide an explanation for its unavailability and documentation of the steps taken to locate it by July 31.

**Privilege Logs:** On April 16, 2026, Plaintiffs served a letter on Defendants challenging privilege designations for specified documents produced by Moshe, Alon, Integrated Specialty ASC LLC, and Hudson Regional. Defendants have since served revised privilege logs; however, all those logs raise questions as to their accuracy and completeness.  Specifically, the revised privilege logs identify a substantially smaller number of documents than the original privilege logs, but the Defendants have not supplemented their productions with enough documents to account for the reduction in documents reflected on the privilege logs.  The chart below demonstrates these significant size discrepancies:

| Defendant | No. of Entries in Original Privilege Log | No. of Entries in Revised Privilege Log |
|---|---|---|
| Yan Moshe | 116 | 97 |
| Reuven Alon | 3,735 | 149 |
| Integrated Specialty ASC LLC | 755 | 33 |
| Hudson Regional | 21,012 | 228 |

Further, the revised privilege logs appear to have re-numbered the entries, such that Plaintiffs cannot ascertain which documents from the original privilege logs were or are being produced and which are continuing to be withheld.  Plaintiffs seek clarity as to this discrepancy and a revised privilege log for Moshe, Alon, Integrated Specialty ASC LLC, and Hudson Regional identifying all responsive documents withheld from production and the basis for doing so.  Thus, Plaintiffs request the Court enter an order requiring Defendants to each produce a revised privilege log that identifies all responsive documents withheld from production and the basis for doing so by August 7.

**Outstanding Documents**: On June 15, 2026, Plaintiffs served a letter on Defendants seeking production of certain documents responsive to Plaintiffs' document demands, namely the specifically identified documents listed below:

- Guaranty Agreement for 1010 N Broadway Holdings Mortgage from Regina Moshe, M.D. ("Dr. Moshe"), Citimed Management Services Inc., and Citimed Complete Medical Care P.C.;

- Mortgage and Security Agreement for loan from Popular Bank to 9220 165 Holdings dated December 31, 2015;

- Operative Lease between relevant Citimed entity and 1010 N Broadway Holdings after October 4, 2021; and

- Original Lease between relevant Citimed entity and 313 43 Holdings for use of space at 313 43rd Street location.

Plaintiffs further notified Defendants' new counsel of these outstanding documents in the July 2 correspondence. *See* Ex. 1 at 1–2. These documents evidence the financial relationships between real estate holding companies owned by Moshe and the Citimed Clinics[2] purportedly owned by Dr. Moshe and thus are critically relevant to telling the story of Moshe's lay ownership of the Citimed Clinics. Defendants have provided no response to Plaintiffs' request. Plaintiffs thus request the Court enter an order requiring Defendants to produce the above-listed documents by July 24.

**WhatsApp Messages**: In a supplemental brief in support of Plaintiffs' Motion for Spoliation Sanctions against Yan Moshe, Plaintiffs argued that Moshe's failure to disclose the existence of WhatsApp messages and then produce only 11 screenshots of them with one person reflects his destruction of relevant information, an intent to spoliate evidence, and a disregard for these proceedings and should be considered in connection with this Court's evaluation of Plaintiffs' Motion for Spoliation Sanctions based primarily on Moshe's destruction of emails in his personal email account. *See generally* Dkt. 752. Plaintiffs' supplemental brief relied on representations made by Moshe's prior attorneys that the 11 screenshots produced by Moshe's attorney on June 10, 2026, represent any and all WhatsApp messages in Moshe's possession, custody and control responsive to any of Plaintiffs' Requests for Production. In his response, Moshe claims the issue of the missing WhatsApp messages "is not ripe for adjudication" as it requires a fuller factual record developed through discovery. Dkt. 758 at 2. The response is vague about the specific factual questions that must be addressed or why it would be improper for the Court to consider now Moshe's destruction of WhatsApp messages in connection with considering his spoliation of emails in his personal email account. But to the extent there are any open factual questions on this issue, Plaintiffs request the Court enter an order requiring Moshe to confirm he has no further WhatsApp messages responsive to Plaintiffs' discovery requests, or in the alternative, produce any and all responsive WhatsApp messages Moshe does have by a date certain.

**DEFENDANTS' POSITION**

On July 24, 2026, Defendants responded to Plaintiffs' July 2, 2026 letter outlining discovery disputes and supplemental demands and served a supplemental discovery production that resolves certain disputes raised in this letter.

**Star Solutions:** On July 24, 2026, Defendants also served a supplemental production containing documents responsive to RFPs 1, 2, and 5. Based on the plain language of RFP 2, Defendants obtained and produced billing data, i.e., invoices, for services Star Solution performed for other Defendants. Upon receiving Plaintiffs' draft of this letter, which contains a more detailed description of the documents sought through RFP 2, Defendants understand RFP 2 to request a

---

[2] "Citimed Clinics" collectively refers to: Citimedical I, PLLC, Citimed Services, P.A., Citimedical Services P.C., and Citimed Complete Medical Care P.C.

broader set of documents than those produced in their supplemental production.  Defendants have represented that they are performing a search for billing data responsive to RFP 2 and will provide a response upon completion of the search.

**Privilege Logs:** At Plaintiffs' request, our team is conducting another review of the challenged privilege designations to ensure that all non-privileged materials have been produced and that the privilege logs accurately reflect the materials that have been withheld as privileged.  Upon completion of that review, any non-privileged materials identified will be produced or redacted appropriately and revised privilege logs will be served, if necessary.  Defendants respectfully request an additional two weeks to complete the supplemental review of the challenged privilege logs.

Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

KATTEN MUCHIN ROSENMAN LLP

Jonathan L. Marks
Sarah M. Scruton
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061
jonathan.marks@katten.com
sarah.scruton@katten.com

Christopher T. Cook
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone:  212.940.8800
christopher.cook@katten.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

By: /s/ *Andrew R. Bronsnick*

MANDELBAUM BARRETT PC

Andrew R. Bronsnick
Samantha Christine Fasanello
3 Becker Farm Road
Roseland, NJ 07068
Telephone: 973.403.3126
abronsnick@mblawfirm.com
sfasanello@mblawfirm.com

*Attorneys for Defendants Yan Moshe, Hackensack Specialty ASC LLC, Integrated Specialty ASC LLC, Citimed Surgery Center LLC, SCOB LLC, NJMHMC LLC, Star Solution Services Inc., Reuven Alon*